# 14-2689-cv(L)

**14-2691 (CON), 14-2692 (CON), 14-2693 (CON), 14-2696 (CON), 14-2697 (CON), 14-2698 (CON), 14-2699 (CON), 14-2700 (CON), 14-2701 (CON), 14-2702 (CON), 14-2703 (CON), 14-2704 (CON), 14-2705 (CON), 14-2709 (CON), 14-2711 (CON), 14-2713 (CON), 14-2714 (CON), 14-2715 (CON), 14-2718 (CON), 14-2722 (CON), 14-2723 (CON), 14-2724 (CON), 14-2728 (CON), 14-2732 (CON), 14-2736 (CON)**

## United States Court of Appeals
### for the
## Second Circuit

▶▶◀◀

AURELIUS CAPITAL MASTER, LTD., AURELIUS OPPORTUNITIES FUND II, LLC, ACP MASTER, LTD., NML CAPITAL, LTD., OLIFANT FUND, LTD., BLUE ANGEL CAPITAL I LLC, PABLO ALBERTO VARELA, LILA INES BURGUENO, MIRTA SUSANA DIEGUEZ, MARIA EVANGELINA CARBALLO, LEANDRO DANIEL POMILIO, SUSANA AQUERRETA, MARIA ELENA CORRAL, TERESA MUNOZ DE CORRAL, NORMA ELSA LAVORATO, CARMEN IRMA LAVORATO, CESAR RUBEN VAZQUEZ, NORMA HAYDEE GINES, MARTZ AZUCENA VAZQUEZ,

*Plaintiffs-Appellees,*

– v. –

THE REPUBLIC OF ARGENTINA,

*Defendant- Appellant,*

CITIBANK, N.A.,

*Movant-Interested Party-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## JOINT APPENDIX
## VOLUME XX OF XX (Pages A-3128 to A-3340)

*Of Counsel:*
Jonathan I. Blackman
Carmine D. Boccuzzi
Michael M. Brennan

CLEARY GOTTLIEB STEEN & HAMILTON LLP
*Attorneys for Defendant-Appellant*
One Liberty Plaza
New York, New York  10006
212-225-2000

Edward A. Friedman
Daniel B. Rapport
FRIEDMAN KAPLAN SEILER &
ADELMAN LLP
7 Times Square
New York, NY 10036
(212) 833-1100

Roy T. Englert, Jr.
Mark T. Stancil
ROBBINS, RUSSELL, ENGLERT,
ORSECK, UNTEREINER & SAUBER
LLP
1801 K Street, N.W.
Washington, D.C. 20006
(202) 775-4500

*Counsel for Plaintiffs-Appellees Aurelius Capital Master, Ltd., Aurelius Opportunities Fund II, LLC, ACP Master, Ltd., and Blue Angel Capital I LLC*

Robert A. Cohen
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500

Theodore B. Olson
Matthew D. McGill
Jason J. Mendro
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-8500

*Counsel for Plaintiff-Appellee NML Capital, Ltd.*

Leonard F. Lesser
SIMON LESSER, P.C.
355 Lexington Avenue
New York, NY 10017
(212) 599-5455

Michael C. Spencer
MILBERG LLP
One Pennsylvania Plaza
New York, NY 10019
(212) 594-5300

*Counsel for Plaintiff-Appellee Olifant Fund, Ltd.*

*Counsel for Plaintiffs-Appellees Pablo Alberto Varela et al.*

Karen E. Wagner
Matthew Brennan Rowland
Lindsey Knapp
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000

*Counsel for Movant-Interested Party-Appellant Citibank, N.A.*

# TABLE OF CONTENTS

**Page**

### *NML Capital, Ltd. v. Republic of Argentina*, <u>Nos. 08 Civ. 6978, 09 Civ. 1707, 09 Civ. 1708 (TPG)</u>

Docket, *NML Capital, Ltd. v. Republic of Argentina*, No. 08 Civ. 6978 (TPG).................................................................. A-1

Docket, *NML Capital, Ltd. v. Republic of Argentina*, No. 09 Civ. 1707 (TPG).................................................................. A-187

Docket, *NML Capital, Ltd. v. Republic of Argentina*, No. 09 Civ. 1708 (TPG).................................................................. A-278

Declaration of Robert A. Cohen, dated Oct. 18, 2010................................. A-369

    Ex. 1: Fiscal Agency Agreement, dated Oct. 19, 1994 ..................... A-373

Declaration of Robert A. Cohen, dated Oct. 18, 2010................................. A-427

    Ex. H: Prospectus for 2005 Exchange Offer, dated Dec. 27, 2004.... A-431

    Ex. I: Prospectus Supplement for 2005 Exchange Offer, dated Jan. 10, 2005 ...................................................................... A-652

    Ex. J: Prospectus for 2010 Exchange Offer, dated Jan. 28, 2010 ...... A-825

    Ex. K: Prospectus for 2010 Exchange Offer, dated Apr. 27, 2010.... A-893

Notice of Motion for Leave to Amend Complaint, dated Oct. 20, 2010...... A-1169

Amended Complaint, *NML Capital, Ltd. v. Republic of Argentina*, No. 08 Civ. 6978 (TPG), dated Oct. 20, 2010 ................................ A-1171

Amended Complaint, *NML Capital, Ltd. v. Republic of Argentina*, No. 09 Civ. 1707 (TPG), dated Oct. 20, 2010 ................................ A-1193

Amended Complaint, *NML Capital, Ltd. v. Republic of Argentina*, No. 09 Civ. 1708 (TPG), dated Oct. 20, 2010 ................................ A-1203

**Page**

Notice of Motion for Partial Summary Judgment and for Injunctive
Relief Pursuant to the Equal Treatment Provision, dated Oct. 20, 2010 ...... A-1227

Order granting Motion to Amend Complaint, dated Sept. 28, 2011 ............ A-1229

Hearing Transcript, dated Sept. 28, 2011 ....................................................... A-1230

Order granting Motion for Partial Summary Judgment,
dated Dec. 7, 2011 ............................................................................................. A-1277

Order to Show Cause Why A Preliminary Injunction Should Not Issue,
With Temporary Restraining Order, dated Jan. 3, 2012 .............................. A-1282

Notice of Renewed Motion for Specific Performance of the Equal
Treatment Provision, dated Jan. 6, 2012 ....................................................... A-1284

Hearing Transcript, *NML Capital, Ltd. v. Republic of Argentina*, No. 03
Civ. 8845 (TPG), dated Feb. 23, 2012 ............................................................. A-1286

Order, dated Feb. 23, 2012 ................................................................................ A-1340

Order Pursuant to FRCP 62(C), dated Mar. 5, 2012 ................................... A-1346

Hearing Transcript, dated Nov. 9, 2012 ......................................................... A-1351

Declaration of Robert A. Cohen, dated Nov. 13, 2012 ................................ A-1384

    Ex. Y: Form of U.S. Dollar-Denominated Par Bonds Due 2038,
    dated Jan. 13, 2005 .................................................................................. A-1394

    Ex. Z: Form of 7.82% Euro-Denominated Discount Bonds
    Due 2033, dated Jan. 13, 2005 .............................................................. A-1407

    Ex. AA: Form of U.S. Dollar-Denominated 8.7% Global Bonds
    Due 2017, dated Sept. 24, 201 ............................................................. A-1421

Declaration of Kevin F. Binnie, dated Nov. 16, 2012 .................................. A-1434

Opinion, "Injunction Opinion," dated Nov. 21, 2012 .................................. A-1441

Opinion, "Stay Opinion," dated Nov. 21, 2012 ............................................. A-1453

**Page**

Amended February 23, 2012 Order, dated Nov. 21, 2012 .......................... A-1459

Order Concerning the March 5, 2012 Order, dated Nov. 21, 2012 ............. A-1467

Citibank, N.A.'s Notice of Motion for Clarification of November 21, 2012 Orders, dated May 22, 2013 ..................................................... A-1471

Declaration of Federico Elewaut, dated May 22, 2013 ............................... A-1474

Declaration of Manuel Beccar Varela, dated May 22, 2013 ...................... A-1480

Declaration of Maximiliano D'Auro, dated May 22, 2013 ......................... A-1484

    Ex. A: Issuance Decree 1735/2004, dated Dec. 9, 2004 ................... A-1492

    Ex. B: Translation of Issuance Decree 1735/2004, dated Dec. 9, 2004 ................................................................................... A-1497

    Ex. C: Issuance Decree 563/2010, dated Apr. 26, 2010.................... A-1504

    Ex. D: Translation of Issuance Decree 563/2010, dated Apr. 26, 2010 ................................................................................... A-1511

    Ex. E: Exhibit I to Issuance Decree 1735/2004, dated Sept. 29, 2004 ................................................................................... A-1525

    Ex. F: Translation of Exhibit I to Issuance Decree 1735/2004, dated Sept. 29, 2004.................................................................. A-1616

Letter from James L. Kerr to the Honorable Thomas P. Griesa, dated May 23, 2013 .......................................................................... A-1780

Letter from Daniel B. Rapport to the Honorable Thomas P. Griesa, dated May 23, 2013........................................................................ A-1782

Letter from James L. Kerr to the Honorable Thomas P. Griesa, dated May 23, 2013 .......................................................................... A-1784

Order, dated May 24, 2013 ........................................................... A-1786

Order, dated June 18, 2014 .......................................................... A-1788

**Page**

Declaration of Karen E. Wagner, dated June 19, 2014 ............................... A-1789

Letter from Karen E. Wagner to the Honorable Thomas P. Griesa, dated
June 23, 2014 ................................................................................ A-1792

Letter from Carmine D. Boccuzzi to the Honorable Thomas P. Griesa,
dated June 23, 2014......................................................................... A-1794

      Ex. A: Example RUFO Clause ........................................................ A-1796

Letter from Edward A. Friedman to the Honorable Thomas P. Griesa,
dated June 23, 2014......................................................................... A-1800

Letter from Robert A. Cohen to the Honorable Thomas P. Griesa, dated
June 24, 2014 ................................................................................ A-1802

Letter from Karen E. Wagner to the Honorable Thomas P. Griesa, dated
June 26, 2014 ................................................................................ A-1808

Order, dated June 26, 2014 ................................................................ A-1810

Letter from Robert A. Cohen to the Honorable Thomas P. Griesa, dated
June 26, 2014 ................................................................................ A-1813

Hearing Transcript, dated June 27, 2014 ........................................... A-1814

Order Clarifying Amended February 23, 2012 Orders, dated June 27,
2014........................................................................................... A-1851

Notice of Emergency Motion for Clarification, dated June 29, 2014 .......... A-1853

Declaration of Christopher J. Clark, dated June 29, 2014 ........................ A-1856

      Ex. A: Declaration of Kevin F. Binnie of the Bank of New York
Mellon Regarding the Payment Processes for Global Bonds
Issued Pursuant to That Certain Trust Indenture Dated as of June
2, 2005, and the First Supplemental Indenture Dated as of April
30, 2010, dated Nov. 16, 2012............................................................ A-1859

      Ex. B: Brief of Euroclear Bank S.A. N.V., *NML Capital, Ltd. v.
Republic of Argentina*, No. 12-105-cv(L), dated Jan. 3, 2013 .......... A-1867

                                                                        **Page**

Letter from Christopher J. Clark to the Honorable Thomas P. Griesa,
dated June 29, 2014.................................................................    A-1872

Interested Non-Party Fintech Advisory Inc.'s Joinder in Non-Parties
Euro Bondholders' Emergency Motion for Clarification, dated June 30,
2014..........................................................................................    A-1874

Letter from Eric A. Schaffer to the Honorable Thomas P. Griesa, dated
July 1, 2014..............................................................................    A-1877

Letter from Paul T. Shoemaker to the Honorable Thomas P. Griesa,
dated July 2, 2014 ....................................................................    A-1879

     Attachment 1: Proposed Order Clarifying Amended February 23,
     2012 Orders ......................................................................    A-1881

Euroclear Bank S.A. N.V.'s Notice of Emergency Motion for
Clarification, dated July 2, 2014 ..............................................    A-1883

Declaration of Fabien Debarre, dated July 2, 2014 ......................    A-1886

Letter from Christopher J. Clark to the Honorable Thomas P. Griesa,
dated July 2, 2014 ....................................................................    A-1890

Letter from Christopher J. Clark to the Honorable Thomas P. Griesa,
dated July 3, 2014 ....................................................................    A-1891

Clearstream Banking S.A.'s Notice of Motion for Clarification or
Modification of the June 27, 2014 Order, dated July 7, 2014 .......    A-1893

     Attachment 1: Proposed Order Clarifying June 27, 2014 Order
     and Further Clarifying Amended February 23, 2012 Orders, dated
     July 27, 2014...................................................................    A-1895

Declaration of John M. Vassos, dated July 7, 2014.....................    A-1898

Letter from Eric A. Schaffer to the Honorable Thomas P. Griesa, dated
July 9, 2014..............................................................................    A-1901

Letter from Paul T. Shoemaker to the Honorable Thomas P. Griesa,
dated July 9, 2014 ....................................................................    A-1902

**Page**

Declaration of Fabien Debarre, dated July 9, 2014 ...................................... A-1903

Letter from Andrea L. Weiss to the Honorable Thomas P. Griesa, dated
July 9, 2014 ................................................................................................... A-1916

    Ex. A: Letter of Eric J. Finkelstein, dated June 24, 2014................... A-1919

        Attachment 5: Order, dated Oct. 3, 2013 ................................ A-1923

        Attachment 6: Order, *NML Capital, Ltd. v. Republic of
        Argentina*, No. 12-105-cv(L), dated Aug. 23, 2013................. A-1930

        Attachment 7: Order, dated June 20, 2014.............................. A-1931

Letter from Matthew D. McGill to the Honorable Thomas P. Griesa,
dated July 10, 2014 ....................................................................................... A-1934

Notice of Motion of Non-Party Bank of New York Mellon, as Indenture
Trustee, for Clarification of the Amended February 23, 2012 Orders,
dated July 10, 2014 ....................................................................................... A-1935

Declaration of Evan K. Farber, dated July 10, 2014 ................................... A-1939

    Ex. C: Declaration of Kevin F. Binnie, Tribunal de Commerce de
    Bruxelles [Comm.][Commercial Tribunal], Brussels, No.
    A.13.05650 (Belg.), dated June 17, 2014 .......................................... A-1945

    Ex. F: Order, Tribunal de Commerce de Bruxelles
    [Comm.][Commercial Tribunal], Brussels, Nos. C.13.00076,
    C.13.00079 (Belg.), dated June 28, 2013; Writ of Summons,
    Tribunal de Commerce de Bruxelles [Comm.][Commercial
    Tribunal], Brussels, No. A.13.05650 (Belg.), dated June 21,
    2013; Scheduling Order, Tribunal de Commerce de Bruxelles
    [Comm.][Commercial Tribunal], Brussels, A.13.05650 (Belg.),
    dated Sept. 26, 2013.......................................................................... A-1949

**Page**

Ex. G: Letter from Michael C. Neus to Eric A. Schaffer, dated
June 27, 2014; Letter from Ara D. Cohen to Eric A. Schaffer,
dated June 27, 2014; Letter from Ruben Kliksberg to Eric A.
Schaffer, dated June 27, 2014; Letter from Erika Mouynes to
Corporate Trust Administration, The Bank of New York, dated
July 1, 2014 ........................................................................ A-1993

Ex. H: Letter from RPC to Eric A. Schaffer and The Bank of
New York Mellon (Luxembourg) S.A., dated July 1, 2014 ............... A-2001

Ex. I: Press Release, Argentine Ministry of Economy and Public
Finance, Vulture funds do not want to negotiate. They seek to
appropriate the exchange bondholders' money, dated July 1, 2014 .. A-2005

Ex. J: Letter from Pablo Julio Lopez to Gerald Hassell, dated July
3, 2014 ............................................................................... A-2007

Ex. K: Letter from Kevin S. Reed to Jane Sherburne, dated Jan.
4, 2012; Letter from Kevin S. Reed to The Bank of New York
Mellon, dated July 20, 2012; Letter from Edward A. Friedman to
J. Kevin McCarthy, Eric A. Schaffer, and Evan K. Farber, dated
June 16, 2014 ...................................................................... A-2012

Ex. L: Letter from Guillermo A. Gleizer to Thomas C. Baxter,
Jr., and Jane Sherburne, dated June 20, 2014 ......................... A-2019

Ex. M: The Bank of New York Mellon's Proposed Order ................ A-2022

Ex. N: The Bank of New York Mellon's Alternative Proposed
Order .................................................................................. A-2027

Plaintiffs' Notice of Motion for Partial Reconsideration of the June 27,
2014 Order Granting Citibank, N.A.'s Motion for Clarification or
Modification, dated July 10, 2014 ................................................ A-2033

Attachment 1: Proposed Order ........................................... A-2037

Letter from Christopher J. Clark to the Honorable Thomas P. Griesa,
dated July 14, 2014 .................................................................. A-2040

**Page**

Letter from Matthew D. McGill to the Honorable Thomas P. Griesa, dated July 15, 2014 ...................................... A-2041

Order, dated July 16, 2014............................................................... A-2043

Declaration of Robert A. Cohen, dated July 18, 2014................................. A-2046

Declaration of Fabien Debarre, dated July 21, 2014 ................................... A-2050

Declaration of Evan K. Farber, dated July 21, 2014 ................................... A-2059

    Ex. A: American Task Force Argentina, *¿Estará la Argentina sentando las bases de un defaulta?*, El Cronista, dated June 16, 2014 .................................................................... A-2063

    Ex. B: *Holdout funds claim in ads campaign that Argentina is choosing default scenario*, MercoPress.com, dated July 17, 2014 .... A-2065

    Ex. C: Presidencia de la Nación República Argentina, *Default Es No Pagar. Argentina Paga.*, El Cronista, July 17, 2014 ................... A-2068

    Ex. D: Presidency of the Nation Argentine Republic, *Default Means Not Paying. Argentina Does Pay.*, The Wall Street Journal, dated July 17, 2014 ................................................. A-2070

Declaration of Carmine Boccuzzi, dated July 21, 2014 .............................. A-2073

    Ex. A: H.C., *Argentina and the holdouts: Tick Tock*, The Economist, dated July 17, 2014........................................... A-2077

    Ex. C: Mary Anastasia O'Grady, *The Argentine Bond Mess Gets Messier*, The Wall Street Journal, dated July 13, 2014 .................... A-2081

    Ex. E: Marcelo Etchbarne, *Una cesación de pagos selectiva: ¿el escenario más probable?*, La Nación, dated July 6, 2014 ................ A-2084

    Ex. J: Trust Indenture, dated June 2, 2005 (excerpts) ........................ A-2088

    Ex. K: Prospectus Supplement, dated Dec. 27, 2004 (excerpts) ....... A-2095

**Page**

Ex. L: Specimen Registered Global Security representing 8.28%
U.S. Dollar Denominated Discount Bonds due 2033, issued in the
2005 Exchange Offer ......................................................................... A-2104

Ex. M: Constitutión Nacional [Const. Nac.] §§ 53, 59 and 60
(Arg.).................................................................................................. A-2108

Ex. N: Ministerio de Economía y Finanzas Públicas, Código
Penal [Cód Pen.] [Criminal Code] de la Nación Argentina, arts.
248 and 249........................................................................................ A-2111

Ex. O: National Public Sector Financial Administration and
Control Systems Act No. 24156, §§ 130 and 131 ............................ A-2115

Hearing Transcript, dated July 22, 2014......................................... A-2118

Letter from Karen E. Wagner to the Honorable Thomas P. Griesa, dated
July 23, 2014 ...................................................................................... A-2174

Letter from Andrea L. Weiss to the Honorable Thomas P. Griesa, dated
July 24, 2014 ...................................................................................... A-2177

Letter from Paul T. Shoemaker to the Honorable Thomas P. Griesa,
dated July 25, 2014 ............................................................................ A-2179

Letter from Carmine D. Boccuzzi to the Honorable Thomas P. Griesa
Griesa, dated July 27, 2014............................................................... A-2180

Letter from Edward A. Friedman to the Honorable Thomas P. Griesa,
dated July 27, 2014 ............................................................................ A-2182

Letter from Karen E. Wagner to the Honorable Thomas P. Griesa, dated
July 28, 2014 ...................................................................................... A-2187

Declaration of Federico Elewaut, dated July 28, 2014 ................... A-2190

Order, dated July 28, 2014................................................................ A-2193

Notice of Appeal, *NML Capital, Ltd. v. The Republic of Argentina*, No.
08 Civ. 6978 (TPG), dated July 29, 2014 ......................................... A-2197

**Page**

Notice of Appeal, *NML Capital, Ltd. v. The Republic of Argentina*, No. 09 Civ. 1707 (TPG), dated July 29, 2014 .................................................. A-2199

Notice of Appeal, *NML Capital, Ltd. v. The Republic of Argentina*, No. 09 Civ. 1708 (TPG), dated July 29, 2014 .................................................. A-2201

Letter from Karen E. Wagner to Catherine O. Wolfe, *NML Capital, Ltd. v. Republic of Argentina*, No. 14-2702(L), dated Aug. 13, 2014 ................ A-2203

Ex. A: Letter from Pablo J. Lopez to Gabriel Ribisich, dated Aug. 6, 2014 ........................................................................... A-2205

Ex. B: Letter from Pablo J. Lopez to Gabriel Ribisich, dated Aug. 6, 2014 and Translation Affidavit (English translation) .................... A-2208

Ex. C: Letter from Gabriel Ribisich to Pablo J. Lopez, dated Aug. 11, 2014 ......................................................................... A-2211

***Aurelius Capital Master, Ltd. and ACP Master, Ltd. v. Republic of Argentina*, No. 09 Civ. 8757 (TPG), *et al.***

Docket, *Aurelius Capital Master, Ltd. and ACP Master, Ltd. v. Republic of Argentina*, No. 09 Civ. 8757 (TPG) ...................................................... A-2214

Docket, *Aurelius Capital Master, Ltd. and ACP Master, Ltd. v. Republic of Argentina*, No. 09 Civ. 10620 (TPG) .................................................... A-2306

Docket, *Aurelius Opportunities Fund II, LLC and Aurelius Capital Master, Ltd. v. Republic of Argentina*, No. 10 Civ. 1602 (TPG)................. A-2399

Docket, *Aurelius Opportunities Fund II, LLC and Aurelius Capital Master, Ltd. v. Republic of Argentina*, No. 10 Civ. 3507 (TPG)................ A-2475

Docket, *Aurelius Capital Master, Ltd. and Aurelius Opportunities Fund II LLC v. Republic of Argentina*, No. 10 Civ. 3970 (TPG).......................... A-2549

Docket, *Blue Angel Capital I LLC v. Republic of Argentina*, No. 10 Civ. 4101 (TPG) ........................................................................................ A-2622

Docket, *Blue Angel Capital I LLC v. Republic of Argentina*, No. 10 Civ. 4782 (TPG) ........................................................................................ A-2693

**Page**

Docket, *Aurelius Capital Master, Ltd. and Aurelius Opportunities Fund II, LLC v. Republic of Argentina*, No. 10 Civ. 8339 (TPG)..........................  A-2762

Plaintiffs' Notice of Motion to Amend Complaints, dated Oct. 26, 2011....  A-2836

Plaintiffs' Notice of Motion for Partial Summary Judgment With Respect to Their Claims for Breach of the Equal Treatment Provision, dated Oct. 26, 2011 ...............................................................................  A-2840

Order granting Motion for Leave to Amend Complaints, dated Nov. 18, 2011 ........................................................................................  A-2845

Amended Complaint, *Aurelius Capital Master, Ltd. and ACP Master, Ltd. v. Republic of Argentina*, No. 09 Civ. 8757 (TPG), dated Nov. 21, 2011 ........................................................................................  A-2850

    Ex. 2: Argentine Law 26,017...............................................  A-2867

    Ex. 3: Argentine Law 26,547...............................................  A-2871

Amended Complaint, *Aurelius Capital Master, Ltd. and ACP Master, Ltd. v. Republic of Argentina*, No. 09 Civ. 10620 (TPG), dated Nov. 21, 2011 ........................................................................................  A-2877

Second Amended Complaint, *Aurelius Opportunities Fund II, LLC and Aurelius Capital Master, Ltd. v. Republic of Argentina*, No. 10 Civ. 1602 (TPG), dated Nov. 21, 2011..................................................  A-2894

Second Amended Complaint, *Aurelius Capital Master, Ltd. and Aurelius Opportunities Fund II, LLC v. Republic of Argentina*, No. 10 Civ. 3507 (TPG), dated Nov. 21, 2011 ...........................................  A-2911

Second Amended Complaint, *Aurelius Capital Master, Ltd. and Aurelius Opportunities Fund II, LLC v. Republic of Argentina*, No. 10 Civ. 3970 (TPG), dated Nov. 21, 2011 ...........................................  A-2929

Amended Complaint, *Blue Angel Capital I LLC v. Republic of Argentina*, No. 10 Civ. 4101 (TPG), dated Nov. 21, 2011 ...........................  A-2946

**Page**

Amended Complaint, *Blue Angel Capital I LLC v. Republic of Argentina*, No. 10 Civ. 4782 (TPG), dated Nov. 21, 2011 .......................... A-2960

Amended Complaint, *Aurelius Capital Master, Ltd. and Aurelius Opportunities Fund II, LLC v. Argentina*, No. 10 Civ. 8339 (TPG), dated Nov. 21, 2011 ................................................................... A-2974

Order granting Motion for Partial Summary Judgment With Respect to Claims for Breach of the Equal Treatment Provision, dated Dec. 13, 2011.................................................................... A-2991

Plaintiffs' Notice of Motion for Specific Performance of the Equal Treatment Provision, dated Jan. 13, 2012................................... A-2998

       Attachment 1: Proposed Order ........................................... A-3002

Order, dated Feb. 23, 2012.................................................. A-3010

Amended February 23, 2012 Order, dated Nov. 21, 2012 .......................... A-3018

Order Concerning the March 5, 2012 Order, dated Nov. 21, 2012 ............. A-3025

Letter from Edward A. Friedman to the Honorable Thomas P. Griesa, dated June 26, 2014.................................................... A-3029

Letter from Edward A. Friedman to the Honorable Thomas P. Griesa, dated June 26, 2014.................................................... A-3032

Letter from Edward A. Friedman to the Honorable Thomas P. Griesa, dated July 1, 2014 ...................................................... A-3034

       Attachment 1: Proposed Order ........................................... A-3036

Declaration of Charles E. Enloe, dated July 2, 2014 ................................... A-3040

       Ex. A: Prospectus Supplement, dated Apr. 28, 2010 ........................ A-3045

       Ex. B: Document produced by Citibank, Citicorp North America Inc., Citicorp USA Inc., Citigroup Global Markets Inc., and Citigroup Inc. (the "Citi Entities") in these actions, with Bates numbers CITI_5-00000001 to CITI_5-00000035 (Redacted) .......... A-3046

**Page**

Ex. C: Document produced by the Citi Entities in these actions
with Bates numbers CITI_5- 00000036 to CITI_5-00000068
(Redacted) .......................................................................    A-3047

Ex. D: Order, *Aurelius Capital Partners, LP and Aurelius Capital
Master, Ltd. v. The Republic of Argentina*, No. 07 Civ. 2715
(TPG) (S.D.N.Y.), dated May 29, 2009 ...............................    A-3048

Ex. E: The Citi Entities' Notice of Motion for a Stay, *NML
Capital Ltd., v. The Republic of Argentina*, No. 03 Civ. 8845
(TPG), dated Mar. 20, 2014...............................................    A-3053

Ex. F: Brief of the United Mexican States as *Amicus Curiae* in
Support of Petitions for Writs of Certiorari, *Republic of
Argentina v. NML Capital, Ltd., et al.*, Nos. 13-990 ,13-991,
dated Mar. 24, 2014...........................................................    A-3056

Ex. G: Hearing Transcript, dated June 18, 2014 ...............................    A-3094

Ex. H: Email from Lindsey T. Knapp to Robert A. Cohen,
dated June 20, 2014 (Redacted)...........................................    A-3124

Ex. I: Attachment 1 to Email from Lindsey T. Knapp to Robert
A. Cohen, dated June 20, 2014 (Redacted) ........................    A-3125

Ex. J: Attachment 2 to Email from L. Knapp to R. Cohen, dated
June 20, 2014: Depositary Agreement between Morgan Guaranty
Trust Company of New York as Operator of the Euroclear
System, and Citibank NA. Buenos Aires, dated June 27, 1996
(Redacted)...........................................................................    A-3126

Ex. K: Attachment 3 to Email from L. Knapp to R. Cohen, dated
June 20, 2014: Custody Agreement (Redacted)..................    A-3127

Letter from Edward A. Friedman to the Honorable Thomas P. Griesa,
dated July 2, 2014 ...........................................................    A-3128

Letter from Edward A. Friedman to the Honorable Thomas P. Griesa,
dated July 18, 2014 .........................................................    A-3131

**Page**

Declaration of Charles E. Enloe, dated July 18, 2014 ................................... A-3134

    Ex. B: Letter from Eric A. Schaffer to Daniel B. Rapport, dated July 1, 2014 ........................................................................................ A-3137

    Ex. C: Presidency of the Nation Argentine Republic, Legal Notice, Embassy of Argentina in Washington, D.C. ........................ A-3139

Letter from Edward A. Friedman to the Honorable Thomas P. Griesa, dated July 23, 2014 ...................................................................................... A-3141

Letter from Edward A. Friedman to the Honorable Thomas P. Griesa, dated July 27, 2014 ...................................................................................... A-3144

Order, dated July 28, 2014 ........................................................................... A-3149

Notice of Appeal, *Aurelius Capital Master, Ltd. and ACP Master, Ltd. v. The Republic of Argentina*, No. 09 Civ. 8757 (TPG), dated July 29, 2014 .......................................................................................................... A-3153

Notice of Appeal, *Aurelius Capital Master, Ltd. and ACP Master, Ltd. v. The Republic of Argentina*, No. 09 Civ. 10620 (TPG), dated July 29, 2014 .......................................................................................................... A-3155

Notice of Appeal, *Aurelius Opportunities Fund II, LLC and Aurelius Capital Master, Ltd. v. The Republic of Argentina*, No. 10 Civ. 1602 (TPG), dated July 29, 2014 ......................................................................... A-3157

Notice of Appeal, *Aurelius Opportunities Fund II, LLC and Aurelius Capital Master, Ltd. v. The Republic of Argentina*, No. 10 Civ. 3507 (TPG), dated July 29, 2014 ......................................................................... A-3159

Notice of Appeal, *Aurelius Opportunities Fund II, LLC and Aurelius Capital Master, Ltd. v. The Republic of Argentina*, No. 10 Civ. 3970 (TPG), dated July 29, 2014 ......................................................................... A-3161

Notice of Appeal, *Aurelius Opportunities Fund II, LLC and Aurelius Capital Master, Ltd. v. The Republic of Argentina*, No. 10 Civ. 4101 (TPG), dated July 29, 2014 ......................................................................... A-3163

| | Page |
|---|---|
| Notice of Appeal, *Blue Angel Capital I LLC v. The Republic of Argentina*, No. 10 Civ. 4782 (TPG), dated July 29, 2014 ........................... | A-3165 |
| Notice of Appeal, *Aurelius Capital Master, Ltd. and Aurelius Opportunities Fund II, LLC v. Republic of Argentina*, No. 10 Civ. 8339 (TPG), dated July 29, 2014 ........................................................ | A-3167 |

### *Varela, et al. v. Republic of Argentina*, No. 10 Civ. 5338 (TPG)

| | |
|---|---|
| Docket, *Varela, et al. v. Republic of Argentina*, No. 10 Civ. 5338 (TPG)... | A-3169 |
| Notice of Motion to Amend Complaint, dated Aug. 3, 2011 ...................... | A-3215 |
| Notice of Motion for Partial Summary Judgment and for Injunctive Relief Pursuant to the Equal Treatment Provision, dated Aug. 3, 2011 ................................................................... | A-3216 |
| Order granting Motion to Amend Complaint, dated Oct. 3, 2011............... | A-3218 |
| Amended Complaint, dated Oct. 24, 2011.................................................. | A-3219 |
| Notice of Renewed Motion for Specific Performance of the Equal Treatment Provision, dated Jan. 11, 2012 ........................................ | A-3229 |
| Attachment 1: Proposed Order ........................................... | A-3231 |
| Order, dated Feb. 23, 2012.................................................................... | A-3236 |
| Amended February 23, 2012 Order, dated Nov. 21, 2012 .......................... | A-3241 |
| Order Concerning the March 5, 2012 Order, dated Nov. 21, 2012.............. | A-3247 |
| Order, dated July 28, 2014.................................................................... | A-3251 |
| Notice of Appeal, *Pablo Alberto Varela v. The Republic of Argentina*, No. 10 Civ. 5338 (TPG), dated July 29, 2014 ........................................ | A-3255 |

### *Olifant Fund, Ltd. v. The Republic of Argentina*,
### <u>No. 10 Civ. 9587 (TPG)</u>

Docket, *Olifant Fund, Ltd. v. The Republic of Argentina*, No. 10 Civ.
9587 (TPG) ................................................................... A-3257

Complaint, dated Dec. 23, 2010.................................................. A-3283

Notice of Motion for Partial Summary Judgment and for Injunctive
Relief Pursuant to the Equal Treatment Provision, dated Jan. 26, 2012 ...... A-3294

Order, dated Feb. 23, 2012............................................... A-3299

Notice of Appeal, dated Mar. 6, 2012........................................... A-3307

Amended February 23, 2012 Order, dated Nov. 21, 2012 .......................... A-3316

Order Concerning the March 5, 2012 Order, dated Nov. 21, 2012 ............. A-3326

Letter from Leonard F. Lesser to the Honorable Thomas P. Griesa, dated
June 26, 2014 ................................................................ A-3330

Order, dated July 28, 2014.................................................. A-3331

Notice of Appeal, *Olifant Fund, Ltd. v. The Republic of Argentina*, No. 10
Civ. 9587 (TPG), dated July 29, 2014 ........................................ A-3335

Order, *Olifant Fund, Ltd. v. The Republic of Argentina*, No. 10 Civ. 9587
(TPG), dated Aug. 6, 2014.................................................... A-3337

A-3128

# FRIEDMAN KAPLAN SEILER & ADELMAN LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
SCOTT M. BERMAN
ERIC CORNGOLD
HAL NEIER
PHILIPPE ADLER
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
DAVID I. TANENBAUM
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
EMILY A. STUBBS
KENT K. ANKER
AMY C. BROWN
RICARDO SOLANO JR.
JOHN N. ORSINI
JEFFREY R. WANG
JEFFREY C. FOURMAUX
JASON C. RUBINSTEIN
MICHAEL A. GORDON

7 TIMES SQUARE

NEW YORK, NY 10036-6516

TELEPHONE (212) 833-1100

FACSIMILE (212) 833-1250

WWW.FKLAW.COM

WRITER'S DIRECT DIAL
212-833-1102

WRITER'S DIRECT FAX
212-373-7902

E-MAIL
EFRIEDMAN@FKLAW.COM

RICHARD M. HOFFMAN
SENIOR COUNSEL

NORMAN ALPERT
ASAF REINDEL
L. REID SKIBELL
COUNSEL

ROBERT S. LANDY
STEVEN E. FRANKEL
DANIEL R. GREENBERG
TIMOTHY M. HAGGERTY
CHRISTOPHER M. COLORADO
CHRISTOPHER L. McCALL
YITZCHAK E. SOLOVEICHIK
PEARLINE M. HONG
ERIC J. FINKELSTEIN
JENNIFER A. MUSTES
EMILY L. CHANG
ANDREW M. ENGLANDER
CHARLES E. ENLOE
ALEXANDER D. LEVI
ELIZABETH L. MACCHIAVERNA
SARAH F. FOLEY
JAMUNA D. KELLEY
RAINA L. NORTICK
MICHAEL S. PALMIERI
ELLIOT CHOI
TANVIR VAHORA
NORA BOJAR
KEVIN J. LIN
ANDREW C. KOSTIC

July 2, 2014

<u>BY E-MAIL</u>

Honorable Thomas P. Griesa
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:  *NML Capital, Ltd. v. The Republic of Argentina*
           Nos. 08 Civ. 6978, 09 Civ. 1707, 09 Civ. 1708
       *Aurelius Capital Master, Ltd. v. The Republic of Argentina*
           Nos. 09 Civ. 8757, 09 Civ. 10620, 10 Civ. 3970, 10 Civ. 8339
       *Aurelius Opportunities Fund II, LLC v. The Republic of Argentina*
           Nos. 10 Civ. 1602, 10 Civ. 3507
       *Blue Angel Capital I LLC v. The Republic of Argentina*
           Nos. 10 Civ. 4101, 10 Civ. 4782
       *Pablo Alberto Varela v. The Republic of Argentina*
           No. 10 Civ. 5338
       *Olifant Fund, Ltd. v. The Republic of Argentina*
           No. 10 Civ. 9587

Dear Judge Griesa:

      This firm represents plaintiffs Aurelius Capital Master, Ltd., ACP Master,
Ltd., Aurelius Opportunities Fund II, LLC, Aurelius Capital Master, Ltd., Blue Angel
Capital I LLC, and we write on behalf of plaintiffs in all of the above-referenced cases in

A-3129

Honorable Thomas P. Griesa          - 2 -                    July 2, 2014

response to the letter from counsel for The Bank of New York Mellon ("BNY"), dated July 1, 2014.

At the hearing on June 27, Your Honor directly and explicitly ruled that Argentina's payment of $539 million to BNY was illegal and a violation of this Court's Amended February 23 Orders, and that such payment must be nullified and returned to Argentina. BNY is now seeking an order to retain the funds and not return them. BNY already suggested to the Court the option of keeping the illegally paid funds at BNY. The Court rejected that proposal and ordered that BNY return the funds to Argentina. BNY's current request is directly contrary to Court's unequivocal ruling and should be rejected.

BNY's concern about potential claims against it if it returns the funds – claims that BNY concedes would be "baseless" – are addressed by the final provision in the proposed Order, which was specifically added at BNY's request: "BNY shall incur no liability under the Indenture governing the Exchange Bonds or otherwise to any person or entity for complying with this Order." Moreover, BNY is not correct when it says that allowing it to retain Argentina's illegal payment merely preserves the status quo. To the contrary, it would leave in place Argentina's brazen violation of the Amended February 23 Orders, and enable Argentina to continue to proclaim that it has successfully defied this Court and has made the payment on the Exchange Bonds that Your Honor expressly prohibited. Such reward for Argentina's illegal conduct should not be countenanced.

BNY seems to be saying that Argentina, having violated this Court's Amended February 23 Orders by making the $539 million payment, would contumaciously violate a further order of this Court by blocking the return of the funds. Should Argentina state its intention to block the return of the funds, it would be within the Court's equitable powers to order Argentina to accept the return of the funds and to provide any necessary wiring information to BNY to facilitate the return of the funds. If that is in fact Argentina's intention, it should be so stated by Argentina's counsel. In any event, a threat by Argentina to violate a further order of this Court is not a proper basis for Your Honor to change his ruling directing BNY to return the funds to Argentina.

Respectfully yours,

*Edward A. Friedman/*FJF

Edward A. Friedman

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

A-3130

Honorable Thomas P. Griesa                    - 3 -                    July 2, 2014

cc:    Eric A. Schaffer, Esq.
       Carmine D. Boccuzzi, Jr., Esq.
       Kevin S. Reed, Esq.
       Michael C. Spencer, Esq.
       Leonard F. Lesser, Esq.
       (*via email*)

A-3131

# FRIEDMAN KAPLAN SEILER & ADELMAN LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
SCOTT M. BERMAN
ERIC CORNGOLD
HAL NEIER
PHILIPPE ADLER
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
DAVID I. TANENBAUM
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
EMILY A. STUBBS
KENT K. ANKER
AMY C. BROWN
RICARDO SOLANO JR.
JOHN N. ORSINI
JEFFREY R. WANG
JEFFREY C. FOURMAUX
JASON C. RUBINSTEIN
MICHAEL A. GORDON

7 TIMES SQUARE

NEW YORK, NY 10036-6516

TELEPHONE (212) 833-1100

FACSIMILE (212) 833-1250

WWW.FKLAW.COM

WRITER'S DIRECT DIAL
212-833-1102

WRITER'S DIRECT FAX
212-373-7902

E-MAIL
EFRIEDMAN@FKLAW.COM

RICHARD M. HOFFMAN
SENIOR COUNSEL

NORMAN ALPERT
ASAF REINDEL
L. REID SKIBELL
COUNSEL

ROBERT S. LANDY
STEVEN E. FRANKEL
DANIEL R. GREENBERG
TIMOTHY M. HAGGERTY
CHRISTOPHER M. COLORADO
CHRISTOPHER L. McCALL
YITZCHAK E. SOLOVEICHIK
PEARLINE M. HONG
ERIC J. FINKELSTEIN
JENNIFER A. MUSTES
EMILY L. CHANG
ANDREW M. ENGLANDER
CHARLES E. ENLOE
ALEXANDER D. LEVI
ELIZABETH L. MACCHIAVERNA
SARAH F. FOLEY
JAMUNA D. KELLEY
RAINA L. NORTICK
MICHAEL S. PALMIERI
ELLIOT CHOI
TANVIR VAHORA
NORA BOJAR
KEVIN J. LIN
ANDREW C. KOSTIC

July 18, 2014

BY ECF

Honorable Thomas P. Griesa
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:  *NML Capital, Ltd. v. The Republic of Argentina*
Nos. 08 Civ. 6978, 09 Civ. 1707, 09 Civ. 1708
*Aurelius Capital Master, Ltd. v. The Republic of Argentina*
Nos. 09 Civ. 8757, 09 Civ. 10620, 10 Civ. 3970, 10 Civ. 8339
*Aurelius Opportunities Fund II, LLC v. The Republic of Argentina*
Nos. 10 Civ. 1602, 10 Civ. 3507
*Blue Angel Capital I LLC v. The Republic of Argentina*
Nos. 10 Civ. 4101, 10 Civ. 4782
*Pablo Alberto Varela v. The Republic of Argentina*
No. 10 Civ. 5338
*Olifant Fund, Ltd. v. The Republic of Argentina*
No. 10 Civ. 9587

Dear Judge Griesa:

This firm represents plaintiffs Aurelius Capital Master, Ltd., ACP Master,
Ltd., Aurelius Opportunities Fund II, LLC, Aurelius Capital Master, Ltd., Blue Angel
Capital I LLC.  We write on behalf of plaintiffs in all of the above-referenced cases in

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

A-3132

Honorable Thomas P. Griesa          - 2 -          July 18, 2014

response to the letter from counsel for JPMorgan Chase Bank, N.A. ("JPMCB"), dated July 9, 2014.

JPMCB requests clarification and guidance from the Court regarding JPMCB's duties under the Amended February 23, 2012 Orders (the "Amended February 23 Orders") with respect to funds it received on July 4, 2014, from the Republic of Argentina for payment on certain bonds denominated in Yen and governed by Japanese law (the **"Bonds"**). The funds at issue are approximately $2.1 million (¥ 212,702,982) that Argentina ordered transferred to the account of Caja de Valores S.A. ("Caja") at JPMCB's Tokyo branch. Caja has told JPMCB that the Republic ordered the transfer in order to effectuate a payment on the Bonds. JPMCB explains that the Republic has instructed Caja to use the funds to make the payment on the Bonds, and Caja accordingly has directed JPMCB to transfer the funds to Citibank, N.A. in furtherance of such payment.

JPMCB seeks clarification as to whether the Bonds are "External Indebtedness" subject to the *pari passu* clause in the Fiscal Agency Agreement ("FAA") that governs plaintiffs' bonds, or "Exchange Bonds" subject to the Amended February 23 Orders. They are clearly both.

The FAA's *pari passu* clause provides: "The payment obligations of the Republic shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness." The FAA further defines the term "External Indebtedness" to mean obligations (other than those issued under the FAA and Domestic Foreign Currency Indebtedness) "for borrowed money or evidenced by securities, debentures, notes or other similar instruments denominated or *payable . . . in a currency other than the lawful currency of the Republic*." (Emphasis added.) Because the Bonds were not issued under the FAA, are not Domestic Foreign Currency Indebtedness and are payable in a currency other than the Argentine peso, they are External Indebtedness subject to the *pari passu* provision.

The Amended February 23 Orders provide, *inter alia*, that Argentina must specifically perform its obligations under the *pari passu* clause as follows:

> Whenever the Republic pays any amount due under the terms of the bonds or other obligations issued pursuant to the Republic's 2005 or 2010 Exchange Offers, or any subsequent exchange of or substitution for the 2005 or 2010 Exchange Offers that may occur in the future (collectively, the "Exchange Bonds"), the Republic shall concurrently or in advance make a "Ratable Payment" to [the Plaintiffs].

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

A-3133

Honorable Thomas P. Griesa                    - 3 -                    July 18, 2014

The Bonds are Exchange Bonds because they were issued as part of the Republic's 2005 and 2010 Exchange Offers.

Your Honor is faced with this and other requests for clarification only because Argentina has brazenly violated the Amended February 23 Orders by transferring funds to banks such as The Bank of New York Mellon ("BNY") – and now JPMCB – in an attempt to make payment on Exchange Bonds without first or concurrently making a Ratable Payment to plaintiffs. At a hearing on June 27, 2014, the Court ruled that Argentina's transfer to BNY was illegal and a nullity. Argentina's transfer of $2.1 to JMPCB is no different, and is yet another barefaced violation by Argentina of the Orders.

Pending further order of the Court, JPMCB cannot lawfully comply with Caja's instruction to effectuate payment on the yen-denominated Exchange Bonds, and cannot transfer or allow the transfer of these funds to any person or entity.[1] We believe that whatever ruling the Court issues with respect to BNY's pending motion concerning the $539 million paid by Argentina in violation of the Amended February 23 Orders will provide further guidance to JPMCB as to what it should do with the funds it has received.

We appreciate JPMCB's compliance with its obligations under the Amended February 23 Orders, and we believe that this letter sets forth the information JPMCB is requesting to ensure its ongoing compliance.

Respectfully yours,

*[signature]*

Edward A. Friedman

cc:        All counsel of record (via ECF)

---

[1] JPMCB identifies three ISINs for the Bonds – ARARGE03G738, ARARGE03G753 and ARARGE03E667. There are four additional securities denominated in Yen that Argentina issued in the 2005 and 2010 Exchange Offers: ARARGE03E659, ARARGE03G746, ARARGE03E675 and ARARGE03G761. Like the Bonds, these securities are External Indebtedness subject to the *pari passu* clause in the FAA and Exchange Bonds subject to the Amended February 23 Orders, and JPMCB should not facilitate or enable any payment by the Republic with respect to these securities either.

# A-3134

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
                             :

NML CAPITAL, LTD.,               :

                           :  08 Civ. 6978 (TPG)
            Plaintiff,      :  09 Civ. 1707 (TPG)
                           :  09 Civ. 1708 (TPG)
      - against -        :

                           :

THE REPUBLIC OF ARGENTINA,  :

                           :

            Defendant.    :
---------------------------------------------------------------- x
                           :

AURELIUS CAPITAL MASTER, LTD. and
ACP MASTER, LTD.,         :

                           :  09 Civ. 8757 (TPG)
            Plaintiffs,    :  09 Civ. 10620 (TPG)
                           :
      - against -        :

                           :

THE REPUBLIC OF ARGENTINA,  :

                           :

            Defendant.    :

                           :
---------------------------------------------------------------- x
                           :

AURELIUS OPPORTUNITIES FUND II, LLC  :
and AURELIUS CAPITAL MASTER, LTD.,  :  10 Civ. 1602 (TPG)
                           :  10 Civ. 3507 (TPG)
            Plaintiffs,    :

                           :

      - against -        :

                           :

THE REPUBLIC OF ARGENTINA,  :

                           :  *(captions continue on following pages)*

            Defendant.    :

                           :
---------------------------------------------------------------- x

## DECLARATION OF CHARLES E. ENLOE IN OPPOSITION TO THE BANK OF NEW YORK MELLON'S MOTION FOR CLARIFICATION

2963949.1

# A-3135

```
----------------------------------------------------------------- x
AURELIUS CAPITAL MASTER, LTD. and          :
AURELIUS OPPORTUNITIES FUND II, LLC,        :
                                            :
                            Plaintiffs,      :        10 Civ. 3970 (TPG)
                                            :        10 Civ. 8339 (TPG)
             - against -                     :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
                            Defendant.       :
                                            :
----------------------------------------------------------------- x
BLUE ANGEL CAPITAL I LLC,                    :
                                            :
                            Plaintiff,       :        10 Civ. 4101 (TPG)
                                            :        10 Civ. 4782 (TPG)
             - against -                     :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
                            Defendant.       :
                                            :
----------------------------------------------------------------- x
OLIFANT FUND, LTD.,                          :
                                            :
                            Plaintiff,       :        10 Civ. 9587 (TPG)
                                            :
             - against -                     :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
                            Defendant.       :
----------------------------------------------------------------- x
PABLO ALBERTO VARELA, et al.,                :
                                            :
                            Plaintiff,       :        10 Civ. 5338 (TPG)
                                            :
             - against -                     :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
                            Defendant.       :
----------------------------------------------------------------- x
```

2963949.1

# A-3136

I, Charles E. Enloe, declare as follows:

1.     I am an associate at the law firm of Friedman Kaplan Seiler & Adelman

LLP, counsel to Plaintiffs Aurelius Capital Master, Ltd., ACP Master, Ltd., Aurelius

Opportunities Fund II LLC, and Blue Angel Capital I LLC in the above-captioned actions (the

"Aurelius Plaintiffs" and along with NML Capital, Ltd., Olifant Fund, Ltd., and Pablo Alberto

Varela, et al., the "Plaintiffs"), and am a resident in the firm's New York office.

2.     I make this Declaration to put before this Court certain documents related

to the Bank of New York Mellon's Motion for Clarification and Plaintiffs' opposition thereto.

The attached documents were assembled either by me or by other persons working at my firm.

3.     Attached hereto as Exhibit A is a true and correct copy of a letter and

proposed order sent by Edward A. Friedman to the Court on July 1, 2014, docketed as document

number 398 in Action No. 09-cv-8757 (and also docketed in other of the above-captioned cases).

4.     Attached hereto as Exhibit B is a true and correct copy of a letter, dated

July 1, 2014, from Eric A. Schaffer to Daniel B. Rapport.

5.     Attached hereto as Exhibit C is a true and correct copy of a Legal Notice

from the Republic of Argentina, published in the New York Times on July 8, 2014, and available

on the website of the Embassy of Argentina in Washington, D.C., at

http://embassyofargentina.us/embassyofargentina.us/files/140707solicitada.pdf.

6.     I declare under penalty of perjury that to the best of my knowledge the

foregoing is true and correct.

Executed in New York, New York
on this 18th day of July, 2014

_____
Charles E. Enloe

2963949.1

A-3137

# ReedSmith

Eric A. Schaffer
Direct Phone: +1 412 288 4202
Email: eschaffer@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

July 1, 2014

**Via Email (drapport@fklaw.com)**

Daniel B. Rapport, Esq.
Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, NY 10036
(212) 833-1100

*NML Capital, Ltd. v. The Republic of Argentina,* Nos. 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG), and 09 Civ. 1708 (TPG); *Aurelius Capital Master, Ltd. et al. v. The Republic of Argentina,* Nos. 09 Civ. 8757 (TPG), 09 Civ. 10620 (TPG), 10 Civ. 1602 (TPG), 10 Civ. 3507 (TPG), 10 Civ. 3970 (TPG), 10 Civ. 8339 (TPG); *Blue Angel Capital I, LLC v. The Republic of Argentina,* Nos. 10 Civ. 4101 (TPG), 10 Civ. 4782 (TPG); *Pablo Alberto Varela, et al. v. The Republic of Argentina,* No. 10 Civ. 5338 (TPG), *Olifant Fund, Ltd. v. The Republic of Argentina,* 10 Civ. 9587 (TPG)

Dear Dan:

We appreciate your willingness to discuss the proposed order regarding the handling of the Republic of Argentina's payment. This letter sets out Bank of New York Mellon's concerns, as Indenture Trustee, with the draft form of order we discussed. The Trustee believes that your proposed order directing it to return funds to the Republic of Argentina, rather than maintain the funds in the Trustee's account at Banco Central de la Republica de Argentina, raises significant problems.

As a general matter, returning the funds to Argentina would be inconsistent with the goal of ensuring that the Trustee is free from any threat of liability for following the Court's orders. The Court acknowledged this goal at the hearing last Friday, June 27, 2014. *See* Tr. at 36:12-15. The Court also recognized that the Trustee acted "properly" and "didn't do anything wrong," and characterized the Trustee's course of conduct as "very very good." *Id.* at 33:4-7. Nevertheless, in the wake of the hearing, the Euro Bondholders sent correspondence to the Trustee explicitly stating that, if the Trustee "returns the funds to Argentina," the Euro Bondholders "will seek appropriate remedies and relief." An order that would expose to Trustee to threats of liability and the risk of litigation, however baseless, even though the Trustee has done nothing except attempt to adhere to its obligations under the Indenture and to the orders of this Court, is fundamentally unfair.

In addition, an order affirmatively requiring the Trustee – a non-party to these actions – to take certain mandatory actions raises due process considerations. Unlike an injunction prohibiting the Trustee from aiding and abetting certain actions by a party to the litigation, Fed. R. Civ. P. 65(d)(2) does not extend to such affirmative orders. A directive, without a hearing, briefing, or any process at all, to return the payment to Argentina goes beyond the existing injunction in material respects.

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ SHANGHAI ♦ PITTSBURGH
SINGAPORE ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ SILICON VALLEY ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

US_ACTIVE-118256854.3 07/01/2014 9:48 AM

A-3138

Daniel B. Rapport, Esq.
July 1, 2014
Page 2

**ReedSmith**

By comparison, an order requiring the Trustee to maintain the funds in its account at Banco Central maintains the status quo – a chief concern the Court expressed at the hearing – and does not prejudice plaintiffs in any way. An order leaving the payment in the account also allows the Court to evaluate and respond to the pending Request for Clarification filed by the Euro Bondholders. An order directing return of the payment would effectively moot that request.

Given these concerns, the Trustee hopes you will reconsider your position and revise your draft form of order to provide that the Trustee should maintain the funds in its account at Banco Central, rather than return the funds to Argentina. I would be happy to provide you with a draft order accomplishing that result. Assuming that you will move forward with submitting an order requiring return of the funds, the Trustee would appreciate your consideration of the following comments on your proposal.

First, as currently drafted, the provision for the return of funds to Argentina is too vague to implement. The Trustee cannot return funds unless Argentina is willing to accept them. On a very pragmatic level, the Trustee cannot return funds unless Argentina provides wiring instructions for a bank and an account. Accordingly, we request that paragraph 2 of your draft form of order be revised to require Argentina to provide wiring instructions to the Trustee for the purpose of making the return, as well as to provide that if Argentina fails to provide wiring instructions, rejects the funds, or again returns them back to the Trustee, then the Trustee shall maintain the money in its account at Banco Central pending further order of the Court.

Second, as noted above, the Court agreed that the proposed order should not leave the Bank of New York Mellon "exposed to any liability where it has complied with [His] Honor's order." Tr. at 36:12-15. In that regard, the Trustee requests that you add a paragraph 3 to the form of order which explicitly addresses that concern. We would propose language along the lines of the following: "BNY Mellon shall incur no liability under the Indenture governing the Exchange Bonds or otherwise to any person or entity for complying with this Order and the Injunctions."

We are happy to continue our discussions on the form of a proposed order and I am available for that purpose. If the submitted order continues to compel return of the payment, the Trustee will take appropriate steps to advise the Court of its concerns with the entry of such an order.

Very truly yours,

Eric A. Schaffer

cc:     Robert A. Cohen, Esq. (*via Email robert.cohen@dechert.com*)



# LEGAL NOTICE

## HOLDERS OF ARGENTINE DEBT SECURITIES – 2005 AND 2010 SOVEREIGN EXCHANGE OFFERS UNDER ARGENTINE LAW

The Argentine Republic hereby notifies the Holders of Argentine Debt Securities who entered into the 2005 and 2010 Sovereign Exchange Offers governed by Argentine law ("Local Debt Securities") that the Argentine Republic has duly made timely payment of interest due on the New Debt Securities issued within the framework of the 2005-2010 Debt Swaps, in compliance with the obligations assumed by Argentina. These funds are to be distributed to the Holders through the respective intermediary clearing houses.
In this regard, it should be noted that, on 27 June 2014, the US District Court for the Southern District of New York recognized, on the basis of a submission made by Citibank, that the pari passu rulings issued in the context of the case NML Capital, Ltd., et al., v. Republic of Argentina, do not prevent collection on debt securities under Argentine law. For this reason, the Holders of Local Debt Securities should be receiving normally the amounts duly deposited by the Argentine Republic.
For all appropriate purposes, it is hereby notified that failure on the part of any intermediary agent to distribute such deposited amounts among the Holders of Local Debt Securities under the 2005-2010 Debt Swaps is contrary to its legal and/or contract obligations and impairs the rights and interests of the Holders who entered into the 2005-2010 Debt Swaps.

## HOLDERS OF ARGENTINE DEBT SECURITIES – 2005 AND 2010 SOVEREIGN EXCHANGE OFFERS UNDER US LAW

The Argentine Republic hereby notifies the Holders of Argentine Debt Securities who entered into the 2005 and 2010 Sovereign Exchange Offers governed by US law that, in compliance with the obligations assumed by Argentina under the 2005 and 2010 Prospectuses and under the Trust Indenture dated 2 June 2005, as amended on 30 April 2010, the Argentine Republic – as informed in the Legal Notice dated 27 June 2014 – has duly deposited the amounts of interest due on the New Debt Securities issued within the framework of the 2005-2010 Debt Swaps.

These funds must be distributed to the Holders by Bank of New York Mellon, in its capacity as Trustee, and by the respective payment agents and intermediary banks, which have already been duly requested by the Argentine Republic to comply with their obligations so that the Holders collect the funds that the Argentine Republic has duly deposited, which are the property of such Holders.

On 27 June 2014, within the framework of the case NML Capital, Ltd., et al, v. Republic of Argentina, Judge Griesa blocked the distribution of the funds duly deposited by the Argentine Republic for the payment of interest due on 30 June 2014. Such funds are the property of the Holders who entered into the 2005-2010 Debt Swaps under the Indenture Trust and the applicable legislation.

The Argentine Republic ratifies that the Holders have an absolute and unconditional right to collect the amounts deposited by the Argentine Republic into the trust account maintained by the Trustee (Bank of New York Mellon), such amounts being the exclusive property of the Holders and no third parties being entitled to impair such right. The Trustee (Bank of New York Mellon) has the obligation, in any case, to administer and distribute such funds for the benefit of the Holders, and may not retain or return validly such amounts to the Argentine Republic.

Therefore, the failure on the part of the Trustee to distribute the amounts deposited among the Holders of Debt Securities under the 2005-2010 Debt Swaps (or any request in court to such effect) constitutes a violation of its obligations under the Trust Indenture and the applicable laws and is contrary to the rights and interests of the Holders who entered into the 2005-2010 Debt Swaps, as provided by Sections 3.1, 4.5, 4.9 and 5.1, among others, of the Trust Indenture.

The notice is being published to communicate to the Holders who entered into the 2005 and 2010 Argentine Sovereign Debt Swaps governed by US law that the Argentine Republic has effectively complied with its obligations vis-à-vis said Holders and related to the respective Prospectuses and the Trust Indenture, within the framework of the applicable Argentine and foreign laws, and thus disclaims any responsibility or alleged non-compliance that may be attributed to the Argentine Republic with regard to any court order or to conduct on the part of the Trustee (Bank of New York Mellon) that directly or indirectly obstructs, prevents or suspends collection of the amounts of interest due on 30 June 2014 and/or relating to the trust property of the Holders deposited on 27 June 2014 into the accounts of the Trustee (Bank of New York Mellon).
i- The Trust Indenture (dated 2 June 2005, as amended on 30 April 2010), in pertinent parts, provides as follows:

Section 3.5. Payments. (a) In order to provide for the payment of principal of and interest on the Debt Securities of any Series as such principal and interest will become due and payable, the Republic hereby agrees to pay or to cause to be paid to an account of the Trustee at the Corporate Trust Office or such other office of the Trustee as may be agreed between the Trustee and the Republic (or, in the case of payments denominated in a currency other than U.S. Dollars, at such other place as set forth in an Authorization), not later than 1:00 P.M. local time at such place of payment no later than the Business Day prior to each interest payment date or principal payment date (each, a "Payment Date") of such Debt Securities, immediately available funds in U.S. dollars (or in such other currency as shall be specified in the Terms of the Debt Securities of the Series with respect to which payment is to be made), an amount which (together with any funds then held by the Trustee and available for the purpose) shall be sufficient to pay the aggregate amount of interest or principal or both and any other amounts, as the case may be, becoming due in respect of such Debt Securities on such Payment Date. Subject to actual receipt of such funds in accordance with this Section 3.5(a), the Trustee shall apply such amount to the payment due on such Payment Date. Pending such application, such amounts shall be held in trust by the Trustee for the exclusive benefit of the Trustee and the Holders entitled thereto in accordance with their respective interests and the Republic shall have no interest whatsoever in such amounts.

Section 4.5. Application of Proceeds. Any monies collected by the Trustee pursuant to this Article shall be applied in the following order at the date or dates fixed by the Trustee and, in case of the distribution of such monies on account of principal or interest, upon presentation of the Debt Securities of the Series in respect of which money has been collected and stamping (or otherwise noting) thereon the payment, or issuing Debt Securities in reduced principal amounts in exchange for the presented Debt Securities if only partially paid, or upon surrender thereof if fully paid:
FIRST: To the payment of all amounts due to the Trustee or any agent or Appointee thereof under or in connection with this Indenture or the Debt Securities of any Series including (without limitation) amounts due under Section 5.6;
SECOND: In case the principal of the Debt Securities of such Series shall not have become and be then due and payable, to the payment of overdue interest in default on such Series of Debt Securities in the order of the maturity of the installments of such interest, with interest (to the extent that such interest has been collected by the Trustee) upon the overdue installments of interest at the same rate as the rate of interest specified in such Debt Securities, such payments to be made ratably to the Persons entitled thereto, without discrimination or preference;
THIRD: In case the principal of the Debt Securities of such Series shall have become and shall be then due and payable, to the payment of the whole amount then owing and unpaid upon all Debt Securities of such Series for principal and interest at the rate of interest specified in such Debt Securities; and in case such monies shall be insufficient to pay in full the whole amount so due and unpaid upon the Debt Securities of such Series, then to the payment of such principal and interest, without preference or priority of principal over interest, or of interest over principal, or of any installment of interest over any other installment of interest, or of any Debt Security of such Series over any other Debt Securities of the same Series, ratably to the aggregate of such principal and accrued and unpaid interest.

Section 4.9. Unconditional Right of Holders to Receive Principal and Interest. Notwithstanding Section 4.8, each Holder of Debt Securities shall have the right, which is absolute and unconditional, to receive payment of the principal of and interest on its Debt Security on the stated maturity date for such payment expressed in such Debt Security (as such Debt Security may be amended or modified pursuant to Article Seven) and to institute suit for the enforcement of any such payment, and such right shall not be impaired without the consent of such Holder.

Section 5.1. Duties and Responsibilities of the Trustee. The Trustee is obliged to perform and undertakes to perform such duties and only such duties as are specifically set forth in this Indenture.

No provision of this Indenture shall be construed to relieve the Trustee from liability for its own grossly negligent action, its own grossly negligent failure to act, its bad faith or its own willful misconduct or breach of trust, having regard to the provisions of this Indenture and/or the Terms of the Debt Securities of any Series conferring on it any trusts, powers, authorities or discretions, including (without limitation) that:
(a) the duties and obligations of the Trustee shall be determined solely by the express provisions of this Indenture, and the Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth in this Indenture, and no implied covenants or obligations shall be read into this Indenture against the Trustee;
(b) in the absence of gross negligence or willful misconduct on the part of the Trustee, the Trustee may conclusively rely, as to the truth of the statements and the correctness of the opinions expressed therein, upon any statements, certificates or opinions furnished to the Trustee and conforming to the requirements of this Indenture; but in the case of any such statements, certificates or opinions which by any provision hereof are specifically required to be furnished to the Trustee, the Trustee shall be under a duty to examine the same to determine whether or not they conform as a matter of form only to the requirements of this Indenture;
(c) the Trustee shall not be liable for any error of judgment made in good faith by a Responsible Officer or Responsible Officers of the Trustee, unless it shall be proved that the Trustee was grossly negligent in ascertaining the pertinent facts;
(d) the Trustee shall not be liable with respect to any action taken or omitted to be taken by it with respect to Debt Securities of any Series in good faith in accordance with the direction of the Holders of not less than a Majority in aggregate principal amount Outstanding of the Debt Securities of such Series, including (without limitation) relating to the time, method and place of conducting any proceeding for any remedy available to the Trustee or exercising any trust or power conferred upon the Trustee under this Indenture;
(e) anything in this Indenture to the contrary notwithstanding, in no event shall the Trustee or any trustee paying agent or any Appointee of the Trustee be liable under or in connection with this Indenture for indirect, special, incidental, punitive or consequential losses or damages of any kind whatsoever, including but not limited to lost profits, whether or not foreseeable, even if the Trustee or such trustee paying agent or such Appointee has been advised of the possibility thereof and regardless of the form of action in which such damages are sought;
(f) if a default occurs hereunder with respect to the Debt Securities of any Series, and if such default is actually known to the Trustee, the Trustee shall give the Holders of the Debt Securities of such Series notice of such default; provided however, that, in the case of any default of the character specified in Section 4.1(ii) with respect to Debt Securities of such Series, no such notice shall be given until at least 30 days after occurrence thereof. For the purpose of this Section, the term "default" means any event that is, or after notice of lapse of time or both would become, an Event of Default with respect to Debt Securities of such Series; and
(g) none of the provisions contained in this Indenture or in the terms and conditions of the Debt Securities of any Series shall require the Trustee to expend, advance or risk its own funds or otherwise incur personal financial liability in the performance of any of its duties or in the exercise of any of its rights or powers, if there shall be reasonable ground for believing that the repayment of such funds or adequate indemnity against such liability is not satisfactorily assured to it.
In the case of Debt Securities of a Series governed by English law, Section 1 of the United Kingdom Trustee Act 2000 shall not apply to any function of the Trustee; provided that if the Trustee fails to show the degree of care and diligence required of it as trustee having regard to the provisions of this Indenture and/or the Terms of the Debt Securities of any Series conferring on it any trusts, powers, authorities or discretions, nothing in this Indenture shall relieve or indemnify it from or against any liability that would otherwise attach to it in respect of any gross negligence, willful default, breach of duty or breach of trust of which it may be guilty.

# HOLDERS OF ARGENTINE DEBT SECURITIES — 2005 AND 2010 SOVEREIGN EXCHANGE OFFERS UNDER THE LAWS OF ENGLAND AND WALES

The Argentine Republic hereby notifies the Holders of Argentine Debt Securities who entered into the 2005 and 2010 Sovereign Exchange Offers governed by the laws of England and Wales ("Exchange Bonds") that, in compliance with the obligations assumed by Argentina under the 2005 and 2010 Prospectuses and the Trust Indenture dated 2 June 2005, as amended on 30 April 2010, the Argentine Republic – as informed in the Legal Notice dated 27 June 2014 – has duly deposited the amounts of interest due on the New Debt Securities issued within the framework of the 2005-2010 Debt Swaps.

These funds are to be distributed to the Holders by Bank of New York Mellon, in its capacity as Trustee, and by the respective payment agents and intermediary banks, which have already been duly requested by the Argentine Republic to comply with their obligations so that the Holders collect the funds that the Argentine Republic has duly deposited, which are the property of said Holders.

On 27 June 2014, within the framework of the case NML Capital, Ltd., et al, v. Republic of Argentina, Judge Griesa blocked the distribution of the funds duly deposited by the Argentine Republic for the payment of interest due on 30 June 2014. Such funds are the property of the Holders who entered into the 2005-2010 Debt Swaps under the Indenture Trust and the applicable legislation.

The Argentine Republic ratifies that the Holders have an absolute and unconditional right to collect the amounts deposited by the Argentine Republic into the trust account maintained by the Trustee (Bank of New York Mellon), such amounts being the exclusive property of the Holders and no third party being entitled to impair such right. The Trustee (Bank of New York Mellon) has the obligation, in any case, to administer and distribute such funds for the benefit of the Holders, and may not retain or return validly such amounts to the Argentine Republic.

Moreover, it should be noted that the Euro Bonds fall outside the jurisdiction of the US District Court for the Southern District of New York presided over by Judge Griesa. Thus, as has been denounced by the Group of Debt Security Holders known as "Euro Bondholders" in their submission of 29 June 2014, Judge Griesa has exceeded his jurisdiction upon issuing pari passu rulings, which can in no way validly affect the process of collection on Euro Bonds. First, because a US judge has no jurisdiction to prevent foreign third parties from complying with their contractual and legal obligations in a foreign territory, under foreign law. Secondly, because a US Judge also has no jurisdiction to seek to block collection on securities that are governed by the laws of England and Wales, and are paid in Euro through a payment process that does not flow through the US.

In fact, on 27 June 2014, the US District Court for the Southern District of New York declared, on the basis of a submission made by Citibank, that the pari passu rulings issued in the context of the case NML Capital Ltd., et al, v. Republic of Argentina, do not prevent collection on bonds under Argentine law, thus recognizing that such court has no jurisdiction over them.

Furthermore, it should be added that the book-entry accounts for the debt securities maintained in Euroclear S.A./N.V. enjoy unconditional immunity from attachment under Article 11 of Coordinated Royal Decree No. 62 of 10 November 1967, which is in turn reinforced by Article 9 of the 28 April 1999 law implementing the EU Directive on Settlement Finality as amended by Article 15 of the 19 November 2004 law and subsequent legislation, which protects virtually all transfers of sums of money made to Euroclear and cash settlement accounts maintained in Euroclear.

Therefore, the failure on the part of the Trustee to distribute the amounts deposited among the Holders of Debt Securities under the 2005-2010 Debt Swaps (or to any request in court to such effect) constitutes a violation of its obligations under the Trust Indenture and the applicable laws and is contrary the rights and interests of the Holders who entered into the 2005-2010 Debt Swaps, as provided by Sections 3.1, 4.5, 4.9 and 5.1, among others, of the Trust Indenture.

This notice is being published to communicate to the Holders who entered into the 2005 and 2010 Argentine Sovereign Debt Swaps governed by the laws of England and Wales that the Argentine Republic has effectively complied with its obligations vis-à-vis said Holders and related to the respective Prospectuses and the Trust Indenture, within the framework of the applicable Argentine and foreign laws, and thus disclaims any responsibility or alleged non-compliance that may be attributed to the Argentine Republic with regard to any court order or to conduct on the part of the Trustee (Bank of New York Mellon) that directly or indirectly obstructs, prevents or suspends the collection of interest due on 30 June 2014 and/or relating to the trust property of the Holders deposited on 27 June 2014 into the accounts of the Trustee (Bank of New York Mellon).

i.- Consisting of Knighthead Capital Management, LLC, Redwood Capital Management, LLC, Perry Capital LLC, VR Global Partners, LP, Monarch Master Funding 2 (Luxembourg) S. à r.l., Silver Point Capital LP, QVT Fund IV LP, QVT Fund V LP, Quintessence Fund LP and Centerbridge Partners.

ii - "Any cash settlement account maintained with the operator of a system or with a cash settlement agent, as well as any cash transfer, through a Belgian or foreign credit institution, to be credited to such cash settlement account, cannot be attached, put under sequestration or otherwise blocked by any means by a participant (other than the operator or the settlement agent), a counterpart or a third party." (Article 9 of the Belgian Act of April 28, 1999 implementing the EU Settlement Finality Directive as amended by Article 15 of the Law of November 19, 2004)

iii. The Trust Indenture (dated 2 June 2005, as amended on 30 April 2010), in pertinent parts, provides as follows:

Section 3.5. Payments. (a) In order to provide for the payment of principal of and interest on the Debt Securities of any Series as such principal and interest will become due and payable, the Republic hereby agrees to pay or to cause to be paid to an account of the Trustee at the Corporate Trust Office or such other office of the Trustee as may be agreed between the Trustee and the Republic (or, in the case of payments denominated in a currency other than U.S. Dollars, at such other place as set forth in an Authorization), not later than 1:00 P.M. local time at such place of payment no later than the Business Day prior to each interest payment date or principal payment date (each, a "Payment Date") of such Debt Securities, immediately available funds in U.S. dollars (or in such other currency as shall be specified in the Terms of the Debt Securities of the Series with respect to which payment is to be made), an amount which (together with any funds then held by the Trustee and available for the purpose) shall be sufficient to pay the aggregate amount of interest or principal or both and any other amounts, as the case may be, becoming due in respect of such Debt Securities on such Payment Date. Subject to actual receipt of such funds in accordance with this Section 3.5(a), the Trustee shall apply such amount to the payment due on such Payment Date. Pending such application, such amounts shall be held in trust by the Trustee for the exclusive benefit of the Trustee and the Holders entitled thereto in accordance with their respective interests and the Republic shall have no interest whatsoever in such amounts.

Section 4.5. Application of Proceeds. Any monies collected by the Trustee pursuant to this Article shall be applied in the following order at the date or dates fixed by the Trustee and, in case of the distribution of such monies on account of principal or interest, upon presentation of the Debt Securities of the Series in respect of which money has been collected and stamping (or otherwise noting) thereon the payment, or issuing Debt Securities in reduced principal amounts in exchange for the presented Debt Securities if only partially paid, or upon surrender thereof if fully paid:

FIRST: To the payment of all amounts due to the Trustee or any agent or Appointee thereof under or in connection with this Indenture or the Debt Securities of any Series including (without limitation) amounts due under Section 5.6;

SECOND: In case the principal of the Debt Securities of such Series shall not have become and be then due and payable, to the payment of overdue interest in default on such Series of Debt Securities in the order of the maturity of the installments of such interest, with interest (to the extent that such interest has been collected by the Trustee) upon the overdue installments of interest at the same rate as the rate of interest specified in such Debt Securities, such payments to be made ratably to the Persons entitled thereto, without discrimination or preference;

THIRD: In case the principal of the Debt Securities of such Series shall have become and shall be then due and payable, to the payment of the whole amount then owing and unpaid upon all Debt Securities of such Series for principal and interest at the rate of interest specified in such Debt Securities; and in case such monies shall be insufficient to pay in full the whole amount so due and unpaid upon the Debt Securities of such Series, then to the payment of such principal and interest, without preference or priority of principal over interest, or of interest over principal, or of any installment of interest over any other installment of interest, or of any Debt Security of such Series over any other Debt Securities of the same Series, ratably to the aggregate of such principal and accrued and unpaid interest.

Section 4.9. Unconditional Right of Holders to Receive Principal and Interest. Notwithstanding Section 4.8, each Holder of Debt Securities shall have the right, which is absolute and unconditional, to receive payment of the principal of and interest on its Debt Security on the stated maturity date for such payment expressed in such Debt Security (as such Debt Security may be amended or modified pursuant to Article Seven) and to institute suit for the enforcement of any such payment, and such right shall not be impaired without the consent of such Holder.

Section 5.1. Duties and Responsibilities of the Trustee. The Trustee is obliged to perform and undertakes to perform such duties and only such duties as are specifically set forth in this Indenture.

No provision of this Indenture shall be construed to relieve the Trustee from liability for its own grossly negligent action, its own grossly negligent failure to act, its bad faith or its own willful misconduct or breach of trust, having regard to the provisions of this Indenture and/or the Terms of the Debt Securities of any Series conferring on it any trusts, powers, authorities or discretions, including (without limitation) that:

(a) the duties and obligations of the Trustee shall be determined solely by the express provisions of this Indenture, and the Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth in this Indenture, and no implied covenants or obligations shall be read into this Indenture against the Trustee;

(b) in the absence of gross negligence or willful misconduct on the part of the Trustee, the Trustee may conclusively rely, as to the truth of the statements and the correctness of the opinions expressed therein, upon any statements, certificates or opinions furnished to the Trustee and conforming to the requirements of this Indenture; but in the case of any such statements, certificates or opinions which by any provision hereof are specifically required to be furnished to the Trustee, the Trustee shall be under a duty to examine the same to determine whether or not they conform as a matter of form only to the requirements of this Indenture;

(c) the Trustee shall not be liable for any error of judgment made in good faith by a Responsible Officer or Responsible Officers of the Trustee, unless it shall be proved that the Trustee was grossly negligent in ascertaining the pertinent facts;

(d) the Trustee shall not be liable with respect to any action taken or omitted to be taken by it with respect to Debt Securities of any Series in good faith in accordance with the direction of the Holders of not less than a Majority in aggregate principal amount Outstanding of the Debt Securities of such Series, including (without limitation) relating to the time, method and place of conducting any proceeding for any remedy available to the Trustee or exercising any trust or power conferred upon the Trustee under this Indenture;

(e) anything in this Indenture to the contrary notwithstanding, in no event shall the Trustee or any trustee paying agent or any Appointee of the Trustee be liable under or in connection with this Indenture for indirect, special, incidental, punitive or consequential losses or damages of any kind whatsoever, including but not limited to lost profits, whether or not foreseeable, even if the Trustee or such trustee paying agent or such Appointee has been advised of the possibility thereof and regardless of the form of action in which such damages are sought;

(f) if a default occurs hereunder with respect to the Debt Securities of any Series, and if such default is actually known to the Trustee, the Trustee shall give the Holders of the Debt Securities of such Series notice of such default; provided however, that, in the case of any default of the character specified in Section 4.1(ii) with respect to Debt Securities of such Series, no such notice shall be given until at least 30 days after occurrence thereof. For the purpose of this Section, the term "default" means any event that is, or after notice of lapse of time or both would become, an Event of Default with respect to Debt Securities of such Series; and

(g) none of the provisions contained in this Indenture or in the terms and conditions of the Debt Securities of any Series shall require the Trustee to expend, advance or risk its own funds or otherwise incur personal financial liability in the performance of any of its duties or in the exercise of any of its rights or powers, if there shall be reasonable ground for believing that the repayment of such funds or adequate indemnity against such liability is not satisfactorily assured to it.

In the case of Debt Securities of a Series governed by English law, Section 1 of the United Kingdom Trustee Act 2000 shall not apply to any function of the Trustee; provided that if the Trustee fails to show the degree of care and diligence required of it as trustee having regard to the provisions of this Indenture and/or the Terms of the Debt Securities of any Series conferring on it any trusts, powers, authorities or discretions, nothing in this Indenture shall relieve or indemnify it from or against any liability that would otherwise attach to it in respect of any gross negligence, willful default, breach of duty or breach of trust of which it may be guilty.

# PRESIDENCY OF THE NATION
# ARGENTINE REPUBLIC

Contact: Analía Rach   Tel. + 54 (11) 4114-9595   Email: privada@jefatura.gob.ar

Ministry of Foreign Affaires and Worship of the Argentine Republic. Esmeralda 1212, C.A.B.A. C1007ABR. República Argentina.

Tel. + 54 (11) 4819-7000   •   info@cancilleria.gob.ar   •   http://www.mrecic.gov.ar/

# FRIEDMAN KAPLAN SEILER & ADELMAN LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
RICHARD M. HOFFMAN
SCOTT M. BERMAN
ERIC CORNGOLD
HAL NEIER
PHILIPPE ADLER
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
DAVID I. TANENBAUM
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
EMILY A. STUBBS
KENT K. ANKER
AMY C. BROWN
RICARDO SOLANO JR.
JOHN N. ORSINI
JEFFREY R. WANG
JEFFREY C. FOURMAUX
JASON C. RUBINSTEIN
MICHAEL A. GORDON

7 TIMES SQUARE

NEW YORK, NY 10036-6516

TELEPHONE (212) 833-1100

FACSIMILE (212) 833-1250

WWW.FKLAW.COM

WRITER'S DIRECT DIAL
212-833-1102

WRITER'S DIRECT FAX
212-373-7902

E-MAIL
EFRIEDMAN@FKLAW.COM

NORMAN ALPERT
ASAF REINDEL
COUNSEL

ROBERT S. LANDY
STEVEN E. FRANKEL
L. REID SKIBELL
DANIEL R. GREENBERG
TIMOTHY M. HAGGERTY
CHRISTOPHER M. COLORADO
CHRISTOPHER L. McCALL
YITZCHAK E. SOLOVEICHIK
PEARLINE M. HONG
ERIC J. FINKELSTEIN
JENNIFER A. MUSTES
EMILY L. CHANG
ANDREW M. ENGLANDER
CHARLES E. ENLOE
ALEXANDER D. LEVI
ELIZABETH S. LOSEY
SARAH F. FOLEY
JAMUNA D. KELLEY
RAINA L. NORTICK
MICHAEL S. PALMIERI
TANVIR VAHORA
NORA BOJAR
KEVIN J. LIN
ANDREW C. KOSTIC

July 23, 2014

BY E-MAIL

Honorable Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:    *NML Capital, Ltd. v. The Republic of Argentina*
        Nos. 08 Civ. 6978, 09 Civ. 1707, 09 Civ. 1708
        *Aurelius Capital Master, Ltd. v. The Republic of Argentina*
        Nos. 09 Civ. 8757, 09 Civ. 10620, 10 Civ. 3970, 10 Civ. 8339
        *Aurelius Opportunities Fund II, LLC v. The Republic of Argentina*
        Nos. 10 Civ. 1602, 10 Civ. 3507
        *Blue Angel Capital I LLC v. The Republic of Argentina*
        Nos. 10 Civ. 4101, 10 Civ. 4782
        *Pablo Alberto Varela v. The Republic of Argentina*
        No. 10 Civ. 5338
        *Olifant Fund, Ltd. v. The Republic of Argentina*
        No. 10 Civ. 9587

Dear Judge Griesa:

        During the argument yesterday with respect to Plaintiffs' Motion for
Partial Reconsideration of the Citibank Order, Your Honor asked a question concerning
the volume of the Exchange Bonds that are at issue on that motion – i.e., the bonds issued

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

Hon. Thomas P. Griesa                    - 2 -                    July 23, 2014

in the 2005 and 2010 Exchange Offers governed by Argentine law and denominated in U.S. dollars.  In response to Your Honor's question, the following table represents the total universe of outstanding Exchange Bonds:

|  | Principal Amount (US$) | Percentage of Total Exchange Bonds |
|---|---|---|
| Exchange Bonds that Citibank wants to exclude from the Amended February 23 Orders | $8.4 billion | 22.5% |
| All Other Exchange Bonds[1] | $28.8 billion | 77.5% |
| Total Exchange Bonds | $37.1 billion | 100.0% |

This table shows that the principal amount of the bonds that Citibank wants to exclude from the purview of the Court's Amended February 23 Orders is $8.4 billion, and such amount represents 22.5 % of the total universe of Exchange Bonds.  The annual interest on these bonds is $617 million per year.

As discussed in Court yesterday, The Bank of New York is not the indenture trustee for the $8.4 billion of U.S. Dollar-denominated Argentine law Exchange Bonds, but these bonds are in fact Exchange Bonds as defined in the Amended February 23 Orders because they were indisputably issued as part of the 2005 and 2010 Exchange Offers.  Moreover, these bonds are indisputably External Indebtedness under the *pari passu* provision of the FAA, which the Amended February 23 Orders enforce.

Respectfully yours,

Edward A. Friedman

---

[1] In light of Your Honor's ruling as to peso-denominated bonds, which Plaintiffs are not asking the Court to reconsider, we are excluding the peso-denominated bonds and not counting them as Exchange Bonds.

2965327.2

A-3143

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

Hon. Thomas P. Griesa                    - 3 -                    July 23, 2014

cc:  Karen E. Wagner, Esq.
     Carmine Boccuzzi, Esq.
     Robert A. Cohen, Esq.
     Robert Carroll, Esq.
     Kevin S. Reed, Esq.
     Michael Spencer, Esq.
     Leonard F. Lesser, Esq.

# A-3144

## FRIEDMAN KAPLAN SEILER & ADELMAN LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
SCOTT M. BERMAN
ERIC CORNGOLD
HAL NEIER
PHILIPPE ADLER
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
DAVID I. TANENBAUM
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
EMILY A. STUBBS
KENT K. ANKER
AMY C. BROWN
RICARDO SOLANO JR.
JOHN N. ORSINI
JEFFREY R. WANG
JEFFREY C. FOURMAUX
JASON C. RUBINSTEIN
MICHAEL A. GORDON

7 TIMES SQUARE

NEW YORK, NY 10036-6516

TELEPHONE (212) 833-1100

FACSIMILE (212) 833-1250

WWW.FKLAW.COM

WRITER'S DIRECT DIAL
212-833-1102

WRITER'S DIRECT FAX
212-373-7902

E-MAIL
EFRIEDMAN@FKLAW.COM

RICHARD M. HOFFMAN
SENIOR COUNSEL

NORMAN ALPERT
ASAF REINDEL
L. REID SKIBELL
COUNSEL

STEVEN E. FRANKEL
DANIEL R. GREENBERG
TIMOTHY M. HAGGERTY
CHRISTOPHER M. COLORADO
CHRISTOPHER L. McCALL
YITZCHAK E. SOLOVEICHIK
PEARLINE M. HONG
ERIC J. FINKELSTEIN
JENNIFER A. MUSTES
EMILY L. CHANG
ANDREW M. ENGLANDER
CHARLES E. ENLOE
ALEXANDER D. LEVI
ELIZABETH L. MACCHIAVERNA
SARAH F. FOLEY
JAMUNA D. KELLEY
RAINA L. NORTICK
MICHAEL S. PALMIERI
ELLIOT CHOI
TANVIR VAHORA
NORA BOJAR
KEVIN J. LIN
ANDREW C. KOSTIC

July 27, 2014

<u>BY E-MAIL</u>

Honorable Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:     *NML Capital, Ltd. v. The Republic of Argentina*
          Nos. 08 Civ. 6978, 09 Civ. 1707, 09 Civ. 1708
          *Aurelius Capital Master, Ltd. v. The Republic of Argentina*
          Nos. 09 Civ. 8757, 09 Civ. 10620, 10 Civ. 3970, 10 Civ. 8339
          *Aurelius Opportunities Fund II, LLC v. The Republic of Argentina*
          Nos. 10 Civ. 1602, 10 Civ. 3507
          *Blue Angel Capital I LLC v. The Republic of Argentina*
          Nos. 10 Civ. 4101, 10 Civ. 4782
          *Pablo Alberto Varela v. The Republic of Argentina*
          No. 10 Civ. 5338
          *Olifant Fund, Ltd. v. The Republic of Argentina*
          No. 10 Civ. 9587

Dear Judge Griesa:

          We represent plaintiffs Aurelius Capital Master, Ltd., Aurelius
Opportunities Fund II, LLC, ACP Master, Ltd., and Blue Angel Capital I LLC.  We write
on behalf of plaintiffs in all of the above-referenced cases in response to the July 23 letter
to Your Honor from Karen Wagner, counsel to Citibank, N.A. ("Citibank").

# A-3145

At the July 22, 2014 hearing Your Honor asked the following question: "[W]hat is the volume that we are talking about?" Citibank's letter neither addresses that question nor disputes the answer Plaintiffs provided in their own letter of July 23 to the Court. Instead, Citibank's letter raised an entirely new issue, which relates to what Citibank calls the "Repsol Bonds." In May of this year, Argentina issued these bonds to Repsol, a global energy company headquartered in Spain, pursuant to a negotiated settlement agreement.

Citibank's new argument is that the bonds issued to Repsol are not Exchange Bonds but are indistinguishable from bonds that Citibank concedes are Exchange Bonds, and that it cannot stop payment on the Exchange Bonds without also stopping payment on the bonds issued to Repsol – so the Court should permit Argentina to make payment on the Exchange Bonds.[1] This new argument is based on the fact that the Republic chose to issue the bonds to Repsol in 2014 with the same International Securities Identification Number (ISIN) (ARARGE03E113)[2] as one of the series of Exchange Bonds that are the subject of Plaintiffs' Motion for Partial Reconsideration.[3] Citibank observes that it cannot tell which of the bonds that share the ISIN were issued in the 2005 Exchange, and which were subsequently issued. Citibank points to this administrative challenge as a purported basis for carving all the U.S. Dollar Argentine law Exchange Bonds out of the Amended February 23 Orders and denying Plaintiffs' motion.

---

[1] At 4:37 p.m. on Sunday, as we were about to submit this letter in compliance with the Court's 5:00 p.m. deadline, the Republic filed a letter attempting to bolster the Citibank position with a further new assertion that there are more bonds like the bonds issued to Repsol. Plaintiffs do not believe that the Republic's new assertions provide any more basis than Citibank's assertions for modifying the Amended February 23 Orders.

[2] ISINs are alpha-numeric symbols used to identify bonds, similar to a stock exchange ticker symbol. Bonds sharing the same ISIN must have identical terms, but the converse is not true. Bonds with the same terms may be assigned different ISINs, as often happens when bonds with the same terms are issued in separate offerings or at different times.

[3] There are four other ISINs for the U.S. Dollar Argentine law bonds (issued in the 2005 and 2010 Exchanges) that were the subject of Citibank's motion for clarification and are the subject of Plaintiffs' motion: ARARGE03G688, ARARGE03E097, ARARGE03G704 and ARARGE03E154. Citibank's new argument does not even apply to any of these four ISINs, yet Citibank is asking the Court to carve all of these Exchange Bonds out of the Orders.

# A-3146

Citibank's new argument is wrong, for a host of reasons.

Argentina could have issued bonds to Repsol with a different ISIN, as is common market practice when bonds with identical terms need to be distinguished from one another. For example, in the 2010 Exchange, Argentina issued certain bonds with the same terms as bonds that had been issued in the 2005 Exchange, but with a different ISIN for the 2010 bonds. In contrast, in 2014, Argentina and Repsol chose to use the same ISIN that had been used for Exchange Bonds issued in the 2005 Exchange – even though that would mean that the bonds issued to Repsol and the 2005 Exchange Bonds would be indistinguishable.

Argentina cannot issue bonds with the same ISIN as preexisting Exchange Bonds and then use that as a basis for excluding those Exchange Bonds from the Amended February 23 Orders. At the time that Argentina issued bonds to Repsol, Argentina, Repsol and other market participants were well aware of the Orders, which had already been affirmed by the Second Circuit. They knew that Exchange Bonds with the same ISIN were subject to those Orders, and that payment on bonds with that ISIN would be enjoined if Argentina did not make a Ratable Payment to Plaintiffs. Indeed, the agreement between Argentina and Repsol expressly addressed the possibility that payment on the bonds issued to Repsol might be disrupted by court orders obtained by Republic's creditors, including Plaintiffs.[4]

By issuing bonds to Repsol with the same ISIN, Argentina has attempted to create an excuse to exclude Exchange Bonds that would otherwise be subject to the Amended February 23 Orders. Argentina was prohibited from taking any action to evade the Orders, render them ineffective, or diminish the Court's ability to supervise compliance with them. Were the Court to endorse Citibank's argument, the Republic would have a blueprint to eviscerate those Orders — the Republic could simply issue new bonds with the same ISINs for all the Exchange Bonds.

Plaintiffs, obviously, did not play any role in the issuance of the bonds to Repsol or the decision to use the same ISIN. They should not be prejudiced by these

---

[4] *See* http://www.repsol.com/imagenes/es_en/Convenio_Argentina_en_tcm11-673555.pdf, at 123 (defining DISRUPTIVE MEASURES to include "measures ordered by courts or authorities of any country at the request of third parties bringing claims for monies owed against ARGENTINE REPUBLIC that prevent or limit REPSOL from collecting COMPENSATION and/or on the GOVERNMENT BONDS on the terms of issuance.") Repsol has since sold the new bonds on the secondary market. Like Repsol, the market was aware that Argentina was using the same ISIN as the original Exchange Bonds, there would be no way to distinguish the new from the original bonds, and the original bonds were subject to the Amended February 23 Orders.

# A-3147

choices made by Argentina. Nor should it be the burden and responsibility of the Court or Plaintiffs to limit and modify the Amended February 23 Orders because of Argentina's own conduct. While it is now impossible for Citibank and other financial institutions who process payments to distinguish some of the 2005 Exchange Bonds from identical later-issued bonds, this is a direct and foreseeable consequence of choices made by Argentina. Plaintiffs have no wish to expand the coverage of the Amended February 23 Orders, but strongly oppose contracting the coverage of the Orders to exclude bonds that unquestionably are Exchange Bonds.[5]

         Were the Court to accept Citibank's argument, it would not be merely "clarifying" the Amended February 23 Orders, it would be modifying them. As a matter of law, the Court is prohibited from modifying the Orders "in the absence of a clear showing of grievous wrong evoked by new and unforeseen conditions," *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932). There is nothing "grievous[ly] wrong" with the terms of the Orders as written and affirmed. Accordingly, it would be reversible error for the Court to modify the Amended February 23 Orders as Citibank suggests (and as the June 27 Citibank Order would do, unless the Court grants Plaintiffs' requested partial reconsideration).[6]

         For the foregoing reasons and those previously submitted, Plaintiffs respectfully submit the Court should grant Plaintiffs' Motion for Partial Reconsideration, and not carve the Argentine law U.S.-Dollar denominated Exchange Bonds out of the Amended February 23 Orders.

         Respectfully yours,

*Edward A. Friedman*

         Edward A. Friedman

---

     [5] In all events, the bonds issued to Repsol, regardless of whether they are Exchange Bonds, are undisputedly "External Indebtedness" as defined under the FAA (because they are in a currency other than the Argentine peso), and subject to the *pari passu* provision in the FAA no differently than the Exchange Bonds.

     [6] For this reason it is totally improper for Citibank to ask this Court to modify the express terms of the Orders based on what Citibank argues the Court may have "contemplated," e.g., Citibank's argument that even though the Orders by their terms cover all Exchange Bonds, the Court only contemplated covering Exchange Bonds as to which Bank of New York Mellon is Indenture Trustee. *See* Amended February 23 Orders, 2.a. (defining "Exchange Bonds" as the bonds or other obligations issued pursuant to the Republic's 2005 and 2010 Exchange Offers, not limited to Exchange Bonds under any particular law or with any particular Indenture Trustee).

2967380.1

# A-3148

Hon. Thomas P. Griesa       - 5 -           July 27, 2014

cc:    Karen E. Wagner, Esq.
       Carmine Boccuzzi, Esq.
       Robert A. Cohen, Esq.
       Kevin S. Reed, Esq.
       Michael Spencer, Esq.
       Leonard F. Lesser, Esq.

A-3149

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------x
                        :

NML CAPITAL, LTD.,           :

          Plaintiff,     :

                        :     08 Civ. 6978 (TPG)

   – against –       :     09 Civ. 1707 (TPG)
                        :     09 Civ. 1708 (TPG)

THE REPUBLIC OF ARGENTINA, :

          Defendant.   :
                        :
-------------------------------------x
                        :

AURELIUS CAPITAL MASTER, LTD. and
ACP MASTER, LTD.,       :

          Plaintiffs,    :     09 Civ. 8757 (TPG)
                        :     09 Civ. 10620 (TPG)

   – against –       :

THE REPUBLIC OF ARGENTINA, :

          Defendant.   :
                        :
-------------------------------------x
                        :

AURELIUS OPPORTUNITIES FUND II,
LLC and AURELIUS CAPITAL MASTER,
LTD.,                 :     10 Civ. 1602 (TPG)
                        :     10 Civ. 3507 (TPG)
          Plaintiffs,    :     10 Civ. 3970 (TPG)
                        :     10 Civ. 8339 (TPG)
   – against –       :

THE REPUBLIC OF ARGENTINA, :

          Defendant.   :     **(captions continued on
                        :     next page)**
-------------------------------------x

A-3150

```
--------------------------------------x
                                      :
BLUE ANGEL CAPITAL I LLC,             :
                                      :
                  Plaintiff,          :    10 Civ. 4101 (TPG)
                                      :    10 Civ. 4782 (TPG)
        – against –                   :
                                      :
THE REPUBLIC OF ARGENTINA,            :
                                      :
                  Defendant.          :
                                      :
--------------------------------------x
                                      :
OLIFANT FUND, LTD.,                   :
                                      :
                  Plaintiff,          :    10 Civ. 9587 (TPG)
                                      :
        – against –                   :
                                      :
THE REPUBLIC OF ARGENTINA,            :
                                      :
                  Defendant.          :
                                      :
--------------------------------------x
                                      :
PABLO ALBERTO VARELA, et al.,         :
                                      :
                  Plaintiffs,         :    10 Civ. 5338 (TPG)
                                      :
        – against –                   :
                                      :
THE REPUBLIC OF ARGENTINA,            :
                                      :
                  Defendant.          :
                                      :
--------------------------------------x
```

2

# A-3151

## ORDER

Before the court is plaintiffs' motion for partial reconsideration of the June 27, 2014 order granting Citibank, N.A.'s ("Citibank") motion for clarification (the "Citibank order"). At the hearing held on July 22, 2014, the parties raised—for the first time—new information regarding the exchange bonds paid through Citibank Argentina. Accordingly, the court reserved judgment on plaintiffs' motion. After the hearing, Citibank and the parties brought additional information to the court's attention. That information is as follows.

By letter dated July 23, 2014, Citibank advised the court that the Republic of Argentina (the "Republic") issued bonds pursuant to a settlement with Repsol YPF, S.A. in an unrelated case (the "Repsol bonds"), which have the same International Securities Identification Number ("ISIN") as the dollar-denominated exchange bonds paid through Citibank. That ISIN number is ARARGE03E113. As a result, Citibank cannot distinguish between the Repsol bonds and the dollar-denominated exchange bonds. In other words, the court cannot enjoin payment on the dollar-denominated exchange bonds without also upsetting the Repsol settlement.

Unfortunately, because of the July 30, 2014 expiration of the grace period, this issue demands the court's immediate attention. Accordingly, the court states the following.

A-3152

The court does not wish to upset the settlement with Repsol. For this reason only, the court denies plaintiffs' motion for partial reconsideration at this time. Citibank may make payment on the interest due on the Repsol bonds and on both the peso- and dollar-denominated exchange bonds described in the Citibank order.

However, the court will only allow this one-time payment on the dollar-denominated exchange bonds. After July 30, 2014, the court will rescind the Citibank order with regard to the dollar-denominated exchange bonds. To avoid future confusion, the parties are directed to devise a way to distinguish between the Repsol bonds and the exchange bonds before the next interest payment is due.

SO ORDERED.

Dated: New York, New York
       July 28, 2014

                                        /s/ Thomas P. Griesa
                                        Thomas P. Griesa
                                        U. S. District Judge

4

# A-3153

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
                             :

AURELIUS CAPITAL MASTER, LTD. and   :
ACP MASTER, LTD.,                     :

              Plaintiffs,     :   09 Civ. 8757 (TPG)

                       :

             v.            :   **NOTICE OF APPEAL**

                       :

THE REPUBLIC OF ARGENTINA,       :

             Defendant.    :

                       :

                       :

-----------------------------------------------------------------------X

        Notice is hereby given that the Republic of Argentina ("Republic"), defendant in

the above-captioned case, hereby appeals to the United States Court of Appeals for the Second

Circuit from the Order entered in this action on July 28, 2014 to the extent the district court ruled

that the injunctions entered on November 21, 2012 and affirmed by the Second Circuit in *NML*

*Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230 (2d Cir. 2013) (the "Injunctions"), now

enjoin payments due after July 30, 2014 on U.S. dollar-denominated bonds governed by

Argentine law and payable in Argentina if the Republic does not make a "ratable payment" to

plaintiffs, thereby granting in part plaintiffs' motion for partial reconsideration of the order dated

June 27, 2014 that had granted Citibank N.A.'s motion to clarify or modify the Injunctions.

A-3154

Dated: New York, New York
July 29, 2014

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Carmine D. Boccuzzi
Jonathan I. Blackman (jblackman@cgsh.com)
Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for the Republic of Argentina

# A-3155

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
                                 :

AURELIUS CAPITAL MASTER, LTD. and   :
ACP MASTER, LTD.,                           :

                 Plaintiffs,   :   09 Civ. 10620 (TPG)

                           :

                 v.           :   **NOTICE OF APPEAL**

                           :

THE REPUBLIC OF ARGENTINA,     :

                 Defendant.   :

                           :

                           :
-----------------------------------------------------------------------X

       Notice is hereby given that the Republic of Argentina ("Republic"), defendant in the above-captioned case, hereby appeals to the United States Court of Appeals for the Second Circuit from the Order entered in this action on July 28, 2014 to the extent the district court ruled that the injunctions entered on November 21, 2012 and affirmed by the Second Circuit in *NML Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230 (2d Cir. 2013) (the "Injunctions"), now enjoin payments due after July 30, 2014 on U.S. dollar-denominated bonds governed by Argentine law and payable in Argentina if the Republic does not make a "ratable payment" to plaintiffs, thereby granting in part plaintiffs' motion for partial reconsideration of the order dated June 27, 2014 that had granted Citibank N.A.'s motion to clarify or modify the Injunctions.

A-3156

Dated: New York, New York
        July 29, 2014

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Carmine D. Boccuzzi
        Jonathan I. Blackman (jblackman@cgsh.com)
        Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for the Republic of Argentina

# A-3157

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
                                                        :
AURELIUS OPPORTUNITIES FUND II, LLC                     :
and AURELIUS CAPITAL MASTER, LTD.,                      :
                                                        :
                              Plaintiffs,               :        10 Civ. 1602 (TPG)
                                                        :
              v.                                        :        **NOTICE OF APPEAL**
                                                        :
THE REPUBLIC OF ARGENTINA,                              :
                                                        :
                              Defendant.                :
                                                        :
                                                        :
                                                        :
---------------------------------------------------------------------X

      Notice is hereby given that the Republic of Argentina ("Republic"), defendant in

the above-captioned case, hereby appeals to the United States Court of Appeals for the Second

Circuit from the Order entered in this action on July 28, 2014 to the extent the district court ruled

that the injunctions entered on November 21, 2012 and affirmed by the Second Circuit in *NML*

*Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230 (2d Cir. 2013) (the "Injunctions"), now

enjoin payments due after July 30, 2014 on U.S. dollar-denominated bonds governed by

Argentine law and payable in Argentina if the Republic does not make a "ratable payment" to

plaintiffs, thereby granting in part plaintiffs' motion for partial reconsideration of the order dated

June 27, 2014 that had granted Citibank N.A.'s motion to clarify or modify the Injunctions.

A-3158

Dated: New York, New York
      July 29, 2014

                      CLEARY GOTTLIEB STEEN & HAMILTON LLP

                      By:  /s/ Carmine D. Boccuzzi
                            Jonathan I. Blackman (jblackman@cgsh.com)
                            Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

                      One Liberty Plaza
                      New York, New York 10006
                      (212) 225-2000

                      Attorneys for the Republic of Argentina

A-3159

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                            :

AURELIUS OPPORTUNITIES FUND II, LLC   :
and AURELIUS CAPITAL MASTER, LTD.,     :
                                            :

                Plaintiffs,         :     10 Civ. 3507 (TPG)

                                            :

                     v.           :     **NOTICE OF APPEAL**

                                            :

THE REPUBLIC OF ARGENTINA,          :

                Defendant.         :

                                            :

                                            :
-----------------------------------------------------------------------X

            Notice is hereby given that the Republic of Argentina ("Republic"), defendant in

the above-captioned case, hereby appeals to the United States Court of Appeals for the Second

Circuit from the Order entered in this action on July 28, 2014 to the extent the district court ruled

that the injunctions entered on November 21, 2012 and affirmed by the Second Circuit in *NML

Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230 (2d Cir. 2013) (the "Injunctions"), now

enjoin payments due after July 30, 2014 on U.S. dollar-denominated bonds governed by

Argentine law and payable in Argentina if the Republic does not make a "ratable payment" to

plaintiffs, thereby granting in part plaintiffs' motion for partial reconsideration of the order dated

June 27, 2014 that had granted Citibank N.A.'s motion to clarify or modify the Injunctions.

# A-3160

Dated: New York, New York
      July 29, 2014

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Carmine D. Boccuzzi
      Jonathan I. Blackman (jblackman@cgsh.com)
      Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for the Republic of Argentina

A-3161

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                                                      :
                                                                      :
AURELIUS OPPORTUNITIES FUND II, LLC                                   :
and AURELIUS CAPITAL MASTER, LTD.,                                    :
                                                                      :
                    Plaintiffs,                                       :     10 Civ. 3970 (TPG)
                                                                      :
                    v.                                                :     **NOTICE OF APPEAL**
                                                                      :
THE REPUBLIC OF ARGENTINA,                                            :
                                                                      :
                    Defendant.                                        :
                                                                      :
                                                                      :
                                                                      :
----------------------------------------------------------------------X

        Notice is hereby given that the Republic of Argentina ("Republic"), defendant in

the above-captioned case, hereby appeals to the United States Court of Appeals for the Second

Circuit from the Order entered in this action on July 28, 2014 to the extent the district court ruled

that the injunctions entered on November 21, 2012 and affirmed by the Second Circuit in *NML*

*Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230 (2d Cir. 2013) (the "Injunctions"), now

enjoin payments due after July 30, 2014 on U.S. dollar-denominated bonds governed by

Argentine law and payable in Argentina if the Republic does not make a "ratable payment" to

plaintiffs, thereby granting in part plaintiffs' motion for partial reconsideration of the order dated

June 27, 2014 that had granted Citibank N.A.'s motion to clarify or modify the Injunctions.

A-3162

Dated: New York, New York
      July 29, 2014

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:  /s/ Carmine D. Boccuzzi
      Jonathan I. Blackman (jblackman@cgsh.com)
      Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for the Republic of Argentina

A-3163

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
BLUE ANGEL CAPITAL I LLC,                                               :
                                                                        :
                              Plaintiff,                                :
                                                                        :          10 Civ. 4101 (TPG)
                              v.                                        :
                                                                        :          **NOTICE OF APPEAL**
THE REPUBLIC OF ARGENTINA,                                             :
                                                                        :
                              Defendant.                                :
                                                                        :
                                                                        :
                                                                        :
------------------------------------------------------------------------X

          Notice is hereby given that the Republic of Argentina ("Republic"), defendant in

the above-captioned case, hereby appeals to the United States Court of Appeals for the Second

Circuit from the Order entered in this action on July 28, 2014 to the extent the district court ruled

that the injunctions entered on November 21, 2012 and affirmed by the Second Circuit in *NML*

*Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230 (2d Cir. 2013) (the "Injunctions"), now

enjoin payments due after July 30, 2014 on U.S. dollar-denominated bonds governed by

Argentine law and payable in Argentina if the Republic does not make a "ratable payment" to

plaintiffs, thereby granting in part plaintiffs' motion for partial reconsideration of the order dated

June 27, 2014 that had granted Citibank N.A.'s motion to clarify or modify the Injunctions.

Dated: New York, New York
      July 29, 2014

                CLEARY GOTTLIEB STEEN & HAMILTON LLP

                By: /s/ Carmine D. Boccuzzi             
                    Jonathan I. Blackman (jblackman@cgsh.com)
                    Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

                One Liberty Plaza
                New York, New York 10006
                (212) 225-2000

                Attorneys for the Republic of Argentina

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                       :

BLUE ANGEL CAPITAL I LLC,                :

                         :
              Plaintiff,         :    10 Civ. 4782 (TPG)
                         :
              v.             :    **NOTICE OF APPEAL**
                         :
THE REPUBLIC OF ARGENTINA,        :
                         :
              Defendant.     :
                         :
                         :
                         :
------------------------------------------------------------------------X

           Notice is hereby given that the Republic of Argentina ("Republic"), defendant in the above-captioned case, hereby appeals to the United States Court of Appeals for the Second Circuit from the Order entered in this action on July 28, 2014 to the extent the district court ruled that the injunctions entered on November 21, 2012 and affirmed by the Second Circuit in *NML Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230 (2d Cir. 2013) (the "Injunctions"), now enjoin payments due after July 30, 2014 on U.S. dollar-denominated bonds governed by Argentine law and payable in Argentina if the Republic does not make a "ratable payment" to plaintiffs, thereby granting in part plaintiffs' motion for partial reconsideration of the order dated June 27, 2014 that had granted Citibank N.A.'s motion to clarify or modify the Injunctions.

A-3166

Dated: New York, New York
      July 29, 2014

                CLEARY GOTTLIEB STEEN & HAMILTON LLP

                By:  /s/ Carmine D. Boccuzzi
                        Jonathan I. Blackman (jblackman@cgsh.com)
                        Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

                One Liberty Plaza
                New York, New York 10006
                (212) 225-2000

                Attorneys for the Republic of Argentina

## A-3167

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                                                        :
AURELIUS OPPORTUNITIES FUND II, LLC                                     :
and AURELIUS CAPITAL MASTER, LTD.,                                      :
                                                                        :
                                  Plaintiffs,                           :       10 Civ. 8339 (TPG)
                                                                        :
                      v.                                                :       **NOTICE OF APPEAL**
                                                                        :
THE REPUBLIC OF ARGENTINA,                                              :
                                                                        :
                                  Defendant.                            :
                                                                        :
                                                                        :
                                                                        :
------------------------------------------------------------------------X

       Notice is hereby given that the Republic of Argentina ("Republic"), defendant in

the above-captioned case, hereby appeals to the United States Court of Appeals for the Second

Circuit from the Order entered in this action on July 28, 2014 to the extent the district court ruled

that the injunctions entered on November 21, 2012 and affirmed by the Second Circuit in *NML*

*Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230 (2d Cir. 2013) (the "Injunctions"), now

enjoin payments due after July 30, 2014 on U.S. dollar-denominated bonds governed by

Argentine law and payable in Argentina if the Republic does not make a "ratable payment" to

plaintiffs, thereby granting in part plaintiffs' motion for partial reconsideration of the order dated

June 27, 2014 that had granted Citibank N.A.'s motion to clarify or modify the Injunctions.

A-3168

Dated: New York, New York
          July 29, 2014

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Carmine D. Boccuzzi
          Jonathan I. Blackman (jblackman@cgsh.com)
          Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for the Republic of Argentina

A-3169

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:10-cv-05338-TPG

Varela et al v. The Republic of Argentina

Assigned to: Judge Thomas P. Griesa

Related Cases: 1:09-cv-08299-TPG
                1:13-cv-08595-TPG
                1:14-cv-01109-TPG
                1:13-cv-08887-TPG
                1:14-cv-03127-TPG

Cause: 28:1332 Diversity-Breach of Contract

Date Filed: 07/13/2010

Jury Demand: None

Nature of Suit: 190 Contract: Other

Jurisdiction: Diversity

**Plaintiff**

**Pablo Alberto Varela**                        represented by **Michael Champlin Spencer**
                                                Milberg LLP (NYC)
                                                One Pennsylvania Plaza
                                                New York, NY 10119
                                                (212) 594-5300
                                                Fax: (212) 868-1229
                                                Email: mspencer@milberg.com
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Gary Steven Snitow**
                                                Snitow, Kanfer & Holtzer
                                                575 Lexington Avenue
                                                New york, NY 10022
                                                (212) 317-8500
                                                Fax: (212) 317-1308
                                                Email: gsnitow@skhmlaw.com
                                                *ATTORNEY TO BE NOTICED*

                                                **Leigh Smith**
                                                Milberg LLP (NYC)
                                                One Pennsylvania Plaza
                                                New York, NY 10119
                                                (212)-594-5300
                                                Fax: (212)-868-1229
                                                Email: lsmith@milberg.com
                                                *ATTORNEY TO BE NOTICED*

A-3170

Peter George Safirstein
Morgan & Morgan, LLP
5 Penn Plaza, 23rd Floor
New York, NY 10001
(646) 378-2198
Fax: (813) 222-2493
Email: psafirstein@forthepeople.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Lila Ines Burgueno**                    represented by **Michael Champlin Spencer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary Steven Snitow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leigh Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter George Safirstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mirta Susana Dieguez**                    represented by **Michael Champlin Spencer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary Steven Snitow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leigh Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter George Safirstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

A-3171

**Plaintiff**

**Maria Evangelina Carballo**                    represented by    **Michael Champlin Spencer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary Steven Snitow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leigh Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter George Safirstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Leandro Daniel Pomilio**                    represented by    **Michael Champlin Spencer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary Steven Snitow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leigh Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter George Safirstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Susana Aquerreta**                    represented by    **Michael Champlin Spencer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary Steven Snitow**
(See above for address)
*ATTORNEY TO BE NOTICED*

A-3172

**Leigh Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter George Safirstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Maria Elena Corral**                    represented by    **Michael Champlin Spencer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary Steven Snitow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leigh Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter George Safirstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Teresa Munoz De Corral**               represented by    **Michael Champlin Spencer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary Steven Snitow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leigh Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter George Safirstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

A-3173

**Norma Elsa Lavorato**    represented by **Michael Champlin Spencer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary Steven Snitow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leigh Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter George Safirstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Carmen Irma Lavorato**    represented by **Michael Champlin Spencer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary Steven Snitow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leigh Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter George Safirstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Cesar Ruben Vazquez**    represented by **Michael Champlin Spencer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary Steven Snitow**
(See above for address)
*ATTORNEY TO BE NOTICED*

A-3174

**Leigh Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter George Safirstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Norma Haydee Gines**                    represented by **Michael Champlin Spencer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary Steven Snitow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leigh Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter George Safirstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Marta Azucena Vazquez**                    represented by **Michael Champlin Spencer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary Steven Snitow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leigh Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter George Safirstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

A-3175

V.

**<u>Defendant</u>**

**The Republic of Argentina**                   represented by **Carmine D. Boccuzzi , Jr**
Cleary Gottlieb Steen & Hamilton,
LLP(NYC)
One Liberty Plaza
New York, NY 10006
212-225-2000
Fax: 212-225-3499
Email: maofiling@cgsh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Interested Party</u>**

**Depository Trust Company**                    represented by **Eric P Heichel**
Eiseman, Levine, Lehrhaupt & Kakoyiannis,
P.C.
805 Third Avenue
10th Floor
New York, NY 10022
(212) 752-1000
Fax: (212)355-4608
Email: eheichel@eisemanlevine.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Interested Party</u>**

**Cede & Co.**                                  represented by **Eric P Heichel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Interested Party</u>**

**Euro Bondholders**                            represented by **Christopher J. Clark**
Latham & Watkins LLP (NY)
885 Third Avenue
New York, NY 10022
(212) 906-1350
Fax: (212) 751-4864
Email: christopher.clark2@lw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeff G. Hammel**

A-3176

Latham and Watkins (NY)
885 Third Avenue
New York, NY 10022
(212) 906-1200
Fax: (212)-751-4864
Email: jeff.hammel@lw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Citibank, N.A.**                                    represented by    **James Loran Kerr**
Davis Polk & Wardwell L.L.P.
450 Lexington Avenue
New York, NY 10017
(212) 450-4552
Fax: 212 450 3552
Email: jkerr@dpw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Karen E Wagner**
Davis Polk & Wardwell L.L.P.
450 Lexington Avenue
New York, NY 10017
(212) 450-4404
Fax: (212) 450-3404
Email: Karen.Wagner@davispolk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lindsey Taylor Knapp**
Davis Polk & Wardwell L.L.P.
450 Lexington Avenue
New York, NY 10017
(212)-450-4726
Fax: (212)-450-3726
Email: lindsey.knapp@dpw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**The Bank of New York Mellon**                represented by    **Eric Andrew Schaffer**
Reed Smith, LLP (Pittsburgh)
225 Fifth Avenue
Pittsburgh, PA 15222

A-3177

(412)-288-4202
Fax: (412)-288-3063
Email: eschaffer@reedsmith.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Clearstream Banking, S.A.**                    represented by    **John Michael Vassos**
Morgan, Lewis and Bockius LLP (NY)
101 Park Avenue
New York, NY 10178
212-309-6158
Fax: 212-309-6273
Email: jvassos@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Christina Pennisi**
Morgan Lewis & Bockius, LLP (NY)
101 Park Avenue
New York, NY 10178
(212)-309-6000
Fax: (212)-309-6001
Email: mpennisi@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

**JPMorgan Chase Bank, N.A.**                    represented by    **Andrea Likwornik Weiss**
Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas
17th Floor
New York, NY 10036
(212) 308-6100
Fax: (212) 308-8830
Email: aweiss@llf-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Howard Scheiner**
Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas
17th Floor
New York, NY 10036
(212) 308-7261
Fax: (212) 308-8830
Email: ascheiner@llf-law.com

V.

**Amicus**

**Duane Morris Individual Plaintiffs**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/13/2010 | 1 | COMPLAINT against The Republic of Argentina. (Filing Fee $ 350.00, Receipt Number 908961)Document filed by Mirta Susana Dieguez, Maria Evangelina Carballo, Pablo Alberto Varela, Leandro Daniel Pomilio, Susana Aquerreta, Maria Elena Corral, Teresa Munoz De Corral, Norma Elsa Lavorato, Carmen Irma Lavorato, Cesar Ruben Vazquez, Norma Haydee Gines, Marta Azucena Vazquez, Lila Ines Burgueno.(ama) (Entered: 07/14/2010) |
| 07/13/2010 | | SUMMONS ISSUED as to The Republic of Argentina. (ama) (Entered: 07/14/2010) |
| 07/13/2010 | | CASE REFERRED TO Judge Thomas P. Griesa as possibly Related to 1:09-CV-8299. (ama) (Entered: 07/14/2010) |
| 07/13/2010 | | Case Designated ECF. (ama) (Entered: 07/14/2010) |
| 07/20/2010 | 2 | SUMMONS RETURNED EXECUTED Summons and Complaint, served. The Republic of Argentina served on 7/15/2010, answer due 8/5/2010. Service was accepted by Roberto H. Barrientos, Vice President. Document filed by Mirta Susana Dieguez; Maria Evangelina Carballo; Pablo Alberto Varela; Leandro Daniel Pomilio; Susana Aquerreta; Maria Elena Corral; Teresa Munoz De Corral; Norma Elsa Lavorato; Carmen Irma Lavorato; Cesar Ruben Vazquez; Norma Haydee Gines; Marta Azucena Vazquez; Lila Ines Burgueno. (Spencer, Michael) (Entered: 07/20/2010) |
| 07/23/2010 | | CASE ACCEPTED AS RELATED. Create association to 1:09-cv-08299-TPG. Notice of Assignment to follow. (ldi) (Entered: 07/26/2010) |
| 07/23/2010 | 3 | NOTICE OF CASE ASSIGNMENT to Judge Thomas P. Griesa. Judge Unassigned is no longer assigned to the case. (ldi) (Entered: 07/26/2010) |
| 07/23/2010 | | Magistrate Judge Gabriel W. Gorenstein is so designated. (ldi) (Entered: 07/26/2010) |
| 09/13/2010 | 4 | ANSWER to Complaint. Document filed by The Republic of Argentina.(Boccuzzi, Carmine) (Entered: 09/13/2010) |
| 09/16/2010 | 5 | CERTIFICATE OF SERVICE of Andrew M. Scott on September 13, 2010, re: 4 . Service was made by Federal Express. Document filed by The Republic of Argentina. (Boccuzzi, Carmine) (Entered: 09/16/2010) |
| 10/19/2010 | 6 | ORDER REQUIRING PLAINTIFFS TO INFORM THE REPUBLIC OF ARGENTINA AS TO PARTICIPATION IN THE 2010 EXCHANGE OFFER: |

A-3179

| | | |
|---|---|---|
| | | Counsel for all plaintiffs in the above-captioned actions must inform counsel to the Republic as to (a) whether any of the plaintiffs in their cases are Tendering Holders who participated in the 2010 Exchange Offer, and, if so, confirm the amounts and bond identification numbers (ISINs ) for any interests tendered into the 2010 Exchange Offer, and (b) the amounts and ISINs for any interests still held by plaintiffs in the above-captioned actions and still subject to litigation. The above-described information must be transmitted to counsel for the Republic, Carmine D. Boccuzzi, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, by no later than November 5, 2010; and The Clerk of the Court is directed to cause this Order to be entered into all cases listed in this Order, including both ECF and non-ECF cases. (Signed by Judge Thomas P. Griesa on 10/19/2010) (jpo) (Entered: 10/21/2010) |
| 08/03/2011 | 7 | FILING ERROR - DEFICIENT DOCKET ENTRY - MOTION for Summary Judgment *On Principal And Interest And To Strike Defendant's Requests For Discovery*. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Attachments: # 1 Memorandum Of Law In Support Of Plaintiffs' Motions For Partial Summary Judgment On Principal And Interest And To Strike Defendant's Requests For Discovery, # 2 Declaration of Michael C. Spencer, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Declaration Of Mirta Susana Dieguez In Support Of Motion For Summary Judgment, # 14 Declaration Of Norma Elsa Lavorato In Support Of Motion For Summary Judgment, # 15 Declaration Of Marta Azucena Vazquez In Support Of Motion For Summary Judgment, # 16 Declaration Of Susana Aquerreta In Support Of Motion For Summary Judgment, # 17 Declaration Of Maria Elena Corral In Support Of Motion For Summary Judgment, # 18 Declaration Of Pablo Alberto Varela In Support Of Motion For Summary Judgment)(Spencer, Michael) Modified on 8/4/2011 (db). (Entered: 08/03/2011) |
| 08/03/2011 | 8 | RULE 56.1 STATEMENT. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Spencer, Michael) (Entered: 08/03/2011) |
| 08/03/2011 | 9 | FILING ERROR - DEFICIENT DOCKET ENTRY - MOTION to Amend/Correct 1 Complaint,. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Attachments: # 1 Memorandum Of Law In Support Of Plaintiffs' Motion For Leave To Amend Their Complaint, # 2 Declaration of Michael C. Spencer, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3)(Spencer, Michael) Modified on 8/4/2011 (db). (Entered: 08/03/2011) |

A-3180

| 08/03/2011 | 10 | FILING ERROR - DEFICIENT DOCKET ENTRY - MOTION for Summary Judgment *And Injunctive Relief Pursuant To The Equal Treatment Provision*. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Attachments: # 1 Plaintiffs' Memorandum Of Law In Support Of Motion For Partial Summary Judgment And Injunctive Relief Pursuant To The Equal Treatment Provision, # 2 Declaration Of Michael C. Spencer, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16, # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20 (Pt. 1), # 23 Exhibit 20 (Pt. 2), # 24 Exhibit 20 (Pt. 3), # 25 Exhibit 21 (Pt. 1), # 26 Exhibit 21 (Pt. 2), # 27 Exhibit 21 (Pt. 3), # 28 Exhibit 22 (Pt. 1), # 29 Exhibit 22 (Pt. 2), # 30 Exhibit 22 (Pt. 3), # 31 Exhibit 22 (Pt. 4), # 32 Exhibit 23, # 33 Exhibit 24, # 34 Exhibit 25, # 35 Exhibit 26, # 36 Exhibit 27, # 37 Exhibit 28 (Pt. 1), # 38 Exhibit 28 (Pt. 2), # 39 Declaration Of Mirta Susana Dieguez In Support Of Motion For Summary Judgment, # 40 Declaration Of Norma Elsa Lavorato In Support Of Motion For Summary Judgment, # 41 Declaration Of Marta Azucena Vazquez In Support Of Motion For Summary Judgment, # 42 Declaration Of Susana Aquerreta In Support Of Motion For Summary Judgment, # 43 Declaration Of Maria Elena Corral In Support Of Motion For Summary Judgment, # 44 Declaration Of Pablo Alberto Varela In Support Of Motion For Summary Judgment)(Spencer, Michael) Modified on 8/4/2011 (db). (Entered: 08/03/2011) |
| --- | --- | --- |
| 08/03/2011 | 11 | RULE 56.1 STATEMENT. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Spencer, Michael) (Entered: 08/03/2011) |
| 08/03/2011 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Michael Champlin Spencer to RE-FILE Document 7 MOTION for Summary Judgment *On Principal And Interest And To Strike Defendant's Requests For Discovery*. ERROR(S): Supporting Documents are filed separately, each receiving their own document #. (db) (Entered: 08/04/2011) |
| 08/03/2011 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Michael Champlin Spencer to RE-FILE Document 9 MOTION to Amend/Correct 1 Complaint. MOTION to Amend/Correct 1 Complaint. MOTION to Amend/Correct 1 Complaint. ERROR(S): Supporting Documents are filed separately, each receiving their own document #. (db) (Entered: 08/04/2011) |
| 08/03/2011 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Michael Champlin Spencer to RE-FILE Document |

A-3181

| | | |
|---|---|---|
| | | 10 MOTION for Summary Judgment *And Injunctive Relief Pursuant To The Equal Treatment Provision*. ERROR(S): Supporting Documents are filed separately, each receiving their own document #. (db) (Entered: 08/04/2011) |
| 08/04/2011 | 12 | MOTION for Partial Summary Judgment *On Principal And Interest And To Strike Defendant's Requests For Discovery*. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez.(Spencer, Michael) (Entered: 08/04/2011) |
| 08/04/2011 | 13 | MEMORANDUM OF LAW in Support re: 12 MOTION for Partial Summary Judgment *On Principal And Interest And To Strike Defendant's Requests For Discovery*.. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Spencer, Michael) (Entered: 08/04/2011) |
| 08/04/2011 | 14 | DECLARATION of Michael C. Spencer in Support re: 12 MOTION for Partial Summary Judgment *On Principal And Interest And To Strike Defendant's Requests For Discovery*.. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(Spencer, Michael) (Entered: 08/04/2011) |
| 08/04/2011 | 15 | DECLARATION of Mirta Susana Dieguez in Support re: 12 MOTION for Partial Summary Judgment *On Principal And Interest And To Strike Defendant's Requests For Discovery*.. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Spencer, Michael) (Entered: 08/04/2011) |
| 08/04/2011 | 16 | DECLARATION of Norma Elsa Lavorato in Support re: 12 MOTION for Partial Summary Judgment *On Principal And Interest And To Strike Defendant's Requests For Discovery*.. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Spencer, Michael) (Entered: 08/04/2011) |
| 08/04/2011 | 17 | DECLARATION of Marta Azucena Vazquez in Support re: 12 MOTION for Partial Summary Judgment *On Principal And Interest And To Strike Defendant's Requests* |

A-3182

| | | *For Discovery..* Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Spencer, Michael) (Entered: 08/04/2011) |
|---|---|---|
| 08/04/2011 | 18 | DECLARATION of Susana Aquerreta in Support re: 12 MOTION for Partial Summary Judgment *On Principal And Interest And To Strike Defendant's Requests For Discovery..* Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Spencer, Michael) (Entered: 08/04/2011) |
| 08/04/2011 | 19 | DECLARATION of Maria Elena Corral in Support re: 12 MOTION for Partial Summary Judgment *On Principal And Interest And To Strike Defendant's Requests For Discovery..* Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Spencer, Michael) (Entered: 08/04/2011) |
| 08/04/2011 | 20 | DECLARATION of Pablo Alberto Varela in Support re: 12 MOTION for Partial Summary Judgment *On Principal And Interest And To Strike Defendant's Requests For Discovery..* Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Spencer, Michael) (Entered: 08/04/2011) |
| 08/04/2011 | 21 | MOTION to Amend/Correct 1 Complaint,. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez.(Spencer, Michael) (Entered: 08/04/2011) |
| 08/04/2011 | 22 | MEMORANDUM OF LAW in Support re: 21 MOTION to Amend/Correct 1 Complaint,. MOTION to Amend/Correct 1 Complaint,.. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Spencer, Michael) (Entered: 08/04/2011) |
| 08/04/2011 | 23 | DECLARATION of Michael C. Spencer in Support re: 21 MOTION to Amend/Correct 1 Complaint,. MOTION to Amend/Correct 1 Complaint,.. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto |

A-3183

| | | |
|---|---|---|
| | | Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Spencer, Michael) (Entered: 08/04/2011) |
| 08/04/2011 | 24 | MOTION for Partial Summary Judgment *And Injunctive Relief Pursuant To The Equal Treatment Provision*. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez.(Spencer, Michael) (Entered: 08/04/2011) |
| 08/04/2011 | 25 | MEMORANDUM OF LAW in Support re: 24 MOTION for Partial Summary Judgment *And Injunctive Relief Pursuant To The Equal Treatment Provision*.. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Spencer, Michael) (Entered: 08/04/2011) |
| 08/04/2011 | 26 | DECLARATION of Michael C. Spencer in Support re: 24 MOTION for Partial Summary Judgment *And Injunctive Relief Pursuant To The Equal Treatment Provision*.. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20 (Pt. 1), # 21 Exhibit 20 (Pt. 2), # 22 Exhibit 20 (Pt. 3), # 23 Exhibit 21 (Pt. 1), # 24 Exhibit 21 (Pt. 2), # 25 Exhibit 21 (Pt. 3), # 26 Exhibit 22 (Pt. 1), # 27 Exhibit 22 (Pt. 2), # 28 Exhibit 22 (Pt. 3), # 29 Exhibit 22 (Pt. 4), # 30 Exhibit 23, # 31 Exhibit 24, # 32 Exhibit 25, # 33 Exhibit 26, # 34 Exhibit 27, # 35 Exhibit 28 (Pt. 1), # 36 Exhibit 28 (Pt. 2))(Spencer, Michael) (Entered: 08/04/2011) |
| 08/04/2011 | 27 | DECLARATION of Mirta Susana Dieguez in Support re: 24 MOTION for Partial Summary Judgment *And Injunctive Relief Pursuant To The Equal Treatment Provision*.. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Spencer, Michael) (Entered: 08/04/2011) |
| 08/04/2011 | 28 | DECLARATION of Norma Elsa Lavorato in Support re: 24 MOTION for Partial Summary Judgment *And Injunctive Relief Pursuant To The Equal Treatment Provision*.. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel |

A-3184

| | | Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Spencer, Michael) (Entered: 08/04/2011) |
|---|---|---|
| 08/04/2011 | 29 | DECLARATION of Marta Azucena Vazquez in Support re: 24 MOTION for Partial Summary Judgment *And Injunctive Relief Pursuant To The Equal Treatment Provision*.. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Spencer, Michael) (Entered: 08/04/2011) |
| 08/04/2011 | 30 | DECLARATION of Susana Aquerreta in Support re: 24 MOTION for Partial Summary Judgment *And Injunctive Relief Pursuant To The Equal Treatment Provision*.. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Spencer, Michael) (Entered: 08/04/2011) |
| 08/04/2011 | 31 | DECLARATION of Maria Elena Corral in Support re: 24 MOTION for Partial Summary Judgment *And Injunctive Relief Pursuant To The Equal Treatment Provision*.. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Spencer, Michael) (Entered: 08/04/2011) |
| 08/04/2011 | 32 | DECLARATION of Pablo Alberto Varela in Support re: 24 MOTION for Partial Summary Judgment *And Injunctive Relief Pursuant To The Equal Treatment Provision*.. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Spencer, Michael) (Entered: 08/04/2011) |
| 08/19/2011 | 33 | STIPULATION AND ORDER: Defendant the Republic of Argentina (the "Republic"), by its attorneys, Cleary Gottlieb Steen & Hamilton LLP, and plaintiffs, by their attorneys, Milberg LLP, hereby stipulate and agree as follows: The Republic shall have until September 23, 2011 to serve papers in response to the following motions filed by plaintiffs on August 4, 2011 : (1) Motion for Partial Summary Judgment And for Injunctive Relief Pursuant to the Equal Treatment Provision; and (2) Motion for Leave to Amend. Plaintiffs shall have until October 27, 2011 to serve reply papers, if any, in further support of the Motions. Pursuant to Rule 1.E of the Court's individual practices, the undersigned counsel represent that this is the first request for an extension of the briefing schedule for the Motions. (Signed by Judge Thomas P. Griesa on 8/19/2011) (mro) Modified on 8/23/2011 (mro). (Entered: 08/22/2011) |

| 09/23/2011 | 34 | MEMORANDUM OF LAW in Opposition re: 21 MOTION to Amend/Correct 1 Complaint,. MOTION to Amend/Correct 1 Complaint,.. Document filed by The Republic of Argentina. (Boccuzzi, Carmine) (Entered: 09/23/2011) |
|---|---|---|
| 09/23/2011 | 35 | DECLARATION of Carmine D. Boccuzzi, dated September 23, 2011 in Opposition re: 21 MOTION to Amend/Correct 1 Complaint,. MOTION to Amend/Correct 1 Complaint,.. Document filed by The Republic of Argentina. (Boccuzzi, Carmine) (Entered: 09/23/2011) |
| 09/23/2011 | 36 | COUNTER STATEMENT TO 11 Rule 56.1 Statement,. Document filed by The Republic of Argentina. (Boccuzzi, Carmine) (Entered: 09/23/2011) |
| 09/23/2011 | 37 | DECLARATION of Carmine D. Boccuzzi, dated September 23, 2011 in Opposition re: 24 MOTION for Partial Summary Judgment *And Injunctive Relief Pursuant To The Equal Treatment Provision*.. Document filed by The Republic of Argentina. (Attachments: # 1 Exhibits A-D, # 2 Exhibits E-J, # 3 Exhibits K-M, # 4 Exhibits N-O, # 5 Exhibits P-BB)(Boccuzzi, Carmine) (Entered: 09/23/2011) |
| 09/23/2011 | 38 | MEMORANDUM OF LAW in Opposition re: 24 MOTION for Partial Summary Judgment *And Injunctive Relief Pursuant To The Equal Treatment Provision*.. Document filed by The Republic of Argentina. (Boccuzzi, Carmine) (Entered: 09/23/2011) |
| 09/26/2011 | 39 | CERTIFICATE OF SERVICE of Brendan Cyr, dated September 26, 2011. Service was made by ECF. Document filed by The Republic of Argentina. (Boccuzzi, Carmine) (Entered: 09/26/2011) |
| 10/03/2011 | 40 | ORDER granting 21 Motion to Amend/Correct filed by Plaintiffs: For the reasons stated on the record at the hearing held on September 28, 2011, the court grants plaintiffs' motion. This order resolves the motion listed as document number 21 on the docket. (Signed by Judge Thomas P. Griesa on 10/3/2011) (ab) (Entered: 10/03/2011) |
| 10/24/2011 | 41 | AMENDED COMPLAINT amending 1 Complaint, against The Republic of Argentina.Document filed by Lila Ines Burgueno, Mirta Susana Dieguez, Leandro Daniel Pomilio, Teresa Munoz De Corral, Marta Azucena Vazquez, Cesar Ruben Vazquez, Susana Aquerreta, Norma Elsa Lavorato, Pablo Alberto Varela, Norma Haydee Gines, Carmen Irma Lavorato, Maria Evangelina Carballo, Maria Elena Corral. Related document: 1 Complaint, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Lila Ines Burgueno, Maria Evangelina Carballo, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Leandro Daniel Pomilio, Maria Elena Corral, Pablo Alberto Varela.(lmb) (Entered: 10/26/2011) |
| 11/07/2011 | 42 | ANSWER to 41 Amended Complaint,,. Document filed by The Republic of Argentina. (Boccuzzi, Carmine) (Entered: 11/07/2011) |
| 11/09/2011 | 43 | CERTIFICATE OF SERVICE of 42 Answer to Amended Complaint on November 7, 2011. Service was made by CM/ECF Notification. Document filed by The Republic of Argentina. (Boccuzzi, Carmine) (Entered: 11/09/2011) |

| | | |
|---|---|---|
| 12/13/2011 | 44 | ORDER terminating 24 Motion for Partial Summary Judgment. It is hereby ordered that: 1. The motion for partial summary judgment pursuant to Rule 56(a) is granted. 2. It is DECLARED, ADJUDGED, and DECREED that the Republic is required under Paragraph 1 (c) of the FAA at all times to rank its payment obligations pursuant to Plaintiffs' Bonds at least equally with all the Republic's other present and future unsecured and unsubordinated External Indebtedness, as further set forth in this order. 8. The motion for injunctive relief and/or specific performance pursuant to FRCP 65(d) and the court's inherent equitable powers is DENIED at the present time to permit further consideration by the court regarding the means of enforcement of the present ORDER. (Signed by Judge Thomas P. Griesa on 12/13/2011) (lmb) (Entered: 12/13/2011) |
| 01/11/2012 | 45 | MOTION Renewed Motion for Specific Performance of the Equal Treatment Provision. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Attachments: # 1 Text of Proposed Order)(Spencer, Michael) (Entered: 01/11/2012) |
| 01/12/2012 | 46 | NOTICE OF APPEAL from 44 Order on Motion for Partial Summary Judgment,,,. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. Document filed by The Republic of Argentina. Filing fee $ 455.00, receipt number 0208-7099808. (Boccuzzi, Carmine) (Entered: 01/12/2012) |
| 01/12/2012 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 46 Notice of Appeal. (tp) (Entered: 01/12/2012) |
| 01/12/2012 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 42 Answer to Amended Complaint filed by The Republic of Argentina, 38 Memorandum of Law in Opposition to Motion filed by The Republic of Argentina, 37 Declaration in Opposition to Motion, filed by The Republic of Argentina, 2 Summons Returned Executed, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Lila Ines Burgueno, Maria Evangelina Carballo, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Leandro Daniel Pomilio, Maria Elena Corral, Pablo Alberto Varela, 32 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 16 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 5 Certificate of Service Other filed by The Republic of Argentina, 24 MOTION for Partial Summary Judgment *And Injunctive Relief Pursuant To The Equal Treatment Provision.* filed by Norma Haydee Gines, Susana Aquerreta, Cesar |

A-3187

Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 19 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 44 Order on Motion for Partial Summary Judgment, 31 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 26 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 7 MOTION for Summary Judgment *On Principal And Interest And To Strike Defendant's Requests For Discovery.* filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 9 MOTION to Amend/Correct 1 Complaint, MOTION to Amend/Correct 1 Complaint, MOTION to Amend/Correct 1 Complaint, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 17 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 11 Rule 56.1 Statement, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 20 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 34 Memorandum of Law in Opposition to Motion filed by The Republic of Argentina, 10 MOTION for Summary Judgment *And Injunctive Relief Pursuant To The Equal Treatment Provision.* filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 27

A-3188

Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 12 MOTION for Partial Summary Judgment *On Principal And Interest And To Strike Defendant's Requests For Discovery*. filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 3 Notice of Case Assignment/Reassignment, 39 Certificate of Service Other filed by The Republic of Argentina, 21 MOTION to Amend/Correct 1 Complaint, MOTION to Amend/Correct 1 Complaint, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 30 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 36 Counter Statement to Rule 56.1 filed by The Republic of Argentina, 40 Order on Motion to Amend/Correct, 29 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 13 Memorandum of Law in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 22 Memorandum of Law in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 33 Stipulation and Order, 18 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 4 Answer to Complaint filed by The Republic of Argentina, 45 MOTION Renewed Motion for Specific Performance of the Equal Treatment Provision. filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 25 Memorandum of Law in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben

A-3189

Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 46 Notice of Appeal, filed by The Republic of Argentina, 15 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 8 Rule 56.1 Statement, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 6 Order, 14 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 35 Declaration in Opposition to Motion filed by The Republic of Argentina, 23 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 1 Complaint, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 41 Amended Complaint, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 28 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 43 Certificate of Service Other filed by The Republic of Argentina were transmitted to the U.S. Court of Appeals. (tp) (Entered: 01/12/2012)

| 02/01/2012 | 47 | DECLARATION of Carmine D. Boccuzzi in Opposition re: 45 MOTION Renewed Motion for Specific Performance of the Equal Treatment Provision.. Document filed by The Republic of Argentina. (Attachments: # 1 Exhibits A-F, # 2 Exhibit G)(Moore, Christopher) (Entered: 02/01/2012) |
| --- | --- | --- |
| 02/01/2012 | 48 | DECLARATION of Matias Isasa in Opposition re: 45 MOTION Renewed Motion for Specific Performance of the Equal Treatment Provision.. Document filed by The Republic of Argentina. (Moore, Christopher) (Entered: 02/01/2012) |
| 02/01/2012 | 49 | MEMORANDUM OF LAW in Opposition re: 45 MOTION Renewed Motion for |

A-3190

| | | Specific Performance of the Equal Treatment Provision.. Document filed by The Republic of Argentina. (Moore, Christopher) (Entered: 02/01/2012) |
|---|---|---|
| 02/10/2012 | 50 | JOINDER to join *(Plaintiffs' Joinder In The Reply Brief In Support Of The Renewed Motion Of NML Capital, Ltd. For Specific Enforcement Of The Equal Treatment Provision And A Preliminary Injunction)*. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez.(Spencer, Michael) (Entered: 02/10/2012) |
| 02/23/2012 | 51 | ORDER: granting 45 Motion. That upon consideration of Plaintiffs' renewed motion, the response of the Republic of Argentina (the "Republic") thereto, Plaintiffs' reply, and all other arguments submitted to the Court in the parties' papers and at oral argument, it is HEREBY ORDERED that: It is DECLARED, ADJUDGED, and DECREED that Plaintiffs are irreparably banned by and have no adequate remedy at law for the Republic's ongoing violations of Paragraph 1(c) of the FAA, and that the equities and public interest strongly support issuance of equitable relief to prevent the Republic from further violating Paragraph I (c) of the FAA in the manner that is set forth in Paragraphs 1(a-d) of this Order. The Republic accordingly is permanently ORDERED to specifically perform its obligations to Plaintiffs under Paragraph 1 (c) of the FAA in the manner that is set forth in Paragraphs 2(a-f) of this Order. Plaintiffs shall be entitled to discovery to confirm the timing and amounts of the Republic's payments under the terms of the Exchange Bonds; the amounts the Republic owes on these and other obligations; and such other information as appropriate to confirm compliance with this ORDER.The Republic is permanently PROHIBITED from taking action to evade the directives of this ORDER, render it ineffective, or to take any steps to diminish the Court's ability to supervise compliance with the ORDER, including, but not limited to, altering or amending the processes or specific transfer mechanisms by which it makes payments on the Exchange Bonds, without obtaining prior approval of the Court. (Signed by Judge Thomas P. Griesa on 2/23/2012) (pl) (Entered: 02/23/2012) |
| 03/05/2012 | 52 | ORDER PURSUANT TO FRCP 62(C). It is HEREBY ORDERED that: 1. Pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, the effect of the February 23, 2012 Orders is stayed until the U.S. Court of Appeals for the Second Circuit has issued its mandate disposing of the Republic's appeal of the February 23, 2012 Orders. 2. To secure Plaintiffs' rights during the pendency of the Republic's appeals of the February 23, 2012 Orders to the Second Circuit, it is ordered that the Republic shall not during the pendency of the appeal to the Second Circuit take any action to evade the directives of the February 23, 2012 Orders in the event they are affirmed, render them ineffective in the event they are affirmed, or diminish the Court's ability to supervise compliance with the February 23, 2012 Orders in the event they are affirmed, including without limitation, altering or amending the processes or specific transfer mechanisms by which it makes payments on the Exchange Bonds, without prior approval of the Court. 3. With consent of the Plaintiffs and on terms agreeable to the parties, the Republic shall file a motion in the Second Circuit requesting that the court of appeals accord the Republic's forthcoming appeal of the February 23, 2012 Orders expedited treatment in accordance |

A-3191

with a schedule agreed upon by the parties. 4. This Court shall retain jurisdiction to monitor and enforce this ORDER, and, on notice to the parties, to modify, amend, or extend it as justice requires to achieve its equitable purposes and to account for materially changed circumstances, including any failure by the Republic to abide by Paragraph (2) herein. (Signed by Judge Thomas P. Griesa on 3/5/2012) (rjm) (Entered: 03/06/2012)

| 03/06/2012 | 53 | NOTICE OF APPEAL from 44 Order on Motion for Partial Summary Judgment,,, 51 Order on Motion for Miscellaneous Relief,,,,,,. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. Document filed by The Republic of Argentina. Filing fee $ 455.00, receipt number 0208-7259155. (Blackman, Jonathan) (Entered: 03/06/2012) |
| 03/06/2012 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 53 Notice of Appeal,. (nd) (Entered: 03/06/2012) |
| 03/06/2012 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 42 Answer to Amended Complaint filed by The Republic of Argentina, 38 Memorandum of Law in Opposition to Motion filed by The Republic of Argentina, 37 Declaration in Opposition to Motion, filed by The Republic of Argentina, 2 Summons Returned Executed, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Lila Ines Burgueno, Maria Evangelina Carballo, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Leandro Daniel Pomilio, Maria Elena Corral, Pablo Alberto Varela, 32 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 16 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 5 Certificate of Service Other filed by The Republic of Argentina, 24 MOTION for Partial Summary Judgment And Injunctive Relief Pursuant To The Equal Treatment Provision. filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 19 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 44 Order on Motion for Partial Summary Judgment, 31 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 26 |

A-3192

Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 7 MOTION for Summary Judgment On Principal And Interest And To Strike Defendant's Requests For Discovery. filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 9 MOTION to Amend/Correct 1 Complaint, MOTION to Amend/Correct 1 Complaint, MOTION to Amend/Correct 1 Complaint, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 17 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 11 Rule 56.1 Statement, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 20 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 34 Memorandum of Law in Opposition to Motion filed by The Republic of Argentina, 10 MOTION for Summary Judgment And Injunctive Relief Pursuant To The Equal Treatment Provision. filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 27 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 12 MOTION for Partial Summary Judgment On Principal And Interest And To Strike Defendant's Requests For Discovery. filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 3 Notice of Case Assignment/Reassignment, 39 Certificate of Service Other filed by The Republic of Argentina, 21 MOTION to Amend/Correct 1 Complaint, MOTION to Amend/Correct 1 Complaint, filed by Norma Haydee Gines, Susana

A-3193

Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, <u>30</u> Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, <u>36</u> Counter Statement to Rule 56.1 filed by The Republic of Argentina, <u>40</u> Order on Motion to Amend/Correct, <u>29</u> Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, <u>13</u> Memorandum of Law in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, <u>22</u> Memorandum of Law in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, <u>33</u> Stipulation and Order, <u>18</u> Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, <u>4</u> Answer to Complaint filed by The Republic of Argentina, <u>45</u> MOTION Renewed Motion for Specific Performance of the Equal Treatment Provision. filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, <u>25</u> Memorandum of Law in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, <u>46</u> Notice of Appeal, filed by The Republic of Argentina, <u>15</u> Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, <u>8</u> Rule 56.1 Statement, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, <u>6</u> Order, <u>14</u> Declaration in Support of Motion, filed by Norma Haydee Gines,

A-3194

Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, <u>35</u> Declaration in Opposition to Motion filed by The Republic of Argentina, <u>23</u> Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, <u>1</u> Complaint, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, <u>41</u> Amended Complaint, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, <u>28</u> Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, <u>43</u> Certificate of Service Other filed by The Republic of Argentina, <u>47</u> Declaration in Opposition to Motion, filed by The Republic of Argentina, <u>49</u> Memorandum of Law in Opposition to Motion filed by The Republic of Argentina, <u>53</u> Notice of Appeal, filed by The Republic of Argentina, <u>48</u> Declaration in Opposition to Motion filed by The Republic of Argentina, <u>52</u> Order,,,,,, <u>51</u> Order on Motion for Miscellaneous Relief,,,,,, <u>50</u> Joinder,, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Lila Ines Burgueno, Maria Evangelina Carballo, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Leandro Daniel Pomilio, Maria Elena Corral, Pablo Alberto Varela were transmitted to the U.S. Court of Appeals. (nd) (Entered: 03/06/2012)

| 03/07/2012 | <u>54</u> | OPINION AND ORDER #101528: re: <u>12</u> MOTION for Partial Summary Judgment *On Principal And Interest And To Strike Defendant's Requests For Discovery*. filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Lila Ines Burgueno, Maria Evangelina Carballo, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Leandro Daniel Pomilio, Maria Elena Corral, Pablo Alberto Varela. The motion for partial summary judgment on Money Damages is granted. The parties shall consult with one another concerning the form of the judgments and the amounts of interest that should be awarded in the judgments. If the parties are able to reach agreement on those subjects, they shall jointly submit agreed proposed judgments to the Court. If the parties are unable to reach agreement on those subjects, plaintiff shall submit proposed judgments to the Court, and the Republic shall submit any objections to the proposed judgments within five business days thereafter. The Court will then resolve any remaining disagreements. Proposed judgments submitted to the Court should include the following |

A-3195

| | | |
|---|---|---|
| | | language: "It is further ORDERED that, until further notice from the Court, plaintiff(s) must refrain from selling or otherwise transferring their beneficial interest in the bond(s) involved in this action without advising the Court in advance and obtaining permission of the Court." (Signed by Judge Thomas P. Griesa on 3/7/2012) (jfe) Modified on 3/16/2012 (eef). (Entered: 03/07/2012) |
| 11/14/2012 | 55 | SUPPLEMENTAL MEMORANDUM OF LAW in Support re: 45 MOTION Renewed Motion for Specific Performance of the Equal Treatment Provision.. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Spencer, Michael) (Entered: 11/14/2012) |
| 11/14/2012 | 56 | DECLARATION of Robert A. Cohen in Support re: 45 MOTION Renewed Motion for Specific Performance of the Equal Treatment Provision.. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Exhibit Z, # 27 Exhibit AA, # 28 Exhibit BB, # 29 Exhibit CC, # 30 Exhibit DD, # 31 Exhibit EE, # 32 Exhibit FF, # 33 Exhibit GG, # 34 Exhibit HH, # 35 Exhibit II, # 36 Exhibit JJ, # 37 Exhibit KK, # 38 Exhibit LL, # 39 Exhibit MM, # 40 Exhibit NN, # 41 Exhibit OO, # 42 Exhibit PP, # 43 Exhibit QQ, # 44 Exhibit RR, # 45 Exhibit SS, # 46 Exhibit TT)(Spencer, Michael) (Entered: 11/14/2012) |
| 11/16/2012 | 57 | NOTICE OF APPEARANCE by Eric P Heichel on behalf of Depository Trust Company, Cede & Co. (Heichel, Eric) (Entered: 11/16/2012) |
| 11/16/2012 | 58 | BRIEF *AMICUS BRIEF OF DUANE MORRIS INDIVIDUAL PLAINTIFFS*. Document filed by Duane Morris Individual Plaintiffs.(Costantini, Anthony) (Entered: 11/16/2012) |
| 11/16/2012 | 59 | DECLARATION of Carmine D. Boccuzzi, dated November 16, 2012 in Opposition re: 45 MOTION Renewed Motion for Specific Performance of the Equal Treatment Provision.. Document filed by The Republic of Argentina. (Attachments: # 1 Exhibit A-F, # 2 Exhibit G-L, # 3 Exhibit M-P, # 4 Exhibit Q-T, # 5 Exhibit U Part 1, # 6 Exhibit U Part 2, # 7 Exhibit U Part 3, # 8 Exhibit V-W, # 9 Exhibit X-CC)(Boccuzzi, Carmine) (Entered: 11/16/2012) |
| 11/16/2012 | 60 | DECLARATION of Francisco Guillermo Eggers, Dated November 16, 2012 in Opposition re: 45 MOTION Renewed Motion for Specific Performance of the Equal Treatment Provision.. Document filed by The Republic of Argentina. (Boccuzzi, |

A-3196

| | | |
|---|---|---|
| | | Carmine) (Entered: 11/16/2012) |
| 11/16/2012 | 61 | MEMORANDUM OF LAW in Opposition re: 45 MOTION Renewed Motion for Specific Performance of the Equal Treatment Provision.. Document filed by The Republic of Argentina. (Boccuzzi, Carmine) (Entered: 11/16/2012) |
| 11/20/2012 | 62 | REPLY MEMORANDUM OF LAW in Support re: 45 MOTION Renewed Motion for Specific Performance of the Equal Treatment Provision.. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Spencer, Michael) (Entered: 11/20/2012) |
| 11/20/2012 | 63 | DECLARATION of Kevin S. Reed in Support re: 45 MOTION Renewed Motion for Specific Performance of the Equal Treatment Provision.. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U)(Spencer, Michael) (Entered: 11/20/2012) |
| 11/26/2012 | 64 | ORDER WHEREAS Plaintiffs have filed a motion for equitable relief as a remedy for such violations pursuant to Rule 65(d) of the Federal Rules of Civil Procedure and the Court's inherent equitable powers. Upon consideration of Plaintiffs' motion, the response of the Republic of Argentina 2769325.1(the "Republic") thereto, Plaintiffs' reply, and all other arguments submitted to the Court in the parties' papers and at oral argument, it is HEREBY ORDERED that: 1. It is DECLARED, ADJUDGED, and DECREED that Plaintiffs are irreparably harmed by and have no adequate remedy at law for the Republic's ongoing violations of Paragraph 1 (c) of the FAA, and that the equities and public interest strongly support issuance of equitable relief to prevent the Republic from further violating Paragraph 1 (c) of the FAA, as set forth herein. (Signed by Judge Thomas P. Griesa on 11/21/2012) (djc) (Entered: 11/26/2012) |
| 11/26/2012 | 65 | ORDER CONCERNING THE MARCH 5, 2012 ORDER re: (140 in 1:10-cv-03970-TPG). For the reasons stated in the Court's two opinions dated November 21, 2012, in the NML Capital, Ltd. v. The Republic of Argentina cases, Nos. 08 Civ. 6978, 09 Civ. 1707, and 09 Civ. 1708, which are incorporated herein, it is HEREBY ORDERED that: The provision in the March 5, 2012 Order staying the carrying out of the February 23, 2012 Orders is vacated and it is directed that the February 23, 2012 Orders, as now somewhat modified, are to be carried out forthwith. This means that the February 23, 2012 Orders will be applicable to the interest payments made to exchange bondholders in December 2012. In order to avoid confusion and to give some reasonable time to arrange mechanics, the Court specifies that the precise interest payment involved will be that of December 15, 2012. Counsel for Argentina is directed to consult with counsel for plaintiffs in order to arrive at the exact amount to be paid to |

A-3197

|  |  | plaintiffs and other mechanics. Since the Court of Appeals has not finally spoken on the subject of the calculation of the payment to plaintiffs, such payment is to be made into an escrow account, so that any adjustments required by the final Court of Appeals' ruling can be made. The Court will consult with counsel about the proper party or institution to hold the escrow account. Copies of this Order, together with copies of the Amended February 23, 2012 Orders, such amendments to be dated as of this date, will be promptly provided to the parties involved in payments to exchange bondholders, who will be on notice that the December 15, 2012 interest payments due to exchange bondholders cannot be made unless Argentina certifies that it is making the appropriate payment for the benefit of plaintiffs to the escrow account, either in advance of or concurrent with any payment to exchange bondholders. (Signed by Judge Thomas P. Griesa on 11/21/2012) (djc) (Entered: 11/27/2012) |
|---|---|---|
| 12/20/2012 | 66 | MOTION to Compel. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez.(Spencer, Michael) (Entered: 12/20/2012) |
| 12/20/2012 | 67 | DECLARATION of Robert A. Cohen in Support re: 66 MOTION to Compel.. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Spencer, Michael) (Entered: 12/20/2012) |
| 12/20/2012 | 68 | MEMORANDUM OF LAW in Support re: 66 MOTION to Compel.. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Spencer, Michael) (Entered: 12/20/2012) |
| 12/24/2012 | 69 | MOTION to Compel. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez.(Spencer, Michael) (Entered: 12/24/2012) |
| 12/24/2012 | 70 | MEMORANDUM OF LAW in Support re: 69 MOTION to Compel.. Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Spencer, Michael) (Entered: 12/24/2012) |
| 12/24/2012 | 71 | DECLARATION of Daniel B. Rapport in Support re: 69 MOTION to Compel.. |

A-3198

| | | Document filed by Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. (Attachments: # 1 Exhibit 1-10, # 2 Exhibit 11-20, # 3 Exhibit 21-30, # 4 Exhibit 31-40, # 5 Exhibit 41-45)(Spencer, Michael) (Entered: 12/24/2012) |
|---|---|---|
| 01/02/2013 | 72 | MOTION to Quash Subpoena, dated November 26, 2012 of Cleary Gottlieb Steen & Hamilton LLP , *dated January 2, 2013*. Document filed by The Republic of Argentina. (Boccuzzi, Carmine) (Entered: 01/02/2013) |
| 01/02/2013 | 73 | DECLARATION of Carmine D. Boccuzzi, dated January 2, 2013 re: 66 MOTION to Compel., 72 MOTION to Quash Subpoena, dated November 26, 2012 of Cleary Gottlieb Steen & Hamilton LLP , *dated January 2, 2013*.. Document filed by The Republic of Argentina. (Attachments: # 1 Exhibits A-L, # 2 Exhibits M-W)(Boccuzzi, Carmine) (Entered: 01/02/2013) |
| 01/02/2013 | 74 | MEMORANDUM OF LAW re: 66 MOTION to Compel., 72 MOTION to Quash Subpoena, dated November 26, 2012 of Cleary Gottlieb Steen & Hamilton LLP , *dated January 2, 2013*.. Document filed by The Republic of Argentina. (Boccuzzi, Carmine) (Entered: 01/02/2013) |
| 01/07/2013 | 75 | MOTION to Quash *Subpoenas, dated December 10, 2012*. Document filed by Euro Bondholders.(Hammel, Jeff) (Entered: 01/07/2013) |
| 01/07/2013 | 76 | MEMORANDUM OF LAW in Support re: 75 MOTION to Quash *Subpoenas, dated December 10, 2012*., 69 MOTION to Compel.. Document filed by Euro Bondholders. (Hammel, Jeff) (Entered: 01/07/2013) |
| 01/07/2013 | 77 | DECLARATION of Jeff G. Hammel in Support re: 75 MOTION to Quash *Subpoenas, dated December 10, 2012*., 69 MOTION to Compel.. Document filed by Euro Bondholders. (Attachments: # 1 Exhibit --Exhibits A-J)(Hammel, Jeff) (Entered: 01/07/2013) |
| 05/22/2013 | 78 | NOTICE OF APPEARANCE by Karen E Wagner on behalf of Citibank, N.A. (Wagner, Karen) (Entered: 05/22/2013) |
| 05/22/2013 | 79 | NOTICE OF APPEARANCE by James Loran Kerr on behalf of Citibank, N.A. (Kerr, James) (Entered: 05/22/2013) |
| 05/22/2013 | 80 | NOTICE OF APPEARANCE by Lindsey Taylor Knapp on behalf of Citibank, N.A. (Knapp, Lindsey) (Entered: 05/22/2013) |
| 05/22/2013 | 81 | MOTION Clarification *of November 21, 2012 Orders*. Document filed by Citibank, N.A..(Wagner, Karen) (Entered: 05/22/2013) |
| 05/22/2013 | 82 | MEMORANDUM OF LAW in Support re: 81 MOTION Clarification *of November 21, 2012 Orders*.. Document filed by Citibank, N.A.. (Wagner, Karen) (Entered: 05/22/2013) |

| 05/22/2013 | 83 | DECLARATION of Federico Elewaut in Support re: 81 MOTION Clarification *of November 21, 2012 Orders*.. Document filed by Citibank, N.A.. (Wagner, Karen) (Entered: 05/22/2013) |
| 05/22/2013 | 84 | DECLARATION of Manuel Beccar Varela in Support re: 81 MOTION Clarification *of November 21, 2012 Orders*.. Document filed by Citibank, N.A.. (Wagner, Karen) (Entered: 05/22/2013) |
| 05/22/2013 | 85 | DECLARATION of Maximiliano D'Auro in Support re: 81 MOTION Clarification *of November 21, 2012 Orders*.. Document filed by Citibank, N.A.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E Part 1, # 6 Exhibit E Part 2, # 7 Exhibit E Part 3, # 8 Exhibit E Part 4, # 9 Exhibit F Part 1, # 10 Exhibit F Part 2, # 11 Exhibit F Part 3, # 12 Exhibit F Part 4)(Wagner, Karen) (Entered: 05/22/2013) |
| 05/24/2013 | 86 | ORDER: A non-party Citibank N.A. ("Citibank") filed a motion, and summarized the substance of that motion in a letter of May 23,2013. Plaintiffs sent a letter to the court on the same day opposing the application of Citibank. Citibank replied with a further letter on that date. Citibank asserts that it needs clarification as to its obligations in the event that the Court of Appeals affirms the District Court's November 21, 2012 rulings. The District Court declines to make any further comment on matters now before the Court of Appeals. What further ruling or action is required from the District Court will obviously depend on the holding from the Court of Appeals. No more can be said at this time. (Signed by Judge Thomas P. Griesa on 5/24/2013) (js) Modified on 5/24/2013 (js). (Entered: 05/24/2013) |
| 06/11/2013 | 87 | NOTICE OF CHANGE OF ADDRESS by Gary Steven Snitow on behalf of Teresa Munoz De Corral, Susana Aquerreta, Lila Ines Burgueno, Maria Evangelina Carballo, Maria Elena Corral, Mirta Susana Dieguez, Norma Haydee Gines, Carmen Irma Lavorato, Norma Elsa Lavorato, Leandro Daniel Pomilio, Pablo Alberto Varela, Cesar Ruben Vazquez, Marta Azucena Vazquez. New Address: Snitow, Kanfer & Holtzer, 575 Lexington Avenue, 14th Floor, New York, NY, USA 10022, 212-317-8500. (Snitow, Gary) (Entered: 06/11/2013) |
| 07/09/2013 | 88 | MANDATE of USCA (Certified Copy) as to 46 Notice of Appeal, filed by The Republic of Argentina USCA Case Number 12-185. By Opinion dated October 26, 2012, in the above-captioned matter, this Court directed the Clerk's Office to dismiss the following appeals: 12-105, 12-109, 12-111, 12-157, 12-158, 12-163, 12-164, 12-170, 12-176, 12-185, 12-189, and 12-214. IT IS HEREBY ORDERED that 12-105, 12-109, 12-111, 12-157, 12-158, 12-163, 12-164, 12-170, 12-176, 12-185, 12-189, and 12-214 are dismissed *nunc pro tunc* to October 26, 2012. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 07/09/2013. (Attachments: # 1 October 26, 2012 Opinion)(nd) (Entered: 07/10/2013) |
| 09/27/2013 | 89 | ORDER: For this reason, the court believes that the discovery requests should be set aside. Plaintiffs' motions to compel compliance are denied, and the non-parties' motions to quash the subpoenas are granted, all on the conditions described below. Plaintiffs have a right to make new discovery requests based on current circumstances, if they feel |

A-3200

| | | |
|---|---|---|
| | | it is appropriate to do so. Cleary and the Euro Bondholders have a right to respond in the manner they deem appropriate. This order resolves the motions located at Doc. Nos. 42, 45, 48, and 51 (in case 10cv9587). SO ORDERED. (Signed by Judge Thomas P. Griesa on 9/27/2013) (ama) (Entered: 09/27/2013) |
| 10/03/2013 | 90 | OPINION: The significant point is that counsel for the Republic does not deny the factual allegations in plaintiffs' September 11, 2013 letter. In fact, there is a new problem that goes beyond the circumstances known as of the time of the March 5, 2012 order. Plaintiffs are surely within their rights to seek a remedy for this new problem. They do so in appropriate provisions in the proposed order. The court will sign the proposed order. SO ORDERED. (Signed by Judge Thomas P. Griesa on 10/03/2013) (ama) (Entered: 10/03/2013) |
| 10/03/2013 | 91 | ORDER: IT IS HEREBY: (1.)DECLARED that the Anti-Evasion Injunction of the March 5 Order has been and remains continuously in full force and effect. (2.) ORDERED that the Republic shall not-either directly or through any representative, agent, instrumentality, political subdivision, or other person or entity acting on behalf of the Republic-take any action to attempt to evade the purposes and directives of the Amended February 23 Orders, attempt to render those Orders ineffective, or attempt to diminish the Court's ability to supervise compliance with the Amended February 23 Orders, including without limitation, altering or amending the processes or specific transfer mechanisms by which it makes payments on the Exchange Bonds, without prior approval of the Court. This paragraph shall remain in effect during the pendency of any petition to the United States Supreme Court for a writ of certiorari with respect to the October 26 Opinion or the August 23 Opinion, any proceeding on the merits in the United States Supreme Court, and any proceedings on remand,unless a further order of the Court states otherwise. And as set forth herein. This Court shall retain jurisdiction to monitor and enforce this ORDER, and, on notice to the parties, to modify, amend, or extend it as justice requires to achieve its equitable purposes and to account for materially changed circumstances, including any failure by the Republic to abide by the terms of the ORDER. (Signed by Judge Thomas P. Griesa on 10/03/2013) (ama) (Entered: 10/03/2013) |
| 11/01/2013 | 92 | NOTICE OF APPEAL from 91 Order,,,,,,. Document filed by The Republic of Argentina. Filing fee $ 455.00, receipt number 0208-9040865. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Blackman, Jonathan) (Entered: 11/01/2013) |
| 11/04/2013 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 92 Notice of Appeal. (tp) (Entered: 11/04/2013) |
| 11/04/2013 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 42 Answer to Amended Complaint filed by The Republic of Argentina, 38 Memorandum of Law in Opposition to Motion filed by The Republic of Argentina, 37 Declaration in Opposition to Motion, filed by The Republic of Argentina, 2 Summons Returned Executed, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Lila Ines Burgueno, Maria Evangelina Carballo, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, |

A-3201

Norma Elsa Lavorato, Leandro Daniel Pomilio, Maria Elena Corral, Pablo Alberto Varela, 32 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 16 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 5 Certificate of Service Other filed by The Republic of Argentina, 24 MOTION for Partial Summary Judgment And Injunctive Relief Pursuant To The Equal Treatment Provision. filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 19 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 44 Order on Motion for Partial Summary Judgment, 31 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 26 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 7 MOTION for Summary Judgment On Principal And Interest And To Strike Defendant's Requests For Discovery. filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 9 MOTION to Amend/Correct 1 Complaint, MOTION to Amend/Correct 1 Complaint, MOTION to Amend/Correct 1 Complaint, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 17 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 11 Rule 56.1 Statement, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De

A-3202

Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 20 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 34 Memorandum of Law in Opposition to Motion filed by The Republic of Argentina, 10 MOTION for Summary Judgment And Injunctive Relief Pursuant To The Equal Treatment Provision. filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 27 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 12 MOTION for Partial Summary Judgment On Principal And Interest And To Strike Defendant's Requests For Discovery filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 3 Notice of Case Assignment/Reassignment, 39 Certificate of Service Other filed by The Republic of Argentina, 21 MOTION to Amend/Correct 1 Complaint, MOTION to Amend/Correct 1 Complaint, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 30 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 36 Counter Statement to Rule 56.1 filed by The Republic of Argentina, 40 Order on Motion to Amend/Correct, 29 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 13 Memorandum of Law in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 22 Memorandum of Law in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio,

A-3203

Pablo Alberto Varela, <u>33</u> Stipulation and Order, <u>18</u> Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, <u>4</u> Answer to Complaint filed by The Republic of Argentina, <u>45</u> MOTION Renewed Motion for Specific Performance of the Equal Treatment Provision. filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, <u>25</u> Memorandum of Law in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, <u>46</u> Notice of Appeal, filed by The Republic of Argentina, <u>15</u> Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, <u>8</u> Rule 56.1 Statement, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, <u>6</u> Order, <u>14</u> Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, <u>35</u> Declaration in Opposition to Motion filed by The Republic of Argentina, <u>23</u> Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, <u>1</u> Complaint, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, <u>41</u> Amended Complaint, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, <u>28</u> Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, <u>43</u> Certificate of Service Other filed by The Republic of Argentina, <u>47</u>

A-3204

Declaration in Opposition to Motion, filed by The Republic of Argentina, 49
Memorandum of Law in Opposition to Motion filed by The Republic of Argentina, 53
Notice of Appeal, filed by The Republic of Argentina, 48 Declaration in Opposition to
Motion filed by The Republic of Argentina, 52 Order, 51 Order on Motion for
Miscellaneous Relief, 50 Joinder, filed by Norma Haydee Gines, Susana Aquerreta,
Cesar Ruben Vazquez, Carmen Irma Lavorato, Lila Ines Burgueno, Maria Evangelina
Carballo, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez,
Norma Elsa Lavorato, Leandro Daniel Pomilio, Maria Elena Corral, Pablo Alberto
Varela, 60 Declaration in Opposition to Motion filed by The Republic of Argentina, 82
Memorandum of Law in Support of Motion filed by Citibank, N.A., 87 Notice of
Change of Address, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben
Vazquez, Carmen Irma Lavorato, Lila Ines Burgueno, Maria Evangelina Carballo, Mirta
Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa
Lavorato, Leandro Daniel Pomilio, Maria Elena Corral, Pablo Alberto Varela, 59
Declaration in Opposition to Motion, filed by The Republic of Argentina, 84 Declaration
in Support of Motion filed by Citibank, N.A., 81 MOTION Clarification *of November
21, 2012 Orders* filed by Citibank, N.A., 65 Order, 88 USCA Mandate, 75
MOTION to Quash *Subpoenas, dated December 10, 2012* filed by Euro
Bondholders, 66 MOTION to Compel filed by Norma Haydee Gines, Susana
Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo,
Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena
Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo
Alberto Varela, 79 Notice of Appearance filed by Citibank, N.A., 90 Memorandum &
Opinion, 78 Notice of Appearance filed by Citibank, N.A., 72 MOTION to Quash
Subpoena, dated November 26, 2012 of Cleary Gottlieb Steen & Hamilton LLP *,
dated January 2, 2013*. filed by The Republic of Argentina, 53 Notice of Appeal, filed
by The Republic of Argentina, 71 Declaration in Support of Motion, filed by Norma
Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato,
Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz
De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral,
Leandro Daniel Pomilio, Pablo Alberto Varela, 86 Order, 61 Memorandum of Law in
Opposition to Motion filed by The Republic of Argentina, 89 Order, 77 Declaration in
Support of Motion filed by Euro Bondholders, 69 MOTION to Compel filed by Norma
Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato,
Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz
De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral,
Leandro Daniel Pomilio, Pablo Alberto Varela, 80 Notice of Appearance filed by
Citibank, N.A., 54 Memorandum & Opinion, 64 Order, 73 Declaration, filed by The
Republic of Argentina, 62 Reply Memorandum of Law in Support of Motion, filed by
Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma
Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez,
Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena
Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 85 Declaration in Support of
Motion, filed by Citibank, N.A., 67 Declaration in Support of Motion, filed by Norma
Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato,

A-3205

Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 58 Brief filed by Duane Morris Individual Plaintiffs, 55 Memorandum of Law in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 76 Memorandum of Law in Support of Motion filed by Euro Bondholders, 83 Declaration in Support of Motion filed by Citibank, N.A., 91 Order, 92 Notice of Appeal filed by The Republic of Argentina, 70 Memorandum of Law in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 68 Memorandum of Law in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 63 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 56 Declaration in Support of Motion, filed by Norma Haydee Gines, Susana Aquerreta, Cesar Ruben Vazquez, Carmen Irma Lavorato, Maria Evangelina Carballo, Lila Ines Burgueno, Mirta Susana Dieguez, Teresa Munoz De Corral, Marta Azucena Vazquez, Norma Elsa Lavorato, Maria Elena Corral, Leandro Daniel Pomilio, Pablo Alberto Varela, 74 Memorandum of Law filed by The Republic of Argentina, 57 Notice of Appearance filed by Depository Trust Company, Cede & Co., were transmitted to the U.S. Court of Appeals. (tp) (Entered: 11/04/2013)

| 11/20/2013 | 93 | ORDER: On November 1, 2013, the Republic of Argentina filed a notice of appeal regarding an order issued by the court on October 3, 2013. Plaintiffs now ask the court to docket the following letters so that the Second Circuit will have a full record of the communications related to the October 3, 2013 order: a letter dated August 30, 2013, from Robert A. Cohen to the court; a letter dated September 11, 2013, from Robert A. Cohen to the court; a letter dated September 19, 2013, from Carmine D. Boccuzzi, Jr. to the court; a letter dated September 19, 2013, from Robert A. Cohen to the court.The court respectfully orders the clerk of the court to docket the enclosed letters. (Signed by Judge Thomas P. Griesa on 11/20/2013) (Attachments: # 1 Attachment 1, # 2 Attachment 2, # 3 Attachment 3, # 4 Attachment 4)(tn) (Entered: 11/21/2013) |
| 12/11/2013 | 94 | MANDATE of USCA (Certified Copy) as to 53 Notice of Appeal, filed by The Republic of Argentina USCA Case Number 12-919. It is hereby Ordered, Adjudged and Decreed that the order of the District Court is AFFIRMED in accordance with the opinion of this court. It is further ordered that the appeal docket numbers 12-4694 and |

A-3206

| | | |
|---|---|---|
| | | 12-4865 are dismissed. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 12/11/2013. (Attachments: # 1 Opinion)(nd) (Entered: 12/12/2013) |
| 06/18/2014 | 95 | ORDER of USCA (Certified Copy) USCA Case Number 12-105(L). By Opinion dated August 23, 2013, the Court affirmed the district court's orders, as amended and stayed enforcement of the amended injunctions pending the resolution by the Supreme Court of a timely petition for a writ of certiorari. The mandate issued on December 11, 2013, following denial of the petitions for panel and en banc rehearing. The Supreme Court denied the petition for writ of certiorari on June 16, 2014. IT IS HEREBY ORDERED that the August 23, 2013 stay of enforcement of the amended injunctions is lifted.Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 06/18/2014. (nd) (Entered: 06/19/2014) |
| 06/20/2014 | 96 | ORDER. 1. In his June 17, 2014 speech, Argentina's Economy Minister Axel Kicillof proposed that Argentina initiate steps to carry out a debt exchange to pay the exchange bondholders in Argentina under Argentine law. 2. This court rules that the above proposal of the Economy Minister is in violation of the rulings and procedures now in place in the Southern District of New York, and the Republic of Argentina is prohibited from carrying out the proposal of the Economy Minister. (Signed by Judge Thomas P. Griesa on 6/20/2014) (rjm) (Entered: 06/20/2014) |
| 06/23/2014 | 97 | ORDER FOR APPOINTMENT OF SPECIAL MASTER: 1. The Court hereby appoints Daniel A. Pollack, 245 Park Avenue, New York City, as Special Master to conduct and preside over settlement negotiations between and among the parties to this litigation. 2. The Special Master may conduct and preside over such negotiations publicly or in camera, in whole or in part, and shall also be empowered to confer with the parties ex parte in his sole discretion. 3. The Special Master is not expected to file a report of the negotiations, but shall have the right to confer with the Court at such times and in such manner as he deems necessary and appropriate in his sole discretion. The Special Master shall not displace the Court in any respect and shall have no responsibility for or power to make any rulings of any kind in this litigation. 4. The Special Master shall have the right to use such other support persons (both lawyer and non-lawyer) to assist him in the carrying out of his responsibilities as he deems necessary and appropriate in his sole discretion. 5. The compensation of the Special Master, including fees and expenses incurred by him and others who assist him, shall be the responsibility of (a) the Republic of Argentina and (b) Elliot Capital Management and Aurelius Capital Management, and shall be borne equally between these two sides. All invoices of the Special Master shall be due and payable when rendered and the parties are instructed by the Court to pay all such invoices promptly. 6. The parties are instructed to give full co-operation to the Special Master in all respects in the negotiations and to provide the Special Master promptly with any and all information he may appropriately request and any and all logistical assistance which he may request. 7. The Court expressly finds that, in view of the limited scope of this appointment, except as expressly set forth in this Order the provisions of Rule 53 of the Federal Rules of Civil Procedure shall be of no applicability to this appointment and compliance therewith |

A-3207

shall not be required of the Special Master. (Signed by Judge Thomas P. Griesa on 6/23/2014) (kgo) (Entered: 06/23/2014)

| 06/23/2014 | 98 | LETTER addressed to Judge Thomas P. Griesa from Carmine D. Boccuzzi dated June 23, 2014 re: following up on report to the Court, etc.. Document filed by The Republic of Argentina.(Boccuzzi, Carmine) (Entered: 06/23/2014) |
| --- | --- | --- |
| 06/26/2014 | 99 | ORDER. In a letter dated June 23, 2014, and in a letter dated today, counsel for the Republic requests that the court stay certain injunctive relief. Such a request is not appropriate. The injunctive relief ordered by the court (dealing with the pari passu issue) does not even come into play unless the Republic makes payments to the exchange bondholders. The court has no control over whether or not the Republic makes such payments. A Special Master has been appointed to assist settlement negotiations. It is the understanding of the court that such negotiations will include the handling of any further payments due to exchange bondholders. The stay that is requested is denied. So ordered. (Signed by Judge Thomas P. Griesa on 6/26/2014) (rjm) (Entered: 06/26/2014) |
| 06/27/2014 | 104 | ORDER CLARIFYING AMENDED FEBRUARY 23, 2012 ORDERS. UPON consideration of Citibank, N.A.'s motion for clarification or modification, plaintiffs' opposition thereto, and all other arguments submitted to the Court in the parties' papers and at oral argument, it is hereby: 1. CLARIFIED that this Court's Amended February 23, 2012 Orders do not as a matter of law prohibit payments by Citibank, N.A.'s Argentine branch on Peso - and U.S. Dollar-denominated bonds - governed by Argentine law and payable in Argentina - that were issued by the Republic of Argentina in 2005 and 2010 to customers for whom it acts as custodian in Argentina. Granting 81 Motion. (Signed by Judge Thomas P. Griesa on 6/27/2014) (rjm) (Entered: 06/30/2014) |
| 06/29/2014 | 100 | MOTION for clarification . Document filed by Euro Bondholders.(Clark, Christopher) (Entered: 06/29/2014) |
| 06/29/2014 | 101 | DECLARATION of Christopher J. Clark in Support re: 100 MOTION for clarification .. Document filed by Euro Bondholders. (Clark, Christopher) (Entered: 06/29/2014) |
| 06/29/2014 | 102 | MEMORANDUM OF LAW in Support re: 100 MOTION for clarification . . Document filed by Euro Bondholders. (Clark, Christopher) (Entered: 06/29/2014) |
| 06/29/2014 | 103 | LETTER addressed to Judge Thomas P. Griesa from Christopher J. Clark dated June 29, 2014 re: clarification. Document filed by Euro Bondholders.(Clark, Christopher) (Entered: 06/29/2014) |
| 07/01/2014 | 105 | MEMORANDUM OF LAW in Support *of Citibank N.A.'s Renewed Motion by Order to Show Cause for Clarification or Modification 104* . Document filed by Citibank, N.A.. (Wagner, Karen) (Entered: 07/01/2014) |
| 07/01/2014 | 106 | DECLARATION of Karen E. Wagner in Support. Document filed by Citibank, N.A.. (Wagner, Karen) (Entered: 07/01/2014) |

A-3208

| 07/02/2014 | 107 | LETTER addressed to Judge Thomas P. Griesa from Eric A. Schaffer dated July 1, 2014 Document filed by The Bank of New York Mellon.(Schaffer, Eric) (Entered: 07/02/2014) |
| --- | --- | --- |
| 07/02/2014 | 108 | LETTER addressed to Judge Thomas P. Griesa from Christopher J. Clark dated July 2, 2014 re: briefing schedule for the Euro Bondholders' emergency motion for clarification. Document filed by Euro Bondholders.(Clark, Christopher) (Entered: 07/02/2014) |
| 07/03/2014 | 109 | LETTER addressed to Judge Thomas P. Griesa from Christopher J. Clark dated July 3, 2014 re: plaintiffs' proposed order. Document filed by Euro Bondholders.(Clark, Christopher) (Entered: 07/03/2014) |
| 07/07/2014 | 110 | NOTICE OF APPEARANCE by John Michael Vassos on behalf of Clearstream Banking, S.A.. (Vassos, John) (Entered: 07/07/2014) |
| 07/07/2014 | 111 | MOTION to Amend/Correct . Document filed by Clearstream Banking, S.A.. (Attachments: # 1 Text of Proposed Order)(Vassos, John) (Entered: 07/07/2014) |
| 07/07/2014 | 112 | DECLARATION of John M. Vassos in Support re: 111 MOTION to Amend/Correct .. Document filed by Clearstream Banking, S.A.. (Vassos, John) (Entered: 07/07/2014) |
| 07/07/2014 | 113 | MEMORANDUM OF LAW in Support re: 111 MOTION to Amend/Correct . . Document filed by Clearstream Banking, S.A.. (Vassos, John) (Entered: 07/07/2014) |
| 07/08/2014 | 114 | NOTICE OF APPEARANCE by Mary Christina Pennisi on behalf of Clearstream Banking, S.A.. (Pennisi, Mary) (Entered: 07/08/2014) |
| 07/09/2014 | 115 | LETTER addressed to Judge Thomas P. Griesa from Eric A. Schaffer dated 7/9/14 re: Expedited Briefing Schedule. Document filed by The Bank of New York Mellon. (Schaffer, Eric) (Entered: 07/09/2014) |
| 07/09/2014 | 116 | LETTER addressed to Judge Thomas P. Griesa from Andrea Likwornik Weiss dated 7/9/2014 re: Clarification of Orders. Document filed by JPMorgan Chase Bank, N.A.. (Attachments: # 1 Exhibit A)(Weiss, Andrea) (Entered: 07/09/2014) |
| 07/09/2014 | 117 | NOTICE OF APPEARANCE by Andrea Likwornik Weiss on behalf of JPMorgan Chase Bank, N.A.. (Weiss, Andrea) (Entered: 07/09/2014) |
| 07/09/2014 | 118 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent JPMorgan Chase & Co. for JPMorgan Chase Bank, N.A.. Document filed by JPMorgan Chase Bank, N.A..(Weiss, Andrea) (Entered: 07/09/2014) |
| 07/10/2014 | 119 | NOTICE OF APPEARANCE by Alan Howard Scheiner on behalf of JPMorgan Chase Bank, N.A.. (Scheiner, Alan) (Entered: 07/10/2014) |
| 07/10/2014 | 120 | MOTION *of Non-Party Bank of New York Mellon, as Indenture Trustee, for Clarfication of the Amended February 23, 2012 Orders*. Document filed by The Bank of New York Mellon.(Schaffer, Eric) (Entered: 07/10/2014) |
| 07/10/2014 | 121 | MEMORANDUM OF LAW in Support re: 120 MOTION *of Non-Party Bank of New York Mellon, as Indenture Trustee, for Clarfication of the Amended February 23, 2012 Orders.* . Document filed by The Bank of New York Mellon. |

| | | (Schaffer, Eric) (Entered: 07/10/2014) |
|---|---|---|
| 07/10/2014 | 122 | DECLARATION of Evan K. Farber in Support re: 120 MOTION *of Non-Party Bank of New York Mellon, as Indenture Trustee, for Clarification of the Amended February 23, 2012 Orders*.. Document filed by The Bank of New York Mellon. (Attachments: # 1 Exhibit A through E, # 2 Exhibit F through N)(Schaffer, Eric) (Entered: 07/10/2014) |
| 07/10/2014 | 123 | AFFIDAVIT OF SERVICE. Document filed by The Bank of New York Mellon. (Schaffer, Eric) (Entered: 07/10/2014) |
| 07/10/2014 | 124 | RESPONSE to Motion re: 100 MOTION for clarification . *Memorandum of Law in Response to Non-Parties Euro Bondholders' Emergency Motion for Clarification*. Document filed by The Bank of New York Mellon. (Attachments: # 1 Affidavit of Service)(Schaffer, Eric) (Entered: 07/10/2014) |
| 07/14/2014 | 125 | MOTION for Reconsideration re; 104 Order on Motion for Miscellaneous Relief,, *PLAINTIFFS NOTICE OF MOTION FOR PARTIAL RECONSIDERATION OF THE JUNE 27, 2014 ORDER GRANTING CITIBANK, N.A.s MOTION FOR CLARIFICATION OR MODIFICATION*. Document filed by Pablo Alberto Varela. (Spencer, Michael) (Entered: 07/14/2014) |
| 07/14/2014 | 126 | MEMORANDUM OF LAW in Support re: 125 MOTION for Reconsideration re; 104 Order on Motion for Miscellaneous Relief,, *PLAINTIFFS NOTICE OF MOTION FOR PARTIAL RECONSIDERATION OF THE JUNE 27, 2014 ORDER GRANTING CITIBANK, N.A.s MOTION FOR CLARIFICATION OR MODIFICATION*. . Document filed by Pablo Alberto Varela. (Spencer, Michael) (Entered: 07/14/2014) |
| 07/14/2014 | 127 | MEMORANDUM OF LAW in Support re: 100 MOTION for clarification . *(Correctea)*. Document filed by Euro Bondholders. (Clark, Christopher) (Entered: 07/14/2014) |
| 07/14/2014 | 128 | LETTER addressed to Judge Thomas P. Griesa from Christopher J. Clark dated July 14, 2014 re: briefing schedule. Document filed by Euro Bondholders.(Clark, Christopher) (Entered: 07/14/2014) |
| 07/16/2014 | 129 | ORDER. The court will hold a hearing on July 22, 2014 at 10:30 a.m. to consider the following motions, as docketed in No. 08 Civ. 6978: Motion for clarification filed by Euro Bondholders (Doc. No. 543). Motion for clarification filed by Euroclear Bank SA/NV (Doc. No. 553). Motion for clarification filed by Clearstream Banking S.A. (Doc. No. 564). Motion for clarification filed by Bank of New York Mellon (Doc. No. 577). Motion for partial reconsideration filed by NML Capital, Ltd., et al. (Doc. No. 585). Letter motion for clarification filed by JPMorgan Chase Bank, N.A. (not docketed). The court will consider any briefing on these motions submitted by July 21, 2014 at 2:00 p.m. (Hearing set for 7/22/2014 at 10:30 AM before Judge Thomas P. Griesa.), (Responses due by 7/21/2014. Replies due by 7/21/2014.) (Signed by Judge Thomas P. Griesa on 7/16/2014) (rjm) (Entered: 07/16/2014) |

A-3210

| 07/17/2014 | 130 | MEMORANDUM OF LAW in Opposition re: 125 MOTION for Reconsideration re; 104 Order on Motion for Miscellaneous Relief,, *PLAINTIFFS NOTICE OF MOTION FOR PARTIAL RECONSIDERATION OF THE JUNE 27, 2014 ORDER GRANTING CITIBANK, N.A.s MOTION FOR CLARIFICATION OR MODIFICATION.* . Document filed by Citibank, N.A.. (Wagner, Karen) (Entered: 07/17/2014) |
|---|---|---|
| 07/21/2014 | 131 | REPLY MEMORANDUM OF LAW in Support re: 111 MOTION to Amend/Correct . . Document filed by Clearstream Banking, S.A.. (Vassos, John) (Entered: 07/21/2014) |
| 07/21/2014 | 132 | MEMORANDUM OF LAW in Opposition re: 120 MOTION of Non-Party Bank of New York Mellon, as Indenture Trustee, for Clarification of the Amended February 23, 2012 Orders. *PLAINTIFFS MEMORANDUM OF LAW IN OPPOSITION TO THE BANK OF NEW YORK MELLONS MOTION FOR CLARIFICATION.* Document filed by Pablo Alberto Varela. (Spencer, Michael) (Entered: 07/21/2014) |
| 07/21/2014 | 133 | DECLARATION of CHARLES E. ENLOE in Opposition re: 120 MOTION of Non-Party Bank of New York Mellon, as Indenture Trustee, for Clarification of the Amended February 23, 2012 Orders.. Document filed by Pablo Alberto Varela. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Spencer, Michael) (Entered: 07/21/2014) |
| 07/21/2014 | 134 | MEMORANDUM OF LAW in Opposition re: 100 MOTION for clarification . *PLAINTIFFS OPPOSITION TO THE EURO BONDHOLDERS EMERGENCY MOTION FOR CLARIFICATION.* Document filed by Pablo Alberto Varela. (Spencer, Michael) (Entered: 07/21/2014) |
| 07/21/2014 | 135 | DECLARATION of ROBERT A. COHEN in Opposition re: 100 MOTION for clarification .. Document filed by Pablo Alberto Varela. (Attachments: # 1 Exhibit A) (Spencer, Michael) (Entered: 07/21/2014) |
| 07/21/2014 | 136 | REPLY MEMORANDUM OF LAW in Support re: 100 MOTION for clarification . . Document filed by Euro Bondholders. (Clark, Christopher) (Entered: 07/21/2014) |
| 07/21/2014 | 137 | MEMORANDUM OF LAW *of the Republic of Argentina Concerning Resolution of Outstanding Defaulted Indebtedness and in Support of Motions for Clarification of the Euro Bondholders, Euroclear Bank SA/NV and Clearstream Banking S.A., and Citibank N.A.s Opposition to Plaintiffs Motion for Partial Reconsideration, dated July 21, 2014.* Document filed by The Republic of Argentina. (Blackman, Jonathan) (Entered: 07/21/2014) |
| 07/21/2014 | 138 | REPLY MEMORANDUM OF LAW in Support re: 120 MOTION *of Non-Party Bank of New York Mellon, as Indenture Trustee, for Clarification of the Amended February 23, 2012 Orders.* . Document filed by The Bank of New York Mellon. (Schaffer, Eric) (Entered: 07/21/2014) |
| 07/21/2014 | 139 | DECLARATION of Evan K. Farber in Support re: 120 MOTION *of Non-Party* |

| | | |
|---|---|---|
| | | *Bank of New York Mellon, as Indenture Trustee, for Clarification of the Amended February 23, 2012 Orders..* Document filed by The Bank of New York Mellon. (Attachments: # 1 Exhibit A - D)(Schaffer, Eric) (Entered: 07/21/2014) |
| 07/21/2014 | 140 | CERTIFICATE OF SERVICE. Document filed by The Bank of New York Mellon. (Schaffer, Eric) (Entered: 07/21/2014) |
| 07/21/2014 | 141 | DECLARATION of Carmine D. Boccuzzi Concerning Resolution of Outstanding Defaulted Indebtedness and in Support of Motions for Clarification of the Euro Bondholders, Euroclear Bank SA/NV and Clearstream Banking S.A., and Citibank N.A.s Opposition to Plaintiffs Motion for Partial Reconsideration, dated July 21, 2014, Re 137 . Document filed by The Republic of Argentina. (Blackman, Jonathan) (Entered: 07/21/2014) |
| 07/21/2014 | 142 | NOTICE OF APPEAL from 96 Order,,. Document filed by The Republic of Argentina. Filing fee $ 505.00, receipt number 0208-9910143. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Boccuzzi, Carmine) (Entered: 07/21/2014) |
| 07/22/2014 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 142 Notice of Appeal. (tp) (Entered: 07/22/2014) |
| 07/22/2014 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 142 Notice of Appeal filed by The Republic of Argentina were transmitted to the U.S. Court of Appeals. (tp) (Entered: 07/22/2014) |
| 07/23/2014 | 143 | LETTER addressed to Judge Thomas P. Griesa from Karen E. Wagner dated July 23, 2014 re: additional details regarding the Argentine Law Bonds that were the subject of Citibank's motion for clarification and this Court's June 27, 2014 Order, and the June 30, 2014 payment on those bonds. Document filed by Citibank, N.A..(Wagner, Karen) (Entered: 07/23/2014) |
| 07/24/2014 | 144 | LETTER addressed to Judge Thomas P. Griesa from Andrea Likwornik Weiss dated July 24, 2014 re: Clarification of Orders. Document filed by JPMorgan Chase Bank, N.A..(Weiss, Andrea) (Entered: 07/24/2014) |
| 07/27/2014 | 145 | LETTER addressed to Judge Thomas P. Griesa from Carmine D. Boccuzzi dated July 27, 2014 re: plaintiffs' July 23, 2014 letter. Document filed by The Republic of Argentina.(Boccuzzi, Carmine) (Entered: 07/27/2014) |
| 07/28/2014 | 146 | LETTER addressed to Judge Thomas P. Griesa from Edward A. Friedman dated July 27, 2014 re: July 23 letter from Karen Wagner. Document filed by Pablo Alberto Varela.(Spencer, Michael) (Entered: 07/28/2014) |
| 07/28/2014 | 147 | LETTER addressed to Judge Thomas P. Griesa from Edward A. Friedman dated July 28, 2014 re: July 27, 2014 letter from counsel for Argentina. Document filed by Pablo Alberto Varela.(Spencer, Michael) (Entered: 07/28/2014) |
| 07/28/2014 | 148 | LETTER addressed to Judge Thomas P. Griesa from Karen E. Wagner dated July 28, 2014 re: the letters recently sent to the Court regarding Plaintiffs' request that this |

A-3212

| | | Court's June 27, 2014 Order be reconsidered, and the scope of its Amended February 23, 2012 Orders be expanded. Document filed by Citibank, N.A..(Wagner, Karen) (Entered: 07/28/2014) |
|---|---|---|
| 07/28/2014 | 149 | DECLARATION of Federico Elewaut in Opposition re: 125 MOTION for Reconsideration re; 104 Order on Motion for Miscellaneous Relief,, *PLAINTIFFS NOTICE OF MOTION FOR PARTIAL RECONSIDERATION OF THE JUNE 27, 2014 ORDER GRANTING CITIBANK, N.A.s MOTION FOR CLARIFICATION OR MODIFICATION*.. Document filed by Citibank, N.A.. (Wagner, Karen) (Entered: 07/28/2014) |
| 07/28/2014 | 150 | ORDER denying 125 Motion for Reconsideration: the court denies plaintiffs' motion for partial reconsideration at this time. Citibank may make payment on the interest due on the Repsol bonds and on both the peso- and dollar-denominated exchange bonds described in the Citibank order. However, the court will only allow this one-time payment on the dollar-denominated exchange bonds. After July 30, 2014, the court will rescind the Citibank order with regard to the dollar-denominated exchange bonds. To avoid future confusion, the parties are directed to devise a way to distinguish between the Repsol bonds and the exchange bonds before the next interest payment is due. (Signed by Judge Thomas P. Griesa on 7/28/2014) (tn) (Entered: 07/28/2014) |
| 07/29/2014 | 151 | MOTION to Stay --*Non-Parties Euro Bondholders' Emergency Motion for Stay*. Document filed by Euro Bondholders.(Clark, Christopher) (Entered: 07/29/2014) |
| 07/29/2014 | 152 | DECLARATION of Christopher J. Clark in Support re: 151 MOTION to Stay --*Non-Parties Euro Bondholders' Emergency Motion for Stay*.. Document filed by Euro Bondholders. (Clark, Christopher) (Entered: 07/29/2014) |
| 07/29/2014 | 153 | MEMORANDUM OF LAW in Support re: 151 MOTION to Stay --*Non-Parties Euro Bondholders' Emergency Motion for Stay*. . Document filed by Euro Bondholders. (Clark, Christopher) (Entered: 07/29/2014) |
| 07/29/2014 | 154 | NOTICE OF APPEAL from 150 Order on Motion for Reconsideration,,,. Document filed by The Republic of Argentina. Filing fee $ 505.00, receipt number 0208-9941844. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Blackman, Jonathan) (Entered: 07/29/2014) |
| 07/29/2014 | 155 | NOTICE OF APPEAL from 150 Order on Motion for Reconsideration,,,. Document filed by Citibank, N.A.. Filing fee $ 505.00, receipt number 0208-9942364. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Wagner, Karen) (Entered: 07/29/2014) |
| 07/30/2014 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 154 Notice of Appeal. (tp) (Entered: 07/30/2014) |
| 07/30/2014 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 154 Notice of Appeal, filed by The Republic of Argentina were transmitted to the U.S. Court of Appeals. (tp) (Entered: 07/30/2014) |

A-3213

| 07/30/2014 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 155 Notice of Appeal. (tp) (Entered: 07/30/2014) |
|---|---|---|
| 07/30/2014 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 155 Notice of Appeal, filed by Citibank, N.A. were transmitted to the U.S. Court of Appeals. (tp) (Entered: 07/30/2014) |
| 07/31/2014 | 156 | MEMORANDUM OF LAW in Opposition re: 151 MOTION to Stay --*Non-Parties Euro Bondholders' Emergency Motion for Stay. PLAINTIFFS MEMORANDUM OF LAW IN OPPOSITION TO THE EURO BONDHOLDERS EMERGENCY MOTION FOR STAY.* Document filed by Pablo Alberto Varela. (Spencer, Michael) (Entered: 07/31/2014) |
| 07/31/2014 | 157 | ORDER: The court will hold a hearing regarding the recent default by the Republic of Argentina on August 1, 2014 at 11:00am. SO ORDERED. ( Status Conference set for 8/1/2014 at 11:00 AM before Judge Thomas P. Griesa.) (Signed by Judge Thomas P. Griesa on 7/31/2014) (ama) (Entered: 07/31/2014) |
| 07/31/2014 | 158 | LETTER addressed to Judge Thomas P. Griesa from Edward A. Friedman dated July 31, 2014 re: Euroclears motion to clarify the Amended February 23, 2012 Orders and Clearstreams motion to clarify or modify the Amended February 23 Orders. Document filed by Pablo Alberto Varela. (Attachments: # 1 Text of Proposed Order)(Spencer, Michael) (Entered: 07/31/2014) |
| 08/01/2014 | 159 | ORDER: IT IS HEREBY CLARIFIED that: 1. The Amended February 23, 2012 Orders do not as a matter of law prohibit payments on the Peso-denominated bonds that were issued by the Republic of Argentina pursuant to the 2005 or 2010 Exchange Offers, and governed by Argentine law when issued, and which remain denominated in Pesos; 2. Euroclear and Clearstream, like Citibank, are allowed to make a one-time payment in respect of the U.S. Dollar-denominated Bonds by transferring the Funds; and 3. Any payments in respect of the U.S. Dollar-denominated Bonds, other than the transfers of Funds as set forth in paragraph 2 above, remain subject to the Amended February 23, 2012 Orders and the July 28th Order. (Signed by Judge Thomas P. Griesa on 8/01/2014) (ama) (Entered: 08/01/2014) |
| 08/04/2014 | 160 | ORDER: The purpose of this ruling is to confirm that Daniel Pollack, the Special Master appointed by the court to preside over settlement negotiations, will remain in office. This confirmation is needed because of certain discussion which occurred at a hearing held by the court on Friday, August 1, 2014. (See Order). (Signed by Judge Thomas P. Griesa on 8/4/2014) (ajs) (Entered: 08/04/2014) |
| 08/04/2014 | 161 | LETTER addressed to Judge Thomas P. Griesa from Edward A. Friedman dated August 4, 2014 re: forms of order to address clarifications sought by JMPCB. Document filed by Pablo Alberto Varela. (Attachments: # 1 Text of Proposed Order re Dollar-Denominated Bonds, # 2 Text of Proposed Order re Yen-Denominated Bonds) (Spencer, Michael) (Entered: 08/04/2014) |
| 08/04/2014 | 162 | ORDER RE: JPMCB (US DOLLAR DENOMINATED, ARGENTINE LAW BONDS): IT IS HEREBY CLARIFIED that: 1. JPMCB is allowed to effectuate the |

A-3214

One-Time Payment in respect of the U.S. Dollar-denominated Bonds by transferring the Funds. 2. Any other person or entity in the payment chain of the One-Time Payment to and including the holders of beneficial interests that receives a portion of the funds constituting the One-Time Payment is permitted to transfer such funds. This permission applies only to payments due June 30, 2014 in respect of the U.S. Dollar denominated Bonds with ISINs ARARGE03E113 and ARARGE03G688. 3. Any payments in respect of the U.S. Dollar-denominated Bonds, other than any transfers as set forth in paragraphs 1 and 2 above, remain subject to the Amended February 23, 2012 Orders and the July 28th Order. (Signed by Judge Thomas P. Griesa on 8/4/2014) (ajs) (Entered: 08/04/2014)

| | | |
|---|---|---|
| 08/04/2014 | 163 | LETTER addressed to Judge Thomas P. Griesa from Christopher J. Clark dated August 4, 2014 re: response to letter filed on August 1, 2014. Document filed by Euro Bondholders.(Clark, Christopher) (Entered: 08/04/2014) |
| 08/05/2014 | 164 | LETTER addressed to Judge Thomas P. Griesa from Eric A. Schaffer dated August 4, 2014 Document filed by The Bank of New York Mellon.(Schaffer, Eric) (Entered: 08/05/2014) |
| 08/06/2014 | 165 | LETTER addressed to Judge Thomas P. Griesa from Eric A. Schaffer dated August 6, 2014 Document filed by The Bank of New York Mellon.(Schaffer, Eric) (Entered: 08/06/2014) |
| 08/06/2014 | 166 | ORDER: For the reasons stated on the record at the June 27, 2014 and July 22, 2014 hearings, the payment by Argentina to BNY described above was illegal and a violation of the Amended February 23 Orders. BNY shall retain the Funds in its accounts at the BCRA pending further Order of this Court, and shall not make or allow any transfer of the Funds unless ordered by the Court. Argentina will take no steps to interfere with BNY's retention of the Funds in accordance with the terms of this Order, and as further set forth in this document. (Signed by Judge Thomas P. Griesa on 8/6/2014) (cd) (Entered: 08/06/2014) |
| 08/06/2014 | 167 | LETTER addressed to Judge Thomas P. Griesa from Christopher J. Clark dated August 6, 2014 re: correction of factual misstatement in the August 6, 2014 letter filed by the Bank of New York Mellon. Document filed by Euro Bondholders.(Clark, Christopher) (Entered: 08/06/2014) |
| 08/07/2014 | 168 | ORDER: The court will hold a hearing regarding recent statements made by the Republic of Argentina on Friday, August 8, 2014 at 3:00 p.m. (Status Conference set for 8/8/2014 at 03:00 PM before Judge Thomas P. Griesa.) (Signed by Judge Thomas P. Griesa on 8/7/2014) (ja) (Entered: 08/07/2014) |

A-3215

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| PABLO ALBERTO VARELA, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | 10 CV 5338 (TPG) |
| -against- | : | |
| | : | <u>**NOTICE OF MOTION**</u> |
| THE REPUBLIC OF ARGENTINA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**PLEASE TAKE NOTICE THAT** upon the annexed declaration of Michael C. Spencer, all attached exhibits and the accompanying Memorandum of Law, and the pleadings and all prior proceedings had herein, the undersigned will move before the Honorable Thomas P. Griesa, United States District Judge, at the United States Courthouse, 500 Pearl Street, New York, New York, at such time as the Court directs, for an Order granting Plaintiffs' Motion for Leave to Amend and for such other relief as the Court deems just and proper.

Dated: New York, New York
      August 3, 2011

<div align="center">

**MILBERG LLP**

</div>

By:      <u>/s/ Michael C. Spencer</u>
        Michael C. Spencer
        Gary S. Snitow
        One Pennsylvania Plaza
        New York, New York 10119
        Telephone: (212) 594-5300
        Facsimile: (212) 868-1229
        mspencer@milberg.com
        gsnitow@milberg.com

        *Attorneys for Plaintiffs*

A-3216

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PABLO ALBERTO VARELA, *et al*., | : |
| | : |
| Plaintiffs, | : |
| | : |
| | : 10 CV 5338 (TPG) |
| -against- | : |
| | : **NOTICE OF MOTION** |
| THE REPUBLIC OF ARGENTINA, | : |
| | : |
| Defendant. | : |
| | : |

      **PLEASE TAKE NOTICE THAT** upon the annexed declaration of Michael C. Spencer, dated August 3, 2011 (the "Spencer Dec."); the Statement of Material Facts Pursuant to Local Rule 56.1, the accompanying Memorandum of Law, and the pleadings and all prior proceedings had herein, the undersigned will move this Court before the Honorable Thomas P. Griesa, United States District Judge, at the United States Courthouse, 500 Pearl Street, New York, New York, at such time as the Court directs, for an Order specifically enforcing the Equal Treatment Provision of the Fiscal Agency Agreement and pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining the Republic of Argentina ("Argentina") from violating that provision and for such other relief as the Court deems just and proper; and

      **NOTICE IS FURTHER GIVEN** that Argentina's response to this motion, if any, shall be served within fourteen (14) days after service hereof, on counsel for the Plaintiffs: Michael C. Spencer, Milberg LLP, One Pennsylvania Plaza, New York, NY 10119.

A-3217

Dated: New York, New York
August 3, 2011

**MILBERG LLP**


By:        /s/ Michael C. Spencer
              Michael C. Spencer
              Gary S. Snitow
One Pennsylvania Plaza
New York, New York 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229
mspencer@milberg.com
gsnitow@milberg.com

*Attorneys for Plaintiffs*

A-3218

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x
                            :

PABLO ALBERTO VARELA, *et al.*,      :          **ORDER**

                Plaintiff,     :

          – against –        :      10 Civ. 5338 (TPG)

THE REPUBLIC OF ARGENTINA,     :

                Defendant.   :

----------------------------------------x

On August 4, 2011, plaintiffs moved for leave to amend their complaint.

For the reasons stated on the record at the hearing held on September 28, 2011, the court grants plaintiffs' motion.

This order resolves the motion listed as document number 21 on the docket.

SO ORDERED.

Dated: New York, New York
       October 3, 2011

*Thomas P. Griesa*
_____
Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/3/11

A-3219

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



| | |
|---|---|
| PABLO ALBERTO VARELA and LILA INES BURGUEÑO, MIRTA SUSANA DIEGUEZ, MARIA EVANGELINA CARBALLO and LEANDRO DANIEL POMILIO, SUSANA AQUERRETA, MARIA ELENA CORRAL and TERESA MUÑOZ DE CORRAL, NORMA ELSA LAVORATO and CARMEN IRMA LAVORATO and CESAR RUBEN VAZQUEZ, NORMA HAYDEE GINES and MARTA AZUCENA VAZQUEZ, | 10 CV 5338 (TPG) |
| Plaintiffs, | **AMENDED** **COMPLAINT** |
| -against- | |
| THE REPUBLIC OF ARGENTINA, | |
| Defendant. | |

Plaintiffs, by their attorneys, Milberg LLP, for their Amended Complaint allege as follows:

<u>**NATURE OF THE ACTION**</u>

1.      This is a breach of contract action arising from the Republic of Argentina's failure to make contractually-mandated principal and interest payments on certain bonds beneficially owned by plaintiffs (the "Bonds"). The Bonds were issued by the Republic of Argentina (the "Republic") pursuant to a Fiscal Agency Agreement, dated as of October 19, 1994 (the "FAA"). For its relief, plaintiffs seek payment of the principal amount of the Bonds together with any accrued and unpaid interest owed.

2.      This action also seeks relief based on the Republic's continued breach of the Equal Treatment Provision of the FAA, paragraph 1(c) of the FAA, which provides for equal treatment in terms of rank and priority of payment for holders of bonds issued under the FAA

A-3220

with respect to any unsecured and unsubordinated External Indebtedness as defined in the FAA (the "Equal Treatment Provision"). Under color of Law 26,017, passed in 2005, and Law 26,547, passed in 2009, Argentina issued bonds in its 2005 and 2010 Bond Exchanges with payment obligations that rank higher than those issued under the FAA and held by Plaintiffs. The bonds issued in the Exchanges are External Indebtedness. Argentina's issuance of these higher ranking bonds, its continuing payment of semi-annual interest to the holders of the bonds issued in the 2005 Bond Exchange, and its anticipated payment of interest to the holders of the bonds issued in the 2010 Bond Exchange, while paying nothing to Plaintiffs and other bondholders who did not participate in the Exchanges, violate the Equal Treatment Provision of the FAA. To prevent further violations, Plaintiffs seek specific enforcement of the Equal Treatment Provision.

## THE PARTIES

3.     Plaintiffs Pablo Alberto Varela and Lila Ines Burgueño (together, "Varela") are citizens of defendant The Republic of Argentina (the "Republic"). Varela acquired a certain bond, ISIN No. US040114AR16, issued by the Republic pursuant to a Fiscal Agency Agreement, dated as of October 19, 1994, in the principal amount of $25,000.

4.     Plaintiffs Mirta Susana Dieguez, Maria Evangelina Carballo and Leandro Daniel Pomilio (collectively, "Dieguez") are citizens of the Republic. Dieguez acquired a certain bond, ISIN No. US040114GF14, issued by the Republic pursuant to the FAA, in the principal amount of $72,000.

5.     Plaintiff Susana Aquerreta is citizen of the Republic. Ms. Aquerreta acquired a certain bond, ISIN No. US040114GF14, issued by the Republic pursuant to the FAA, in the principal amount of $80,000.

2

A-3221

6.     Plaintiffs Maria Elena Corral and Teresa Muñoz de Corral (together, "Corral") are citizens of the Republic.   Corral acquired certain bonds, ISIN Nos. US040114AZ32 and US040114AN02, issued by the Republic pursuant to the FAA, in the principal amounts of $25,000 and $40,000 respectively.

7.     Plaintiffs Norma Elsa Lavorato and Carmen Irma Lavorato (together, "Lavorato") are citizens of the Republic.  Lavorato acquired a certain bond, ISIN No. US040114GF14, issued by the Republic pursuant to the FAA, in the principal amount of $90,000.

8.     Plaintiffs Cesar Ruben Vazquez, Norma Haydee Gines and Marta Azucena Vazquez (collectively, "Vazquez") are citizens of the Republic.  Vazquez acquired certain bonds, ISIN Nos. US040114GF14 and US040114AR16, issued by the Republic pursuant to the FAA, in the principal amounts of $10,000 and $25,000 respectively.

9.     Defendant the Republic is a foreign state as defined in 28 U.S.C. § 1603(a).

**JURISDICTION**

10.     This Court has jurisdiction pursuant to 28 U.S.C. § 1330.

11.     Venue is proper in this district by agreement of the parties and pursuant to 28 U.S.C. § 1391(f).

**FACTUAL ALLEGATIONS**

12.     As set forth above, Plaintiffs Varela Dieguez, Aquerreta, Corral, Lavorato and Vazquez acquired certain bonds issued by the Republic pursuant to the FAA.

13.     Pursuant to Section 22 of the FAA, the Republic (i) appointed Banco de la Nacion Argentina as its agent for service of process, (ii) agreed to submit to the jurisdiction of this Court, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

3

14.     Pursuant to Section 12 of the FAA, the following, *inter alia*, are defined as "Events of Default:"

       (a)     Non-Payment: the Republic fails to pay any principal of any of the Securities of such Series when due and payable or fails to pay any interest on any of the Securities of such Series when due and payable and such failure continues for a period of 30 days; or

              *     *     *

       (d)     Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

15.     Paragraph 12 of the FAA further provides that following either of the foregoing Events of Default, a bond holder, i.e., plaintiffs Plaintiffs Varela, Dieguez, Aquerreta, Corral, Lavorato and Vazquez, may give the Republic written notice and declare "the principal amount of such Securities by it to be due and payable immediately," together with all accrued interest.

16.     In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due under the 1994 Bonds.

17.     By reason of the foregoing, there has been an Event of Default on the Bonds, and the Republic is in breach of its obligations under the FAA.

18.     In accordance with paragraph 12 of the FAA, by letters dated May 28, 2010, plaintiffs Varela, Dieguez, Aquerreta, Corral, Lavorato and Vazquez provided the Republic with written notice that they were declaring the principal and interest on the Bonds to be due and payable immediately.

19.     Notwithstanding, since December 2001, the Republic has failed to make any payment of principal or interest to plaintiffs Varela, Dieguez, Aquerreta, Corral, Lavorato and Vazquez.

**The Republic of Argentina's Violations of the Equal Treatment Provision**

20.     The FAA contains an Equal Treatment Provision which states:

a.  The Securities will constitute… direct, unconditional, unsecured and unsubordinated obligations of the Republic ….The payment obligations of the Republic under the Securities shall at all times rank at least equally with all of other present and future unsecured and unsubordinated External Indebtedness (as defined in this Agreement).

FAA at ¶ 1(c).

21.     According to its plain language, the Equal Treatment Provision means that Argentina may not make a payment to a holder of External Indebtedness without a ratable payment being made at the same time to plaintiffs.

22.     In 2005, Argentina restructured its debt by offering a bond exchange to all holders of non-performing external debt (the "2005 Exchange").

23.     Holders of approximately 25% of Argentina's external debt did not participate in the 2005 Exchange ("Non-tendering Bondholders").

24.     Plaintiffs did not participate in the 2005 Exchange.

25.     Bondholders who participated in the 2005 Exchange received bonds scheduled to pay semi-annual interest.

26.     The first interest payment on the 2005 Bonds was due and paid in 2005.

27.     Argentina has paid all subsequent interest due on the 2005 Bonds to date.

28.     Upon information and belief, Argentina intends to continue paying interest on all 2005 Bonds as it becomes due.  To facilitate the 2005 Bond Exchange, the Senate and Chamber of Deputies of the Argentine Nation passed Law 26,017 ("the Lock Law") on February 9, 2005. A copy of Law 26,017 and a certified translation are annexed hereto as Exhibit A.[1]

---

[1] This attached exhibit was originally attached to the Amended Complaints filed by NML Capital in *NML Capital, Ltd v. The Republic of Argentina*, Nos. 08 Civ. 6978, 09 Civ. 1707, and 09 Civ. 1708.

A-3224

29.     In its January 28, 2010 Prospectus, Argentina explained the purpose and effect of the Lock Law as follows:

> In an effort to reassure tendering Bondholders and increase the level of participation on the 2005 debt exchange, Congress subsequently passed Law 26,017, known as the "Lock Law." The Lock Law prohibited the Executive Branch from reopening the Debt Exchange without Congressional approval **and also prohibited any type of settlement involving untendered securities that were eligible to participate in the 2005 Debt Exchange**....

(emphasis supplied).

30.     The assurances to tendering bondholders provided by Law 26,017 facilitated Argentina's completion of the 2005 Bond Exchange.

31.     Article 1 of Law 26,017 provided that Bonds not tendered in the 2005 Exchange would be subject to the following provisions:

(a)     Article 2 – The national Executive Power may not, with respect to the bonds referred to in Article 1 of this law, reopen the swap process established in the aforementioned Decree No. 1735/04.

(b)     Article 3 - The national State shall be prohibited from conducting any type of in-court, out-of-court or private settlement with respect to the bonds referred to in Article 1 of this law.

(c)     Article 4 - The national Executive Power must – within the framework of the terms of the issuance of the respective bonds, and the applicable laws and regulations in the corresponding jurisdictions – order the pertinent administrative acts and fulfill the necessary procedures to remove the bonds referred to in the preceding article from listing on all domestic and foreign securities markets and exchanges.

32.     In 2009, in preparation for another bond exchange in 2010, the Senate and Chamber of Deputies of the Argentine Nation passed Law No. 26,547, which, among other

6

A-3225

things, suspended the Lock Law for purposes of the 2010 Exchange. A copy of Law 26,547 and

a certified translation are annexed hereto as Exhibit B.[2]

33.     Law 26,547 provided:

(a)     Article 1. The operation of Articles 2, 3, and 4 of Law No. 26,017 is suspended until 31 December 2010, or until the National Executive Branch, through the Ministry of Economy and Public Finance, declares that the process of restructuring the public instruments covered by said law is completed, whichever occurs first.

(b)     Article 3. The financial terms and conditions that may be offered may not be equal to or better than those offered to creditors in the debt restructuring established by Decree No. 1735/04.

(c)     Article 5. It is forbidden to offer to the holders of public debt that have brought judicial, administrative, or arbitration proceedings or any other type of proceeding treatment more favorable than the treatment afforded to holders who did not bring such proceedings.

34.     Upon information and belief, the Bonds issued in the 2010 Bond Exchange (the "2010 Bonds") began to pay semi-annual interest on December 2, 2010.

35.     Upon information and belief, Argentina intends to pay interest on all 2010 Bonds as it becomes due.

36.     Plaintiffs did not participate in the 2010 Exchange.

37.     Upon information and belief, Argentina will continue to pay nothing to Plaintiffs.

38.     Plaintiffs and the other non-tendering bondholders have been damaged as a result of these violations and will continue to be damaged by the continuing violations of the Equal Treatment Provision.

## COUNT I

39.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1-38 as if set forth here at length.

_____

[2] This attached exhibit was originally attached to the Amended Complaints filed by NML Capital in *NML Capital, Ltd v. The Republic of Argentina*, Nos. 08 Civ. 6978, 09 Civ. 1707, and 09 Civ. 1708.

7

A-3226

40.     By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiffs Varela, Dieguez, Aquerreta, Corral, Lavorato and Vazquez, and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT II

**(For Specific Enforcement of the Equal Treatment Provision and for Injunctive Relief)**

41.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 39 herein.

42.     Pursuant to ¶ 1(c) of the FAA, Argentina provided that its bonds issued pursuant to the FAA would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank pari passu and without preference among themselves . . ." and that "[t]he payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness...."

43.     Argentina, therefore, may not make any payment of its External Indebtedness without also making a ratable payment at the same time to Plaintiffs.

44.     Through the passage of Law 26,017, Argentina issued a new series of bonds with payment obligations that rank higher than those held by Plaintiffs and other nontendering Bondholders in violation of the Equal Treatment Provision.

45.     Through the passage of Law 26,547, Argentina issued a new series of bonds with payment obligations that rank higher than those held by Plaintiffs and other nontendering Bondholders in violation of the Equal Treatment Provision.

46.     The bonds issued in the Exchanges are External Indebtedness and their issuance violated the Equal Treatment Provision.

8

A-3227

47.     Argentina's past payment of interest to 2005 Bondholders, while paying nothing to Plaintiffs and other non-tendering bondholders, violated the Equal Treatment Provision.

48.     Argentina's continuing payments of interest to 2005 Bondholders will be a continuing violation of the Equal Treatment Provision.

49.     Argentina's payments of the scheduled interest to 2010 Bondholders were and will be a continuing violation of the Equal Treatment Provision.

50.     Plaintiffs have suffered irreparable injury from Argentina's violation of the Equal Treatment Provision and will continue to suffer such injury unless the Court specifically enforces that Provision with a mandatory injunction requiring Argentina to pay Plaintiffs ratably whenever it pays interest to 2005 or 2010 Bondholders.

51.     Remedies available at law are inadequate to compensate for such injury.

52.     Plaintiffs have performed their part of the contract with Argentina.

53.     Argentina is capable of performing its obligations pursuant to the Equal Treatment Provision.

54.     The balance of the equities tips toward the issuance of an injunction.

55.     The public interest would not be disserved by a permanent injunction

WHEREFORE, plaintiff demands judgment as follows:

(i)     On Count One, awarding Plaintiffs Varela, Dieguez, Aquerreta, Corral, Lavorato and Vazquez damages against the Republic in an amount to be determined at trial, plus interest;

(ii)     On Count Two, an Order specifically enforcing the Equal Treatment Provision; and

A-3228

(iii)      Awarding plaintiffs their costs, prejudgment interest, attorneys'

fees and such other and additional relief as the Court deems just and proper.

Dated:   New York, New York
         October 24, 2011

                              MILBERG LLP

                              By: _____
                                      Michael C. Spencer
                              Gary S. Snitow
                              One Pennsylvania Plaza
                              New York, NY 10119
                              Telephone: 212-594-5300
                              Facsimile: 212-868-1229
                              mspencer@milberg.com
                              gsnitow@milberg.com

                              *Attorneys for Plaintiffs*

A-3229

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PABLO ALBERTO VARELA, *et al.*,

Plaintiffs,

v.

THE REPUBLIC OF ARGENTINA,

Defendant.

10 CV 5338 (TPG)

**PLAINTIFFS' NOTICE OF RENEWED MOTION FOR**
**SPECIFIC PERFORMANCE OF THE EQUAL TREATMENT PROVISION**

PLEASE TAKE NOTICE that Plaintiffs Pablo Alberto Varela, Lila Ines Burgueño, Mirta Susana Dieguez, Maria Evangelina Carballo and Leandro Daniel Pomilio, Susana Aquerreta, Maria Elena Corral and Teresa Muñoz De Corral, Norma Elsa Lavorato and Carmen Irma Lavorato and Cesar Ruben Vazquez, Norma Haydee Gines and Marta Azucena Vazquez ("Plaintiffs"), renew their motion before the Honorable Thomas P. Griesa, United States District Judge for the Southern District of New York, United States Courthouse, 500 Pearl Street, New York, NY 10007, at a date and time to be determined by the Court, for an Order requiring specific performance of the equal treatment provision in the Fiscal Agency Agreement and for such other relief as the Court deems just and proper. In furtherance of this motion, Plaintiffs incorporate by reference the Memorandum of Law of NML Capital Ltd. ("NML") and the Declaration of Robert A. Cohen including all attached exhibits, filed by NML on January 6, 2012 in three actions, all captioned *NML Capital, Ltd. v. Republic of Argentina*, Nos. 08 Civ 6978, 09 Civ 1707, and 09 Civ 1708; and

A-3230

NOTICE IS FURTHER GIVEN, that Argentina's response to this renewed motion, if any, shall be served within fourteen (14) days after service hereof, on counsel for Plaintiffs:

Michael C. Spencer, Milberg LLP, One Pennsylvania Plaza, New York, New York 10119.

Dated: New York, New York
       January 11, 2012

**MILBERG LLP**

By:___/s/ Michael C. Spencer_____
        Michael C. Spencer
        mspencer@milberg.com
        Gary S. Snitow
        gsnitow@milberg.com
        One Pennsylvania Plaza
        New York, New York 10119
        Telephone: (212) 594-5300
        Facsimile: (212) 868-1229

582876_1.DOC

# A-3231

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PABLO ALBERTO VARELA, *et al.*,

                 Plaintiffs,

     v.

THE REPUBLIC OF ARGENTINA,

                 Defendant.

---

10 CV 5338 (TPG)

[Proposed] Order

---

WHEREAS, in an Order dated December 13, 2011, this Court found that, under Paragraph 1(c) of the 1994 Fiscal Agency Agreement ("FAA"), the Republic is "required . . . at all times to rank its payment obligations pursuant to Plaintiffs' Bonds at least equally with all the Republic's other present and future unsecured and unsubordinated External Indebtedness."

WHEREAS, in its December 13, 2011 Order, this Court granted partial summary judgment to Plaintiffs on their claim that the Republic repeatedly has breached, and continues to breach, its obligations under Paragraph 1(c) of the FAA by, among other things, "ma[king] payments currently due under the Exchange Bonds, while persisting in its refusal to satisfy its payment obligations currently due under Plaintiffs' Bonds."

And WHEREAS Plaintiffs have filed a renewed motion for equitable relief as a remedy for such violations pursuant to Rule 65(d) of the Federal Rules of Civil Procedure and the Court's inherent equitable powers.

Upon consideration of Plaintiffs' renewed motion, the response of the Republic of Argentina (the "Republic") thereto, Plaintiffs' reply, and all other arguments submitted to the Court in the parties' papers and at oral argument, it is HEREBY ORDERED that:

582876_1.DOC

A-3232

1.      It is DECLARED, ADJUDGED, and DECREED that Plaintiffs are irreparably harmed by and have no adequate remedy at law for the Republic's ongoing violations of Paragraph 1(c) of the FAA, and that the equities and public interest strongly support issuance of equitable relief to prevent the Republic from further violating Paragraph 1(c) of the FAA, in that:

    a.    Absent equitable relief, Plaintiffs would suffer irreparable harm because the Republic's payment obligations to Plaintiffs would remain debased of their contractually-guaranteed status, and Plaintiffs would never be restored to the position they were promised that they would hold relative to other creditors in the event of default.

    b.    There is no adequate remedy at law for the Republic's ongoing violations of Paragraph 1(c) of the FAA because the Republic has made clear indeed, it has codified in Law 26,017 and Law 26,547 — its intention to defy any money judgment issued by this Court.

    c.    The balance of the equities strongly supports this Order in light of the clear text of Paragraph 1(c) of the FAA and the Republic' s repeated failures to make required payments to Plaintiffs.  In the absence of the equitable relief provided by this Order, the Republic will continue to violate Paragraph 1(c) with impunity, thus subjecting Plaintiffs to harm. On the other hand, the Order requires of the Republic only that which it promised Plaintiffs and similarly situated creditors to induce those creditors to purchase the Republic's bonds. Because the Republic has the financial wherewithal to meet its commitment of providing equal treatment to both Plaintiffs (and similarly situated creditors) and those

2

A-3233

owed under the terms of the Exchange Bonds, it is equitable to require it to do so. Indeed, equitable relief is particularly appropriate here, given that the Republic has engaged in an unprecedented, systematic scheme of making payments on other external indebtedness, after repudiating its payment obligations to Plaintiffs, in direct violation of its contractual commitment set forth in Paragraph 1(c) of the FAA.

d.    The public interest of enforcing contracts and upholding the rule of law will be served by the issuance of this Order, particularly here, where creditors of the Republic have no recourse to bankruptcy regimes to protect their interests and must rely upon courts to enforce contractual promises. No less than any other entity entering into a commercial transaction, there is a strong public interest in holding the Republic to its contractual obligations.

2.    The Republic accordingly is permanently ORDERED to specifically perform its obligations to Plaintiffs under Paragraph 1(c) of the FAA as follows:

a.    Whenever the Republic pays any amount due under terms of the bonds or other obligations issued pursuant to the Republic's 2005 or 2010 Exchange Offers, or any subsequent exchange of or substitution for the 2005 and 2010 Exchange Offers that may occur in the future (collectively, the "Exchange Bonds"), the Republic shall concurrently or in advance make a "Ratable Payment" (as defined below) to Plaintiffs.

b.    Such "Ratable Payment" that the Republic is ORDERED to make to Plaintiffs shall be an amount equal to the "Payment Percentage" (as

3

## A-3234

defined below) multiplied by the total amount currently due to Plaintiffs in respect of the bonds at issue in this case, including pre-judgment interest (the "Plaintiffs' Bonds").

c.      Such "Payment Percentage" shall be the fraction calculated by dividing the amount actually paid or which the Republic intends to pay under the terms of the Exchange Bonds by the total amount then due under the terms of the Exchange Bonds.

d.      The Republic is ENJOINED from violating Paragraph 1(c) of the FAA, including by making any payment under the terms of the Exchange Bonds without complying with its obligation pursuant to Paragraph 1(c) of the FAA by concurrently or in advance making a Ratable Payment to Plaintiffs.

e.      Within three (3) days of the issuance of this ORDER, the Republic shall provide copies of this ORDER to all parties involved, directly or indirectly, in advising upon, preparing, processing, or facilitating any payment on the Exchange Bonds (collectively, "Agents and Participants"), with a copy to counsel for Plaintiffs.  Such Agents and Participants shall be bound by the terms of this ORDER as provided by Rule 65(d)(2) and prohibited from aiding and abetting any violation of this ORDER, including any further violation by the Republic of its obligations under Paragraph 1(c) of the FAA, such as any effort to make payments under the terms of the Exchange Bonds without also concurrently or in advance making a Ratable Payment to Plaintiffs.

4

A-3235

f.    Concurrently or in advance of making a payment on the Exchange Bonds, the Republic shall certify to the Court and give notice of this certification to its Agents and Participants, and to counsel for Plaintiffs, that the Republic has satisfied its obligations under this ORDER to make a Ratable Payment to Plaintiffs.

3.    Plaintiffs shall be entitled to discovery to confirm the timing and amounts of the Republic's payments under the terms of the Exchange Bonds; the amounts the Republic owes on these and other obligations; and such other information as appropriate to confirm compliance with this ORDER;

4.    The Republic is permanently PROHIBITED from taking action to evade the directives of this ORDER, render it ineffective, or to take any steps to diminish the Court's ability to supervise compliance with the ORDER, including, but not limited to, altering or amending the processes or specific transfer mechanisms by which it makes payments on the Exchange Bonds, without obtaining prior approval of the Court;

5.    This Court shall retain jurisdiction to monitor and enforce this ORDER, and to modify and amend it as justice requires to achieve its equitable purposes and to account for changing circumstances.

Dated:

_____
Thomas P. Griesa

## A-3236

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/23/12
```

PABLO ALBERTO VARELA, *et al.*,

        Plaintiffs,

    v.

THE REPUBLIC OF ARGENTINA,

        Defendant.

10 CV 5338 (TPG)

[Proposed] Order

WHEREAS, in an Order dated December 13, 2011, this Court found that, under Paragraph 1(c) of the 1994 Fiscal Agency Agreement ("FAA"), the Republic is "required . . . at all times to rank its payment obligations pursuant to Plaintiffs' Bonds at least equally with all the Republic's other present and future unsecured and unsubordinated External Indebtedness."

WHEREAS, in its December 13, 2011 Order, this Court granted partial summary judgment to Plaintiffs on their claim that the Republic repeatedly has breached, and continues to breach, its obligations under Paragraph 1(c) of the FAA by, among other things, "ma[king] payments currently due under the Exchange Bonds, while persisting in its refusal to satisfy its payment obligations currently due under Plaintiffs' Bonds."

And WHEREAS Plaintiffs have filed a renewed motion for equitable relief as a remedy for such violations pursuant to Rule 65(d) of the Federal Rules of Civil Procedure and the Court's inherent equitable powers.

Upon consideration of Plaintiffs' renewed motion, the response of the Republic of Argentina (the "Republic") thereto, Plaintiffs' reply, and all other arguments submitted to the Court in the parties' papers and at oral argument, it is HEREBY ORDERED that:

# A-3237

1.      It is DECLARED, ADJUDGED, and DECREED that Plaintiffs are irreparably harmed by and have no adequate remedy at law for the Republic's ongoing violations of Paragraph 1(c) of the FAA, and that the equities and public interest strongly support issuance of equitable relief to prevent the Republic from further violating Paragraph 1(c) of the FAA, in that:

a.      Absent equitable relief, Plaintiffs would suffer irreparable harm because the Republic's payment obligations to Plaintiffs would remain debased of their contractually-guaranteed status, and Plaintiffs would never be restored to the position they were promised that they would hold relative to other creditors in the event of default.

b.      There is no adequate remedy at law for the Republic's ongoing violations of Paragraph 1(c) of the FAA because the Republic has made clear indeed, it has codified in Law 26,017 and Law 26,547 — its intention to defy any money judgment issued by this Court.

c.      The balance of the equities strongly supports this Order in light of the clear text of Paragraph 1(c) of the FAA and the Republic' s repeated failures to make required payments to Plaintiffs.  In the absence of the equitable relief provided by this Order, the Republic will continue to violate Paragraph 1(c) with impunity, thus subjecting Plaintiffs to harm. On the other hand, the Order requires of the Republic only that which it promised Plaintiffs and similarly situated creditors to induce those creditors to purchase the Republic's bonds. Because the Republic has the financial wherewithal to meet its commitment of providing equal treatment to both Plaintiffs (and similarly situated creditors) and those

2

owed under the terms of the Exchange Bonds, it is equitable to require it to do so. Indeed, equitable relief is particularly appropriate here, given that the Republic has engaged in an unprecedented, systematic scheme of making payments on other external indebtedness, after repudiating its payment obligations to Plaintiffs, in direct violation of its contractual commitment set forth in Paragraph 1(c) of the FAA.

d.    The public interest of enforcing contracts and upholding the rule of law will be served by the issuance of this Order, particularly here, where creditors of the Republic have no recourse to bankruptcy regimes to protect their interests and must rely upon courts to enforce contractual promises. No less than any other entity entering into a commercial transaction, there is a strong public interest in holding the Republic to its contractual obligations.

2.    The Republic accordingly is permanently ORDERED to specifically perform its obligations to Plaintiffs under Paragraph 1(c) of the FAA as follows:

a.    Whenever the Republic pays any amount due under terms of the bonds or other obligations issued pursuant to the Republic's 2005 or 2010 Exchange Offers, or any subsequent exchange of or substitution for the 2005 and 2010 Exchange Offers that may occur in the future (collectively, the "Exchange Bonds"), the Republic shall concurrently or in advance make a "Ratable Payment" (as defined below) to Plaintiffs.

b.    Such "Ratable Payment" that the Republic is ORDERED to make to Plaintiffs shall be an amount equal to the "Payment Percentage" (as

3

defined below) multiplied by the total amount currently due to Plaintiffs in respect of the bonds at issue in this case, including pre-judgment interest (the "Plaintiffs' Bonds").

c.   Such "Payment Percentage" shall be the fraction calculated by dividing the amount actually paid or which the Republic intends to pay under the terms of the Exchange Bonds by the total amount then due under the terms of the Exchange Bonds.

d.   The Republic is ENJOINED from violating Paragraph 1(c) of the FAA, including by making any payment under the terms of the Exchange Bonds without complying with its obligation pursuant to Paragraph 1(c) of the FAA by concurrently or in advance making a Ratable Payment to Plaintiffs.

e.   Within three (3) days of the issuance of this ORDER, the Republic shall provide copies of this ORDER to all parties involved, directly or indirectly, in advising upon, preparing, processing, or facilitating any payment on the Exchange Bonds (collectively, "Agents and Participants"), with a copy to counsel for Plaintiffs.  Such Agents and Participants shall be bound by the terms of this ORDER as provided by Rule 65(d)(2) and prohibited from aiding and abetting any violation of this ORDER, including any further violation by the Republic of its obligations under Paragraph 1(c) of the FAA, such as any effort to make payments under the terms of the Exchange Bonds without also concurrently or in advance making a Ratable Payment to Plaintiffs.

4

f.      Concurrently or in advance of making a payment on the Exchange Bonds, the Republic shall certify to the Court and give notice of this certification to its Agents and Participants, and to counsel for Plaintiffs, that the Republic has satisfied its obligations under this ORDER to make a Ratable Payment to Plaintiffs.

3.      Plaintiffs shall be entitled to discovery to confirm the timing and amounts of the Republic's payments under the terms of the Exchange Bonds; the amounts the Republic owes on these and other obligations; and such other information as appropriate to confirm compliance with this ORDER;

4.      The Republic is permanently PROHIBITED from taking action to evade the directives of this ORDER, render it ineffective, or to take any steps to diminish the Court's ability to supervise compliance with the ORDER, including, but not limited to, altering or amending the processes or specific transfer mechanisms by which it makes payments on the Exchange Bonds, without obtaining prior approval of the Court;

5.      This Court shall retain jurisdiction to monitor and enforce this ORDER, and to modify and amend it as justice requires to achieve its equitable purposes and to account for changing circumstances.

Dated: _Feb. 23, 2012_

_____
Thomas P. Griesa

5

# A-3241

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

PABLO ALBERTO VARELA, *et al.*,

                              Plaintiffs,

              - against -

THE REPUBLIC OF ARGENTINA,

                             Defendant.

----------------------------------------------------------------x

No. 10 Civ. 5338 (TPG)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/20/12

## ~~[PROPOSED]~~ AMENDED FEBRUARY 23, 2012 ORDER

WHEREAS, in an Order dated December 13, 2011, this Court found that, under Paragraph 1(c) of the 1994 Fiscal Agency Agreement ("FAA"), the Republic is "required . . . at all times to rank its payment obligations pursuant to Plaintiffs' Bonds at least equally with all the Republic's other present and future unsecured and unsubordinated External Indebtedness."

WHEREAS, in its December 13, 2011 Order, this Court granted partial summary judgment to Plaintiffs on their claim that the Republic repeatedly has breached, and continues to breach, its obligations under Paragraph 1(c) of the FAA by, among other things, "ma[king] payments currently due under the Exchange Bonds, while persisting in its refusal to satisfy its payment obligations currently due under Plaintiffs' Bonds."

And WHEREAS Plaintiffs have filed a motion for equitable relief as a remedy for such violations pursuant to Rule 65(d) of the Federal Rules of Civil Procedure and the Court's inherent equitable powers.

Upon consideration of Plaintiffs' motion, the response of the Republic of Argentina

1

(the "Republic") thereto, Plaintiffs' reply, and all other arguments submitted to the Court in the parties' papers and at oral argument, it is HEREBY ORDERED that:

1. It is DECLARED, ADJUDGED, and DECREED that Plaintiffs are irreparably harmed by and have no adequate remedy at law for the Republic's ongoing violations of Paragraph 1(c) of the FAA, and that the equities and public interest strongly support issuance of equitable relief to prevent the Republic from further violating Paragraph 1(c) of the FAA, in that:

    a. Absent equitable relief, Plaintiffs would suffer irreparable harm because the Republic's payment obligations to Plaintiffs would remain debased of their contractually-guaranteed status, and Plaintiffs would never be restored to the position they were promised that they would hold relative to other creditors in the event of default.

    b. There is no adequate remedy at law for the Republic's ongoing violations of Paragraph 1(c) of the FAA because the Republic has made clear – indeed, it has codified in Law 26,017 and Law 26,547 – its intention to defy any money judgment issued by this Court.

    c. The balance of the equities strongly supports this Order in light of the clear text of Paragraph 1(c) of the FAA and the Republic's repeated failures to make required payments to Plaintiffs.   In the absence of the equitable relief provided by this Order, the Republic will continue to violate Paragraph 1(c) with impunity, thus subjecting Plaintiffs to harm.   On the other hand, the Order requires of the Republic only that which it promised Plaintiffs and similarly situated creditors to induce those creditors to purchase the Republic's bonds.  Because the Republic has the financial wherewithal to meet its

2

commitment of providing equal treatment to both Plaintiffs (and similarly situated creditors) and those owed under the terms of the Exchange Bonds, it is equitable to require it to do so. Indeed, equitable relief is particularly appropriate here, given that the Republic has engaged in an unprecedented, systematic scheme of making payments on other external indebtedness, after repudiating its payment obligations to Plaintiffs, in direct violation of its contractual commitment set forth in Paragraph 1(c) of the FAA.

d. The public interest of enforcing contracts and upholding the rule of law will be served by the issuance of this Order, particularly here, where creditors of the Republic have no recourse to bankruptcy regimes to protect their interests and must rely upon courts to enforce contractual promises. No less than any other entity entering into a commercial transaction, there is a strong public interest in holding the Republic to its contractual obligations.

2. The Republic accordingly is permanently ORDERED to specifically perform its obligations to Plaintiffs under Paragraph 1(c) of the FAA as follows:

a. Whenever the Republic pays any amount due under terms of the bonds or other obligations issued pursuant to the Republic's 2005 or 2010 Exchange Offers, or any subsequent exchange of or substitution for the 2005 and 2010 Exchange Offers that may occur in the future (collectively, the "Exchange Bonds"), the Republic shall concurrently or in advance make a "Ratable Payment" to Plaintiffs (as defined below and as further defined in the Court's Opinion of November 21, 2012 in the *NML Capital, Ltd. v. The Republic of Argentina* cases, Nos. 08 Civ. 6978, 09 Civ. 1707, and 09 Civ. 1708).

3

b. Such "Ratable Payment" that the Republic is ORDERED to make to Plaintiffs shall be an amount equal to the "Payment Percentage" (as defined below) multiplied by the total amount currently due to Plaintiffs in respect of the bonds at issue in these cases (09 Civ. 8757, 09 Civ. 10620, 10 Civ. 1602, 10 Civ. 3507, 10 Civ. 3970, 10 Civ. 4101, 10 Civ. 4782, 10 Civ. 8339), including pre-judgment interest (the "Plaintiffs' Bonds").

c. Such "Payment Percentage" shall be the fraction calculated by dividing the amount actually paid or which the Republic intends to pay under the terms of the Exchange Bonds by the total amount then due under the terms of the Exchange Bonds.

d. The Republic is ENJOINED from violating Paragraph 1(c) of the FAA, including by making any payment under the terms of the Exchange Bonds without complying with its obligation pursuant to Paragraph 1(c) of the FAA by concurrently or in advance making a Ratable Payment to Plaintiffs.

e. Within three (3) days of the issuance of this ORDER, the Republic shall provide copies of this ORDER to all participants in the payment process of the Exchange Bonds ("Participants"). Such Participants shall be bound by the terms of this ORDER as provided by Rule 65(d)(2) and prohibited from aiding and abetting any violation of this ORDER, including any further violation by the Republic of its obligations under Paragraph 1(c) of the FAA, such as any effort to make payments under the terms of the Exchange Bonds without also concurrently or in advance making a Ratable Payment to Plaintiffs.

f. "Participants" refer to those persons and entities who act in active concert or

4

participation with the Republic, to assist the Republic in fulfilling its payment obligations under the Exchange Bonds, including: (1) the indenture trustees and/or registrars under the Exchange Bonds (including but not limited to The Bank of New York Mellon f/k/a/ The Bank of New York); (2) the registered owners of the Exchange Bonds and nominees of the depositaries for the Exchange Bonds (including but not limited to Cede & Co. and The Bank of New York Depositary (Nominees) Limited) and any institutions which act as nominees; (3) the clearing corporations and systems, depositaries, operators of clearing systems, and settlement agents for the Exchange Bonds (including but not limited to the Depository Trust Company, Clearstream Banking S.A., Euroclear Bank S.A./N.V. and the Euroclear System); (4) trustee paying agents and transfer agents for the Exchange Bonds (including but not limited to The Bank of New York (Luxembourg) S.A. and The Bank of New York Mellon (including but not limited to the Bank of New York Mellon (London)); and (5) attorneys and other agents engaged by any of the foregoing or the Republic in connection with their obligations under the Exchange Bonds.

g.  Nothing in this ORDER shall be construed to extend to the conduct or actions of a third party acting solely in its capacity as an "intermediary bank," under Article 4A of the U.C.C. and N.Y.C.L.S. U.C.C. § 4-A-104, implementing a funds transfer in connection with the Exchange Bonds.

h.  Any non-party that has received proper notice of this ORDER, pursuant to Rule 65(d)(2), and that requires clarification as to its duties, if any, under this ORDER may make an application to this Court, with notice to the Republic

5

and Plaintiffs. Such clarification will be promptly provided.

    i.   Concurrently or in advance of making a payment on the Exchange Bonds, the Republic shall certify to the Court and give notice of this certification to its Participants, and to counsel for Plaintiffs, that the Republic has satisfied its obligations under this ORDER to make a Ratable Payment to Plaintiffs.

    3.  Plaintiffs shall be entitled to discovery to confirm the timing and amounts of the Republic's payments under the terms of the Exchange Bonds; the amounts the Republic owes on these and other obligations; and such other information as appropriate to confirm compliance with this ORDER;

    4.  The Republic is permanently PROHIBITED from taking action to evade the directives of this ORDER, render it ineffective, or to take any steps to diminish the Court's ability to supervise compliance with the ORDER, including, but not limited to, altering or amending the processes or specific transfer mechanisms by which it makes payments on the Exchange Bonds, without obtaining prior approval by the Court;

    5.  This Court shall retain jurisdiction to monitor and enforce this ORDER, and to modify and amend it as justice requires to achieve its equitable purposes and to account for changing circumstances.

Dated:  New York, New York
        _Nov. 21_____, 2012

                                   Thomas P. Griesa
                                   U.S. District Judge

A-3247

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

NML CAPITAL, LTD.,

                  Plaintiff,

     - against -

THE REPUBLIC OF ARGENTINA,

                Defendant.

:  No. 08 Civ. 6978 (TPG)
:  No. 09 Civ. 1707 (TPG)
:  No. 09 Civ. 1708 (TPG)

------------------------------------------------------------ x

AURELIUS CAPITAL MASTER, LTD. and
ACP MASTER, LTD.,

                  Plaintiffs,

     - against -

THE REPUBLIC OF ARGENTINA,

                Defendant.

:  No. 09 Civ. 8757 (TPG)
:  No. 09 Civ. 10620 (TPG)

------------------------------------------------------------ x

AURELIUS OPPORTUNITIES FUND II, LLC
and AURELIUS CAPITAL MASTER, LTD.,

                  Plaintiffs,

     - against -

THE REPUBLIC OF ARGENTINA,

                Defendant.

:  No. 10 Civ. 1602 (TPG)
:  No. 10 Civ. 3507 (TPG)

:  *(captions continue on following pages)*

------------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/26/12

**[~~PROPOSED~~] ORDER CONCERNING THE MARCH 5, 2012 ORDER**

2769326.1

# A-3248 ı

```
-------------------------------------------------------------------x
                                                      :
AURELIUS CAPITAL MASTER, LTD. and                     :
AURELIUS OPPORTUNITIES FUND II, LLC,                  :
                                                      :   No. 10 Civ. 3970 (TPG)
                                     Plaintiffs,      :   No. 10 Civ. 8339 (TPG)
                                                      :
                - against -                           :
                                                      :
THE REPUBLIC OF ARGENTINA,                            :
                                                      :
                                     Defendant.       :
                                                      :
------------------------------------------------------------------ x
                                                      :
BLUE ANGEL CAPITAL I LLC,                             :
                                                      :   No. 10 Civ. 4101 (TPG)
                                     Plaintiff,       :   No. 10 Civ. 4782 (TPG)
                                                      :
                - against -                           :
                                                      :
THE REPUBLIC OF ARGENTINA,                            :
                                                      :
                                     Defendant.       :
                                                      :
-------------------------------------------------------------------x
                                                      :
PABLO ALBERTO VARELA, et al.,                         :
                                                      :
                                     Plaintiff,       :   No. 10 Civ. 5338 (TPG)
                                                      :
                - against -                           :
                                                      :
THE REPUBLIC OF ARGENTINA,                            :
                                                      :
                                     Defendant.       :
                                                      :
-------------------------------------------------------------------x
```

2769326.1

# A-3249 |

```
------------------------------------------------------------ x
                                                            :
OLIFANT FUND, LTD.,                                         :
                                                            :   No. 10 Civ. 9587 (TPG)
                                   Plaintiff,               :
                                                            :
              - against -                                   :
                                                            :
THE REPUBLIC OF ARGENTINA,                                  :
                                                            :
                                   Defendant.               :
                                                            :
------------------------------------------------------------x
```

For the reasons stated in the Court's two opinions dated November 21, 2012, in the *NML Capital, Ltd. v. The Republic of Argentina* cases, Nos. 08 Civ. 6978, 09 Civ. 1707, and 09 Civ. 1708, which are incorporated herein, it is HEREBY ORDERED that:

The provision in the March 5, 2012 Order staying the carrying out of the February 23, 2012 Orders is vacated and it is directed that the February 23, 2012 Orders, as now somewhat modified, are to be carried out forthwith. This means that the February 23, 2012 Orders will be applicable to the interest payments made to exchange bondholders in December 2012. In order to avoid confusion and to give some reasonable time to arrange mechanics, the Court specifies that the precise interest payment involved will be that of December 15, 2012. Counsel for Argentina is directed to consult with counsel for plaintiffs in order to arrive at the exact amount to be paid to plaintiffs and other mechanics.

Since the Court of Appeals has not finally spoken on the subject of the calculation of the payment to plaintiffs, such payment is to be made into an escrow account, so that any adjustments required by the final Court of Appeals' ruling can be made. The Court will consult with counsel about the proper party or institution to hold the escrow account.

1

# A-3250

Copies of this Order, together with copies of the Amended February 23, 2012 Orders, such amendments to be dated as of this date, will be promptly provided to the parties involved in payments to exchange bondholders, who will be on notice that the December 15, 2012 interest payments due to exchange bondholders cannot be made unless Argentina certifies that it is making the appropriate payment for the benefit of plaintiffs to the escrow account, either in advance of or concurrent with any payment to exchange bondholders.

Dated:   New York, New York
       Nov. 21 , 2012

                       Thomas P. Griesa
                       U.S. District Judge

A-3251

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------x
                                             :
NML CAPITAL, LTD.,                           :
                          Plaintiff,         :
                                             :        08 Civ. 6978 (TPG)
            – against –                      :        09 Civ. 1707 (TPG)
                                             :        09 Civ. 1708 (TPG)
THE REPUBLIC OF ARGENTINA,                   :
                                             :
                          Defendant.         :
                                             :
---------------------------------------------x
                                             :
AURELIUS CAPITAL MASTER, LTD. and            :
ACP MASTER, LTD.,                            :
                                             :        09 Civ. 8757 (TPG)
                          Plaintiffs,        :        09 Civ. 10620 (TPG)
                                             :
            – against –                      :
                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                             :
                          Defendant.         :
                                             :
---------------------------------------------x
                                             :
AURELIUS OPPORTUNITIES FUND II,              :
LLC and AURELIUS CAPITAL MASTER,             :
LTD.,                                        :        10 Civ. 1602 (TPG)
                                             :        10 Civ. 3507 (TPG)
                          Plaintiffs,        :        10 Civ. 3970 (TPG)
                                             :        10 Civ. 8339 (TPG)
            – against –                      :
                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                             :        **(captions continued on
                          Defendant.         :              next page)**
                                             :
---------------------------------------------x

A-3252

```
-------------------------------------x
                                     :
BLUE ANGEL CAPITAL I LLC,            :
                                     :
                Plaintiff,           :       10 Civ. 4101 (TPG)
                                     :       10 Civ. 4782 (TPG)
         – against –                 :
                                     :
THE REPUBLIC OF ARGENTINA,           :
                                     :
                Defendant.           :
                                     :
-------------------------------------x
                                     :
OLIFANT FUND, LTD.,                  :
                                     :
                Plaintiff,           :       10 Civ. 9587 (TPG)
                                     :
         – against –                 :
                                     :
THE REPUBLIC OF ARGENTINA,           :
                                     :
                Defendant.           :
                                     :
-------------------------------------x
                                     :
PABLO ALBERTO VARELA, et al.,        :
                                     :
                Plaintiffs,          :       10 Civ. 5338 (TPG)
                                     :
         – against –                 :
                                     :
THE REPUBLIC OF ARGENTINA,           :
                                     :
                Defendant.           :
                                     :
-------------------------------------x
```

2

A-3253

## ORDER

Before the court is plaintiffs' motion for partial reconsideration of the June 27, 2014 order granting Citibank, N.A.'s ("Citibank") motion for clarification (the "Citibank order"). At the hearing held on July 22, 2014, the parties raised—for the first time—new information regarding the exchange bonds paid through Citibank Argentina. Accordingly, the court reserved judgment on plaintiffs' motion. After the hearing, Citibank and the parties brought additional information to the court's attention. That information is as follows.

By letter dated July 23, 2014, Citibank advised the court that the Republic of Argentina (the "Republic") issued bonds pursuant to a settlement with Repsol YPF, S.A. in an unrelated case (the "Repsol bonds"), which have the same International Securities Identification Number ("ISIN") as the dollar-denominated exchange bonds paid through Citibank. That ISIN number is ARARGE03E113. As a result, Citibank cannot distinguish between the Repsol bonds and the dollar-denominated exchange bonds. In other words, the court cannot enjoin payment on the dollar-denominated exchange bonds without also upsetting the Repsol settlement.

Unfortunately, because of the July 30, 2014 expiration of the grace period, this issue demands the court's immediate attention. Accordingly, the court states the following.

3

A-3254

The court does not wish to upset the settlement with Repsol. For this reason only, the court denies plaintiffs' motion for partial reconsideration at this time. Citibank may make payment on the interest due on the Repsol bonds and on both the peso- and dollar-denominated exchange bonds described in the Citibank order.

However, the court will only allow this one-time payment on the dollar-denominated exchange bonds. After July 30, 2014, the court will rescind the Citibank order with regard to the dollar-denominated exchange bonds. To avoid future confusion, the parties are directed to devise a way to distinguish between the Repsol bonds and the exchange bonds before the next interest payment is due.

SO ORDERED.

Dated: New York, New York
      July 28, 2014

                                   /s/ Thomas P. Griesa
                                    Thomas P. Griesa
                                    U. S. District Judge

4

A-3255

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                                                    :
PABLO ALBERTO VARELA, et al.,                                       :
                                                                    :
                    Plaintiff,                                      :     10 Civ. 5338 (TPG)
                                                                    :
              v.                                                    :     **NOTICE OF APPEAL**
                                                                    :
THE REPUBLIC OF ARGENTINA,                                          :
                                                                    :
                    Defendant.                                      :
                                                                    :
                                                                    :
                                                                    :
--------------------------------------------------------------------X

          Notice is hereby given that the Republic of Argentina ("Republic"), defendant in

the above-captioned case, hereby appeals to the United States Court of Appeals for the Second

Circuit from the Order entered in this action on July 28, 2014 to the extent the district court ruled

that the injunctions entered on November 21, 2012 and affirmed by the Second Circuit in *NML*

*Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230 (2d Cir. 2013) (the "Injunctions"), now

enjoin payments due after July 30, 2014 on U.S. dollar-denominated bonds governed by

Argentine law and payable in Argentina if the Republic does not make a "ratable payment" to

plaintiffs, thereby granting in part plaintiffs' motion for partial reconsideration of the order dated

June 27, 2014 that had granted Citibank N.A.'s motion to clarify or modify the Injunctions.

A-3256

Dated: New York, New York
      July 29, 2014

                  CLEARY GOTTLIEB STEEN & HAMILTON LLP

                  By:  /s/ Carmine D. Boccuzzi
                        Jonathan I. Blackman (jblackman@cgsh.com)
                        Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

                  One Liberty Plaza
                  New York, New York 10006
                  (212) 225-2000

                  Attorneys for the Republic of Argentina

A-3257

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:10-cv-09587-TPG

Olifant Fund, LTD. v. The Republic of Argentina
Assigned to: Judge Thomas P. Griesa
Demand: $5,000,000
Related Case: 1:09-cv-01708-TPG
Cause: 28:1330 Breach of Contract

Date Filed: 12/23/2010
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**Olifant Fund, LTD.**                represented by   **Stephen Daniel Poss**
Goodwin Procter, LLP (Boston)
53 State Street,Exchange Place
Boston, MA 02109
(617)570-1000
Fax: (617)-523-1231
Email: sposs@goodwinprocter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Frederick Lesser**
Simon Lesser P.C.
420 Lexington Ave
New York, NY 10170
(212)599-5455
Fax: (212) 599-5459
Email: llesser@simonlesser.com
*ATTORNEY TO BE NOTICED*

**Robert Donald Carroll**
Goodwin Procter, LLP (Boston)
53 State Street,Exchange Place
Boston, MA 02109
(617)-570-1753
Fax: (617)-523-1231
Email: rcarroll@goodwinprocter.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

A-3258

**The Republic of Argentina**                    represented by **Carmine D. Boccuzzi , Jr**
Cleary Gottlieb Steen & Hamilton,
LLP(NYC)
One Liberty Plaza
New York, NY 10006
212-225-2000
Fax: 212-225-3499
Email: maofiling@cgsh.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Depository Trust Company**                    represented by **Eric P Heichel**
Eiseman, Levine, Lehrhaupt & Kakoyiannis,
P.C.
805 Third Avenue
10th Floor
New York, NY 10022
(212) 752-1000
Fax: (212)355-4608
Email: eheichel@eisemanlevine.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Cede & Co.**                    represented by **Eric P Heichel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Euro Bondholders**                    represented by **Christopher J. Clark**
Latham & Watkins LLP (NY)
885 Third Avenue
New York, NY 10022
(212) 906-1350
Fax: (212) 751-4864
Email: christopher.clark2@lw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeff G. Hammel**
Latham and Watkins (NY)
885 Third Avenue
New York, NY 10022

A-3259

(212) 906-1200
Fax: (212)-751-4864
Email: jeff.hammel@lw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Citibank, N.A.**                    represented by **James Loran Kerr**
Davis Polk & Wardwell L.L.P.
450 Lexington Avenue
New York, NY 10017
(212) 450-4552
Fax: 212 450 3552
Email: jkerr@dpw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Karen E Wagner**
Davis Polk & Wardwell L.L.P.
450 Lexington Avenue
New York, NY 10017
(212) 450-4404
Fax: (212) 450-3404
Email: Karen.Wagner@davispolk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lindsey Taylor Knapp**
Davis Polk & Wardwell L.L.P.
450 Lexington Avenue
New York, NY 10017
(212)-450-4726
Fax: (212)-450-3726
Email: lindsey.knapp@dpw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**The Bank of New York Mellon**        represented by **Eric Andrew Schaffer**
Reed Smith, LLP (Pittsburgh)
225 Fifth Avenue
Pittsburgh, PA 15222
(412)-288-4202
Fax: (412)-288-3063
Email: eschaffer@reedsmith.com

A-3260

**Interested Party**

**Clearstream Banking, S.A.**                    represented by    **John Michael Vassos**
                                                                    Morgan, Lewis and Bockius LLP (NY)
                                                                    101 Park Avenue
                                                                    New York, NY 10178
                                                                    212-309-6158
                                                                    Fax: 212-309-6273
                                                                    Email: jvassos@morganlewis.com
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Mary Christina Pennisi**
                                                                    Morgan Lewis & Bockius, LLP (NY)
                                                                    101 Park Avenue
                                                                    New York, NY 10178
                                                                    (212)-309-6000
                                                                    Fax: (212)-309-6001
                                                                    Email: mpennisi@morganlewis.com
                                                                    *ATTORNEY TO BE NOTICED*

**Interested Party**

**JPMorgan Chase Bank, N.A.**                    represented by    **Andrea Likwornik Weiss**
                                                                    Levi Lubarsky & Feigenbaum LLP
                                                                    1185 Avenue of the Americas
                                                                    17th Floor
                                                                    New York, NY 10036
                                                                    (212) 308-6100
                                                                    Fax: (212) 308-8830
                                                                    Email: aweiss@llf-law.com
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Alan Howard Scheiner**
                                                                    Levi Lubarsky & Feigenbaum LLP
                                                                    1185 Avenue of the Americas
                                                                    17th Floor
                                                                    New York, NY 10036
                                                                    (212) 308-7261
                                                                    Fax: (212) 308-8830
                                                                    Email: ascheiner@llf-law.com
                                                                    *ATTORNEY TO BE NOTICED*

V.

A-3261

**Amicus**

**Duane Morris Individual Plaintiffs**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/23/2010 | 1 | COMPLAINT against The Republic of Argentina. (Filing Fee $ 350.00, Receipt Number 924564)Document filed by Olifant Fund, LTD.(ama) (Entered: 12/28/2010) |
| 12/23/2010 | | SUMMONS ISSUED as to The Republic of Argentina. (ama) (Entered: 12/28/2010) |
| 12/23/2010 | | CASE REFERRED TO Judge Thomas P. Griesa as possibly related to 1:09-cv-1708. (ama) (Entered: 12/28/2010) |
| 12/23/2010 | | Case Designated ECF. (ama) (Entered: 12/28/2010) |
| 12/23/2010 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying ABIL, LTD. as Corporate Parent. Document filed by Olifant Fund, LTD.(ama) (Entered: 12/28/2010) |
| 12/23/2010 | | ***NOTE TO ATTORNEY TO E-MAIL PDF. Note to Attorney Robert Donald Carroll for noncompliance with Section 14.2 of the S.D.N.Y. Electronic Case Filing Rules & Instructions. E-MAIL the PDF for Document 1 Complaint, 2 Rule 7.1 Corporate Disclosure Statement to: appeals@nysd.uscourts.gov. (nd)** (Entered: 08/01/2014) |
| 01/05/2011 | | CASE ACCEPTED AS RELATED. Create association to 1:09-cv-01708-TPG. Notice of Assignment to follow. (sjo) (Entered: 01/05/2011) |
| 01/05/2011 | 3 | NOTICE OF CASE ASSIGNMENT to Judge Thomas P. Griesa. Judge Unassigned is no longer assigned to the case. (sjo) (Entered: 01/05/2011) |
| 01/05/2011 | | Magistrate Judge Gabriel W. Gorenstein is so designated. (sjo) (Entered: 01/05/2011) |
| 01/11/2011 | 4 | SUMMONS RETURNED EXECUTED. The Republic of Argentina served on 12/30/2010, answer due 2/28/2011. Service was accepted by Roberto Birrientos of Banco De La Nacion Argentina, service agent for the Republic of Argentina. Document filed by Olifant Fund, LTD.. (Attachments: # 1 Affidavit of Service)(Carroll, Robert) (Entered: 01/11/2011) |
| 02/28/2011 | 5 | ANSWER to Complaint. Document filed by The Republic of Argentina.(Boccuzzi, Carmine) (Entered: 02/28/2011) |
| 03/01/2011 | 6 | CERTIFICATE OF SERVICE of Brendan Cyr on February 28, 2011, re: 5 . Service was made by ECF. Document filed by The Republic of Argentina. (Boccuzzi, Carmine) (Entered: 03/01/2011) |
| 08/09/2011 | 7 | STIPULATION AND ORDER GOVERNING CONFIDENTIAL MATERIAL...regarding procedures to be followed that shall govern the handling of confidential material... (Signed by Judge Thomas P. Griesa on 8/9/2011) (ab) (Entered: |

08/09/2011)

# A-3262

| | | |
|---|---|---|
| 01/26/2012 | 8 | MOTION for Partial Summary Judgment *and for Injunctive Relief Pursuant to the Equal Treatment Provision*. Document filed by Olifant Fund, LTD..(Poss, Stephen) (Entered: 01/26/2012) |
| 01/26/2012 | 9 | RULE 56.1 STATEMENT. Document filed by Olifant Fund, LTD.. (Poss, Stephen) (Entered: 01/26/2012) |
| 01/26/2012 | 10 | DECLARATION of Michael Rashes in Support re: 8 MOTION for Partial Summary Judgment *and for Injunctive Relief Pursuant to the Equal Treatment Provision*.. Document filed by Olifant Fund, LTD.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Poss, Stephen) (Entered: 01/26/2012) |
| 01/26/2012 | 11 | DECLARATION of Robert D. Carroll in Support re: 8 MOTION for Partial Summary Judgment *and for Injunctive Relief Pursuant to the Equal Treatment Provision*.. Document filed by Olifant Fund, LTD.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F (Part I of IX), # 7 Exhibit F (Part II of IX), # 8 Exhibit F (Part III of IX), # 9 Exhibit F (Part IV of IX), # 10 Exhibit F (Part V of IX), # 11 Exhibit F (Part VI of IX), # 12 Exhibit F (Part VII of IX), # 13 Exhibit F (Part VIII of IX), # 14 Exhibit F (Part IX of IX), # 15 Exhibit G, # 16 Exhibit H, # 17 Exhibit I, # 18 Exhibit J, # 19 Exhibit K, # 20 Exhibit L, # 21 Exhibit M, # 22 Exhibit N, # 23 Exhibit O, # 24 Exhibit P)(Poss, Stephen) (Entered: 01/26/2012) |
| 01/26/2012 | 12 | MOTION for Partial Summary Judgment *for Principal and Interest Due*. Document filed by Olifant Fund, LTD..(Poss, Stephen) (Entered: 01/26/2012) |
| 01/26/2012 | 13 | MEMORANDUM OF LAW in Support re: 12 MOTION for Partial Summary Judgment *for Principal and Interest Due*.. Document filed by Olifant Fund, LTD.. (Poss, Stephen) (Entered: 01/26/2012) |
| 01/26/2012 | 14 | RULE 56.1 STATEMENT. Document filed by Olifant Fund, LTD.. (Poss, Stephen) (Entered: 01/26/2012) |
| 01/26/2012 | 15 | DECLARATION of Michael Rashes in Support re: 12 MOTION for Partial Summary Judgment *for Principal and Interest Due*.. Document filed by Olifant Fund, LTD.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Poss, Stephen) (Entered: 01/26/2012) |
| 01/26/2012 | 16 | DECLARATION of Robert D. Carroll in Support re: 12 MOTION for Partial Summary Judgment *for Principal and Interest Due*.. Document filed by Olifant Fund, LTD.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Poss, Stephen) (Entered: 01/26/2012) |
| 01/27/2012 | 17 | DECLARATION of Michael Rashes in Support re: 8 MOTION for Partial Summary Judgment *and for Injunctive Relief Pursuant to the Equal Treatment Provision*.. Document filed by Olifant Fund, LTD.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Poss, Stephen) (Entered: 01/27/2012) |
| 01/27/2012 | 18 | DECLARATION of Michael Rashes in Support re: 12 MOTION for Partial Summary |

A-3263

| | | Judgment *for Principal and Interest Due*.. Document filed by Olifant Fund, LTD.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E) (Poss, Stephen) (Entered: 01/27/2012) |
|---|---|---|
| 02/01/2012 | 19 | DECLARATION of Carmine D. Boccuzzi in Opposition re: 8 MOTION for Partial Summary Judgment *and for Injunctive Relief Pursuant to the Equal Treatment Provision*.. Document filed by The Republic of Argentina. (Attachments: # 1 Exhibits A-F, # 2 Exhibit G)(Moore, Christopher) (Entered: 02/01/2012) |
| 02/01/2012 | 20 | DECLARATION of Matias Isasa in Opposition re: 8 MOTION for Partial Summary Judgment *and for Injunctive Relief Pursuant to the Equal Treatment Provision*.. Document filed by The Republic of Argentina. (Moore, Christopher) (Entered: 02/01/2012) |
| 02/01/2012 | 21 | MEMORANDUM OF LAW in Opposition re: 8 MOTION for Partial Summary Judgment *and for Injunctive Relief Pursuant to the Equal Treatment Provision*.. Document filed by The Republic of Argentina. (Moore, Christopher) (Entered: 02/01/2012) |
| 02/03/2012 | 23 | ENDORSED LETTER addressed to Judge Thomas P. Griesa from Robert D. Carroll dated 1/26/12 re: Counsel for the plaintiff writes to request that their motion for summary judgment and for Injunctive Relief Pursuant to the Equal Treatment Provision be heard on 2/15/12 and opposition papers to be filed on 2/1/12 and reply papers on 2/13/12. ENDORSEMENT: Approved. Set Deadlines/Hearing as to 8 MOTION for Partial Summary Judgment *and for Injunctive Relief Pursuant to the Equal Treatment Provision*:( Replies due by 2/13/2012.) (Signed by Judge Thomas P. Griesa on 2/3/2012) (mro) (Entered: 02/08/2012) |
| 02/06/2012 | 22 | COUNTER STATEMENT TO 9 Rule 56.1 Statement. Document filed by The Republic of Argentina. (Boccuzzi, Carmine) (Entered: 02/06/2012) |
| 02/10/2012 | 24 | REPLY MEMORANDUM OF LAW in Support re: 8 MOTION for Partial Summary Judgment *and for Injunctive Relief Pursuant to the Equal Treatment Provision*.. Document filed by Olifant Fund, LTD.. (Carroll, Robert) (Entered: 02/10/2012) |
| 02/10/2012 | 25 | DECLARATION of Robert D. Carroll in Support re: 24 Reply Memorandum of Law in Support of Motion. Document filed by Olifant Fund, LTD.. (Attachments: # 1 Exhibit A)(Carroll, Robert) (Entered: 02/10/2012) |
| 02/23/2012 | 26 | ORDER granting 8 Motion for Partial Summary Judgment. It is DECLARED, ADJUDGED, and DECREED that the Republic is required under Paragraph l(c) of the FAA at all times to rank its payment obligations pursuant to Olifant's Bonds at least equally with all the Republic's other present and future unsecured and unsubordinated External Indebtedness. Additional relief as set forth in this Order. (Signed by Judge Thomas P. Griesa on 2/23/2012) (pl) Modified on 2/24/2012 (pl). (Motion Doc#8 has been terminated as per Chambers instructions). (Entered: 02/24/2012) |
| 03/05/2012 | 27 | ORDER PURSUANT TO FRCP 62(C). It is HEREBY ORDERED that: 1. Pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, the effect of the February 23, |

A-3264

2012 Orders is stayed until the U.S. Court of Appeals for the Second Circuit has issued its mandate disposing of the Republic's appeal of the February 23, 2012 Orders. 2. To secure Plaintiffs' rights during the pendency of the Republic's appeals of the February 23, 2012 Orders to the Second Circuit, it is ordered that the Republic shall not during the pendency of the appeal to the Second Circuit take any action to evade the directives of the February 23, 2012 Orders in the event they are affirmed, render them ineffective in the event they are affirmed, or diminish the Court's ability to supervise compliance with the February 23, 2012 Orders in the event they are affirmed, including without limitation, altering or amending the processes or specific transfer mechanisms by which it makes payments on the Exchange Bonds, without prior approval of the Court. 3. With consent of the Plaintiffs and on terms agreeable to the parties, the Republic shall file a motion in the Second Circuit requesting that the court of appeals accord the Republic's forthcoming appeal of the February 23, 2012 Orders expedited treatment in accordance with a schedule agreed upon by the parties. 4. This Court shall retain jurisdiction to monitor and enforce this ORDER, and, on notice to the parties, to modify, amend, or extend it as justice requires to achieve its equitable purposes and to account for materially changed circumstances, including any failure by the Republic to abide by Paragraph (2) herein. (Signed by Judge Thomas P. Griesa on 3/5/2012) (rjm) (Entered: 03/06/2012)

| 03/06/2012 | 28 | NOTICE OF APPEAL from 26 Order on Motion for Partial Summary Judgment,,. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. Document filed by The Republic of Argentina. Filing fee $ 455.00, receipt number 0208-7259187. (Blackman, Jonathan) (Entered: 03/06/2012) |
| 03/06/2012 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 28 Notice of Appeal,. (nd) (Entered: 03/06/2012) |
| 03/06/2012 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 25 Declaration in Support filed by Olifant Fund, LTD., 27 Order,,,,,, 18 Declaration in Support of Motion, filed by Olifant Fund, LTD., 24 Reply Memorandum of Law in Support of Motion filed by Olifant Fund, LTD., 14 Rule 56.1 Statement filed by Olifant Fund, LTD., 21 Memorandum of Law in Opposition to Motion filed by The Republic of Argentina, 10 Declaration in Support of Motion, filed by Olifant Fund, LTD., 3 Notice of Case Assignment/Reassignment, 23 Endorsed Letter, Set Motion and R&R Deadlines/Hearings,,,, 26 Order on Motion for Partial Summary Judgment,, 22 Counter Statement to Rule 56.1 filed by The Republic of Argentina, 20 Declaration in Opposition to Motion filed by The Republic of Argentina, 15 Declaration in Support of Motion, filed by Olifant Fund, LTD., 5 Answer to Complaint filed by The Republic of Argentina, 17 Declaration in Support of Motion, filed by Olifant Fund, LTD., 28 Notice of Appeal, filed by The Republic of Argentina, 12 MOTION for Partial Summary Judgment *for Principal and Interest Due*. filed by Olifant Fund, LTD., 6 Certificate of Service Other filed by The Republic of Argentina, 13 Memorandum of Law in Support of Motion filed by Olifant Fund, LTD., 19 Declaration in Opposition to Motion filed by The Republic of Argentina, 9 Rule 56.1 Statement filed by Olifant Fund, LTD., 4 Summons Returned Executed, filed by Olifant Fund, LTD., 16 Declaration in Support of Motion filed by Olifant Fund, LTD., 7 |

A-3265

| | | |
|---|---|---|
| | | Protective Order, 8 MOTION for Partial Summary Judgment *and for Injunctive Relief Pursuant to the Equal Treatment Provision*. filed by Olifant Fund, LTD., 11 Declaration in Support of Motion,,, filed by Olifant Fund, LTD. were transmitted to the U.S. Court of Appeals. (nd) (Entered: 03/06/2012) |
| 04/11/2012 | 29 | OPINION re:#101694 12 MOTION for Partial Summary Judgment *for Principal and Interest Due*. filed by Olifant Fund, LTD. The Motion for Partial Summary Judgment For Principal and Interest Due is granted. Judgment will be entered for the principal amounts of the bonds plus accrued interest. The parties shall consult with one another concerning the form of the judgment and the amount of interest that should be awarded in the judgment. If the parties are able to reach agreement on that subject, they shall jointly submit an agreed proposed judgment to the Court. If the parties are unable to reach agreement on that subject, Plaintiff shall submit a proposed judgment to the Court, and the Republic shall submit any objections to the proposed judgment within five business days thereafter. The Court will then resolve any remaining disagreements. The proposed judgment submitted to the Court should include the following language: "It is further ORDERED that, until further notice from the Court, Plaintiff must refrain from selling or otherwise transferring their beneficial interest in the bonds involved in this action without advising the Court in advance and obtaining permission of the Court." This opinion resolves the motion listed as document number 12 in this case. (Signed by Judge Thomas P. Griesa on 4/11/2012) (jfe) Modified on 4/11/2012 (jfe). Modified on 4/20/2012 (jab). (Entered: 04/11/2012) |
| 11/08/2012 | 30 | NOTICE OF APPEARANCE by Leonard Frederick Lesser on behalf of Olifant Fund, LTD. (Lesser, Leonard) (Entered: 11/08/2012) |
| 11/13/2012 | 31 | SUPPLEMENTAL MEMORANDUM OF LAW in Support re: 8 MOTION for Partial Summary Judgment *and for Injunctive Relief Pursuant to the Equal Treatment Provision.*. Document filed by Olifant Fund, LTD.. (Lesser, Leonard) (Entered: 11/13/2012) |
| 11/13/2012 | 32 | DECLARATION of Robert A. Cohen in Support re: 8 MOTION for Partial Summary Judgment *and for Injunctive Relief Pursuant to the Equal Treatment Provision.*. Document filed by Olifant Fund, LTD.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Exhibit Z, # 27 Exhibit AA, # 28 Exhibit BB, # 29 Exhibit CC, # 30 Exhibit DD, # 31 Exhibit EE, # 32 Exhibit FF, # 33 Exhibit GG, # 34 Exhibit HH, # 35 Exhibit II, # 36 Exhibit JJ, # 37 Exhibit KK, # 38 Exhibit LL, # 39 Exhibit MM, # 40 Exhibit NN, # 41 Exhibit OO, # 42 Exhibit PP, # 43 Exhibit QQ, # 44 Exhibit RR, # 45 Exhibit SS, # 46 Exhibit TT)(Lesser, Leonard) (Entered: 11/13/2012) |
| 11/16/2012 | 33 | NOTICE OF APPEARANCE by Eric P Heichel on behalf of Depository Trust Company, Cede & Co. (Heichel, Eric) (Entered: 11/16/2012) |

A-3266

| | | |
|---|---|---|
| 11/16/2012 | 34 | BRIEF *AMICUS BRIEF OF DUANE MORRIS INDIVIDUAL PLAINTIFFS*. Document filed by Duane Morris Individual Plaintiffs.(Costantini, Anthony) (Entered: 11/16/2012) |
| 11/16/2012 | 35 | DECLARATION of Carmine D. Boccuzzi, dated November 16, 2012 in Opposition re: 8 MOTION for Partial Summary Judgment *and for Injunctive Relief Pursuant to the Equal Treatment Provision.*. Document filed by The Republic of Argentina. (Attachments: # 1 Exhibit A-F, # 2 Exhibit G-L, # 3 Exhibit M-P, # 4 Exhibit Q-T, # 5 Exhibit U Part 1, # 6 Exhibit U Part 2, # 7 Exhibit U Part 3, # 8 Exhibit V-W, # 9 Exhibit X-CC)(Boccuzzi, Carmine) (Entered: 11/16/2012) |
| 11/16/2012 | 36 | DECLARATION of Francisco Guillermo Eggers, Dated November 16, 2012 in Opposition re: 8 MOTION for Partial Summary Judgment *and for Injunctive Relief Pursuant to the Equal Treatment Provision.*. Document filed by The Republic of Argentina. (Boccuzzi, Carmine) (Entered: 11/16/2012) |
| 11/16/2012 | 37 | MEMORANDUM OF LAW in Opposition re: 8 MOTION for Partial Summary Judgment *and for Injunctive Relief Pursuant to the Equal Treatment Provision.*. Document filed by The Republic of Argentina. (Boccuzzi, Carmine) (Entered: 11/16/2012) |
| 11/19/2012 | 38 | REPLY MEMORANDUM OF LAW in Support re: 8 MOTION for Partial Summary Judgment *and for Injunctive Relief Pursuant to the Equal Treatment Provision.*. Document filed by Olifant Fund, LTD.. (Lesser, Leonard) (Entered: 11/19/2012) |
| 11/20/2012 | 39 | REPLY AFFIDAVIT of Kevin S. Reed in Support re: 8 MOTION for Partial Summary Judgment *and for Injunctive Relief Pursuant to the Equal Treatment Provision.*. Document filed by Olifant Fund, LTD.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U)(Lesser, Leonard) (Entered: 11/20/2012) |
| 11/26/2012 | 40 | AMENDED FEBRUARY 23, 2012 ORDER: It is HEREBY ORDERED that: 1. The motion for partial summary judgment pursuant to Rule 56(a) is GRANTED. 2. It is DECLARED, ADJUDGED, and DECREED that the Republic is required under Paragraph 1 (c) of the FAA at all times to rank its payment obligations pursuant to Olifant's Bonds at least equally with all the Republic's other present and future unsecured and unsubordinated External Indebtedness and as further set forth herein. (Signed by Judge Thomas P. Griesa on 11/21/2012) (djc) (Entered: 11/26/2012) |
| 11/26/2012 | 41 | ORDER CONCERNING THE MARCH 5, 2012 ORDER re: (140 in 1:10-cv-03970-TPG). For the reasons stated in the Court's two opinions dated November 21, 2012, in the NML Capital, Ltd. v. The Republic of Argentina cases, Nos. 08 Civ. 6978, 09 Civ. 1707, and 09 Civ. 1708, which are incorporated herein, it is HEREBY ORDERED that: The provision in the March 5, 2012 Order staying the carrying out of the February 23, 2012 Orders is vacated and it is directed that the February 23, 2012 Orders, as now somewhat modified, are to be carried out forthwith. This means that the |

A-3267

February 23, 2012 Orders will be applicable to the interest payments made to exchange bondholders in December 2012. In order to avoid confusion and to give some reasonable time to arrange mechanics, the Court specifies that the precise interest payment involved will be that of December 15, 2012. Counsel for Argentina is directed to consult with counsel for plaintiffs in order to arrive at the exact amount to be paid to plaintiffs and other mechanics. Since the Court of Appeals has not finally spoken on the subject of the calculation of the payment to plaintiffs, such payment is to be made into an escrow account, so that any adjustments required by the final Court of Appeals' ruling can be made. The Court will consult with counsel about the proper party or institution to hold the escrow account. Copies of this Order, together with copies of the Amended February 23, 2012 Orders, such amendments to be dated as of this date, will be promptly provided to the parties involved in payments to exchange bondholders, who will be on notice that the December 15, 2012 interest payments due to exchange bondholders cannot be made unless Argentina certifies that it is making the appropriate payment for the benefit of plaintiffs to the escrow account, either in advance of or concurrent with any payment to exchange bondholders. (Signed by Judge Thomas P. Griesa on 11/21/2012) (djc) (Entered: 11/27/2012)

| 12/19/2012 | 42 | MOTION to Compel Cleary Gottlieb Steen & Hamilton LLP to Produce all Documents Responsive to the Subpoena to Produce Documents and to Testify at a Deposition in a Civil Action. Document filed by Olifant Fund, LTD..(Carroll, Robert) (Entered: 12/19/2012) |
|---|---|---|
| 12/19/2012 | 43 | MEMORANDUM OF LAW in Support re: 42 MOTION to Compel Cleary Gottlieb Steen & Hamilton LLP to Produce all Documents Responsive to the Subpoena to Produce Documents and to Testify at a Deposition in a Civil Action.. Document filed by Olifant Fund, LTD.. (Carroll, Robert) (Entered: 12/19/2012) |
| 12/19/2012 | 44 | DECLARATION of Robert A. Cohen in Support re: 42 MOTION to Compel Cleary Gottlieb Steen & Hamilton LLP to Produce all Documents Responsive to the Subpoena to Produce Documents and to Testify at a Deposition in a Civil Action.. Document filed by Olifant Fund, LTD.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Carroll, Robert) (Entered: 12/19/2012) |
| 12/21/2012 | 45 | MOTION to Compel Intervening Bondholders to Comply with Subpoenas. Document filed by Olifant Fund, LTD..(Lesser, Leonard) (Entered: 12/21/2012) |
| 12/21/2012 | 46 | MEMORANDUM OF LAW in Support re: 45 MOTION to Compel Intervening Bondholders to Comply with Subpoenas.. Document filed by Olifant Fund, LTD.. (Lesser, Leonard) (Entered: 12/21/2012) |
| 12/21/2012 | 47 | DECLARATION of Daniel B. Rapport in Support re: 45 MOTION to Compel Intervening Bondholders to Comply with Subpoenas.. Document filed by Olifant Fund, LTD.. (Attachments: # 1 Exhibit Exhibits 1 through 10, # 2 Exhibit Exhibits 11 through 20, # 3 Exhibit Exhibits 21 through 30, # 4 Exhibit Exhibits 31 through 40, # 5 Exhibit Exhibits 41 through 45)(Lesser, Leonard) (Entered: 12/21/2012) |
| 01/02/2013 | 48 | MOTION to Quash Subpoena, dated November 26, 2012 of Cleary Gottlieb Steen & |

A-3268

| | | Hamilton LLP , *dated January 2, 2013*. Document filed by The Republic of Argentina. (Boccuzzi, Carmine) (Entered: 01/02/2013) |
|---|---|---|
| 01/02/2013 | 49 | DECLARATION of Carmine D. Boccuzzi, dated January 2, 2013 re: 48 MOTION to Quash Subpoena, dated November 26, 2012 of Cleary Gottlieb Steen & Hamilton LLP , *dated January 2, 2013*., 42 MOTION to Compel Cleary Gottlieb Steen & Hamilton LLP to Produce all Documents Responsive to the Subpoena to Produce Documents and to Testify at a Deposition in a Civil Action.. Document filed by The Republic of Argentina. (Attachments: # 1 Exhibits A-L, # 2 Exhibits M-W)(Boccuzzi, Carmine) (Entered: 01/02/2013) |
| 01/02/2013 | 50 | MEMORANDUM OF LAW re: 48 MOTION to Quash Subpoena, dated November 26, 2012 of Cleary Gottlieb Steen & Hamilton LLP , *dated January 2, 2013*., 42 MOTION to Compel Cleary Gottlieb Steen & Hamilton LLP to Produce all Documents Responsive to the Subpoena to Produce Documents and to Testify at a Deposition in a Civil Action.. Document filed by The Republic of Argentina. (Boccuzzi, Carmine) (Entered: 01/02/2013) |
| 01/07/2013 | 51 | MOTION to Quash *Subpoenas, dated December 10, 2012*. Document filed by Euro Bondholders.(Hammel, Jeff) (Entered: 01/07/2013) |
| 01/07/2013 | 52 | MEMORANDUM OF LAW in Support re: 45 MOTION to Compel Intervening Bondholders to Comply with Subpoenas., 51 MOTION to Quash *Subpoenas, dated December 10, 2012*.. Document filed by Euro Bondholders. (Hammel, Jeff) (Entered: 01/07/2013) |
| 01/07/2013 | 53 | DECLARATION of Jeff G. Hammel in Support re: 45 MOTION to Compel Intervening Bondholders to Comply with Subpoenas., 51 MOTION to Quash *Subpoenas, dated December 10, 2012*.. Document filed by Euro Bondholders. (Attachments: # 1 Exhibit --Exhibits A-J)(Hammel, Jeff) (Entered: 01/07/2013) |
| 05/22/2013 | 54 | NOTICE OF APPEARANCE by Karen E Wagner on behalf of Citibank, N.A. (Wagner, Karen) (Entered: 05/22/2013) |
| 05/22/2013 | 55 | NOTICE OF APPEARANCE by James Loran Kerr on behalf of Citibank, N.A. (Kerr, James) (Entered: 05/22/2013) |
| 05/22/2013 | 56 | NOTICE OF APPEARANCE by Lindsey Taylor Knapp on behalf of Citibank, N.A. (Knapp, Lindsey) (Entered: 05/22/2013) |
| 05/22/2013 | 57 | MOTION Clarification *of November 21, 2012 Orders*. Document filed by Citibank, N.A..(Wagner, Karen) (Entered: 05/22/2013) |
| 05/22/2013 | 58 | MEMORANDUM OF LAW in Support re: 57 MOTION Clarification *of November 21, 2012 Orders*.. Document filed by Citibank, N.A.. (Wagner, Karen) (Entered: 05/22/2013) |
| 05/22/2013 | 59 | DECLARATION of Federico Elewaut in Support re: 57 MOTION Clarification *of November 21, 2012 Orders*.. Document filed by Citibank, N.A.. (Wagner, Karen) (Entered: 05/22/2013) |

A-3269

| 05/22/2013 | 60 | DECLARATION of Manuel Beccar Varela in Support re: 57 MOTION Clarification *of November 21, 2012 Orders.*. Document filed by Citibank, N.A.. (Wagner, Karen) (Entered: 05/22/2013) |
| --- | --- | --- |
| 05/22/2013 | 61 | DECLARATION of Maximiliano D'Auro in Support re: 57 MOTION Clarification *of November 21, 2012 Orders.*. Document filed by Citibank, N.A.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E Part 1, # 6 Exhibit E Part 2, # 7 Exhibit E Part 3, # 8 Exhibit E Part 4, # 9 Exhibit F Part 1, # 10 Exhibit F Part 2, # 11 Exhibit F Part 3, # 12 Exhibit F Part 4)(Wagner, Karen) (Entered: 05/22/2013) |
| 05/24/2013 | 62 | ORDER: A non-party Citibank N.A. ("Citibank") filed a motion, and summarized the substance of that motion in a letter of May 23,2013. Plaintiffs sent a letter to the court on the same day opposing the application of Citibank. Citibank replied with a further letter on that date. Citibank asserts that it needs clarification as to its obligations in the event that the Court of Appeals affirms the District Court's November 21, 2012 rulings. The District Court declines to make any further comment on matters now before the Court of Appeals. What further ruling or action is required from the District Court will obviously depend on the holding from the Court of Appeals. No more can be said at this time. (Signed by Judge Thomas P. Griesa on 5/24/2013) (js) Modified on 5/24/2013 (js). (Entered: 05/24/2013) |
| 09/27/2013 | 63 | ORDER denying 42 Motion to Compel; denying 45 Motion to Compel; granting 48 Motion to Quash; granting 51 Motion to Quash. For this reason, the court believes that the discovery requests should be set aside. Plaintiffs' motions to compel compliance are denied, and the non-parties' motions to quash the subpoenas are granted, all on the conditions described below. Plaintiffs have a right to make new discovery requests based on current circumstances, if they feel it is appropriate to do so. Cleary and the Euro Bondholders have a right to respond in the manner they deem appropriate. This order resolves the motions located at Doc. Nos. 42, 45, 48, and 51. SO ORDERED. (Signed by Judge Thomas P. Griesa on 9/27/2013) (ama) (Entered: 09/27/2013) |
| 10/03/2013 | 64 | OPINION: The significant point is that counsel for the Republic does not deny the factual allegations in plaintiffs' September 11, 2013 letter. In fact, there is a new problem that goes beyond the circumstances known as of the time of the March 5, 2012 order. Plaintiffs are surely within their rights to seek a remedy for this new problem. They do so in appropriate provisions in the proposed order. The court will sign the proposed order. SO ORDERED. (Signed by Judge Thomas P. Griesa on 10/03/2013) (ama) (Entered: 10/03/2013) |
| 10/03/2013 | 65 | ORDER: IT IS HEREBY: (1.)DECLARED that the Anti-Evasion Injunction of the March 5 Order has been and remains continuously in full force and effect. (2.) ORDERED that the Republic shall not-either directly or through any representative, agent, instrumentality, political subdivision, or other person or entity acting on behalf of the Republic-take any action to attempt to evade the purposes and directives of the Amended February 23 Orders, attempt to render those Orders ineffective, or attempt to diminish the Court's ability to supervise compliance with the Amended February 23 Orders, including without limitation, altering or amending the processes or specific |

A-3270

transfer mechanisms by which it makes payments on the Exchange Bonds, without prior approval of the Court. This paragraph shall remain in effect during the pendency of any petition to the United States Supreme Court for a writ of certiorari with respect to the October 26 Opinion or the August 23 Opinion, any proceeding on the merits in the United States Supreme Court, and any proceedings on remand, unless a further order of the Court states otherwise. And as set forth herein. This Court shall retain jurisdiction to monitor and enforce this ORDER, and, on notice to the parties, to modify, amend, or extend it as justice requires to achieve its equitable purposes and to account for materially changed circumstances, including any failure by the Republic to abide by the terms of the ORDER. (Signed by Judge Thomas P. Griesa on 10/03/2013) (ama) (Entered: 10/03/2013)

| 11/01/2013 | 66 | NOTICE OF APPEAL from 65 Order,,,,,,. Document filed by The Republic of Argentina. Filing fee $ 455.00, receipt number 0208-9040883. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Blackman, Jonathan) (Entered: 11/01/2013) |
| 11/04/2013 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 66 Notice of Appeal. (tp) (Entered: 11/04/2013) |
| 11/04/2013 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 25 Declaration in Support filed by Olifant Fund, LTD., 40 Order, 36 Declaration in Opposition to Motion, filed by The Republic of Argentina, 18 Declaration in Support of Motion, filed by Olifant Fund, LTD., 34 Brief filed by Duane Morris Individual Plaintiffs, 24 Reply Memorandum of Law in Support of Motion filed by Olifant Fund, LTD., 3 Notice of Case Assignment/Reassignment, 43 Memorandum of Law in Support of Motion, filed by Olifant Fund, LTD., 45 MOTION to Compel Intervening Bondholders to Comply with Subpoenas filed by Olifant Fund, LTD., 26 Order on Motion for Partial Summary Judgment, 53 Declaration in Support of Motion, filed by Euro Bondholders, 49 Declaration, filed by The Republic of Argentina, 29 Memorandum & Opinion, 39 Reply Affidavit in Support of Motion, filed by Olifant Fund, LTD., 63 Order on Motion to Compel, Order on Motion to Quash, 62 Order, 22 Counter Statement to Rule 56.1 filed by The Republic of Argentina, 20 Declaration in Opposition to Motion filed by The Republic of Argentina, 55 Notice of Appearance filed by Citibank, N.A., 17 Declaration in Support of Motion, filed by Olifant Fund, LTD., 28 Notice of Appeal, filed by The Republic of Argentina, 48 MOTION to Quash Subpoena, dated November 26, 2012 of Cleary Gottlieb Steen & Hamilton LLP , dated January 2, 2013 filed by The Republic of Argentina, 19 Declaration in Opposition to Motion, filed by The Republic of Argentina, 50 Memorandum of Law, filed by The Republic of Argentina, 58 Memorandum of Law in Support of Motion filed by Citibank, N.A., 9 Rule 56.1 Statement filed by Olifant Fund, LTD., 52 Memorandum of Law in Support of Motion filed by Euro Bondholders, 35 Declaration in Opposition to Motion, filed by The Republic of Argentina, 16 Declaration in Support of Motion filed by Olifant Fund, LTD., 8 MOTION for Partial Summary Judgment and for Injunctive Relief Pursuant to the Equal Treatment Provision filed by Olifant Fund, LTD., 61 Declaration in Support of Motion, filed by Citibank, N.A., 44 |

Declaration in Support of Motion, filed by Olifant Fund, LTD., 11 Declaration in Support of Motion, filed by Olifant Fund, LTD., 27 Order, 37 Memorandum of Law in Opposition to Motion filed by The Republic of Argentina, 57 MOTION Clarification *of November 21, 2012 Orders* filed by Citibank, N.A., 38 Reply Memorandum of Law in Support of Motion filed by Olifant Fund, LTD., 14 Rule 56.1 Statement filed by Olifant Fund, LTD., 21 Memorandum of Law in Opposition to Motion filed by The Republic of Argentina, 10 Declaration in Support of Motion, filed by Olifant Fund, LTD., 23 Endorsed Letter, Set Motion and R&R Deadlines/Hearings, 41 Order, 46 Memorandum of Law in Support of Motion filed by Olifant Fund, LTD., 32 Declaration in Support of Motion, filed by Olifant Fund, LTD., 15 Declaration in Support of Motion, filed by Olifant Fund, LTD., 5 Answer to Complaint filed by The Republic of Argentina, 30 Notice of Appearance filed by Olifant Fund, LTD., 31 Memorandum of Law in Support of Motion filed by Olifant Fund, LTD., 12 MOTION for Partial Summary Judgment *for Principal and Interest Due* filed by Olifant Fund, LTD., 6 Certificate of Service Other filed by The Republic of Argentina, 13 Memorandum of Law in Support of Motion filed by Olifant Fund, LTD., 59 Declaration in Support of Motion filed by Citibank, N.A., 64 Memorandum & Opinion, 56 Notice of Appearance filed by Citibank, N.A., 47 Declaration in Support of Motion, filed by Olifant Fund, LTD., 51 MOTION to Quash *Subpoenas, dated December 10, 2012* filed by Euro Bondholders, 54 Notice of Appearance filed by Citibank, N.A., 33 Notice of Appearance filed by Cede & Co., Depository Trust Company, 4 Summons Returned Executed, filed by Olifant Fund, LTD., 60 Declaration in Support of Motion filed by Citibank, N.A., 42 MOTION to Compel Cleary Gottlieb Steen & Hamilton LLP to Produce all Documents Responsive to the Subpoena to Produce Documents and to Testify at a Deposition in a Civil Action filed by Olifant Fund, LTD., 7 Protective Order, 66 Notice of Appeal filed by The Republic of Argentina, 65 Order, were transmitted to the U.S. Court of Appeals. (tp) (Entered: 11/04/2013)

| 11/20/2013 | 67 | ORDER: On November 1, 2013, the Republic of Argentina filed a notice of appeal regarding an order issued by the court on October 3, 2013. Plaintiffs now ask the court to docket the following letters so that the Second Circuit will have a full record of the communications related to the October 3, 2013 order: a letter dated August 30, 2013, from Robert A. Cohen to the court; a letter dated September 11, 2013, from Robert A. Cohen to the court; a letter dated September 19, 2013, from Carmine D. Boccuzzi, Jr. to the court; a letter dated September 19, 2013, from Robert A. Cohen to the court.The court respectfully orders the clerk of the court to docket the enclosed letters. (Signed by Judge Thomas P. Griesa on 11/20/2013) (Attachments: # 1 Attachment 1, # 2 Attachment 2, # 3 Attachment 3, # 4 Attachment 4)(tn) (Entered: 11/21/2013) |
| 12/11/2013 | 68 | MANDATE of USCA (Certified Copy) as to 28 Notice of Appeal, filed by The Republic of Argentina USCA Case Number 12-916. It is hereby Ordered, Adjudged and Decreed that the order of the District Court is AFFIRMED in accordance with the opinion of this court. It is further ordered that the appeal docket numbers 12-4694 and 12-4865 are dismissed. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 12/11/2013. (Attachments: # 1 Opinion)(nd) (Entered: 12/12/2013) |

A-3272

| 06/18/2014 | 69 | ORDER of USCA (Certified Copy) USCA Case Number 12-105(L). By Opinion dated August 23, 2013, the Court affirmed the district court's orders, as amended and stayed enforcement of the amended injunctions pending the resolution by the Supreme Court of a timely petition for a writ of certiorari. The mandate issued on December 11, 2013, following denial of the petitions for panel and en banc rehearing. The Supreme Court denied the petition for writ of certiorari on June 16, 2014. IT IS HEREBY ORDERED that the August 23, 2013 stay of enforcement of the amended injunctions is lifted.Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 06/18/2014. (nd) (Entered: 06/19/2014) |
| 06/20/2014 | 70 | ORDER. 1. In his June 17, 2014 speech, Argentina's Economy Minister Axel Kicillof proposed that Argentina initiate steps to carry out a debt exchange to pay the exchange bondholders in Argentina under Argentine law. 2. This court rules that the above proposal of the Economy Minister is in violation of the rulings and procedures now in place in the Southern District of New York, and the Republic of Argentina is prohibited from carrying out the proposal of the Economy Minister. (Signed by Judge Thomas P. Griesa on 6/20/2014) (rjm) (Entered: 06/20/2014) |
| 06/23/2014 | 71 | ORDER FOR APPOINTMENT OF SPECIAL MASTER: 1. The Court hereby appoints Daniel A. Pollack, 245 Park Avenue, New York City, as Special Master to conduct and preside over settlement negotiations between and among the parties to this litigation. 2. The Special Master may conduct and preside over such negotiations publicly or in camera, in whole or in part, and shall also be empowered to confer with the parties ex parte in his sole discretion. 3. The Special Master is not expected to file a report of the negotiations, but shall have the right to confer with the Court at such times and in such manner as he deems necessary and appropriate in his sole discretion. The Special Master shall not displace the Court in any respect and shall have no responsibility for or power to make any rulings of any kind in this litigation. 4. The Special Master shall have the right to use such other support persons (both lawyer and non-lawyer) to assist him in the carrying out of his responsibilities as he deems necessary and appropriate in his sole discretion. 5. The compensation of the Special Master, including fees and expenses incurred by him and others who assist him, shall be the responsibility of (a) the Republic of Argentina and (b) Elliot Capital Management and Aurelius Capital Management, and shall be borne equally between these two sides. All invoices of the Special Master shall be due and payable when rendered and the parties are instructed by the Court to pay all such invoices promptly. 6. The parties are instructed to give full co-operation to the Special Master in all respects in the negotiations and to provide the Special Master promptly with any and all information he may appropriately request and any and all logistical assistance which he may request. 7. The Court expressly finds that, in view of the limited scope of this appointment, except as expressly set forth in this Order the provisions of Rule 53 of the Federal Rules of Civil Procedure shall be of no applicability to this appointment and compliance therewith shall not be required of the Special Master. (Signed by Judge Thomas P. Griesa on 6/23/2014) (kgo) (Entered: 06/23/2014) |
| 06/23/2014 | 72 | LETTER addressed to Judge Thomas P. Griesa from Carmine D. Boccuzzi dated June 23, 2014 re: following up on report to the Court, etc.. Document filed by The Republic |

A-3273

of Argentina.(Boccuzzi, Carmine) (Entered: 06/23/2014)

| 06/26/2014 | 73 | ORDER. In a letter dated June 23, 2014, and in a letter dated today, counsel for the Republic requests that the court stay certain injunctive relief. Such a request is not appropriate. The injunctive relief ordered by the court (dealing with the pari passu issue) does not even come into play unless the Republic makes payments to the exchange bondholders. The court has no control over whether or not the Republic makes such payments. A Special Master has been appointed to assist settlement negotiations. It is the understanding of the court that such negotiations will include the handling of any further payments due to exchange bondholders. The stay that is requested is denied. So ordered. (Signed by Judge Thomas P. Griesa on 6/26/2014) (rjm) (Entered: 06/26/2014) |
| --- | --- | --- |
| 06/27/2014 | 78 | ORDER CLARIFYING AMENDED FEBRUARY 23, 2012 ORDERS. UPON consideration of Citibank, N.A.'s motion for clarification or modification, plaintiffs' opposition thereto, and all other arguments submitted to the Court in the parties' papers and at oral argument, it is hereby: 1. CLARIFIED that this Court's Amended February 23, 2012 Orders do not as a matter of law prohibit payments by Citibank, N.A.'s Argentine branch on Peso - and U.S. Dollar-denominated bonds - governed by Argentine law and payable in Argentina - that were issued by the Republic of Argentina in 2005 and 2010 to customers for whom it acts as custodian in Argentina. Granting 57 Motion. (Signed by Judge Thomas P. Griesa on 6/27/2014) (rjm) (Entered: 06/30/2014) |
| 06/29/2014 | 74 | MOTION for clarification . Document filed by Euro Bondholders.(Clark, Christopher) (Entered: 06/29/2014) |
| 06/29/2014 | 75 | DECLARATION of Christopher J. Clark in Support re: 74 MOTION for clarification .. Document filed by Euro Bondholders. (Clark, Christopher) (Entered: 06/29/2014) |
| 06/29/2014 | 76 | MEMORANDUM OF LAW in Support re: 74 MOTION for clarification . . Document filed by Euro Bondholders. (Clark, Christopher) (Entered: 06/29/2014) |
| 06/29/2014 | 77 | LETTER addressed to Judge Thomas P. Griesa from Christopher J. Clark dated June 29, 2014 re: clarification. Document filed by Euro Bondholders.(Clark, Christopher) (Entered: 06/29/2014) |
| 07/01/2014 | 79 | MEMORANDUM OF LAW in Support *of Citibank N.A.'s Renewed Motion by Order to Show Cause for Clarification or Modification 78* . Document filed by Citibank, N.A.. (Wagner, Karen) (Entered: 07/01/2014) |
| 07/01/2014 | 80 | DECLARATION of Karen E. Wagner in Support. Document filed by Citibank, N.A.. (Wagner, Karen) (Entered: 07/01/2014) |
| 07/02/2014 | 81 | LETTER addressed to Judge Thomas P. Griesa from Eric A. Schaffer dated July 1, 2014 Document filed by The Bank of New York Mellon.(Schaffer, Eric) (Entered: 07/02/2014) |

A-3274

| 07/02/2014 | 82 | LETTER addressed to Judge Thomas P. Griesa from Edward A. Friedman dated July 1, 2014 re: Bank of New York. Document filed by Olifant Fund, LTD.. (Attachments: # 1 Exhibit Proposed Order)(Lesser, Leonard) (Entered: 07/02/2014) |
| --- | --- | --- |
| 07/02/2014 | 83 | LETTER addressed to Judge Thomas P. Griesa from Edward A. Friedman dated July 2, 2014 re: Bank of New York. Document filed by Olifant Fund, LTD..(Lesser, Leonard) (Entered: 07/02/2014) |
| 07/02/2014 | 84 | MEMORANDUM OF LAW in Opposition re: 57 MOTION Clarification of November 21, 2012 Orders. Memorandum of Law in Opposition to Citibank's Renewed Motion for Clarification of the Amended February 23, 2012 Orders [DKT Nos 78, 79, 80]. Document filed by Olifant Fund, LTD.. (Lesser, Leonard) (Entered: 07/02/2014) |
| 07/02/2014 | 85 | LETTER addressed to Judge Thomas P. Griesa from Christopher J. Clark dated July 2, 2014 re: briefing schedule for the Euro Bondholders' emergency motion for clarification. Document filed by Euro Bondholders.(Clark, Christopher) (Entered: 07/02/2014) |
| 07/03/2014 | 86 | LETTER addressed to Judge Thomas P. Griesa from Christopher J. Clark dated July 3, 2014 re: plaintiffs' proposed order. Document filed by Euro Bondholders.(Clark, Christopher) (Entered: 07/03/2014) |
| 07/03/2014 | 87 | LETTER addressed to Judge Thomas P. Griesa from Christopher J. Clark dated July 3, 2014 re: plaintiffs' proposed order. Document filed by Euro Bondholders.(Clark, Christopher) (Entered: 07/03/2014) |
| 07/07/2014 | 88 | NOTICE OF APPEARANCE by John Michael Vassos on behalf of Clearstream Banking, S.A.. (Vassos, John) (Entered: 07/07/2014) |
| 07/07/2014 | 89 | MOTION to Amend/Correct . Document filed by Clearstream Banking, S.A.. (Attachments: # 1 Text of Proposed Order)(Vassos, John) (Entered: 07/07/2014) |
| 07/07/2014 | 90 | DECLARATION of John M. Vassos in Support re: 89 MOTION to Amend/Correct .. Document filed by Clearstream Banking, S.A.. (Vassos, John) (Entered: 07/07/2014) |
| 07/07/2014 | 91 | MEMORANDUM OF LAW in Support re: 89 MOTION to Amend/Correct . . Document filed by Clearstream Banking, S.A.. (Vassos, John) (Entered: 07/07/2014) |
| 07/08/2014 | 92 | NOTICE OF APPEARANCE by Mary Christina Pennisi on behalf of Clearstream Banking, S.A.. (Pennisi, Mary) (Entered: 07/08/2014) |
| 07/09/2014 | 93 | LETTER addressed to Judge Thomas P. Griesa from Eric A. Schaffer dated 7/9/14 re: Expedited Briefing Schedule. Document filed by The Bank of New York Mellon. (Schaffer, Eric) (Entered: 07/09/2014) |
| 07/09/2014 | 94 | LETTER addressed to Judge Thomas P. Griesa from Andrea Likwornik Weiss dated 7/9/2014 re: Clarification of Orders. Document filed by JPMorgan Chase Bank, N.A.. (Attachments: # 1 Exhibit A)(Weiss, Andrea) (Entered: 07/09/2014) |
| 07/09/2014 | 95 | NOTICE OF APPEARANCE by Andrea Likwornik Weiss on behalf of JPMorgan Chase Bank, N.A.. (Weiss, Andrea) (Entered: 07/09/2014) |

A-3275

| 07/09/2014 | 96 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent JPMorgan Chase & Co. for JPMorgan Chase Bank, N.A.. Document filed by JPMorgan Chase Bank, N.A..(Weiss, Andrea) (Entered: 07/09/2014) |
| --- | --- | --- |
| 07/10/2014 | 97 | NOTICE OF APPEARANCE by Alan Howard Scheiner on behalf of JPMorgan Chase Bank, N.A.. (Scheiner, Alan) (Entered: 07/10/2014) |
| 07/10/2014 | 98 | MOTION for Reconsideration re; 78 Order on Motion for Miscellaneous Relief,, . Document filed by Olifant Fund, LTD.. (Attachments: # 1 Text of Proposed Order) (Lesser, Leonard) (Entered: 07/10/2014) |
| 07/10/2014 | 99 | RESPONSE in Opposition to Motion re: 89 MOTION to Amend/Correct ., 74 MOTION for clarification . . Document filed by Olifant Fund, LTD.. (Lesser, Leonard) (Entered: 07/10/2014) |
| 07/10/2014 | 100 | MOTION *of Non-Party Bank of New York Mellon, as Indenture Trustee, for Clarification of the Amended February 23, 2012 Orders.* Document filed by The Bank of New York Mellon.(Schaffer, Eric) (Entered: 07/10/2014) |
| 07/10/2014 | 101 | MEMORANDUM OF LAW in Support re: 100 MOTION *of Non-Party of New York Mellon, as Indenture Trustee, for Clarification of the Amended February 23, 2012 Orders.* . Document filed by The Bank of New York Mellon. (Schaffer, Eric) (Entered: 07/10/2014) |
| 07/10/2014 | 102 | DECLARATION of Evan K. Farber in Support re: 100 MOTION *of Non-Party Bank of New York Mellon, as Indenture Trustee, for Clarification of the Amended February 23, 2012 Orders..* Document filed by The Bank of New York Mellon. (Attachments: # 1 Exhibit A through E, # 2 Exhibit F through N)(Schaffer, Eric) (Entered: 07/10/2014) |
| 07/10/2014 | 103 | AFFIDAVIT OF SERVICE. Document filed by The Bank of New York Mellon. (Schaffer, Eric) (Entered: 07/10/2014) |
| 07/10/2014 | 104 | RESPONSE to Motion re: 74 MOTION for clarification . *Memorandum of Law in Response to Non-Parties Euro Bondholders' Emergency Motion for Clarification.* Document filed by The Bank of New York Mellon. (Attachments: # 1 Affidavit of Service)(Schaffer, Eric) (Entered: 07/10/2014) |
| 07/14/2014 | 105 | MEMORANDUM OF LAW in Support re: 74 MOTION for clarification . *(Corrected).* Document filed by Euro Bondholders. (Clark, Christopher) (Entered: 07/14/2014) |
| 07/14/2014 | 106 | LETTER addressed to Judge Thomas P. Griesa from Christopher J. Clark dated July 14, 2014 re: briefing schedule. Document filed by Euro Bondholders.(Clark, Christopher) (Entered: 07/14/2014) |
| 07/16/2014 | 107 | ORDER. The court will hold a hearing on July 22, 2014 at 10:30 a.m. to consider the following motions, as docketed in No. 08 Civ. 6978: Motion for clarification filed by Euro Bondholders (Doc. No. 543). Motion for clarification filed by Euroclear Bank SA/NV (Doc. No. 553). Motion for clarification filed by Clearstream Banking S.A. |

A-3276

| | | |
|---|---|---|
| | | (Doc. No. 564). Motion for clarification filed by Bank of New York Mellon (Doc. No. 577). Motion for partial reconsideration filed by NML Capital, Ltd., et al. (Doc. No. 585). Letter motion for clarification filed by JPMorgan Chase Bank, N.A. (not docketed). The court will consider any briefing on these motions submitted by July 21, 2014 at 2:00 p.m. (Hearing set for 7/22/2014 at 10:30 AM before Judge Thomas P. Griesa.), (Responses due by 7/21/2014. Replies due by 7/21/2014.) (Signed by Judge Thomas P. Griesa on 7/16/2014) (rjm) (Entered: 07/16/2014) |
| 07/17/2014 | 108 | MEMORANDUM OF LAW in Opposition re: 98 MOTION for Reconsideration re; 78 Order on Motion for Miscellaneous Relief,, . . Document filed by Citibank, N.A.. (Wagner, Karen) (Entered: 07/17/2014) |
| 07/18/2014 | 109 | MEMORANDUM OF LAW in Opposition re: 100 MOTION *of Non-Party Bank of New York Mellon, as Indenture Trustee, for Clarification of the Amended February 23, 2012 Orders*. . Document filed by Olifant Fund, LTD.. (Lesser, Leonard) (Entered: 07/18/2014) |
| 07/18/2014 | 110 | DECLARATION of Charles E. Enloe in Opposition re: 100 MOTION *of Non-Party Bank of New York Mellon, as Indenture Trustee, for Clarification of the Amended February 23, 2012 Orders*.. Document filed by Olifant Fund, LTD.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Lesser, Leonard) (Entered: 07/18/2014) |
| 07/18/2014 | 111 | MEMORANDUM OF LAW in Opposition re: 74 MOTION for clarification . . Document filed by Olifant Fund, LTD.. (Lesser, Leonard) (Entered: 07/18/2014) |
| 07/18/2014 | 112 | DECLARATION of Robert A. Cohen in Opposition re: 74 MOTION for clarification .. Document filed by Olifant Fund, LTD.. (Attachments: # 1 Exhibit A)(Lesser, Leonard) (Entered: 07/18/2014) |
| 07/21/2014 | 113 | REPLY MEMORANDUM OF LAW in Support re: 89 MOTION to Amend/Correct . . Document filed by Clearstream Banking, S.A.. (Vassos, John) (Entered: 07/21/2014) |
| 07/21/2014 | 114 | REPLY MEMORANDUM OF LAW in Support re: 98 MOTION for Reconsideration re; 78 Order on Motion for Miscellaneous Relief,, . . Document filed by Olifant Fund, LTD.. (Lesser, Leonard) (Entered: 07/21/2014) |
| 07/21/2014 | 115 | REPLY MEMORANDUM OF LAW in Support re: 74 MOTION for clarification . . Document filed by Euro Bondholders. (Clark, Christopher) (Entered: 07/21/2014) |
| 07/21/2014 | 116 | MEMORANDUM OF LAW *of the Republic of Argentina Concerning Resolution of Outstanding Defaulted Indebtedness and in Support of Motions for Clarification of the Euro Bondholders, Euroclear Bank SA/NV and Clearstream Banking S.A., and Citibank N.A.s Opposition to Plaintffs Motion for Partial Reconsideration, dated July 21, 2014*. Document filed by The Republic of Argentina. (Blackman, Jonathan) (Entered: 07/21/2014) |
| 07/21/2014 | 117 | REPLY MEMORANDUM OF LAW in Support re: 100 MOTION *of Non-Party Bank of New York Mellon, as Indenture Trustee, for Clarification of the Amended February 23, 2012 Orders*. . Document filed by The Bank of New York Mellon. |

A-3277

(Schaffer, Eric) (Entered: 07/21/2014)

| 07/21/2014 | 118 | DECLARATION of Evan K. Farber in Support re: 100 MOTION *cf Non-Party Bank cf New York Mellon, as Indenture Trustee, for Clarification of the Amended February 23, 2012 Orders*.. Document filed by The Bank of New York Mellon. (Attachments: # 1 Exhibit A - D)(Schaffer, Eric) (Entered: 07/21/2014) |
|---|---|---|
| 07/21/2014 | 119 | CERTIFICATE OF SERVICE. Document filed by The Bank of New York Mellon. (Schaffer, Eric) (Entered: 07/21/2014) |
| 07/21/2014 | 120 | DECLARATION of Carmine D. Boccuzzi Concerning Resolution of Outstanding Defaulted Indebtedness and in Support of Motions for Clarification of the Euro Bondholders, Euroclear Bank SA/NV and Clearstream Banking S.A., and Citibank N.A.s Opposition to Plaintiffs Motion for Partial Reconsideration, dated July 21, 2014, Re 116 . Document filed by The Republic of Argentina. (Blackman, Jonathan) (Entered: 07/21/2014) |
| 07/21/2014 | 121 | NOTICE OF APPEAL from 70 Order,,. Document filed by The Republic of Argentina. Filing fee $ 505.00, receipt number 0208-9910159. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Boccuzzi, Carmine) (Entered: 07/21/2014) |
| 07/22/2014 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 121 Notice of Appeal. (tp) (Entered: 07/22/2014) |
| 07/22/2014 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files *(ONLY)* for 121 Notice of Appeal filed by The Republic of Argentina were transmitted to the U.S. Court of Appeals. (tp) (Entered: 07/22/2014) |
| 07/23/2014 | 122 | LETTER addressed to Judge Thomas P. Griesa from Karen E. Wagner dated July 23, 2014 re: additional details regarding the Argentine Law Bonds that were the subject of Citibank's motion for clarification and this Court's June 27, 2014 Order, and the June 30, 2014 payment on those bonds. Document filed by Citibank, N.A..(Wagner, Karen) (Entered: 07/23/2014) |
| 07/24/2014 | 123 | LETTER addressed to Judge Thomas P. Griesa from Andrea Likwornik Weiss dated July 24, 2014 re: Clarification of Orders. Document filed by JPMorgan Chase Bank, N.A..(Weiss, Andrea) (Entered: 07/24/2014) |
| 07/27/2014 | 124 | LETTER addressed to Judge Thomas P. Griesa from Carmine D. Boccuzzi dated July 27, 2014 re: plaintiffs' July 23, 2014 letter. Document filed by The Republic of Argentina.(Boccuzzi, Carmine) (Entered: 07/27/2014) |
| 07/27/2014 | 125 | LETTER addressed to Judge Thomas P. Griesa from Edward A. Friedman dated July 27, 2014 re: July 23 letter from Karen Wagner, counsel to Citibank, N.A.. Document filed by Olifant Fund, LTD..(Lesser, Leonard) (Entered: 07/27/2014) |
| 07/28/2014 | 126 | LETTER addressed to Judge Thomas P. Griesa from Edward A. Friedman dated July 28, 2014 re: letter from Carmine D. Boccuzzi dated July 27, 2014 (ECF Docket No. 124). Document filed by Olifant Fund, LTD..(Lesser, Leonard) (Entered: 07/28/2014) |

A-3278

| 07/28/2014 | 127 | LETTER addressed to Judge Thomas P. Griesa from Karen E. Wagner dated July 28, 2014 re: the letters recently sent to the Court regarding Plaintiffs' request that this Court's June 27, 2014 Order be reconsidered and the scope of its Amended February 23, 2012 Orders be expanded. Document filed by Citibank, N.A..(Wagner, Karen) (Entered: 07/28/2014) |
|---|---|---|
| 07/28/2014 | 128 | DECLARATION of Federico Elewaut in Opposition re: 98 MOTION for Reconsideration re; 78 Order on Motion for Miscellaneous Relief,, .. Document filed by Citibank, N.A.. (Wagner, Karen) (Entered: 07/28/2014) |
| 07/28/2014 | 129 | ORDER denying 98 Motion for Reconsideration: the court denies plaintiffs' motion for partial reconsideration at this time. Citibank may make payment on the interest due on the Repsol bonds and on both the peso- and dollar-denominated exchange bonds described in the Citibank order. However, the court will only allow this one-time payment on the dollar-denominated exchange bonds. After July 30, 2014, the court will rescind the Citibank order with regard to the dollar-denominated exchange bonds. To avoid future confusion, the parties are directed to devise a way to distinguish between the Repsol bonds and the exchange bonds before the next interest payment is due. (Signed by Judge Thomas P. Griesa on 7/28/2014) (tn) (Entered: 07/28/2014) |
| 07/29/2014 | 130 | MOTION to Stay --*Non-Parties Euro Bondholders' Emergency Motion for Stay*. Document filed by Euro Bondholders.(Clark, Christopher) (Entered: 07/29/2014) |
| 07/29/2014 | 131 | DECLARATION of Christopher J. Clark in Support re: 130 MOTION to Stay --*Non-Parties Euro Bondholders' Emergency Motion for Stay*.. Document filed by Euro Bondholders. (Clark, Christopher) (Entered: 07/29/2014) |
| 07/29/2014 | 132 | MEMORANDUM OF LAW in Support re: 130 MOTION to Stay --*Non-Parties Euro Bondholders' Emergency Motion for Stay*. . Document filed by Euro Bondholders. (Clark, Christopher) (Entered: 07/29/2014) |
| 07/29/2014 | 133 | NOTICE OF APPEAL from 129 Order on Motion for Reconsideration,,. Document filed by The Republic of Argentina. Filing fee $ 505.00, receipt number 0208-9941874. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Blackman, Jonathan) (Entered: 07/29/2014) |
| 07/29/2014 | 134 | NOTICE OF APPEAL from 129 Order on Motion for Reconsideration,,. Document filed by Citibank, N.A.. Filing fee $ 505.00, receipt number 0208-9942359. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Wagner, Karen) (Entered: 07/29/2014) |
| 07/30/2014 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 133 Notice of Appeal. (tp) (Entered: 07/30/2014) |
| 07/30/2014 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files *(ONLY)* for 133 Notice of Appeal, filed by The Republic of Argentina were transmitted to the U.S. Court of Appeals. (tp) (Entered: 07/30/2014) |
| 07/30/2014 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 134 Notice of Appeal. (tp) (Entered: 07/30/2014) |

A-3279

| | | |
|---|---|---|
| 07/30/2014 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files (ONLY) for 134 Notice of Appeal, filed by Citibank, N.A. were transmitted to the U.S. Court of Appeals. (tp) (Entered: 07/30/2014) |
| 07/30/2014 | 135 | MEMORANDUM OF LAW in Opposition re: 130 MOTION to Stay --Non-Parties Euro Bondholders' Emergency Motion for Stay. . Document filed by Olifant Fund, LTD.. (Lesser, Leonard) (Entered: 07/30/2014) |
| 07/30/2014 | 136 | DECLARATION of Eric J. Finkelstein in Opposition re: 130 MOTION to Stay --Non-Parties Euro Bondholders' Emergency Motion for Stay.. Document filed by Olifant Fund, LTD.. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H (part 1), # 9 Exhibit Exhibit H (part 2))(Lesser, Leonard) (Entered: 07/30/2014) |
| 07/31/2014 | 137 | ORDER: The court will hold a hearing regarding the recent default by the Republic of Argentina on August 1, 2014 at 11:00am. SO ORDERED. ( Status Conference set for 8/1/2014 at 11:00 AM before Judge Thomas P. Griesa.) (Signed by Judge Thomas P. Griesa on 7/31/2014) (ama) (Entered: 07/31/2014) |
| 07/31/2014 | 138 | LETTER addressed to Judge Thomas P. Griesa from Edward A. Friedman dated July 31, 2014 Document filed by Olifant Fund, LTD.. (Attachments: # 1 Text of Proposed Order)(Lesser, Leonard) (Entered: 07/31/2014) |
| 08/01/2014 | 139 | LETTER addressed to Judge Thomas P. Griesa from Edward A. Friedman dated August 1, 2014 Document filed by Olifant Fund, LTD.. (Attachments: # 1 Text of Proposed Order)(Lesser, Leonard) (Entered: 08/01/2014) |
| 08/01/2014 | 140 | ORDER: IT IS HEREBY CLARIFIED that: 1. The Amended February 23, 2012 Orders do not as a matter of law prohibit payments on the Peso-denominated bonds that were issued by the Republic of Argentina pursuant to the 2005 or 2010 Exchange Offers, and governed by Argentine law when issued, and which remain denominated in Pesos; 2. Euroclear and Clearstream, like Citibank, are allowed to make a one-time payment in respect of the U.S. Dollar-denominated Bonds by transferring the Funds; and 3. Any payments in respect of the U.S. Dollar-denominated Bonds, other than the transfers of Funds as set forth in paragraph 2 above, remain subject to the Amended February 23, 2012 Orders and the July 28th Order. (Signed by Judge Thomas P. Griesa on 8/01/2014) (ama) (Entered: 08/01/2014) |
| 08/04/2014 | 141 | ORDER: The purpose of this ruling is to confirm that Daniel Pollack, the Special Master appointed by the court to preside over settlement negotiations, will remain in office. This confirmation is needed because of certain discussion which occurred at a hearing held by the court on Friday, August 1, 2014. (See Order). (Signed by Judge Thomas P. Griesa on 8/4/2014) (ajs) (Entered: 08/04/2014) |
| 08/04/2014 | 142 | ORDER RE: JPMCB (US DOLLAR DENOMINATED, ARGENTINE LAW BONDS): IT IS HEREBY CLARIFIED that: 1. JPMCB is allowed to effectuate the One-Time Payment in respect of the U.S. Dollar-denominated Bonds by transferring the Funds. 2. Any other person or entity in the payment chain of the One-Time Payment to |

A-3280

and including the holders of beneficial interests that receives a portion of the funds constituting the One-Time Payment is permitted to transfer such funds. This permission applies only to payments due June 30, 2014 in respect of the U.S. Dollar denominated Bonds with ISINs ARARGE03E113 and ARARGE03G688. 3. Any payments in respect of the U.S. Dollar-denominated Bonds, other than any transfers as set forth in paragraphs 1 and 2 above, remain subject to the Amended February 23, 2012 Orders and the July 28th Order. (Signed by Judge Thomas P. Griesa on 8/4/2014) (ajs) (Entered: 08/04/2014)

| | | |
|---|---|---|
| 08/04/2014 | 143 | LETTER addressed to Judge Thomas P. Griesa from Christopher J. Clark dated August 4, 2014 re: response to letter filed on August 1, 2014. Document filed by Euro Bondholders.(Clark, Christopher) (Entered: 08/04/2014) |
| 08/05/2014 | 144 | LETTER addressed to Judge Thomas P. Griesa from Eric A. Schaffer dated August 4, 2014 Document filed by The Bank of New York Mellon.(Schaffer, Eric) (Entered: 08/05/2014) |
| 08/06/2014 | 145 | LETTER addressed to Judge Thomas P. Griesa from Eric A. Schaffer dated August 6, 2014 Document filed by The Bank of New York Mellon.(Schaffer, Eric) (Entered: 08/06/2014) |
| 08/06/2014 | 146 | ORDER: For the reasons stated on the record at the June 27, 2014 and July 22, 2014 hearings, the payment by Argentina to BNY described above was illegal and a violation of the Amended February 23 Orders. BNY shall retain the Funds in its accounts at the BCRA pending further Order of this Court, and shall not make or allow any transfer of the Funds unless ordered by the Court. Argentina will take no steps to interfere with BNY's retention of the Funds in accordance with the terms of this Order, and as further set forth in this document. (Signed by Judge Thomas P. Griesa on 8/6/2014) (cd) (Entered: 08/06/2014) |
| 08/06/2014 | 147 | LETTER addressed to Judge Thomas P. Griesa from Christopher J. Clark dated August 6, 2014 re: correction of factual misstatement in the August 6, 2014 letter filed by the Bank of New York Mellon. Document filed by Euro Bondholders.(Clark, Christopher) (Entered: 08/06/2014) |
| 08/07/2014 | 148 | ORDER: The court will hold a hearing regarding recent statements made by the Republic of Argentina on Friday, August 8, 2014 at 3:00 p.m. (Status Conference set for 8/8/2014 at 03:00 PM before Judge Thomas P. Griesa.) (Signed by Judge Thomas P. Griesa on 8/7/2014) (ja) (Entered: 08/07/2014) |

JS 44C/SDNY
REV. 5/2010

A-3281

CIVIL COVER SHEET

10 CV 9587

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| OLIFANT FUND, LTD. | THE REPUBLIC OF ARGENTINA |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER<br>Stephen D. Poss (SP8427), Robert D. Carroll (RC1028)<br>GOODWIN PROCTER LLP, Exchange Place, Boston, MA<br>02109    617.570.1000 (tel.) | ATTORNEYS (IF KNOWN)<br><br>Cleary Gottlieb Steen & Hamilton LLP |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
1. This is an action for breach of contract arising from Defendant Republic of Argentina's failure to make required principal and interest payments on certain Floating Rate Accrual Notes; This Court has jurisdiction pursuant to 28 U.S.C. § 1330.

Has this or a similar case been previously filed in SDNY at any time? No? ☐   Yes? ☐   Judge Previously Assigned

If yes, was this case Vol.☐ Invol. ☐ Dismissed. No ☐ Yes ☐ If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)                    NATURE OF SUIT

### TORTS

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[X] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**

[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**

[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**

[ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

### ACTIONS UNDER STATUTES

**FORFEITURE/PENALTY**

[ ] 610 AGRICULTURE
[ ] 620 OTHER FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**

[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**IMMIGRATION**

[ ] 462 NATURALIZATION APPLICATION
[ ] 463 HABEAS CORPUS- ALIEN DETAINEE
[ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**

[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**

[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**

[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

Check if demanded in complaint:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ >$5,000,000    OTHER _____

Check YES only if demanded in complaint
JURY DEMAND: ☐ YES ☑ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE Hon. Thomas P. Griesa    DOCKET NUMBER 09 Civ. 1708

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

A-3282

| (PLACE AN x IN ONE BOX ONLY) | | | ORIGIN | | | |
|---|---|---|---|---|---|---|
| ☑ 1 Original Proceeding | ☐ 2a. Removed from State Court <br> ☐ 2b. Removed from State Court AND at least one party is pro se. | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from (Specify District) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judge Judgment |

| (PLACE AN x IN ONE BOX ONLY) | | BASIS OF JURISDICTION | | IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1322, 1441) |
|---|---|---|---|---|
| ☐ 1 U.S. PLAINTIFF | ☐ 2 U.S. DEFENDANT | ☐ 3 FEDERAL QUESTION (U.S. NOT A PARTY) | ☑ 4 DIVERSITY | |

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | ☒ 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | ☒ 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Olifant Fund, Ltd.
P.O. Box 1344, 20 Genesis Close, dms House, Grand Cayman KY1-1108, Cayman Islands.

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

The Republic of Argentina is a foreign state as defined in 28 U.S.C. § 1603(a).

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one: THIS ACTION SHOULD BE ASSIGNED TO: ☐ WHITE PLAINS ☑ MANHATTAN
(DO NOT check either box if this a PRISONER PETITION.)

| DATE 12/23/10 | SIGNATURE OF ATTORNEY OF RECORD | ADMITTED TO PRACTICE IN THIS DISTRICT |
|---|---|---|
| | | [ ] NO |
| | | [X] YES (DATE ADMITTED Mo. Nov. Yr. 2003) |
| RECEIPT # | | Attorney Bar Code #RC1028 |

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

A-3283

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**10 CV 9587**
Civ. _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

OLIFANT FUND, LTD.

                Plaintiff,

                v.

THE REPUBLIC OF ARGENTINA

                Defendant.

:   **COMPLAINT**
:
:
:
:
:
:
:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff, Olifant Fund, Ltd. ("Olifant" or "Plaintiff"), by and through its attorneys

Goodwin Procter LLP, alleges as follows:

### NATURE OF THE ACTION

1.     This is an action for breach of contract arising from Defendant Republic of

Argentina's failure to make required principal and interest payments on certain Floating Rate

Accrual Notes ("FRANs") that are beneficially owned by Plaintiff. The bonds in question were

issued pursuant to a Fiscal Agency Agreement, dated October 19, 1994 (the "FAA") between

the Republic of Argentina and Bankers Trust Company, as fiscal agent. The Plaintiff paid for

and purchased the FRANs, is the beneficial owner of the FRANs, and is entitled to receive the

payments of interest and the return of principal pursuant to the FRANs.

2.     The Republic of Argentina declared a moratorium on the payment of principal

and interest with respect to all of its external debt, including the FRANs. Since then, the

Republic of Argentina has failed to make any payment of interest on the FRANs, although such

payments have been due and payable, and continue to be due through the present. The Republic

of Argentina has also failed to repay the principal amount it owes on the FRANs. Plaintiff seeks

immediate payment of the principal amount of the FRANs together with all accrued and unpaid interest.

3.      This action also seeks relief based on Argentina's continuing breach of the Equal Treatment Provision of the FAA, paragraph 1(c) of the FAA, which provides for equal treatment in terms of rank and priority of payment for holders of bonds issued under the FAA with respect to any unsecured and unsubordinated External Indebtedness as defined in the FAA (the "Equal Treatment Provision"). Under color of Law 26,017 passed in 2005 and Law 26,547 passed in 2009, Argentina issued bonds in its 2005 and 2010 Bond Exchanges with payment obligations that rank higher than the FRANs issued under the FAA and held by Olifant. The bonds issued in the Exchanges are External Indebtedness. Argentina's issuance of these higher ranking bonds, its continuing payment of semi-annual interest to the holders of the bonds issued in the 2005 Bond Exchange and to the holders of the bonds issued in the 2010 Bond Exchange, while paying nothing to Olifant on the FRANs, violate the Equal Treatment Provision of the FAA. To prevent further violations, Olifant seeks specific enforcement of the Equal Treatment Provision.

## THE PARTIES

4.      Plaintiff Olifant Fund, Ltd., a company organized and existing under the laws of the Cayman Islands, is beneficial owner of $5,000,000 in principal amount of the FRANs. Olifant Fund, Ltd.'s registered office is dms Corporate Services Ltd, P.O. Box 1344, 20 Genesis Close, dms House, Grand Cayman KY1-1108, Cayman Islands.

5.      The Republic of Argentina is a foreign state as defined in 28 U.S.C. § 1603(a).

## JURISDICTION AND VENUE

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1330.

2

## A-3285

7.    In addition, the Republic of Argentina has waived sovereign immunity and submitted to the jurisdiction of this Court with respect to actions arising out of the Fiscal Agency Agreement or notes issued thereunder.

8.    Venue is proper in this district by agreement of the parties and pursuant to 28 U.S.C. § 1391(f).

### ADDITIONAL ALLEGATIONS

The FRANs

9.    Plaintiff Olifant Fund, Ltd. is the beneficial owner of $5,000,000 in principal amount of the FRANs issued by the Republic of Argentina.

10.    The FRANs matured on April 10, 2005, at which point, the entire principal amount of the FRANs became due and payable.

The Republic of Argentina's Defaults

11.    The FRANs constitute a Series of Securities issued by the Republic of Argentina. Under Section 12(a) of the FAA, an Event of Default with respect to the FRANs occurs if:

> the Republic fails to pay any principal of any of the Securities of such Series when due and payable or fails to pay any interest on any of the Securities of such Series when due and payable and such failure continues for a period of 30 days.

12.    Under Section 12(d) of the FAA, an Event of Default also occurs with respect to the FRANs if:

> a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

LIBA/2130856.4

# A-3286

13.     On December 24, 2001, the Republic of Argentina declared a moratorium on the payment of principal and interest with respect to all of its external debt.

14.     Since declaring the moratorium, the Republic of Argentina has never made any payment of interest to Olifant, as the beneficial owner of the FRANs.

15.     The Republic of Argentina has never paid Olifant any amount of the $5,000,000 in principal amount of the FRANs of which Olifant is the beneficial owner.

16.     Based on its failure to pay the principal amount of the FRANs, the Republic of Argentina continues to be obligated to pay interest on the unpaid principal amount of the FRANs following April 10, 2005, the date on which the FRANs matured.

17.     The Republic of Argentina's failure to pay Olifant the principal amount of the FRANs, and its continuing failures to pay interest on the FRANs constitute separate and ongoing breaches of Argentina's contractual obligations to Plaintiff.

The Republic of Argentina's Violations of the Equal Treatment Provision

18.     The FAA contains an Equal Treatment Provision which states:

> The Securities will constitute. . . direct, unconditional, unsecured and unsubordinated obligations of the Republic. . . . **The payment obligations of the Republic under the Securities shall at all times rank at least equally with all of other present and future unsecured and unsubordinated External Indebtedness (as defined in this Agreement).**

FAA at ¶ 1(c) (emphasis added).

19.     The FAA defines "External Indebtedness" to mean:

> obligations (other than the Securities) for borrowed money, or evidenced by securities, debentures, notes or other similar instruments, denominated or payable, or which at the option of the holder thereof may be payable, in a currency other than the lawful currency of the Republic . . . .

FAA at 16.

4

20.     According to its plain language, the Equal Treatment Provision means that Argentina may not make a payment to a holder of External Indebtedness without a ratable payment being made at the same time to Olifant on the FRANs.

21.     In 2005, Argentina restructured its debt by offering a bond exchange to all holders of non-performing external debt in which it issued External Indebtedness (the "2005 Exchange").

22.     Holders of approximately 25% of Argentina's external debt did not participate in the 2005 Exchange ("Non-tendering Bondholders").

23.     Olifant did not tender the FRANs in the 2005 Exchange.

24.     Bondholders who participated in the 2005 Exchange received bonds scheduled to pay semi-annual interest (the "2005 Bonds").

25.     The first interest payment on the 2005 Bonds was due and paid in 2005.

26.     Argentina has paid all subsequent interest due on the 2005 Bonds to date.

27.     Upon information and belief, Argentina intends to continue paying interest on all 2005 Bonds as it becomes due.

28.     Prior to the 2005 Exchange, the Senate and Chamber of Deputies of the Argentine Nation passed Law 26,017 ("the Lock Law") on February 9, 2005.

29.     In its January 28, 2010 Prospectus, Argentina explained the purpose and effect of the Lock Law as follows:

> In an effort to reassure tendering Bondholders and increase the level of participation on the 2005 debt exchange, Congress subsequently passed Law 26,017, known as the "Lock Law." The Lock Law prohibited the Executive Branch from reopening the Debt Exchange without Congressional approval **and also prohibited any type of settlement involving untendered securities that were eligible to participate in the 2005 Debt exchange. . . .**

(Emphasis added).

30.    The assurances to tendering bondholders provided by the Lock Law facilitated

Argentina's completion of the 2005 Exchange.

31.    Article 1 of the Lock Law provided that Bonds not tendered in the 2005 Exchange

would be subject to the following provisions:

> Article 2—The national Executive Power may not, with respect to the bonds referred to in Article 1 of this law, reopen the swap process established in the aforementioned Decree No. 1735/04.

> Article 3—The national State shall be prohibited from conducting any type of in-court, out-of-court or private settlement with respect to the bonds referred to in Article 1 of this law.

> Article 4—The national Executive Power must—within the framework of the terms of issuance of the respective bonds, and the applicable laws and . regulations in the corresponding jurisdictions—order the pertinent administrative acts and fulfill the necessary procedures to remove the bonds referred to in the preceding article from listing on all domestic and foreign securities markets and exchanges.

32.    Together, the Lock Law and the 2005 Exchange created, in violation of the Equal

Treatment Clause, two classes of bondholders: a higher rank that participated in the 2005

Exchange and would thereafter receive the interest and principal payments due them, and a lower

rank that was legislatively consigned to receive nothing.

33.    In 2009, in preparation for another bond exchange in 2010 (the "2010

Exchange"), the Senate and Chamber of Deputies of the Argentine Nation passed Law No.

26,547 which, among other things, suspended the Lock Law for purposes of the 2010 Exchange.

34.    Law 26,547 provided:

> Article 1.   The effect of articles 2, 3 and 4 of Law 26,017 is suspended until 31 December 2010 or until such time as the National Executive Branch, through the Ministry of the Economy and Public Finance, declares that the process of restructuring the public instruments covered by said law is completed, whichever occurs first.

A-3289

> Article 3. The financial terms and conditions that may be offered
> may not be equal to or better than those offered to creditors in the
> debt restructuring stipulated by Decree No. 1735/04.

> Article 5. * * * * It is forbidden to offer the holders of public debt
> that have brought judicial, administrative, or arbitration
> proceedings or any other type of proceeding treatment more
> favorable than the treatment afforded to holders who did not bring
> such proceedings.

35.     The bonds issued in the 2010 Exchange (the "2010 Bonds") constitute External

Indebtedness and are scheduled to pay semi-annual interest, following a first payment on

December 2, 2010.

36.     Law 26,547, in violation of the Equal Treatment Clause, created a second class of

preferred bondholders alongside the class created in the 2005 Exchange, and also legislatively

repudiated this Court's judgments.

37.     Upon information and belief, Argentina intends to pay interest on all 2010 Bonds

as it becomes due.

38.     Olifant did not tender the FRANs in the 2010 Exchange.

39.     Upon information and belief, Argentina will continue to pay nothing to Olifant on

the FRANs.

40.     Olifant and the other non-tendering bondholders have been damaged as a result of

these violations and will continue to be damaged by the continuing violations of the Equal

Treatment Provision.

## CLAIMS FOR RELIEF

### (Count I - Breach of Contract)

41.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-40 herein.

42.     Olifant has performed its obligations under its contract with Argentina.

7

43.    The Republic of Argentina's nonpayment of principal upon maturity and

continuing nonpayment of interest constitute separate defaults on the FRANs. Those events of

default are continuing.

44.    By reason of the foregoing, the Republic of Argentina has breached its contractual

obligations to Plaintiff, and the Republic of Argentina is liable to Plaintiff for damages in an

amount to be determined at trial, but not less than $5,000,000 together with all accrued and

unpaid interest due under the terms of the FRANs.

(Count II – For Specific Enforcement of the Equal Treatment Provision and for Injunctive
Relief)

45.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-44 herein.

46.    Pursuant to ¶ 1(c) of the FAA, Argentina provided that its bonds issued pursuant

to the FAA would constitute "direct, unconditional, unsecured and unsubordinated obligations

of the Republic and shall at all times rank pari passu and without preference among themselves

. . . ." and that "[t]he payment obligations of the Republic under the securities shall at all times

rank at least equally with all its other present and future unsecured and unsubordinated External

Indebtedness. . . ."

47.    Argentina, therefore, may not make any payment of its External Indebtedness

without also making a ratable payment at the same time to Olifant on the FRANs.

48.    Through the passage of the Lock Law, Argentina issued a new series of bonds

with payment obligations that rank higher than the FRANs held by Olifant, in violation of the

Equal Treatment Provision.

49.     Through the passage of Law 26,547, Argentina issued a new series of bonds with payment obligations that rank higher than the FRANs held by Olifant, in violation of the Equal Treatment Provision, and legislatively repudiated this Court's judgments.

50.     The bonds issued in the Exchanges are External Indebtedness and their issuance violated the Equal Treatment Provision.

51.     Argentina's  payment of interest to 2005 Bondholders is a continuing violation of the Equal Treatment Provision.

52.     Argentina's payment of interest to 2010 Bondholders is a continuing violation of the Equal Treatment Provision.

53.     Olifant has suffered irreparable injury from Argentina's violation of the Equal Treatment Provision and will continue to suffer such injury unless the Court specifically enforces that Provision with a mandatory injunction requiring Argentina to pay Olifant ratably on the FRANs whenever it pays interest to 2005 or 2010 Bondholders.

54.     Remedies available at law are inadequate to compensate for such injury.

55.     Olifant has performed its obligations under its contract with Argentina.

56.     Argentina is capable of performing its obligations pursuant to the Equal Treatment Provision.

57.     The balance of the equities tips toward the issuance of an injunction.

58.     The public interest would not be disserved by an injunction.

LIBA/21308564

## A-3292

WHEREFORE, Plaintiff Olifant Fund, Ltd. demands judgment against the Republic of Argentina as follows:

A.　For the first claim of relief, awarding Plaintiff damages equal to the principal amount of the FRANs beneficially owned by them, together with all accrued and unpaid interest thereon;

B.　For the second claim of relief, an Order specifically enforcing the Equal Treatment Provision; and

C.　Awarding Plaintiff the costs and expenses of this action, attorneys' fees, prejudgment and post-judgment interest, and such other and further relief as this Court deems just and proper.

LIBA/2130856.4

Respectfully submitted,

Olifant Fund, Ltd.

By its attorneys,

Stephen D. Poss (SP8427)
Robert D. Carroll (RC1028)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
617.570.1000 (tel.)
617.523.1231 (fax)

Dated: December 23, 2010
       Boston, Massachusetts

11

A-3294

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| OLIFANT FUND, LTD. | : | Case No. 10 CV 9587 (TPG) |
| Plaintiffs, | : | **NOTICE OF MOTION FOR PARTIAL SUMMARY** |
| | : | **JUDGMENT AND FOR** |
| v. | : | **INJUNCTIVE RELIEF PURSUANT** |
| | : | **TO THE EQUAL TREATMENT** |
| THE REPUBLIC OF ARGENTINA | | **PROVISION** |
| | : | |
| Defendant. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PLEASE TAKE NOTICE, that upon the annexed Declarations of Michael Rashes, dated January 26, 2012, and Robert D. Carroll, dated January 25, 2012, together with the exhibits annexed thereto, and upon Plaintiffs' Statement of Material Facts as to Which There is No Genuine Issue to Be Tried pursuant to Local Civil Rule 56.1, dated January 26, 2012, and upon all the pleadings on file in this matter, Plaintiff Olifant Fund, Ltd. ("Olifant") will move this Court, before the Honorable Thomas P. Griesa, United States District Judge, on February 15, 2012 at 10:30 a.m., or on a date and at a time to be set by the Court, at the United States Courthouse for the Southern District of New York, 500 Pearl Street, New York, New York 10007-1312, Room 1630, for an order specifically enforcing the Equal Treatment Provision of the Fiscal Agency Agreement and pursuant to Fed. R. Civ. P. 65 enjoining the Republic of Argentina ("Argentina") from violating that provision and for such other relief as this Court deems just and proper.

1

# A-3295

In furtherance of this motion, Plaintiff incorporates by reference motions, briefings, declarations, and other supporting documents filed by Plaintiff NML Capital, Ltd. ("NML") in *NML Capital, Ltd. v. Republic of Arg.*, Nos. 08 Civ. 6978, 09 Civ. 1707, and 09 Civ. 1708, as well as Orders of this Court. All documents incorporated by reference are attached as exhibits to the Declaration of Robert D. Carroll, dated January 25, 2012, in support of this motion.

Olifant incorporates by reference the following motion, memorandum and supporting documents, which were filed on October 20, 2010: NML's Notice of Motion for Partial Summary Judgment and for Injunctive Relief Pursuant to the Equal Treatment Provision; NML's Memorandum of Law in Support of Its Motion for Partial Summary Judgment and for Injunctive Relief Pursuant to the Equal Treatment Provision; NML's Rule 56.1 Statement in Support of Its Motion for Partial Summary Judgment and for Injunctive Relief Pursuant to the Equal Treatment Provision; the Declaration of Hal S. Scott filed in support of NML's Motion for Partial Summary Judgment and for Injunctive Relief Pursuant to the Equal Treatment Provision, dated October 19, 2010, and all exhibits thereto; the Declaration of Elliott Greenberg filed in support of NML's Motion for Partial Summary Judgment and for Injunctive Relief Pursuant to the Equal Treatment Provision, dated October 18, 2010, and all exhibits thereto; and the Declaration of Robert A. Cohen in support of NML's Motion for Partial Summary Judgment and for Injunctive Relief Pursuant to the Equal Treatment Provision, dated October 18, 2010, and all exhibits thereto.

Olifant further incorporates by reference the following memorandum, which was filed on January 14, 2011: NML's Reply Memorandum of Law in Support of its Motion for Partial Summary Judgment and for Injunctive Relief Pursuant to the Equal Treatment Provision.

A-3296

Olifant further incorporates by reference the following Order, which was entered on December 7, 2012:  the Order granting NML's motion for partial summary judgment, and denying NML's motion for injunctive relief and/or specific performance pursuant to Fed. R. Civ. P. 65(d), signed by U.S. District Judge Thomas P. Griesa.

Olifant further incorporates by reference the following Order, which was entered on January 5, 2012:  the Order to Show Cause Why a Preliminary Injunction Should Not Issue, With Temporary Restraining Order, signed by U.S. District Judge Thomas P. Griesa.

Olifant further incorporates by reference the following motion, memoranda, and supporting documents, which were filed on January 6, 2012:  NML's Memorandum of Law in Support of Its Ex Parte Motion for an Order to Show Cause Why a Preliminary Injunction Should Not Issue, With a Temporary Restraining Order; the Declaration of Robert A. Cohen in Support of NML's Ex Parte Motion for an Order to Show Cause Why a Preliminary Injunction Should Not Issue, With a Temporary Restraining Order, dated January 3, 2012, and all exhibits thereto; the Declaration of Eric C. Kirsch in Support of NML's Ex Parte Motion for an Order to Show Cause Why a Preliminary Injunction Should Not Issue, With a Temporary Restraining Order, dated January 3, 2012, and all exhibits thereto; NML's Renewed Motion for Specific Performance of the Equal Treatment Provision; NML's Memorandum in Support of Its Renewed Motion for Specific Performance of the Equal Treatment Provision; the Declaration of Robert A. Cohen in Support of NML's Renewed Motion for Specific Performance of the Equal Treatment Provision, and all exhibits thereto.

PLEASE TAKE FURTHER NOTICE, that Olifant requests oral argument on this motion on the date on which the Court has scheduled oral argument for the parallel motions of *NML*

# A-3297

*Capital, Ltd. v. Republic of Arg.*, Nos. 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG), and 09 Civ.

1708 (TPG); *Varela v. Republic of Arg.*, No. 10 Civ. 5338 (TPG); and *Aurelius Capital Master,*

*Ltd. v. Republic of Arg.*, Nos. 09 Civ. 8757 (TPG), 09 Civ. 10620 (TPG), 10 Civ. 1602 (TPG), 10

Civ. 3507 (TPG), 10 Civ. 3970 (TPG), 10 Civ. 41101 (TPG), February 15, 2012 at 10:30 a.m.

Respectfully submitted,

Olifant Fund, Ltd.

By its attorneys,

/s/ Stephen D. Poss
Stephen D. Poss, P.C. (SP-8427)
Robert D. Carroll (RC-1028)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
617.570.1000 (tel.)
617.523.1231 (fax)

Dated: January 26, 2012
        Boston, Massachusetts

A-3298

## CERTIFICATE OF SERVICE

I, Stephen D. Poss, hereby certify that copies of the foregoing Notice of Plaintiff's Motion for Partial Summary Judgment for Principal and Interest Due, together with all supporting documents (including a Proposed Order, Plaintiff's Statement of Material Facts as to Which There is No Genuine Issue to Be Tried pursuant to Local Civil Rule 56.1, and the Declarations of Michael Rashes and Robert D. Carroll with all attachments thereto) filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on all counsel who are not served through the CM/ECF system on January 26, 2012.

/s/ Stephen D. Poss
Stephen D. Poss

A-3299

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/23/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                           :
OLIFANT FUND, LTD.                         :
                                           :
                    Plaintiffs,            :
                                           :
         v.                                :        Case No. 10 CV 9587 (TPG)
                                           :
THE REPUBLIC OF ARGENTINA                  :
                                           :
                    Defendant.             :
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## [PROPOSED] ORDER

Upon consideration of the motion by Olifant Fund, Ltd. ("Olifant") for partial summary

judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure ("FRCP") and for

injunctive relief and/or specific performance pursuant to FRCP 65(d) and the court's inherent

equitable powers, the response of the Republic of Argentina (the "Republic") thereto, and all

other arguments submitted to the court in the parties' papers and at the hearing on this matter;

WHEREAS the uncontested facts establish that:

1.      The Republic issued bonds pursuant to a 1994 Fiscal Agency Agreement

("FAA").

2.      Paragraph 1(c) of the FAA provides, among other things, that:

The Securities [i.e., the bonds] will constitute . . . direct, unconditional,
unsecured and unsubordinated obligations of the Republic and shall at all
times rank pari passu and without any preference among themselves. The
payment obligations of the Republic under the Securities shall at all times

1

rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness (as defined in this Agreement).

3.   The bonds issued pursuant to the FAA contain the following clause, as quoted in *EM Ltd. v. The Republic of Argentina*, 720 F. Supp. 2d 273, 278 (S.D.N.Y. 2010):

The Republic has in the Fiscal Agency Agreement irrevocably submitted to the jurisdiction of any New York state or federal court sitting in the Borough of Manhattan, The City of New York and the courts of the Republic of Argentina (the "Specified Courts") over any suit, action, or proceeding against it or its properties, assets or revenues with respect to the Securities of this Series or the Fiscal Agency Agreement (a "Related Proceeding") except with respect to any actions brought under the United States federal securities laws. The Republic has in the Fiscal Agency Agreement waived any objection to Related Proceedings in such courts whether on the grounds of venue, residence or domicile or on the ground that the Related Proceedings have been brought in an inconvenient forum. The Republic agrees that a final nonappealable judgment in any such Related Proceeding (the "Related Judgment") shall be conclusive and binding upon it and may be enforced in any Specified Court or in any other courts to the jurisdiction of which the Republic is or may be subject (the "Other Courts"), by a suit upon such judgment.

4.   Olifant owns bonds pursuant to the FAA ("Olifant's Bonds").

5.   The Republic issued other bonds in its 2005 and 2010 Exchange Offers ("Exchange Bonds"), thereby creating new unsecured and unsubordinated External Indebtedness.

6.   The Republic has satisfied the payment obligations that have come due to date under the Exchange Bonds.

7.   The Republic has not paid principal or interest on Olifant's Bonds since December, 2001.

8.   Olifant has brought the above-captioned action to recover on the defaulted bonds, pursuant to its legal rights, and also pursuant to the express undertakings in the bonds.

# A-3301

9.      On February 10, 2005, Argentina enacted Law 26,017, providing that the "national State shall be prohibited from conducting any type of in-court, out-of-court or private settlement with respect to bonds" that were eligible to participate in the 2005 Exchange Offer.

10.     On December 9, 2009, Argentina enacted Law 26,547, which, *inter alia*, suspended the effect of Law 26,017 for a period of time during which the 2010 Exchange Offer was launched, closed, and consummated. Law 26,547 also provides that the "Republic of Argentina . . . is prohibited to offer holders of government bonds [including those issued pursuant to the FAA] who may have initiated judicial, administrative, arbitration or any other type of action [to enforce their rights], more favorable treatment than what is offered to those who have not done so."

WHEREAS Olifant claims that the Republic breached (and continues to breach) its contractual duty to rank its payment obligations under Olifant's Bonds at least equally with all its other present and future unsecured and unsubordinated External Indebtedness, Olifant seeks summary judgment on the Republic's liability for that breach, and Olifant seeks an injunction that would restore it to its bargained-for position among other creditors;

It is HEREBY ORDERED that:

1.      The motion for partial summary judgment pursuant to Rule 56(a) is GRANTED.

2.      It IS DECLARED, ADJUDGED, and DECREED that the Republic is required under Paragraph 1(c) of the FAA at all times to rank its payment obligations pursuant to Olifant's Bonds at least equally with all the Republic's other present and future unsecured and unsubordinated External Indebtedness.

3

3.  It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.

4.  It is DECLARED, ADJUDGED, and DECREED that the Republic violates Paragraph 1(c) of the FAA whenever it lowers the rank of its payment obligations under Olifant's Bonds below that of any other present or future unsecured and unsubordinated External Indebtedness, including (and without limitation) by relegating Olifant's Bonds to a non-paying class by failing to pay the obligations currently due under Olifant's Bonds while at the same time making payments currently due to holders of other unsecured and unsubordinated External Indebtedness or by legislative enactment.

5.  It is DECLARED, ADJUDGED, and DECREED that the Republic lowered the rank of Olifant's Bonds in violation of Paragraph 1(c) of the FAA when it made payments currently due under the Exchange Bonds, while persisting in its refusal to satisfy its payment obligations currently due under Olifant's Bonds.

6.  It is DECLARED, ADJUDGED, and DECREED that the Republic lowered the rank of Olifant's Bonds in violation of Paragraph 1(c) of the FAA when it enacted Law 26,017 and Law 26, 547.

7.  It is DECLARED, ADJUDGED, and DECREED that the aforesaid laws were in direct violation of the right of Olifant under the FAA and the bond agreements to bring a legal action in court to recover on the defaulted bonds.

8.    It is DECLARED, ADJUDGED, AND DECREED that Olifant is irreparably

harmed by and has no adequate remedy at law for the Republic's ongoing violations of

Paragraph 1(c) of the FAA, and that the equities and public interest strongly support issuance of

equitable relief to prevent the Republic from further violating Paragraph 1(c) of the FAA, in that:

a.    Absent equitable relief, Olifant would suffer irreparable harm because the

Republic's payment obligations to OLIFANT would remain debased of their contractually-

guaranteed status, and Olifant would never be restored to the position it was promised that it

would hold relative to other creditors in the event of default.

b.    There is no adequate remedy at law for the Republic's ongoing violations

of Paragraph 1(c) of the FAA because the Republic has made clear—indeed, it has codified in

Law 26,017 and Law 26,547—its intention to defy any money judgment issued by this Court.

c.    The balance of the equities strongly supports this Order in light of the

clear text of Paragraph 1(c) of the FAA and the Republic's repeated failures to make required

payments to Olifant.  In the absence of the equitable relief provided by this Order, the Republic

will continue to violate Paragraph 1(c) with impunity, thus subjecting Olifant to harm.  On the

other hand, the Order requires of the Republic only that which it promised Olifant and similarly

situated creditors to induce those creditors to purchase the Republic's bonds.  Because the

Republic has the financial wherewithal to meet its commitment of providing equal treatment to

both Olifant (and similarly situated creditors) and those owed under the terms of the Exchange

Bonds, it is equitable to require it to do so.  Indeed, equitable relief is particularly appropriate

here, given that the Republic has engaged in an unprecedented, systematic scheme of making

payments on other external indebtedness, after repudiating its payment obligations to Olifant, in

direct violation of its contractual commitment set forth in Paragraph 1(c) of the FAA.

A-3304

   d.  The public interest of enforcing contracts and upholding the rule of law will be served by the issuance of this Order, particularly here, where creditors of the Republic have no recourse to bankruptcy regimes to protect their interests and must rely upon courts to enforce contractual promises. No less than any other entity entering into a commercial transaction, there is a strong public interest in holding the Republic to its contractual obligations.

   9.  The Republic accordingly is permanently ORDERED to specifically perform its obligations to Olifant under Paragraph 1(c) of the FAA as follows:

   a.  Whenever the Republic pays any amount due under terms of the bonds or other obligations issued pursuant to the Republic's 2005 or 2010 Exchange Offers, or any subsequent exchange of or substitution for the 2005 and 2010 Exchange Offers that may occur in the future (collectively, the "Exchange Bonds"), the Republic shall concurrently or in advance make a "Ratable Payment" (as defined below) to Olifant.

   b.  Such "Ratable Payment" that the Republic is ORDERED to make to Olifant shall be an amount equal to the "Payment Percentage" (as defined below) multiplied by the total amount currently due to Olifant in respect of the bonds at issue in this case (10 CV 9587), including pre-judgment interest (the "Olifant Bonds").

   c.  Such "Payment Percentage" shall be the fraction calculated by dividing the amount actually paid or which the Republic intends to pay under the terms of the Exchange Bonds by the total amount then due under the terms of the Exchange Bonds.

   d.  The Republic is ENJOINED from violating Paragraph 1(c) of the FAA, including by making any payment under the terms of the Exchange Bonds without complying with its obligation pursuant to Paragraph 1(c) of the FAA by concurrently or in advance making a Ratable Payment to Olifant.

     e.     Within three (3) days of the issuance of this ORDER, the Republic shall provide copies of this ORDER to all parties involved, directly or indirectly, in advising upon, preparing, processing, or facilitating any payment on the Exchange Bonds (collectively, "Agents and Participants"), with a copy to counsel for Olifant. Such Agents and Participants shall be bound by the terms of this ORDER as provided by Rule 65(d)(2) and prohibited from aiding and abetting any violation of this ORDER, including any further violation by the Republic of its obligations under Paragraph 1(c) of the FAA, such as any effort to make payments under the terms of the Exchange Bonds without also concurrently or in advance making a Ratable Payment to Olifant.

     f.     Concurrently or in advance of making a payment on the Exchange Bonds, the Republic shall certify to the Court and give notice of this certification to its Agents and Participants, and to counsel for Olifant, that the Republic has satisfied its obligations under this ORDER to make a Ratable Payment to Olifant.

     10.     Olifant shall be entitled to discovery to confirm the timing and amounts of the Republic's payments under the terms of the Exchange Bonds; the amounts the Republic owes on these and other obligations; and such other information as appropriate to confirm compliance with this ORDER;

     11.     The Republic is permanently PROHIBITED from taking action to evade the directives of this ORDER, render it ineffective, or to take any steps to diminish the Court's ability to supervise compliance with the ORDER, including, but not limited to, altering or amending the processes or specific transfer mechanisms by which it makes payments on the Exchange Bonds, without obtaining prior approval of the Court;

A-3306

12.    This Court shall retain jurisdiction to monitor and enforce this ORDER, and to modify and amend it as justice requires to achieve its equitable purposes and to account for changing circumstances.

Dated: _Feb. 23, 2012_          _Thomas P. Griesa_

                                 Thomas P. Griesa

# A-3307

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
                                                    :
OLIFANT FUND, LTD.,                                 :
                                                    :          10 Civ. 9587 (TPG)
                        Plaintiff,                  :
                                                    :
                  - against -                       :          **NOTICE OF APPEAL**
                                                    :
THE REPUBLIC OF ARGENTINA,                          :
                                                    :
                        Defendant.                  :
                                                    :
                                                    :
-------------------------------------------------------------------- X

       Notice is hereby given that the Republic of Argentina, defendant in the above-captioned case, hereby appeals to the United States Court of Appeals for the Second Circuit from the Order entered in this action on February 23, 2012 granting, pursuant to Federal Rules of Civil Procedure 56 and 65, the motion of plaintiff Olifant Fund, Ltd. for partial summary judgment, permanent injunctive relief and specific performance, and all underlying and/or associated orders.

Dated: New York, New York
      March 6, 2012

                         CLEARY GOTTLIEB STEEN & HAMILTON LLP


                         By: /s/ Carmine Boccuzzi
                              Jonathan I. Blackman (jblackman@cgsh.com)
                              Carmine D. Boccuzzi (cboccuzzi@cgsh.com)


                         One Liberty Plaza
                         New York, New York 10006
                         (212) 225-2000

                         Attorneys for the Republic of Argentina

A-3308

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                    :
OLIFANT FUND, LTD.
                                                                    :
                                    Plaintiffs,
                                                                    :
                    v.                                                        Case No. 10 CV 9587 (TPG)
                                                                    :
THE REPUBLIC OF ARGENTINA
                                                                    :
                                    Defendant.
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

[PROPOSED] ORDER

Upon consideration of the motion by Olifant Fund, Ltd. ("Olifant") for partial summary

judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure ("FRCP") and for

injunctive relief and/or specific performance pursuant to FRCP 65(d) and the court's inherent

equitable powers, the response of the Republic of Argentina (the "Republic") thereto, and all

other arguments submitted to the court in the parties' papers and at the hearing on this matter;

WHEREAS the uncontested facts establish that:

1.      The Republic issued bonds pursuant to a 1994 Fiscal Agency Agreement

("FAA").

2.      Paragraph 1(c) of the FAA provides, among other things, that:

The Securities [i.e., the bonds] will constitute . . . direct, unconditional,
unsecured and unsubordinated obligations of the Republic and shall at all
times rank pari passu and without any preference among themselves. The
payment obligations of the Republic under the Securities shall at all times

1

rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness (as defined in this Agreement).

3.     The bonds issued pursuant to the FAA contain the following clause, as quoted in *EM Ltd. v. The Republic of Argentina*, 720 F. Supp. 2d 273, 278 (S.D.N.Y. 2010):

> The Republic has in the Fiscal Agency Agreement irrevocably submitted to the jurisdiction of any New York state or federal court sitting in the Borough of Manhattan, The City of New York and the courts of the Republic of Argentina (the "Specified Courts") over any suit, action, or proceeding against it or its properties, assets or revenues with respect to the Securities of this Series or the Fiscal Agency Agreement (a "Related Proceeding") except with respect to any actions brought under the United States federal securities laws. The Republic has in the Fiscal Agency Agreement waived any objection to Related Proceedings in such courts whether on the grounds of venue, residence or domicile or on the ground that the Related Proceedings have been brought in an inconvenient forum. The Republic agrees that a final nonappealable judgment in any such Related Proceeding (the "Related Judgment") shall be conclusive and binding upon it and may be enforced in any Specified Court or in any other courts to the jurisdiction of which the Republic is or may be subject (the "Other Courts"), by a suit upon such judgment.

4.     Olifant owns bonds pursuant to the FAA ("Olifant's Bonds").

5.     The Republic issued other bonds in its 2005 and 2010 Exchange Offers ("Exchange Bonds"), thereby creating new unsecured and unsubordinated External Indebtedness.

6.     The Republic has satisfied the payment obligations that have come due to date under the Exchange Bonds.

7.     The Republic has not paid principal or interest on Olifant's Bonds since December, 2001.

8.     Olifant has brought the above-captioned action to recover on the defaulted bonds, pursuant to its legal rights, and also pursuant to the express undertakings in the bonds.

A-3310

9.      On February 10, 2005, Argentina enacted Law 26,017, providing that the "national State shall be prohibited from conducting any type of in-court, out-of-court or private settlement with respect to bonds" that were eligible to participate in the 2005 Exchange Offer.

10.      On December 9, 2009, Argentina enacted Law 26,547, which, *inter alia*, suspended the effect of Law 26,017 for a period of time during which the 2010 Exchange Offer was launched, closed, and consummated. Law 26,547 also provides that the "Republic of Argentina . . . is prohibited to offer holders of government bonds [including those issued pursuant to the FAA] who may have initiated judicial, administrative, arbitration or any other type of action [to enforce their rights], more favorable treatment than what is offered to those who have not done so."

WHEREAS Olifant claims that the Republic breached (and continues to breach) its contractual duty to rank its payment obligations under Olifant's Bonds at least equally with all its other present and future unsecured and unsubordinated External Indebtedness, Olifant seeks summary judgment on the Republic's liability for that breach, and Olifant seeks an injunction that would restore it to its bargained-for position among other creditors;

It is HEREBY ORDERED that:

1.      The motion for partial summary judgment pursuant to Rule 56(a) is GRANTED.

2.      It is DECLARED, ADJUDGED, and DECREED that the Republic is required under Paragraph 1(c) of the FAA at all times to rank its payment obligations pursuant to Olifant's Bonds at least equally with all the Republic's other present and future unsecured and unsubordinated External Indebtedness.

3

A-3311

3.      It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.

4.      It is DECLARED, ADJUDGED, and DECREED that the Republic violates Paragraph 1(c) of the FAA whenever it lowers the rank of its payment obligations under Olifant's Bonds below that of any other present or future unsecured and unsubordinated External Indebtedness, including (and without limitation) by relegating Olifant's Bonds to a non-paying class by failing to pay the obligations currently due under Olifant's Bonds while at the same time making payments currently due to holders of other unsecured and unsubordinated External Indebtedness or by legislative enactment.

5.      It is DECLARED, ADJUDGED, and DECREED that the Republic lowered the rank of Olifant's Bonds in violation of Paragraph 1(c) of the FAA when it made payments currently due under the Exchange Bonds, while persisting in its refusal to satisfy its payment obligations currently due under Olifant's Bonds.

6.      It is DECLARED, ADJUDGED, and DECREED that the Republic lowered the rank of Olifant's Bonds in violation of Paragraph 1(c) of the FAA when it enacted Law 26,017 and Law 26, 547.

7.      It is DECLARED, ADJUDGED, and DECREED that the aforesaid laws were in direct violation of the right of Olifant under the FAA and the bond agreements to bring a legal action in court to recover on the defaulted bonds.

4

A-3312

8.      It is DECLARED, ADJUDGED, AND DECREED that Olifant is irreparably

harmed by and has no adequate remedy at law for the Republic's ongoing violations of

Paragraph 1(c) of the FAA, and that the equities and public interest strongly support issuance of

equitable relief to prevent the Republic from further violating Paragraph 1(c) of the FAA, in that:

a.      Absent equitable relief, Olifant would suffer irreparable harm because the

Republic's payment obligations to OLIFANT would remain debased of their contractually-

guaranteed status, and Olifant would never be restored to the position it was promised that it

would hold relative to other creditors in the event of default.

b.      There is no adequate remedy at law for the Republic's ongoing violations

of Paragraph 1(c) of the FAA because the Republic has made clear—indeed, it has codified in

Law 26,017 and Law 26,547—its intention to defy any money judgment issued by this Court.

c.      The balance of the equities strongly supports this Order in light of the

clear text of Paragraph 1(c) of the FAA and the Republic's repeated failures to make required

payments to Olifant.  In the absence of the equitable relief provided by this Order, the Republic

will continue to violate Paragraph 1(c) with impunity, thus subjecting Olifant to harm.  On the

other hand, the Order requires of the Republic only that which it promised Olifant and similarly

situated creditors to induce those creditors to purchase the Republic's bonds.  Because the

Republic has the financial wherewithal to meet its commitment of providing equal treatment to

both Olifant (and similarly situated creditors) and those owed under the terms of the Exchange

Bonds, it is equitable to require it to do so.  Indeed, equitable relief is particularly appropriate

here, given that the Republic has engaged in an unprecedented, systematic scheme of making

payments on other external indebtedness, after repudiating its payment obligations to Olifant, in

direct violation of its contractual commitment set forth in Paragraph 1(c) of the FAA.

## A-3313

     d.     The public interest of enforcing contracts and upholding the rule of law will be served by the issuance of this Order, particularly here, where creditors of the Republic have no recourse to bankruptcy regimes to protect their interests and must rely upon courts to enforce contractual promises. No less than any other entity entering into a commercial transaction, there is a strong public interest in holding the Republic to its contractual obligations.

     9.     The Republic accordingly is permanently ORDERED to specifically perform its obligations to Olifant under Paragraph 1(c) of the FAA as follows:

     a.     Whenever the Republic pays any amount due under terms of the bonds or other obligations issued pursuant to the Republic's 2005 or 2010 Exchange Offers, or any subsequent exchange of or substitution for the 2005 and 2010 Exchange Offers that may occur in the future (collectively, the "Exchange Bonds"), the Republic shall concurrently or in advance make a "Ratable Payment" (as defined below) to Olifant.

     b.     Such "Ratable Payment" that the Republic is ORDERED to make to Olifant shall be an amount equal to the "Payment Percentage" (as defined below) multiplied by the total amount currently due to Olifant in respect of the bonds at issue in this case (10 CV 9587), including pre-judgment interest (the "Olifant Bonds").

     c.     Such "Payment Percentage" shall be the fraction calculated by dividing the amount actually paid or which the Republic intends to pay under the terms of the Exchange Bonds by the total amount then due under the terms of the Exchange Bonds.

     d.     The Republic is ENJOINED from violating Paragraph 1(c) of the FAA, including by making any payment under the terms of the Exchange Bonds without complying with its obligation pursuant to Paragraph 1(c) of the FAA by concurrently or in advance making a Ratable Payment to Olifant.

## A-3314

   e. Within three (3) days of the issuance of this ORDER, the Republic shall provide copies of this ORDER to all parties involved, directly or indirectly, in advising upon, preparing, processing, or facilitating any payment on the Exchange Bonds (collectively, "Agents and Participants"), with a copy to counsel for Olifant. Such Agents and Participants shall be bound by the terms of this ORDER as provided by Rule 65(d)(2) and prohibited from aiding and abetting any violation of this ORDER, including any further violation by the Republic of its obligations under Paragraph 1(c) of the FAA, such as any effort to make payments under the terms of the Exchange Bonds without also concurrently or in advance making a Ratable Payment to Olifant.

   f. Concurrently or in advance of making a payment on the Exchange Bonds, the Republic shall certify to the Court and give notice of this certification to its Agents and Participants, and to counsel for Olifant, that the Republic has satisfied its obligations under this ORDER to make a Ratable Payment to Olifant.

   10. Olifant shall be entitled to discovery to confirm the timing and amounts of the Republic's payments under the terms of the Exchange Bonds; the amounts the Republic owes on these and other obligations; and such other information as appropriate to confirm compliance with this ORDER;

   11. The Republic is permanently PROHIBITED from taking action to evade the directives of this ORDER, render it ineffective, or to take any steps to diminish the Court's ability to supervise compliance with the ORDER, including, but not limited to, altering or amending the processes or specific transfer mechanisms by which it makes payments on the Exchange Bonds, without obtaining prior approval of the Court;

A-3315

12.     This Court shall retain jurisdiction to monitor and enforce this ORDER, and to

modify and amend it as justice requires to achieve its equitable purposes and to account for

changing circumstances.

Dated: _Feb. 23, 2012_          _Thomas P. Griesa_

                                          Thomas P. Griesa

A-3316



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------

OLIFANT FUND, LTD.,

Plaintiff,

- against -

REPUBLIC OF ARGENTINA,

Defendant.

------------------------------------------

ORDER

10 Civ. 9587 (TPG)

[PROPOSED] **AMENDED FEBRUARY 23, 2012 ORDER**

Upon consideration of the motion by Olifant Fund, Ltd. ("Olifant") for partial summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure ("FRCP") and for injunctive relief and/or specific performance pursuant to FRCP 65(d) and the court's inherent equitable powers, the response of the Republic of Argentina (the "Republic") thereto, and all other arguments submitted to the court in the parties' papers and at the hearing on this matter;

WHEREAS the uncontested facts establish that:

1.      The Republic issued bonds pursuant to a 1994 Fiscal Agency Agreement ("FAA").

2.      Paragraph 1(c) of the FAA provides, among other things, that:

The Securities [i.e., the bonds] will constitute . . . direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank pari passu and without any preference among themselves. The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness (as defined in this Agreement).

1

2769331.1

A-3317

3.　　The bonds issued pursuant to the FAA contain the following clause, as

quoted in EM Ltd. v. The Republic of Argentina, 720 F. Supp. 2d 273, 278 (S.D.N.Y.

2010):

> The Republic has in the Fiscal Agency Agreement irrevocably
> submitted to the jurisdiction of any New York state or federal court
> sitting in the Borough of Manhattan, The City of New York and
> the courts of the Republic of Argentina (the "Specified Courts")
> over any suit, action, or proceeding against it or its properties,
> assets or revenues with respect to the Securities of this Series or
> the Fiscal Agency Agreement (a "Related Proceeding") except
> with respect to any actions brought under the United States federal
> securities laws.  The Republic has in the Fiscal Agency Agreement
> waived any objection to Related Proceedings in such courts
> whether on the grounds of venue, residence or domicile or on the
> ground that the Related Proceedings have been brought in an
> inconvenient forum.  The Republic agrees that a final
> nonappealable judgment in any such Related Proceeding (the
> "Related Judgment") shall be conclusive and binding upon it and
> may be enforced in any Specified Court or in any other courts to
> the jurisdiction of which the Republic is or may be subject (the
> "Other Courts"), by a suit  upon such judgment.

4.　　Olifant owns bonds pursuant to the FAA ("Olifant's Bonds").

5.　　The Republic issued other bonds in its 2005 and 2010 Exchange Offers

("Exchange Bonds"), thereby creating new unsecured and unsubordinated External

Indebtedness.

6.　　The Republic has satisfied the payment obligations that have come due to

date under the Exchange Bonds.

7.　　The Republic has not paid principal or interest on Olifant's Bonds since

December, 2001.

8.　　Olifant has brought the above-captioned action to recover on the defaulted

bonds, pursuant to its legal rights, and also pursuant to the express undertakings in the

bonds.

2

2769331.1

9.      On February 10, 2005, Argentina enacted Law 26,017, providing that the "national State shall be prohibited from conducting any type of in-court, out-of-court or private settlement with respect to bonds" that were eligible to participate in the 2005 Exchange Offer.

10.     On December 9, 2009, Argentina enacted Law 26,547, which, inter alia, suspended the effect of Law 26,017 for a period of time during which the 2010 Exchange Offer was launched, closed, and consummated.  Law 26,547 also provides that the "Republic of Argentina . . . is prohibited to offer holders of government bonds [including those issued pursuant to the FAA] who may have initiated judicial, administrative, arbitration or any other type of action [to enforce their rights], more favorable treatment than what is offered to those who have not done so."

WHEREAS Olifant claims that the Republic breached (and continues to breach) its contractual duty to rank its payment obligations under Olifant's Bonds at least equally with all its other present and future unsecured and unsubordinated External Indebtedness, Olifant seeks summary judgment on the Republic's liability for that breach, and Olifant seeks an injunction that would restore it to its bargained-for position among other creditors;

It is HEREBY ORDERED that:

1.      The motion for partial summary judgment pursuant to Rule 56(a) is GRANTED.

2.      It is DECLARED, ADJUDGED, and DECREED that the Republic is required under Paragraph 1(c) of the FAA at all times to rank its payment obligations

3

pursuant to Olifant's Bonds at least equally with all the Republic's other present and future unsecured and unsubordinated External Indebtedness.

3.     It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.

4.     It is DECLARED, ADJUDGED, and DECREED that the Republic violates Paragraph 1(c) of the FAA whenever it lowers the rank of its payment obligations under Olifant's Bonds below that of any other present or future unsecured and unsubordinated External Indebtedness, including (and without limitation) by relegating Olifant's Bonds to a non-paying class by failing to pay the obligations currently due under Olifant's Bonds while at the same time making payments currently due to holders of other unsecured and unsubordinated External Indebtedness or by legislative enactment.

5.     It is DECLARED, ADJUDGED, and DECREED that the Republic lowered the rank of Olifant's Bonds in violation of Paragraph 1(c) of the FAA when it made payments currently due under the Exchange Bonds, while persisting in its refusal to satisfy its payment obligations currently due under Olifant's Bonds.

6.     It is DECLARED, ADJUDGED, and DECREED that the Republic lowered the rank of Olifant's Bonds in violation of Paragraph 1(c) of the FAA when it enacted Law 26,017 and Law 26,547.

7.     It is DECLARED, ADJUDGED, and DECREED that the aforesaid laws were in direct violation of the right of Olifant under the FAA and the bond agreements to bring a legal action in court to recover on the defaulted bonds.

<div align="center">4</div>

8.   It is DECLARED, ADJUDGED, and DECREED that Olifant is irreparably harmed by and has no adequate remedy at law for the Republic's ongoing violations of Paragraph 1(c) of the FAA, and that the equities and public interest strongly support issuance of equitable relief to prevent the Republic from further violating Paragraph 1(c) of the FAA, in that:

      a.   Absent equitable relief, Olifant would suffer irreparable harm because the Republic's payment obligations to Olifant would remain debased of their contractually-guaranteed status, and Olifant would never be restored to the position it was promised that it would hold relative to other creditors in the event of default.

      b.   There is no adequate remedy at law for the Republic's ongoing violations of Paragraph 1(c) of the FAA because the Republic has made clear—indeed, it has codified in Law 26,017 and Law 26,547—its intention to defy any money judgment issued by this Court.

      c.   The balance of the equities strongly supports this Order in light of the clear text of Paragraph 1(c) of the FAA and the Republic's repeated failures to make required payments to Olifant.  In the absence of the equitable relief provided by this Order, the Republic will continue to violate Paragraph 1(c) with impunity, thus subjecting Olifant to harm. On the other hand, the Order requires of the Republic only that which it promised Olifant and similarly situated creditors to induce those creditors to purchase the

5

# A-3321

Republic's bonds.  Because the Republic has the financial wherewithal to meet its commitment of providing equal treatment to both Olifant (and similarly situated creditors) and those owed under the terms of the Exchange Bonds, it is equitable to require it to do so.  Indeed, equitable relief is particularly appropriate here, given that the Republic has engaged in an unprecedented, systematic scheme of making payments on other external indebtedness, after repudiating its payment obligations to Olifant, in direct violation of its contractual commitment set forth in Paragraph 1(c) of the FAA.

d.  The public interest of enforcing contracts and upholding the rule of law will be served by the issuance of this Order, particularly here, where creditors of the Republic have no recourse to bankruptcy regimes to protect their interests and must rely upon courts to enforce contractual promises.  No less than any other entity entering into a commercial transaction, there is a strong public interest in holding the Republic to its contractual obligations.

9.  The Republic accordingly is permanently ORDERED to specifically perform its obligations to Olifant under Paragraph 1(c) of the FAA as follows:

a.  Whenever the Republic pays any amount due under terms of the bonds or other obligations issued pursuant to the Republic's 2005 or 2010 Exchange Offers, or any subsequent exchange of or substitution for the 2005 and 2010 Exchange Offers that may occur

6

in the future (collectively, the "Exchange Bonds"), the Republic

shall concurrently or in advance make a "Ratable Payment" to

Olifant (as defined below and as further defined in the Court's

Opinion of November 21, 2012 in the *NML Capital, Ltd. v. The*

*Republic of Argentina* cases, Nos. 08 Civ. 6978, 09 Civ. 1707, and

09 Civ. 1708).

b.     Such "Ratable Payment" that the Republic is ORDERED to make

to Olifant shall be an amount equal to the "Payment Percentage"

(as defined below) multiplied by the total amount currently due to

Olifant in respect of the bonds at issue in this case (10 Civ. 9587),

including pre-judgment interest (the "Olifant Bonds").

c.     Such "Payment Percentage" shall be the fraction calculated by

dividing the amount actually paid or which the Republic intends to

pay under the terms of the Exchange Bonds by the total amount

then due under the terms of the Exchange Bonds.

d.     The Republic is ENJOINED from violating Paragraph 1(c) of the

FAA, including by making any payment under the terms of the

Exchange Bonds without complying with its obligation pursuant to

Paragraph 1(c) of the FAA by concurrently or in advance making a

Ratable Payment to Olifant.

e.     Within three (3) days of the issuance of this ORDER, the Republic

shall provide copies of this ORDER to all participants in the

payment process of the Exchange Bonds ("Participants").  Such

7

Participants shall be bound by the terms of this ORDER as
provided by Rule 65(d)(2) and prohibited from aiding and abetting
any violation of this ORDER, including any further violation by
the Republic of its obligations under Paragraph 1(c) of the FAA,
such as any effort to make payments under the terms of the
Exchange Bonds without also concurrently or in advance making a
Ratable Payment to Olifant.

f. "Participants" refer to those persons and entities who act in active
concert or participation with the Republic, to assist the Republic in
fulfilling its payment obligations under the Exchange Bonds,
including: (1) the indenture trustees and/or registrars under the
Exchange Bonds (including but not limited to The Bank of New
York Mellon f/k/a/ The Bank of New York); (2) the registered
owners of the Exchange Bonds and nominees of the depositaries
for the Exchange Bonds (including but not limited to Cede & Co.
and The Bank of New York Depositary (Nominees) Limited) and
any institutions which act as nominees; (3) the clearing
corporations and systems, depositaries, operators of clearing
systems, and settlement agents for the Exchange Bonds (including
but not limited to the Depository Trust Company, Clearstream
Banking S.A., Euroclear Bank S.A./N.V. and the Euroclear
System); (4) trustee paying agents and transfer agents for the
Exchange Bonds (including but not limited to The Bank of New

8

A-3324

York (Luxembourg) S.A. and The Bank of New York Mellon (including but not limited to the Bank of New York Mellon (London)); and (5) attorneys and other agents engaged by any of the foregoing or the Republic in connection with their obligations under the Exchange Bonds.

g.    Nothing in this ORDER shall be construed to extend to the conduct or actions of a third party acting solely in its capacity as an "intermediary bank," under Article 4A of the U.C.C. and N.Y.C.L.S. U.C.C. § 4-A-104, implementing a funds transfer in connection with the Exchange Bonds.

h.    Any non-party that has received proper notice of this ORDER, pursuant to Rule 65(d)(2), and that requires clarification as to its duties, if any, under this ORDER may make an application to this Court, with notice to the Republic and Olifant. Such clarification will be promptly provided.

i.    Concurrently or in advance of making a payment on the Exchange Bonds, the Republic shall certify to the Court and give notice of this certification to its Participants, and to counsel for Olifant, that the Republic has satisfied its obligations under this ORDER to make a Ratable Payment to Olifant.

10.    Olifant shall be entitled to discovery to confirm the timing and amounts of the Republic's payments under the terms of the Exchange Bonds; the amounts the

2769331.1

Republic owes on these and other obligations; and such other information as appropriate to confirm compliance with this ORDER;

11.     The Republic is permanently PROHIBITED from taking action to evade the directives of this ORDER, render it ineffective, or to take any steps to diminish the Court's ability to supervise compliance with the ORDER, including, but not limited to, altering or amending the processes or specific transfer mechanisms by which it makes payments on the Exchange Bonds, without obtaining prior approval by the Court;

12.     This Court shall retain jurisdiction to monitor and enforce this ORDER, and to modify and amend it as justice requires to achieve its equitable purposes and to account for changing circumstances.

Dated: New York, New York
November 2/, 2012

Thomas P. Griesa
U.S. District Judge

A-3326

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 11/26/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

NML CAPITAL, LTD.,

                                Plaintiff,

             - against -

THE REPUBLIC OF ARGENTINA,

                            Defendant.

--------------------------------------------------------------x

AURELIUS CAPITAL MASTER, LTD. and
ACP MASTER, LTD.,

                             Plaintiffs,

             - against -

THE REPUBLIC OF ARGENTINA,

                             Defendant.

-------------------------------------------------------------- x

AURELIUS OPPORTUNITIES FUND II, LLC
and AURELIUS CAPITAL MASTER, LTD.,

                             Plaintiffs,

             - against -

THE REPUBLIC OF ARGENTINA,

                             Defendant.

--------------------------------------------------------------x

No. 08 Civ. 6978 (TPG)
No. 09 Civ. 1707 (TPG)
No. 09 Civ. 1708 (TPG)

No. 09 Civ. 8757 (TPG)
No. 09 Civ. 10620 (TPG)

No. 10 Civ. 1602 (TPG)
No. 10 Civ. 3507 (TPG)

*(captions continue on following pages)*

**[PROPOSED] ORDER CONCERNING THE MARCH 5, 2012 ORDER**

2769326.1

# A-3327

```
-------------------------------------------------------------------x
                                              :
AURELIUS CAPITAL MASTER, LTD. and             :
AURELIUS OPPORTUNITIES FUND II, LLC,          :
                                              :    No. 10 Civ. 3970 (TPG)
                              Plaintiffs,      :    No. 10 Civ. 8339 (TPG)
                                              :
            - against -                        :
                                              :
THE REPUBLIC OF ARGENTINA,                    :
                                              :
                              Defendant.       :
                                              :
--------------------------------------------------------------- x
                                              :
BLUE ANGEL CAPITAL I LLC,                     :
                                              :    No. 10 Civ. 4101 (TPG)
                              Plaintiff,       :    No. 10 Civ. 4782 (TPG)
                                              :
            - against -                        :
                                              :
THE REPUBLIC OF ARGENTINA,                    :
                                              :
                              Defendant.       :
                                              :
-------------------------------------------------------------------x
                                              :
PABLO ALBERTO VARELA, et al.,                 :
                                              :
                              Plaintiff,       :    No. 10 Civ. 5338 (TPG)
                                              :
            - against -                        :
                                              :
THE REPUBLIC OF ARGENTINA,                    :
                                              :
                              Defendant.       :
                                              :
-------------------------------------------------------------------x
```

# A-3328 |

```
--------------------------------------------------------------- x
                                              :
OLIFANT FUND, LTD.,                           :
                                              :   No. 10 Civ. 9587 (TPG)
                              Plaintiff,      :
                                              :
            - against -                       :
                                              :
THE REPUBLIC OF ARGENTINA,                    :
                                              :
                              Defendant.      :
                                              :
--------------------------------------------------------------- x
```

For the reasons stated in the Court's two opinions dated November 21, 2012, in the *NML Capital, Ltd. v. The Republic of Argentina* cases, Nos. 08 Civ. 6978, 09 Civ. 1707, and 09 Civ. 1708, which are incorporated herein, it is HEREBY ORDERED that:

The provision in the March 5, 2012 Order staying the carrying out of the February 23, 2012 Orders is vacated and it is directed that the February 23, 2012 Orders, as now somewhat modified, are to be carried out forthwith. This means that the February 23, 2012 Orders will be applicable to the interest payments made to exchange bondholders in December 2012. In order to avoid confusion and to give some reasonable time to arrange mechanics, the Court specifies that the precise interest payment involved will be that of December 15, 2012. Counsel for Argentina is directed to consult with counsel for plaintiffs in order to arrive at the exact amount to be paid to plaintiffs and other mechanics.

Since the Court of Appeals has not finally spoken on the subject of the calculation of the payment to plaintiffs, such payment is to be made into an escrow account, so that any adjustments required by the final Court of Appeals' ruling can be made. The Court will consult with counsel about the proper party or institution to hold the escrow account.

1

A-3329

Copies of this Order, together with copies of the Amended February 23, 2012 Orders, such amendments to be dated as of this date, will be promptly provided to the parties involved in payments to exchange bondholders, who will be on notice that the December 15, 2012 interest payments due to exchange bondholders cannot be made unless Argentina certifies that it is making the appropriate payment for the benefit of plaintiffs to the escrow account, either in advance of or concurrent with any payment to exchange bondholders.

Dated: New York, New York
Nov, 21, 2012

_____
Thomas P. Griesa
U.S. District Judge

2769326.1

# SIMON■LESSER PC

**A-3330** Leonard F. Lesser
212.599.0360
llesser@simonlesser.com

Simon■Lesser PC
355 Lexington Avenue
10th Floor
New York, New York 10017
T: 212.599.5455
F: 212.599.5459
www.simonlesser.com

June 26, 2014

**By Hand**

Honorable Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:  *Olifant Fund, Ltd. v. The Republic Argentina,* 08 Civ. 9587 (TPG)
  *Pablo Alberto Varela, et al. v. The Republic of Argentina,* 08 Civ. 5338 (TPG)

  *Citibank Proposed OSC for Motion for "Clarification or Modification"*

Dear Judge Griesa:

We represent plaintiff Olifant Fund Ltd. ("Olifant"), and write on behalf of our client and plaintiffs Pablo Alberto Varela, et al. ("Varela"), to submit the enclosed opposition to Citibank's proposed Order to Show Cause.  As noted in the attached, Olifant and Varela join in the arguments set forth in the opposition papers submitted by plaintiffs NML Capital, Ltd., Aurelius Capital Master, Ltd., Aurelius Opportunities Fund II, LLC, ACP Master, Ltd., and Blue Angel Capital I LLC.

Because the Citibank OSC has not been signed by Your Honor, and none of the Citibank papers have been e-filed, we are not e-filing our papers at this time.

Respectfully submitted,

Leonard F. Lesser

cc:  Karen Wagner, Esq.
  Carmine Boccuzzi, Esq.
  Kevin S. Reed, Esq.
  Edward A. Friedman, Esq.
  Michael Spencer, Esq.

A-3331

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
                                          :
NML CAPITAL, LTD.,                        :
                     Plaintiff,           :
                                          :     08 Civ. 6978 (TPG)
      – against –                         :     09 Civ. 1707 (TPG)
                                          :     09 Civ. 1708 (TPG)
THE REPUBLIC OF ARGENTINA,                :
                                          :
                     Defendant.           :
                                          :
------------------------------------------x
                                          :
AURELIUS CAPITAL MASTER, LTD. and         :
ACP MASTER, LTD.,                         :
                                          :     09 Civ. 8757 (TPG)
                     Plaintiffs,          :     09 Civ. 10620 (TPG)
                                          :
      – against –                         :
                                          :
THE REPUBLIC OF ARGENTINA,                :
                                          :
                     Defendant.           :
                                          :
------------------------------------------x
                                          :
AURELIUS OPPORTUNITIES FUND II,           :
LLC and AURELIUS CAPITAL MASTER,          :
LTD.,                                     :     10 Civ. 1602 (TPG)
                                          :     10 Civ. 3507 (TPG)
                     Plaintiffs,          :     10 Civ. 3970 (TPG)
                                          :     10 Civ. 8339 (TPG)
      – against –                         :
                                          :
THE REPUBLIC OF ARGENTINA,                :
                                          :     **(captions continued on**
                     Defendant.           :     **next page)**
                                          :
------------------------------------------x

# A-3332

```
--------------------------------------x
                                      :
BLUE ANGEL CAPITAL I LLC,             :
                                      :
                    Plaintiff,        :      10 Civ. 4101 (TPG)
                                      :      10 Civ. 4782 (TPG)
          – against –                 :
                                      :
THE REPUBLIC OF ARGENTINA,            :
                                      :
                    Defendant.        :
                                      :
--------------------------------------x
                                      :
OLIFANT FUND, LTD.,                   :
                                      :
                    Plaintiff,        :      10 Civ. 9587 (TPG)
                                      :
          – against –                 :
                                      :
THE REPUBLIC OF ARGENTINA,            :
                                      :
                    Defendant.        :
                                      :
--------------------------------------x
                                      :
PABLO ALBERTO VARELA, et al.,         :
                                      :
                    Plaintiffs,       :      10 Civ. 5338 (TPG)
                                      :
          – against –                 :
                                      :
THE REPUBLIC OF ARGENTINA,            :
                                      :
                    Defendant.        :
                                      :
--------------------------------------x
```

A-3333

## **ORDER**

Before the court is plaintiffs' motion for partial reconsideration of the June 27, 2014 order granting Citibank, N.A.'s ("Citibank") motion for clarification (the "Citibank order"). At the hearing held on July 22, 2014, the parties raised—for the first time—new information regarding the exchange bonds paid through Citibank Argentina. Accordingly, the court reserved judgment on plaintiffs' motion. After the hearing, Citibank and the parties brought additional information to the court's attention. That information is as follows.

By letter dated July 23, 2014, Citibank advised the court that the Republic of Argentina (the "Republic") issued bonds pursuant to a settlement with Repsol YPF, S.A. in an unrelated case (the "Repsol bonds"), which have the same International Securities Identification Number ("ISIN") as the dollar-denominated exchange bonds paid through Citibank. That ISIN number is ARARGE03E113. As a result, Citibank cannot distinguish between the Repsol bonds and the dollar-denominated exchange bonds. In other words, the court cannot enjoin payment on the dollar-denominated exchange bonds without also upsetting the Repsol settlement.

Unfortunately, because of the July 30, 2014 expiration of the grace period, this issue demands the court's immediate attention. Accordingly, the court states the following.

3

A-3334

The court does not wish to upset the settlement with Repsol. For this reason only, the court denies plaintiffs' motion for partial reconsideration at this time. Citibank may make payment on the interest due on the Repsol bonds and on both the peso- and dollar-denominated exchange bonds described in the Citibank order.

However, the court will only allow this one-time payment on the dollar-denominated exchange bonds. After July 30, 2014, the court will rescind the Citibank order with regard to the dollar-denominated exchange bonds. To avoid future confusion, the parties are directed to devise a way to distinguish between the Repsol bonds and the exchange bonds before the next interest payment is due.

SO ORDERED.


Dated: New York, New York
        July 28, 2014

                                          /s/ Thomas P. Griesa
                                           Thomas P. Griesa
                                           U. S. District Judge

4

# A-3335

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
                                  :

OLIFANT FUND, LTD.,                        :

                        Plaintiff,         :    10 Civ. 9587 (TPG)

                        v.                 :    **NOTICE OF APPEAL**

THE REPUBLIC OF ARGENTINA,       :

                      Defendant.   :

                                    :

                                    :
-----------------------------------------------------------------------X

        Notice is hereby given that the Republic of Argentina ("Republic"), defendant in the above-captioned case, hereby appeals to the United States Court of Appeals for the Second Circuit from the Order entered in this action on July 28, 2014 to the extent the district court ruled that the injunctions entered on November 21, 2012 and affirmed by the Second Circuit in *NML Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230 (2d Cir. 2013) (the "Injunctions"), now enjoin payments due after July 30, 2014 on U.S. dollar-denominated bonds governed by Argentine law and payable in Argentina if the Republic does not make a "ratable payment" to plaintiffs, thereby granting in part plaintiffs' motion for partial reconsideration of the order dated June 27, 2014 that had granted Citibank N.A.'s motion to clarify or modify the Injunctions.

A-3336

Dated: New York, New York
      July 29, 2014

                CLEARY GOTTLIEB STEEN & HAMILTON LLP

                By:  /s/ Carmine D. Boccuzzi             
                        Jonathan I. Blackman (jblackman@cgsh.com)
                        Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

                One Liberty Plaza
                New York, New York 10006
                (212) 225-2000

                Attorneys for the Republic of Argentina

A-3337

ᵔC SDNY
᛬ UMENT
᛬ ᛬ TRONICALLY FILED
ᵔᵔ᛬ #:
DATE FILED: 8/6/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

NML CAPITAL, LTD.,                          :
                                            :   08 Civ. 6978 (TPG)
                    Plaintiff,              :   09 Civ. 1707 (TPG)
                                            :   09 Civ. 1708 (TPG)
        v.                                  :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
                    Defendant.              :
------------------------------------------------------- x
                                            :
AURELIUS CAPITAL MASTER, LTD. and           :
ACP MASTER, LTD.,                           :   09 Civ. 8757 (TPG)
                                            :   09 Civ. 10620 (TPG)
                    Plaintiffs,             :
                                            :
        v.                                  :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
                    Defendant.              :
                                            :
------------------------------------------------------- x
                                            :
AURELIUS OPPORTUNITIES FUND II, LLC         :
and AURELIUS CAPITAL MASTER, LTD.,          :   10 Civ. 1602 (TPG)
                                            :   10 Civ. 3507 (TPG)
                    Plaintiffs,             :
                                            :
        v.                                  :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
                    Defendant.              :
                                            :   **(captions continued on next page)**
------------------------------------------------------- x

_____ ██████ ORDER _____

A-3338

```
--------------------------------------------------  x
AURELIUS CAPITAL MASTER, LTD. and            :
AURELIUS OPPORTUNITIES FUND II, LLC,         :          10 Civ. 3970 (TPG)
                                             :          10 Civ. 8339 (TPG)
                    Plaintiffs,              :
                                             :
             v.                              :
                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                             :
                    Defendant.               :
--------------------------------------------------  x
BLUE ANGEL CAPITAL I LLC,                    :
                                             :
                    Plaintiff,               :          10 Civ. 4101 (TPG)
                                             :          10 Civ. 4782 (TPG)
             v.                              :
                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                             :
                    Defendant.               :
--------------------------------------------------  x
OLIFANT FUND, LTD.,                          :
                                             :
                    Plaintiff,               :          10 Civ. 9587 (TPG)
                                             :
             v.                              :
                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                             :
                    Defendant.               :
--------------------------------------------------  x
PABLO ALBERTO VARELA, et al.,                :
                                             :
                    Plaintiff,               :          10 Civ. 5338 (TPG)
                                             :
             v.                              :
                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                             :
                    Defendant.               :
--------------------------------------------------  x
```

Case 1:10-cv-09587-TPG   Document 146   Filed 08/06/14   Page 2 of 4
Case 1:10-cv-09587-TPG   Document 146   Filed 08/06/14   Page 230 of 231

A-3339

WHEREAS, on November 12, 2012, this Court issued Amended February 23, 2012 Orders in each of the above-captioned cases (the "Amended February 23 Orders"), which provide, among other things, that: (a) whenever the Republic of Argentina ("Argentina") pays any amount due under the Exchange Bonds, it shall concurrently or in advance make a Ratable Payment to Plaintiffs; (b) Argentina is enjoined from making any payment on the Exchange Bonds without complying with its obligation to make a Ratable Payment to Plaintiffs; (c) concurrently or in advance of making a payment on the Exchange Bonds, Argentina shall certify to the Court, with notice to, among others, counsel for Plaintiffs, that it has satisfied its obligations to make a Ratable Payment to Plaintiffs; and (d) Argentina is permanently prohibited from taking action to evade the directives of the Amended February 23 Orders; and

WHEREAS, on June 26, 2014, Argentina set in motion the process of making certain payments to Exchange Bondholders in defiance of the Orders by transferring the equivalent of approximately $539 million ($230,922,521.14 in US dollars and 225,852,475.66 in Euros) to The Bank of New York Mellon ("BNY") into BNY accounts at the Banco Central de la Republica de Argentina (the "BCRA") (this transfer, together with any other funds, if any, that Argentina has transferred to BNY relating to payments on the Exchange Bonds due on or after June 16, 2014 collectively, the "Funds"); and

WHEREAS, on June 27, 2014 and July 22, 2014, the Court held hearings in these matters, and ruled that the payment by Argentina to BNY described above was a violation of the Amended February 23 Orders and illegal;

2964498.7

A-3340

**IT IS HEREBY ORDERED** that:

1.     For the reasons stated on the record at the June 27, 2014 and July 22, 2014 hearings, the payment by Argentina to BNY described above was illegal and a violation of the Amended February 23 Orders.

2.     BNY shall retain the Funds in its accounts at the BCRA pending further Order of this Court, and shall not make or allow any transfer of the Funds unless ordered by the Court.

3.     Argentina will take no steps to interfere with BNY's retention of the Funds in accordance with the terms of this Order.

4.     BNY's retention of the Funds in its accounts at the BCRA pursuant to this Order shall not be deemed a violation of the Amended February 23 Orders. BNY shall incur no liability under the Indenture governing the Exchange Bonds or otherwise to any person or entity for complying with this Order and the Amended February 23 Orders.

Dated: New York, New York
     August 6 , 2014

Thomas P. Griesa
United States District Judge

2

2964498.7