# 14-2689-cv(L)

**14-2691 (CON), 14-2692 (CON), 14-2693 (CON), 14-2696 (CON), 14-2697 (CON), 14-2698 (CON), 14-2699 (CON), 14-2700 (CON), 14-2701 (CON), 14-2702 (CON), 14-2703 (CON), 14-2704 (CON), 14-2705 (CON), 14-2709 (CON), 14-2711 (CON), 14-2713 (CON), 14-2714 (CON), 14-2715 (CON), 14-2718 (CON), 14-2722 (CON), 14-2723 (CON), 14-2724 (CON), 14-2728 (CON), 14-2732 (CON), 14-2736 (CON)**

## United States Court of Appeals
### for the
## Second Circuit

▶▶◀◀

AURELIUS CAPITAL MASTER, LTD., AURELIUS OPPORTUNITIES FUND II, LLC, ACP MASTER, LTD., NML CAPITAL, LTD., OLIFANT FUND, LTD., BLUE ANGEL CAPITAL I LLC, PABLO ALBERTO VARELA, LILA INES BURGUENO, MIRTA SUSANA DIEGUEZ, MARIA EVANGELINA CARBALLO, LEANDRO DANIEL POMILIO, SUSANA AQUERRETA, MARIA ELENA CORRAL, TERESA MUNOZ DE CORRAL, NORMA ELSA LAVORATO, CARMEN IRMA LAVORATO, CESAR RUBEN VAZQUEZ, NORMA HAYDEE GINES, MARTZ AZUCENA VAZQUEZ,

*Plaintiffs-Appellees,*

– v. –

THE REPUBLIC OF ARGENTINA,

*Defendant- Appellant,*

CITIBANK, N.A.,

*Movant-Interested Party-Appellant.*

_____

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

## SPECIAL APPENDIX

*Of Counsel:*
Jonathan I. Blackman
Carmine D. Boccuzzi
Michael M. Brennan

CLEARY GOTTLIEB STEEN & HAMILTON LLP
*Attorneys for Defendant-Appellant*
One Liberty Plaza
New York, New York  10006
212-225-2000

Edward A. Friedman
Daniel B. Rapport
FRIEDMAN KAPLAN SEILER &
ADELMAN LLP
7 Times Square
New York, NY 10036
(212) 833-1100

Roy T. Englert, Jr.
Mark T. Stancil
ROBBINS, RUSSELL, ENGLERT,
ORSECK, UNTEREINER & SAUBER
LLP
1801 K Street, N.W.
Washington, D.C. 20006
(202) 775-4500

*Counsel for Plaintiffs-Appellees Aurelius Capital Master, Ltd., Aurelius
Opportunities Fund II, LLC, ACP Master, Ltd., and Blue Angel Capital I LLC*

Robert A. Cohen
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500

Theodore B. Olson
Matthew D. McGill
Jason J. Mendro
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-8500

*Counsel for Plaintiff-Appellee NML Capital, Ltd.*

Leonard F. Lesser
SIMON LESSER, P.C.
355 Lexington Avenue
New York, NY 10017
(212) 599-5455

Michael C. Spencer
MILBERG LLP
One Pennsylvania Plaza
New York, NY 10019
(212) 594-5300

*Counsel for Plaintiff-Appellee
Olifant Fund, Ltd.*

*Counsel for Plaintiffs-Appellees Pablo
Alberto Varela et al.*

Karen E. Wagner
Matthew Brennan Rowland
Lindsey Knapp
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000

*Counsel for Movant-Interested Party-Appellant Citibank, N.A.*

# TABLE OF CONTENTS

**Page**

Order, dated July 28, 2014 ............................................................... SPA-1

Order Clarifying Amended February 23, 2012 Orders,                SPA-5
dated June 27, 2014 ...............................................................

28 U.S.C § 1330 ............................................................................ SPA-7

28 U.S.C. § 1602 ........................................................................... SPA-8

28 U.S.C. § 1603 ........................................................................... SPA-9

28 U.S.C. § 1604 ......................................................................... SPA-11

28 U.S.C. § 1605 ......................................................................... SPA-12

28 U.S.C. § 1606 ......................................................................... SPA-16

28 U.S.C. § 1607 ......................................................................... SPA-17

28 U.S.C. § 1608 ......................................................................... SPA-18

28 U.S.C. § 1609 ......................................................................... SPA-20

28 U.S.C. § 1610 ......................................................................... SPA-21

28 U.S.C. § 1611 ......................................................................... SPA-26

SPA-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
                                 :

NML CAPITAL, LTD.,              :

                Plaintiff,   :

                                 :    08 Civ. 6978 (TPG)

      – against –         :    09 Civ. 1707 (TPG)
                                 :    09 Civ. 1708 (TPG)

THE REPUBLIC OF ARGENTINA,  :

            Defendant.  :

                                 :
------------------------------------------x
                                 :

AURELIUS CAPITAL MASTER, LTD. and :
ACP MASTER, LTD.,      :

                                 :    09 Civ. 8757 (TPG)

            Plaintiffs,  :    09 Civ. 10620 (TPG)

                                 :

      – against –         :

THE REPUBLIC OF ARGENTINA,  :

            Defendant.  :

                                 :
------------------------------------------x
                                 :

AURELIUS OPPORTUNITIES FUND II, :
LLC and AURELIUS CAPITAL MASTER, :
LTD.,              :    10 Civ. 1602 (TPG)

                                 :    10 Civ. 3507 (TPG)

            Plaintiffs,  :    10 Civ. 3970 (TPG)

                                 :    10 Civ. 8339 (TPG)

      – against –         :

                                 :

THE REPUBLIC OF ARGENTINA,  :

            Defendant.  :    **(captions continued on**
                                 :          **next page)**
------------------------------------------x

# SPA-2

```
--------------------------------------x
                                      :
BLUE ANGEL CAPITAL I LLC,             :
                                      :
                    Plaintiff,        :    10 Civ. 4101 (TPG)
                                      :    10 Civ. 4782 (TPG)
        – against –                   :
                                      :
THE REPUBLIC OF ARGENTINA,            :
                                      :
                    Defendant.        :
                                      :
--------------------------------------x
                                      :
OLIFANT FUND, LTD.,                   :
                                      :
                    Plaintiff,        :    10 Civ. 9587 (TPG)
                                      :
        – against –                   :
                                      :
THE REPUBLIC OF ARGENTINA,            :
                                      :
                    Defendant.        :
                                      :
--------------------------------------x
                                      :
PABLO ALBERTO VARELA, et al.,         :
                                      :
                    Plaintiffs,       :    10 Civ. 5338 (TPG)
                                      :
        – against –                   :
                                      :
THE REPUBLIC OF ARGENTINA,            :
                                      :
                    Defendant.        :
                                      :
--------------------------------------x
```

2

SPA-3

## ORDER

Before the court is plaintiffs' motion for partial reconsideration of the June 27, 2014 order granting Citibank, N.A.'s ("Citibank") motion for clarification (the "Citibank order"). At the hearing held on July 22, 2014, the parties raised—for the first time—new information regarding the exchange bonds paid through Citibank Argentina. Accordingly, the court reserved judgment on plaintiffs' motion. After the hearing, Citibank and the parties brought additional information to the court's attention. That information is as follows.

By letter dated July 23, 2014, Citibank advised the court that the Republic of Argentina (the "Republic") issued bonds pursuant to a settlement with Repsol YPF, S.A. in an unrelated case (the "Repsol bonds"), which have the same International Securities Identification Number ("ISIN") as the dollar-denominated exchange bonds paid through Citibank. That ISIN number is ARARGE03E113. As a result, Citibank cannot distinguish between the Repsol bonds and the dollar-denominated exchange bonds. In other words, the court cannot enjoin payment on the dollar-denominated exchange bonds without also upsetting the Repsol settlement.

Unfortunately, because of the July 30, 2014 expiration of the grace period, this issue demands the court's immediate attention. Accordingly, the court states the following.

3

# SPA-4

The court does not wish to upset the settlement with Repsol. For this reason only, the court denies plaintiffs' motion for partial reconsideration at this time. Citibank may make payment on the interest due on the Repsol bonds and on both the peso- and dollar-denominated exchange bonds described in the Citibank order.

However, the court will only allow this one-time payment on the dollar-denominated exchange bonds. After July 30, 2014, the court will rescind the Citibank order with regard to the dollar-denominated exchange bonds. To avoid future confusion, the parties are directed to devise a way to distinguish between the Repsol bonds and the exchange bonds before the next interest payment is due.

SO ORDERED.

Dated: New York, New York
       July 28, 2014

                                        /s/ Thomas P. Griesa
                                        Thomas P. Griesa
                                        U. S. District Judge

SPA-5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/27/14

- - - - - - - - - - - - - - - - - - - - - - - - - x

NML CAPITAL, LTD.,
             Plaintiff,           No. 08 Civ. 6978 (TPG)
     - against -             No. 09 Civ. 1707 (TPG)
THE REPUBLIC OF ARGENTINA,       No. 09 Civ. 1708 (TPG)
             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - x

AURELIUS CAPITAL MASTER, LTD. and
ACP MASTER, LTD.,
             Plaintiffs,         No. 09 Civ. 8757 (TPG)
     - against -             No. 09 Civ. 10620 (TPG)
THE REPUBLIC OF ARGENTINA,
             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - x

AURELIUS OPPORTUNITIES FUND II, LLC
and AURELIUS CAPITAL MASTER, LTD.,
             Plaintiffs,         No. 10 Civ. 1602 (TPG)
     - against -             No. 10 Civ. 3507 (TPG)
                             No. 10 Civ. 3970 (TPG)
THE REPUBLIC OF ARGENTINA,       No. 10 Civ. 8339 (TPG)
             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - x

BLUE ANGEL CAPITAL I LLC,
             Plaintiff,
                            No. 10 Civ. 4101 (TPG)
     - against -             No. 10 Civ. 4782 (TPG)
THE REPUBLIC OF ARGENTINA,
             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - x    *(captions continue on following page)*

**▮▮▮▮▮▮▮ ORDER CLARIFYING
AMENDED FEBRUARY 23, 2012 ORDERS**

SPA-6

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
OLIFANT FUND, LTD.,                          :
                        Plaintiff,           :
        - against -                          :    No. 10 Civ. 9587 (TPG)
THE REPUBLIC OF ARGENTINA,                   :
                        Defendant.           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
PABLO ALBERTO VARELA, et al.,                :
                        Plaintiffs,          :
        - against -                          :    No. 10 Civ. 5338 (TPG)
THE REPUBLIC OF ARGENTINA,                   :
                        Defendant.           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

UPON consideration of Citibank, N.A.'s motion for clarification or modification, plaintiffs' opposition thereto, and all other arguments submitted to the Court in the parties' papers and at oral argument, it is hereby:

1.    CLARIFIED that this Court's Amended February 23, 2012 Orders do not as a matter of law prohibit payments by Citibank, N.A.'s Argentine branch on Peso- and U.S. Dollar-denominated bonds—governed by Argentine law and payable in Argentina—that were issued by the Republic of Argentina in 2005 and 2010 to customers for whom it acts as custodian in Argentina.

Dated: June 27, 2014

Hon. Thomas P. Griesa
United States District Judge

1

Case: 14-2691     Document: 79     Page: 10     08/15/2014     1296929     30

# SPA-7

---

United States Code Annotated
  Title 28. Judiciary and Judicial Procedure (Refs & Annos)
    Part IV. Jurisdiction and Venue (Refs & Annos)
      Chapter 85. District Courts; Jurisdiction (Refs & Annos)

---

28 U.S.C.A. § 1330

§ 1330. Actions against foreign states

Currentness

**(a)** The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this title or under any applicable international agreement.

**(b)** Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this title.

**(c)** For purposes of subsection (b), an appearance by a foreign state does not confer personal jurisdiction with respect to any claim for relief not arising out of any transaction or occurrence enumerated in sections 1605-1607 of this title.

**CREDIT(S)**

(Added Pub.L. 94-583, § 2(a), Oct. 21, 1976, 90 Stat. 2891.)

Notes of Decisions (145)

28 U.S.C.A. § 1330, 28 USCA § 1330
Current through P.L. 113-125 (excluding P.L. 113-121) approved 6-30-14

---

**End of Document** © 2014 Thomson Reuters. No claim to original U.S. Government Works.

Case: 14-2691     Document: 79     Page: 11     08/15/2014     1296929     30

# SPA-8

United States Code Annotated
Title 28. Judiciary and Judicial Procedure (Refs & Annos)
Part IV. Jurisdiction and Venue (Refs & Annos)
Chapter 97. Jurisdictional Immunities of Foreign States

28 U.S.C.A. § 1602

§ 1602. Findings and declaration of purpose

Currentness

The Congress finds that the determination by United States courts of the claims of foreign states to immunity from the jurisdiction of such courts would serve the interests of justice and would protect the rights of both foreign states and litigants in United States courts. Under international law, states are not immune from the jurisdiction of foreign courts insofar as their commercial activities are concerned, and their commercial property may be levied upon for the satisfaction of judgments rendered against them in connection with their commercial activities. Claims of foreign states to immunity should henceforth be decided by courts of the United States and of the States in conformity with the principles set forth in this chapter.

**CREDIT(S)**

(Added Pub.L. 94-583, § 4(a), Oct. 21, 1976, 90 Stat. 2892.)

Notes of Decisions (103)

28 U.S.C.A. § 1602, 28 USCA § 1602
Current through P.L. 113-74 (excluding P.L. 113-66 and 113-73) approved 1-16-14

**End of Document**                    © 2014 Thomson Reuters. No claim to original U.S. Government Works.

# SPA-9

28 U.S.C.A. § 1603

§ 1603. Definitions

Effective: February 18, 2005
Currentness

For purposes of this chapter--

**(a)** A "foreign state", except as used in section 1608 of this title, includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).

**(b)** An "agency or instrumentality of a foreign state" means any entity--

  **(1)** which is a separate legal person, corporate or otherwise, and

  **(2)** which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

  **(3)** which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title, nor created under the laws of any third country.

**(c)** The "United States" includes all territory and waters, continental or insular, subject to the jurisdiction of the United States.

**(d)** A "commercial activity" means either a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose.

**(e)** A "commercial activity carried on in the United States by a foreign state" means commercial activity carried on by such state and having substantial contact with the United States.

**CREDIT(S)**
  (Added Pub.L. 94-583, § 4(a), Oct. 21, 1976, 90 Stat. 2892; amended Pub.L. 109-2, § 4(b)(2), Feb. 18, 2005, 119 Stat. 12.)

Notes of Decisions (351)

# SPA-10

28 U.S.C.A. § 1603, 28 USCA § 1603
Current through P.L. 113-74 (excluding P.L. 113-66 and 113-73) approved 1-16-14

**End of Document**

© 2014 Thomson Reuters. No claim to original U.S. Government Works.

Case: 14-2691     Document: 79     Page: 14     08/15/2014     1296929     30

# SPA-11

United States Code Annotated
    Title 28. Judiciary and Judicial Procedure (Refs & Annos)
        Part IV. Jurisdiction and Venue (Refs & Annos)
            Chapter 97. Jurisdictional Immunities of Foreign States

28 U.S.C.A. § 1604

§ 1604. Immunity of a foreign state from jurisdiction

Currentness

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter.

**CREDIT(S)**

(Added Pub.L. 94-583, § 4(a), Oct. 21, 1976, 90 Stat. 2892.)

Notes of Decisions (147)

28 U.S.C.A. § 1604, 28 USCA § 1604
Current through P.L. 113-74 (excluding P.L. 113-66 and 113-73) approved 1-16-14

---

**End of Document**                                   © 2014 Thomson Reuters. No claim to original U.S. Government Works.

Case: 14-2691     Document: 79     Page: 15     08/15/2014     1296929     30

## SPA-12

United States Code Annotated
Title 28. Judiciary and Judicial Procedure (Refs & Annos)
Part IV. Jurisdiction and Venue (Refs & Annos)
Chapter 97. Jurisdictional Immunities of Foreign States

28 U.S.C.A. § 1605

§ 1605. General exceptions to the jurisdictional immunity of a foreign state

Effective: January 28, 2008

Currentness

**(a)** A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case--

**(1)** in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;

**(2)** in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;

**(3)** in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States;

**(4)** in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue;

**(5)** not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to--

**(A)** any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or

**(B)** any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights; or

# SPA-13

**(6)** in which the action is brought, either to enforce an agreement made by the foreign state with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration under the laws of the United States, or to confirm an award made pursuant to such an agreement to arbitrate, if (A) the arbitration takes place or is intended to take place in the United States, (B) the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards, (C) the underlying claim, save for the agreement to arbitrate, could have been brought in a United States court under this section or section 1607, or (D) paragraph (1) of this subsection is otherwise applicable.

**(7)** Repealed. Pub.L. 110-181, Div. A, § 1083(b)(1)(A)(iii), Jan. 28, 2008, 122 Stat. 341

**(b)** A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which a suit in admiralty is brought to enforce a maritime lien against a vessel or cargo of the foreign state, which maritime lien is based upon a commercial activity of the foreign state: *Provided*, That--

**(1)** notice of the suit is given by delivery of a copy of the summons and of the complaint to the person, or his agent, having possession of the vessel or cargo against which the maritime lien is asserted; and if the vessel or cargo is arrested pursuant to process obtained on behalf of the party bringing the suit, the service of process of arrest shall be deemed to constitute valid delivery of such notice, but the party bringing the suit shall be liable for any damages sustained by the foreign state as a result of the arrest if the party bringing the suit had actual or constructive knowledge that the vessel or cargo of a foreign state was involved; and

**(2)** notice to the foreign state of the commencement of suit as provided in section 1608 of this title is initiated within ten days either of the delivery of notice as provided in paragraph (1) of this subsection or, in the case of a party who was unaware that the vessel or cargo of a foreign state was involved, of the date such party determined the existence of the foreign state's interest.

**(c)** Whenever notice is delivered under subsection (b)(1), the suit to enforce a maritime lien shall thereafter proceed and shall be heard and determined according to the principles of law and rules of practice of suits in rem whenever it appears that, had the vessel been privately owned and possessed, a suit in rem might have been maintained. A decree against the foreign state may include costs of the suit and, if the decree is for a money judgment, interest as ordered by the court, except that the court may not award judgment against the foreign state in an amount greater than the value of the vessel or cargo upon which the maritime lien arose. Such value shall be determined as of the time notice is served under subsection (b)(1). Decrees shall be subject to appeal and revision as provided in other cases of admiralty and maritime jurisdiction. Nothing shall preclude the plaintiff in any proper case from seeking relief in personam in the same action brought to enforce a maritime lien as provided in this section.

**(d)** A foreign state shall not be immune from the jurisdiction of the courts of the United States in any action brought to foreclose a preferred mortgage, as defined in section 31301 of title 46. Such action shall be brought, heard, and determined in accordance with the provisions of chapter 313 of title 46 and in accordance with the principles of law and rules of practice of suits in rem, whenever it appears that had the vessel been privately owned and possessed a suit in rem might have been maintained.

**(e), (f)** Repealed. Pub.L. 110-181, Div. A, Title X, § 1083(b)(1)(B), Jan. 28, 2008, 122 Stat. 341

**(g) Limitation on discovery.--**

Case: 14-2691    Document: 79    Page: 17    08/15/2014    1296929    30

## SPA-14

**(1) In general.--(A)** Subject to paragraph (2), if an action is filed that would otherwise be barred by section 1604, but for section 1605A, the court, upon request of the Attorney General, shall stay any request, demand, or order for discovery on the United States that the Attorney General certifies would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action, until such time as the Attorney General advises the court that such request, demand, or order will no longer so interfere.

**(B)** A stay under this paragraph shall be in effect during the 12-month period beginning on the date on which the court issues the order to stay discovery. The court shall renew the order to stay discovery for additional 12-month periods upon motion by the United States if the Attorney General certifies that discovery would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action.

**(2) Sunset.--(A)** Subject to subparagraph (B), no stay shall be granted or continued in effect under paragraph (1) after the date that is 10 years after the date on which the incident that gave rise to the cause of action occurred.

**(B)** After the period referred to in subparagraph (A), the court, upon request of the Attorney General, may stay any request, demand, or order for discovery on the United States that the court finds a substantial likelihood would--

**(i)** create a serious threat of death or serious bodily injury to any person;

**(ii)** adversely affect the ability of the United States to work in cooperation with foreign and international law enforcement agencies in investigating violations of United States law; or

**(iii)** obstruct the criminal case related to the incident that gave rise to the cause of action or undermine the potential for a conviction in such case.

**(3) Evaluation of evidence.--**The court's evaluation of any request for a stay under this subsection filed by the Attorney General shall be conducted ex parte and in camera.

**(4) Bar on motions to dismiss.--**A stay of discovery under this subsection shall constitute a bar to the granting of a motion to dismiss under rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure.

**(5) Construction.--**Nothing in this subsection shall prevent the United States from seeking protective orders or asserting privileges ordinarily available to the United States.

## CREDIT(S)

(Added Pub.L. 94-583, § 4(a), Oct. 21, 1976, 90 Stat. 2892; amended Pub.L. 100-640, § 1, Nov. 9, 1988, 102 Stat. 3333; Pub.L. 100-669, § 2, Nov. 16, 1988, 102 Stat. 3969; Pub.L. 101-650, Title III, § 325(b)(8), Dec. 1, 1990, 104 Stat. 5121; Pub.L. 104-132, Title II, § 221(a), Apr. 24, 1996, 110 Stat. 1241; Pub.L. 105-11, Apr. 25, 1997, 111 Stat. 22; Pub.L. 107-77, Title VI, § 626(c), Nov. 28, 2001, 115 Stat. 803; Pub.L. 107-117, Div. B, Ch. 2, § 208, Jan. 10, 2002, 115 Stat. 2299; Pub.L. 109-304, § 17(f)(2), Oct. 6, 2006, 120 Stat. 1708; Pub.L. 110-181, Title X, § 1083(b)(1), Jan. 28, 2008, 122 Stat. 341.)

Case: 14-2691    Document: 79    Page: 18    08/15/2014    1296929    30

SPA-15

Notes of Decisions (1053)

28 U.S.C.A. § 1605, 28 USCA § 1605
Current through P.L. 113-74 (excluding P.L. 113-66 and 113-73) approved 1-16-14

**End of Document**    © 2014 Thomson Reuters. No claim to original U.S. Government Works.

# SPA-16

United States Code Annotated
  Title 28. Judiciary and Judicial Procedure (Refs & Annos)
    Part IV. Jurisdiction and Venue (Refs & Annos)
      Chapter 97. Jurisdictional Immunities of Foreign States

28 U.S.C.A. § 1606

§ 1606. Extent of liability

Effective: November 26, 2002

Currentness

As to any claim for relief with respect to which a foreign state is not entitled to immunity under section 1605 or 1607 of this chapter, the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances; but a foreign state except for an agency or instrumentality thereof shall not be liable for punitive damages; if, however, in any case wherein death was caused, the law of the place where the action or omission occurred provides, or has been construed to provide, for damages only punitive in nature, the foreign state shall be liable for actual or compensatory damages measured by the pecuniary injuries resulting from such death which were incurred by the persons for whose benefit the action was brought.

**CREDIT(S)**

 (Added Pub.L. 94-583, § 4(a), Oct. 21, 1976, 90 Stat. 2894; amended Pub.L. 105-277, Div. A, § 101(h) [Title I, § 117(b)], Oct. 21, 1998, 112 Stat. 2681-491; Pub.L. 106-386, Div. C, § 2002(f)(2), Oct. 28, 2000, 114 Stat. 1543; Pub.L. 107-297, Title II, § 201(c)(3), Nov. 26, 2002, 116 Stat. 2337.)

Notes of Decisions (100)

28 U.S.C.A. § 1606, 28 USCA § 1606
Current through P.L. 113-74 (excluding P.L. 113-66 and 113-73) approved 1-16-14

---

**End of Document**                              © 2014 Thomson Reuters. No claim to original U.S. Government Works.

# SPA-17

28 U.S.C.A. § 1607

§ 1607. Counterclaims

Effective: January 28, 2008
Currentness

In any action brought by a foreign state, or in which a foreign state intervenes, in a court of the United States or of a State, the foreign state shall not be accorded immunity with respect to any counterclaim--

**(a)** for which a foreign state would not be entitled to immunity under section 1605 or 1605A of this chapter had such claim been brought in a separate action against the foreign state; or

**(b)** arising out of the transaction or occurrence that is the subject matter of the claim of the foreign state; or

**(c)** to the extent that the counterclaim does not seek relief exceeding in amount or differing in kind from that sought by the foreign state.

**CREDIT(S)**
  (Added Pub.L. 94-583, § 4(a), Oct. 21, 1976, 90 Stat. 2894; amended Pub.L. 110-181, Div. A, Title X, § 1083(b)(2), Jan. 28, 2008, 122 Stat. 341.)

Notes of Decisions (12)

28 U.S.C.A. § 1607, 28 USCA § 1607
Current through P.L. 113-74 (excluding P.L. 113-66 and 113-73) approved 1-16-14

# SPA-18

United States Code Annotated
    Title 28. Judiciary and Judicial Procedure (Refs & Annos)
        Part IV. Jurisdiction and Venue (Refs & Annos)
            Chapter 97. Jurisdictional Immunities of Foreign States

28 U.S.C.A. § 1608

§ 1608. Service; time to answer; default

Currentness

**(a)** Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:

**(1)** by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

**(2)** if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

**(3)** if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

**(4)** if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

As used in this subsection, a "notice of suit" shall mean a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation.

**(b)** Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:

**(1)** by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

**(2)** if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or

Case: 14-2691    Document: 79    Page: 22    08/15/2014    1296929    30

**(3)** if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state--

**(A)** as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

**(B)** by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

**(C)** as directed by order of the court consistent with the law of the place where service is to be made.

**(c)** Service shall be deemed to have been made--

**(1)** in the case of service under subsection (a)(4), as of the date of transmittal indicated in the certified copy of the diplomatic note; and

**(2)** in any other case under this section, as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed.

**(d)** In any action brought in a court of the United States or of a State, a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section.

**(e)** No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.

**CREDIT(S)**

(Added Pub.L. 94-583, § 4(a), Oct. 21, 1976, 90 Stat. 2894.)

Notes of Decisions (232)

28 U.S.C.A. § 1608, 28 USCA § 1608
Current through P.L. 113-74 (excluding P.L. 113-66 and 113-73) approved 1-16-14

© 2014 Thomson Reuters. No claim to original U.S. Government Works.

Case: 14-2691     Document: 79     Page: 23     08/15/2014     1296929     30

# SPA-20

United States Code Annotated
Title 28. Judiciary and Judicial Procedure (Refs & Annos)
Part IV. Jurisdiction and Venue (Refs & Annos)
Chapter 97. Jurisdictional Immunities of Foreign States

28 U.S.C.A. § 1609

§ 1609. Immunity from attachment and execution of property of a foreign state

Currentness

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act the property in the United States of a foreign state shall be immune from attachment arrest and execution except as provided in sections 1610 and 1611 of this chapter.

**CREDIT(S)**

(Added Pub.L. 94-583, § 4(a), Oct. 21, 1976, 90 Stat. 2895.)

Notes of Decisions (12)

28 U.S.C.A. § 1609, 28 USCA § 1609
Current through P.L. 113-74 (excluding P.L. 113-66 and 113-73) approved 1-16-14

---

**End of Document**                    © 2014 Thomson Reuters. No claim to original U.S. Government Works.

---

Case: 14-2691    Document: 79    Page: 24    09/15/2014    1296929    30

# SPA-21

United States Code Annotated
Title 28. Judiciary and Judicial Procedure (Refs & Annos)
Part IV. Jurisdiction and Venue (Refs & Annos)
Chapter 97. Jurisdictional Immunities of Foreign States

28 U.S.C.A. § 1610

§ 1610. Exceptions to the immunity from attachment or execution

Effective: August 10, 2012

Currentness

**(a)** The property in the United States of a foreign state, as defined in section 1603(a) of this chapter, used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if--

**(1)** the foreign state has waived its immunity from attachment in aid of execution or from execution either explicitly or by implication, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, or

**(2)** the property is or was used for the commercial activity upon which the claim is based, or

**(3)** the execution relates to a judgment establishing rights in property which has been taken in violation of international law or which has been exchanged for property taken in violation of international law, or

**(4)** the execution relates to a judgment establishing rights in property--

**(A)** which is acquired by succession or gift, or

**(B)** which is immovable and situated in the United States: *Provided*, That such property is not used for purposes of maintaining a diplomatic or consular mission or the residence of the Chief of such mission, or

**(5)** the property consists of any contractual obligation or any proceeds from such a contractual obligation to indemnify or hold harmless the foreign state or its employees under a policy of automobile or other liability or casualty insurance covering the claim which merged into the judgment, or

**(6)** the judgment is based on an order confirming an arbitral award rendered against the foreign state, provided that attachment in aid of execution, or execution, would not be inconsistent with any provision in the arbitral agreement, or

**(7)** the judgment relates to a claim for which the foreign state is not immune under section 1605A or section 1605(a)(7) (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved with the act upon which the claim is based.

Case: 14-2691     Document: 79     Page: 25     09/15/2014     1296929     30

SPA-22

**(b)** In addition to subsection (a), any property in the United States of an agency or instrumentality of a foreign state engaged in commercial activity in the United States shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if--

**(1)** the agency or instrumentality has waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly, notwithstanding any withdrawal of the waiver the agency or instrumentality may purport to effect except in accordance with the terms of the waiver, or

**(2)** the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605(a) (2), (3), or (5) or 1605(b) of this chapter, regardless of whether the property is or was involved in the act upon which the claim is based, or

**(3)** the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605A of this chapter or section 1605(a)(7) of this chapter (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved in the act upon which the claim is based.

**(c)** No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter.

**(d)** The property of a foreign state, as defined in section 1603(a) of this chapter, used for a commercial activity in the United States, shall not be immune from attachment prior to the entry of judgment in any action brought in a court of the United States or of a State, or prior to the elapse of the period of time provided in subsection (c) of this section, if--

**(1)** the foreign state has explicitly waived its immunity from attachment prior to judgment, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, and

**(2)** the purpose of the attachment is to secure satisfaction of a judgment that has been or may ultimately be entered against the foreign state, and not to obtain jurisdiction.

**(e)** The vessels of a foreign state shall not be immune from arrest in rem, interlocutory sale, and execution in actions brought to foreclose a preferred mortgage as provided in section 1605(d).

**(f)(1)(A)** Notwithstanding any other provision of law, including but not limited to section 208(f) of the Foreign Missions Act (22 U.S.C. 4308(f)), and except as provided in subparagraph (B), any property with respect to which financial transactions are prohibited or regulated pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b)), section 620(a) of the Foreign Assistance Act of 1961 (22 U.S.C. 2370(a)), sections 202 and 203 of the International Emergency Economic Powers Act (50 U.S.C. 1701-1702), or any other proclamation, order, regulation, or license issued pursuant thereto, shall be subject to execution or attachment in aid of execution of any judgment relating to a claim for which a foreign state (including any agency or instrumentality or such state) claiming such property is not immune under section 1605(a)(7) (as in effect before the enactment of section 1605A) or section 1605A.

Case: 14-2691    Document: 79    Page: 26    09/15/2014    1296929    30

SPA-23

**(B)** Subparagraph (A) shall not apply if, at the time the property is expropriated or seized by the foreign state, the property has been held in title by a natural person or, if held in trust, has been held for the benefit of a natural person or persons.

**(2)(A)** At the request of any party in whose favor a judgment has been issued with respect to a claim for which the foreign state is not immune under section 1605(a)(7) (as in effect before the enactment of section 1605A) or section 1605A, the Secretary of the Treasury and the Secretary of State should make every effort to fully, promptly, and effectively assist any judgment creditor or any court that has issued any such judgment in identifying, locating, and executing against the property of that foreign state or any agency or instrumentality of such state.

**(B)** In providing such assistance, the Secretaries--

 **(i)** may provide such information to the court under seal; and

 **(ii)** should make every effort to provide the information in a manner sufficient to allow the court to direct the United States Marshall's office to promptly and effectively execute against that property.

**(3) Waiver.**--The President may waive any provision of paragraph (1) in the interest of national security.

**(g) Property in certain actions.**--

 **(1) In general.**--Subject to paragraph (3), the property of a foreign state against which a judgment is entered under section 1605A, and the property of an agency or instrumentality of such a state, including property that is a separate juridical entity or is an interest held directly or indirectly in a separate juridical entity, is subject to attachment in aid of execution, and execution, upon that judgment as provided in this section, regardless of--

 **(A)** the level of economic control over the property by the government of the foreign state;

 **(B)** whether the profits of the property go to that government;

 **(C)** the degree to which officials of that government manage the property or otherwise control its daily affairs;

 **(D)** whether that government is the sole beneficiary in interest of the property; or

 **(E)** whether establishing the property as a separate entity would entitle the foreign state to benefits in United States courts while avoiding its obligations.

 **(2) United States sovereign immunity inapplicable.**--Any property of a foreign state, or agency or instrumentality of a foreign state, to which paragraph (1) applies shall not be immune from attachment in aid of execution, or execution, upon a

judgment entered under section 1605A because the property is regulated by the United States Government by reason of action taken against that foreign state under the Trading With the Enemy Act or the International Emergency Economic Powers Act.

**(3) Third-party joint property holders.**--Nothing in this subsection shall be construed to supersede the authority of a court to prevent appropriately the impairment of an interest held by a person who is not liable in the action giving rise to a judgment in property subject to attachment in aid of execution, or execution, upon such judgment.

## CREDIT(S)

(Added Pub.L. 94-583, § 4(a), Oct. 21, 1976, 90 Stat. 2896; amended Pub.L. 100-640, § 2, Nov. 9, 1988, 102 Stat. 3333; Pub.L. 100-669, § 3, Nov. 16, 1988, 102 Stat. 3969; Pub.L. 101-650, Title III, § 325(b)(9), Dec. 1, 1990, 104 Stat. 5121; Pub.L. 104-132, Title II, § 221(b), Apr. 24, 1996, 110 Stat. 1243; Pub.L. 105-277, Div. A, § 101(h) [Title I, § 117(a)], Oct. 21, 1998, 112 Stat. 2681-491; Pub.L. 106-386, Div. C, § 2002(g)(1), Oct. 28, 2000, 114 Stat. 1543; Pub.L. 107-297, Title II, § 201(c)(3), Nov. 26, 2002, 116 Stat. 2337; Pub.L. 110-181, Div. A, Title X, § 1083(b)(3), Jan. 28, 2008, 122 Stat. 341; Pub.L. 112-158, Title V, § 502(e)(1), Aug. 10, 2012, 126 Stat. 1260.)

## DETERMINATION OF PRESIDENT

### PRESIDENTIAL DETERMINATION NO. 2001-03

<Oct. 28, 2000, 65 FR 66483>

## DETERMINATION TO WAIVE ATTACHMENT PROVISIONS
## RELATING TO BLOCKED PROPERTY OF TERRORIST-LIST STATES

**Memorandum for the Secretary of State [and] the Secretary of the Treasury**

By the authority vested in me as President by the Constitution and laws of the United States of America, including section 2002(f) of H.R. 3244, "Victims of Trafficking and Violence Protection Act of 2000 [section 2002(f) of Pub.L. 106-386, Div. C, Oct. 28, 2000, 114 Stat. 1543, amending this section]," (approved October 28, 2000), I hereby determine that subsection (f)(1) of section 1610 of title 28, United States Code, which provides that any property with respect to which financial transactions are prohibited or regulated pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S. App. 5)(b), section 620(a) of the Foreign Assistance Act of 1961 (22 U.S.C. 2370(a)), sections 202 and 203 of the International Emergency Economic Powers Act (50 U.S.C. 1701--1702), and proclamations, orders, regulations, and licenses issued pursuant thereto, be subject to execution or attachment in aid of execution of any judgment relating to a claim for which a foreign state claiming such property is not immune from the jurisdiction of courts of the United States or of the States under section 1605(a)(7) of title 28, United States Code, would impede the ability of the President to conduct foreign policy in the interest of national security and would, in particular, impede the effectiveness of such prohibitions and regulations upon financial transactions. 5Therefore, pursuant to section 2002(f) of H.R. 3244, the "Victim's [sic; probably should be "Victims"] of Trafficking and Violence Protection Act of 2000," I hereby waive subsection (f)(1) of section 1610 of title 28, United States Code, in the interest of national security. This waiver, together with the amendment of subsection (f)(2) of the Foreign Sovereign Immunities Act [probably means subsec. (f)(2) of this section] and the repeal of the subsection (b) of section 117 of the Treasury and General Government Appropriations Act, 1999 [Pub.L. 105-277, Div. A, § 101(h) [Title I, § 117(b)], Oct. 21, 1998, 112 Stat. 2681-491; see Tables for classification] [amending section 1606 of this title], supersedes my prior waiver of the requirements of subsections (a) [amending this section] and (b) of said section 117, executed on October 21, 1998 [Presidential Determination No. 99-1, Oct. 21, 1998, 63 f.R. 59201, formerly set out as a note under this section].

The Secretary of State is authorized and directed to publish this determination in the **Federal Register**.

Case: 14-2691     Document: 79     Page: 28     09/15/2014     1296929     30

SPA-25

WILLIAM J. CLINTON

Prior similar determinations of the President were as follows:

Presidential Determination No 99-1, Oct. 21, 1998, 63 FR 59201.

Notes of Decisions (139)

28 U.S.C.A. § 1610, 28 USCA § 1610
Current through P.L. 113-74 (excluding P.L. 113-66 and 113-73) approved 1-16-14

---

**End of Document**
© 2014 Thomson Reuters. No claim to original U.S. Government Works.

Case: 14-2691    Document: 79    Page: 29    08/15/2014    1296929    30

# SPA-26

United States Code Annotated
Title 28. Judiciary and Judicial Procedure (Refs & Annos)
Part IV. Jurisdiction and Venue (Refs & Annos)
Chapter 97. Jurisdictional Immunities of Foreign States

28 U.S.C.A. § 1611

§ 1611. Certain types of property immune from execution

Effective: August 1, 1996

Currentness

**(a)** Notwithstanding the provisions of section 1610 of this chapter, the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions, and immunities provided by the International Organizations Immunities Act shall not be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the order of, a foreign state as the result of an action brought in the courts of the United States or of the States.

**(b)** Notwithstanding the provisions of section 1610 of this chapter, the property of a foreign state shall be immune from attachment and from execution, if--

**(1)** the property is that of a foreign central bank or monetary authority held for its own account, unless such bank or authority, or its parent foreign government, has explicitly waived its immunity from attachment in aid of execution, or from execution, notwithstanding any withdrawal of the waiver which the bank, authority or government may purport to effect except in accordance with the terms of the waiver; or

**(2)** the property is, or is intended to be, used in connection with a military activity and

**(A)** is of a military character, or

**(B)** is under the control of a military authority or defense agency.

**(c)** Notwithstanding the provisions of section 1610 of this chapter, the property of a foreign state shall be immune from attachment and from execution in an action brought under section 302 of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996 to the extent that the property is a facility or installation used by an accredited diplomatic mission for official purposes.

**CREDIT(S)**

(Added Pub.L. 94-583, § 4(a), Oct. 21, 1976, 90 Stat. 2897; amended Pub.L. 104-114, Title III, § 302(e), Mar. 12, 1996, 110 Stat. 818.)

Notes of Decisions (15)

28 U.S.C.A. § 1611, 28 USCA § 1611

Case: 14-2691     Document: 79     Page: 30     08/15/2014     1296929     30

# SPA-27

Current through P.L. 113-74 (excluding P.L. 113-66 and 113-73) approved 1-16-14

**End of Document**

© 2014 Thomson Reuters. No claim to original U.S. Government Works.

 © 2014 Thomson Reuters. No claim to original U.S. Government Works.